**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

E. JEAN CARROLL,

                      *Plaintiff*,

       v.

DONALD J. TRUMP,

                     *Defendant*.

No. 22 Civ. 10016 (LAK) (JLC)

---

**JOINT PROPOSED DISCOVERY PLAN**

Pursuant to the Court's Order dated December 2, 2022, Plaintiff E. Jean Carroll and Defendant Donald J. Trump respectfully submit this Joint Proposed Discovery Plan.

**I.    "Any Contention that Any of the Discovery Taken in [*Carroll I*] Is Not Admissible in this Action and the Basis, Item-by-Item, for that Contention"**

    **A.    *Plaintiff's Position***

None. All discovery taken in *Carroll I* is clearly admissible in *Carroll II*. The parties and lawyers in both actions are the same; the facts in both actions almost completely overlap; and the parties had a full and fair opportunity in *Carroll I* to engage in discovery concerning those overlapping facts. This Court has already recognized that "discovery and evidence relating to whether or not the alleged rape occurred is relevant to both cases"—in fact, it is the "central" issue. *Carroll v. Trump*, No. 20 Civ. 7311, 2022 WL 6897075, at *7 (S.D.N.Y. Oct. 12, 2022); *accord Carroll I*, ECF 98-2 (comparing complaints).

More specifically, the parties have already dedicated six months to discovery. *See Carroll I*, ECF 76, 77. The discovery to date has included documents, interrogatories, requests for admissions, expert reports, and party, nonparty, and expert depositions. Defendant obtained from Plaintiff 30,799 pages of responsive documents and 19 substantive interrogatory responses. He

also deposed Plaintiff, Plaintiff's expert, and numerous non-parties, cross-examined additional nonparties whose depositions Plaintiff had noticed, and had his own rebuttal expert provide a report. *See* Ex. A (chart summarizing discovery in *Carroll I*).

Because "[a] trial court necessarily has wide discretion in managing pre-trial discovery," *Frere v. Orthofix, Inc.*, No. 99 Civ. 4049, 2000 WL 34511335, at *2 (S.D.N.Y. June 7, 2000) (Berman, J.), we are not aware of a single case in which a court has excluded discovery from one case in the other case in circumstances like this. To the contrary, in such circumstances, courts routinely allow "documents, interrogatory responses, and responses to requests for admission made and produced" from one action to be used in a later action. *In re Worldcom, Inc. Sec. Litig.*, No. 02 Civ. 3288, 2004 WL 817355, at *2 (S.D.N.Y. Jan. 30, 2004) (Cote, J.); *see also Ocean Ships, Inc. v. Stiles*, No. 00 Civ. 5469, 2003 WL 22741457, at *3 (S.D.N.Y. Nov. 19, 2003) (allowing "voluminous discovery that ha[d] already been completed" in one case to be used in a later case, including "depositions of the [fact] and expert witnesses"); *Baldwin–Montrose Chem. Co. v. Rothberg*, 37 F.R.D. 354, 356 (S.D.N.Y. 1964) (evidencing the longstanding rule that where "there are common questions of law or fact and a substantial identity of issue, this court may order use of depositions and interrogatories taken in one action to be used in the other").[1]

### B.    Defendant's Position

Defendant agrees with Plaintiff's position and does not contend that any discovery taken in *Carroll I* is inadmissible in this action solely on the basis that it was derived from *Carroll I*. For the avoidance of doubt, however, Defendant expressly reserves the right to contest the

---

[1] To the extent there are questions regarding the admissibility of any particular evidence, those questions would likely be identical across both actions and should be addressed later in connection with the parties' joint pretrial order, motions in limine, and trial objections.

admissibility of discovery derived from *Carroll I* on any other independent basis through motions

in limine, trial objections, and other appropriate avenues.

II.     **"A Detailed Statement of What Specific Discovery that Was Not Conducted in *Carroll I* Is Needed for the Prosecution or Defense of this Case and the Basis for the Contention that It Is Needed"**

      A.     *Plaintiff's Position*

Given the substantial overlap between the two actions, any additional discovery in

*Carroll II* should be limited to new issues unique to *Carroll II* that were not already explored or

could not have been explored in *Carroll I*. These issues include: (1) the harm that Plaintiff suffered

as a result of the underlying sexual assault (which is relevant to calculating damages for Plaintiff's

new Adult Survivors Act claim); (2) the circumstances of Defendant's October 12, 2022 statement

(which are relevant to the merits of Plaintiff's new defamation claim); and (3) the harm that

Defendant's October 12, 2022 statement caused Plaintiff (which is relevant to calculating damages

for Plaintiff's new defamation claim).[2] Discovery on these issues should be narrow and expeditious

since many of these topics have already been addressed to a significant degree in *Carroll I*, through

party and nonparty depositions that took place after Plaintiff informed Defendant and the Court on

August 8, 2022, of her intention to file this second action. *See Carroll I*, ECF 89; *see, e.g.*, Ex. B

(excerpts of depositions of Plaintiff and Defendant). Any further discovery into whether Defendant

sexually assaulted Plaintiff, the defamatory statements at issue in *Carroll I*, or the damages caused

by those statements, should not be permitted since those topics were fully explored in both fact

and expert discovery. *See, e.g.*, Ex. C (excerpts from deposition of Plaintiff providing detailed

---

[2] To be more precise, the only additional discovery that Plaintiff intends to take in *Carroll II* is: (1) the report of a forensic psychologist who will offer expert testimony regarding Plaintiff's damages from the underlying rape; (2) a second report from Plaintiff's original damages expert, who will offer expert testimony regarding the damages resulting from Defendant's October 12, 2022 defamatory statement; and (3) any rebuttal expert(s) whom Defendant puts forth.

account of the underlying sexual assault). Indeed, it is very hard if not impossible to conceive of

any additional evidence that somehow relates to the circumstances of the sexual assault that is at

the heart of the claims in both cases that would not have been relevant or discoverable by

Defendant in *Carroll I*.

Limiting discovery in this way to be efficient and nonduplicative is, once again, common

practice in this District since it "avoids the waste associated with duplicative discovery." *Internet

L. Libr., Inc. v. Southridge Cap. Mgmt., LLC*, 208 F.R.D. 59, 61 (S.D.N.Y. 2002) (Carter, J.); *see,

e.g.*, *In re Worldcom, Inc. Sec. Litig.*, 2004 WL 817355, at *2. In contrast, granting Defendant

what would effectively be a "do-over" of discovery that he already had an opportunity to pursue

would simply give Defendant another opportunity to obtain delay. *See, e.g.*, *Carroll v. Trump*, 590

F. Supp. 3d 575, 588 (S.D.N.Y. 2022) ("Taken together, these actions demonstrate that defendant's

litigation tactics have had a dilatory effect and, indeed, strongly suggest that he is acting out of a

strong desire to delay any opportunity plaintiff may have to present her case against him.").

###    B.    *Defendant's Position*

Defendant agrees with Plaintiff's position that discovery in *Carroll II* should be largely

focused on the new issues raised in this action. However, the parties differ on their view as to the

scope of these issues.

With respect to new issues that were not previously at issue in *Carroll I*, Defendant largely

agrees with Plaintiff that the following new issues will require additional discovery in this action:

(1) any and all damages, physical and psychological, purportedly suffered by Plaintiff as a result

of the alleged sexual assault (which are relevant to Defendant's defense against the Adult

Survivor's Act claim); (2) the purported harm suffered by Plaintiff as a result of the October 12

Statement (which is relevant to Defendant's defense against the new defamation claim); and (3)

the circumstances of Defendant's October 12, 2022 statement (which is relevant to Defendant's defense against the new defamation claim.

However, Defendant takes issue with Plaintiff's position that "[a]ny further discovery into whether Defendant sexually assaulted Plaintiff . . . should not be permitted since those topics were fully explored in both fact and expert discovery." *Carroll I* is a defamation action which deals with the broad question of whether the alleged incident happened at all.  The instant action, on the other hand, alleges numerous violations of New York's Penal Code, including Articles § 130.35, § 130.25, § 130.65, § 130.55, § 130.20, and § 130.52, and necessarily requires a much more fact-specific inquiry into the purported circumstances of the alleged incident. Plaintiff bears the burden of proving each and every element of the statutory violations that she alleges, and Defendant is entitled to engage in a complete and thorough discovery process with full knowledge of the claims that he is defending against.

Therefore, while Defendants agree that a significant portion of discovery has already been obtained, Defendant is entitled to take additional discovery to address the issues enumerated above, as well as further discovery into the purported facts of the alleged incident.[3]

---

[3] Specifically, Defendant's additional discovery efforts shall include, but not be limited to, (1) written discovery regarding the newly-raised issues; (2) conducting an Independent Medical Examination of Plaintiff in accordance with Federal Rule 35, as Plaintiff has plainly put her physical and/or mental condition "in controversy" in this action. *See* FRCP 35; (3) the report of Defendant's own forensic expert; (4) a report from Defendant's original damages expert, who will offer expert testimony demonstrating that Plaintiff was not damaged by Defendant's October 12, 2022 statement; and (5) conducting additional depositions of Plaintiff and potential additional non-party witnesses with respect to the new issues raised in *Carroll II*.

III.    **"The Parties Proposed Scheduling Orders for this Case and the Bases for Their Proposals"**

A.      *Plaintiff's Position*

Given the substantial overlap between the two cases, Plaintiff proposes a schedule aimed at aligning *Carroll II* with the existing April 10, 2023 trial date in *Carroll I*, which would ensure that the two cases can be tried together (or, if *Carroll I* is delayed by ongoing appellate proceedings, that *Carroll II* is ready for trial to avoid further undue delay). *Cf. Jacobs v. Castillo*, 612 F. Supp. 2d 369, 373 (S.D.N.Y. 2009) (McMahon, J.) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). There should be no stay of proceedings pending the motion to dismiss that Defendant plans to file. *See K.A. v. City of New York*, No. 16 Civ. 04936, 2022 WL 3996710, at *2 (S.D.N.Y. Sept. 1, 2022) (no stay discovery given, *inter alia*, lack of substantial arguments for dismissal and limited discovery burden); *Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992) ("[D]iscovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed."). In any event, for the reasons we can explain in court, Plaintiff believes that all three grounds that Defendant identifies for his motion lack merit.

B.      *Defendant's Position*

At the present time, this action has not been consolidated with *Carroll I*, and, absent an order pursuant to Federal Rule 42, it should not be treated as such. As discussed in Section II, *supra*, *Carroll II* raises a host of new issues which were not raised in *Carroll I*, particularly as they relate to damages and fact-sensitive issues. These issues will require significant, additional discovery efforts to be undertaken on Defendant's behalf.

Further, it is true that Federal Rule 42(a) does provide that consolidation is acceptable "[w]hen actions involving a common question of law or fact are pending before the court," and, without taking any position, Defendant does not necessary object to the consolidation of *Carroll I* and *Carroll II*. However, consolidation of these actions must be done with deference to "*both* equity and judicial economy." *Consorti v. Armstrong World Ind.*, 72 F.3d 1003, 1007 (2d Cir.1995), vacated on other grounds, 518 U.S. 1031 (1996). Under the applicable law, "efficiency cannot be permitted to prevail at the expense of justice—consolidation should be considered when "savings of expense and gains of efficiency can be accomplished *without sacrifice of justice*." *Id.* (emphasis added).

Plaintiff seeks to expedite this action to an extreme degree and proposes that trial be commenced less than five months after the filing of the Complaint. Such an accelerated track would deprive Defendant of the opportunity to engage in a meaningful discovery process and to establish a proper defense to the serious allegations raised by Plaintiff.

Moreover, Defendant has already advised Plaintiff that Defendant will be filing a pre-answer motion to dismiss and, additionally, will be seeking an interim stay of discovery during the pendency of said motion. Defendant intends to raise numerous defenses to Plaintiff's complaint, with each providing a substantial basis for dismissal, including, but not limited to: (1) the Adult Survivors Act is an improper 'claim revival' statute which violates the United States Constitution and/or the New York State Constitution; (2) Plaintiff has failed to plead a cognizable defamation claim since the October 12, 2022 statement does not qualify as defamation *per se* and Plaintiff has failed to allege special damages; (3) Plaintiff elicited the alleged defamatory statement through the publication of her book, the filing of *Carroll I*, the announcement of the anticipated filing of *Carrol*

7

*II*, and/or her frequent and ongoing public commentary on the foregoing and the alleged incident.[4]

Courts have routinely found that good cause exists to stay discovery throughout the pendency of a

motion to dismiss involving these type of threshold issues. *See e.g.*, *Shulman v. Becker & Poliakoff*,

No. 17-cv-09930, 2018 WL 4938808, at *23 (S.D.N.Y. Oct. 11, 2018) (granting, in part,

defendants motion to stay discovery pending disposition of its motion to dismiss for lack of subject

matter jurisdiction); *Boelter v. Hearst Commcn, Inc.*, No. 15-cv-03934, 2016 WL 361554, at *5

(S.D.N.Y. Jan. 28, 2016) (granting motion to stay where motion to dismiss for lack of subject

matter jurisdiction is supported by substantial arguments for dismissal set forth in defendants

motion to dismiss); *Picture Patents, LLC v. Terra Holdings LLC*, No. 07-Civ-5465, 2008 WL

5099947, at *2-3 (S.D.N.Y. Dec. 3, 2008) (granting defendants application for a stay of discovery

and stay of all deadlines currently in place, pending motion to dismiss for lack of subject matter

jurisdiction); *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-Civ-2437, 2008

WL 11510668, at *2-3 (S.D.N.Y. June 12, 2008) (granting defendants motion for a stay of

discovery pending 12(b)(6) motion to dismiss for failure to state a claim).

   **C.     *Proposed Schedule***

   The parties' proposed schedules are reflected in the table below. The dates marked with an

asterisk (*) represent joint dates in *Carroll I* and *Carroll II*. *See Carroll I*, ECF 100, 102.

| Deadline | Plaintiff's Proposed Date | Defendant's Proposed Date[5] |
|---|---|---|
| Rule 26(a) Initial Disclosures | January 9, 2023 | Within 19 days of the filing of the Answer. |

---

[4] Defendant will provide a more detailed explanation of the arguments to be raised in the Motion to Dismiss upon the Court's request.

[5] Nearly all of the dates proposed by Defendant align with the amount of time allotted to the parties in the scheduling orders dated 5/5/22 (ECF No. 76) and 7/19/22 (ECF No. 77) in *Carroll I*.

| Deadline | Plaintiff's Proposed Date | Defendant's Proposed Date[5] |
|---|---|---|
| Expert Reports / Rule 26(a)(2) Disclosures | January 9, 2023 | Within 131 days of the filing of the Answer. |
| Written Discovery Requests and Requests for Inspection or Examination (including IMEs) | January 9, 2023 | Within 19 days of the filing of the Answer. |
| Responses to Written Discovery Requests | January 23, 2023 | Within 87 days of the filing of the Answer. |
| Depositions to be Completed | January 30, 2023 | Within 164 days of the filing of the Answer. |
| Rebuttal Expert Reports | January 23, 2023 | Within 192 days of the filing of the Answer. |
| Close of Fact and Expert Discovery | January 30, 2023 | Within 192 days of the filing of the Answer. |
| Joint Pretrial Order | *February 9, 2023 | Within 205 days of the filing of the Answer. |
| Motions in Limine | *February 16, 2023 | Within 219 days of the filing of the Answer. |
| Exchange of Pre-Marked Trial Exhibits | *February 16, 2023 | Within 212 days of the filing of the Answer. |
| Summary Judgment Motions | February 16, 2023 | Within 205 days of the filing of the Answer. |
| Oppositions to Motions in Limine | *February 23, 2023 | Within 226 days of the filing of the Answer. |
| Oppositions to Motions for Summary Judgment | February 23, 2023 | Within 212 days of the filing of the Answer. |

| Deadline | Plaintiff's Proposed Date | Defendant's Proposed Date[5] |
|---|---|---|
| Replies in Support of Motions for Summary Judgment | March 2, 2023 | Within 219 days of the filing of the Answer. |
| Trial | *April 10, 2023 | Within 279 days of the filing of the Answer. |

## IV.     Additional Information Pursuant to Rule 26(f)

**A.      *Proposed Changes to the Timing, Form, or Requirement for Disclosures under Rule 26(a)***

**i.      Plaintiff's Position**

Plaintiff's proposed timing is set forth in Section III, *supra*. Plaintiff further proposes that the existing disclosures served in *Carroll I* be deemed disclosures in *Carroll II*; disclosures in *Carroll II* should be limited to new issues.

**ii.      Defendant's Position**

Defendant's proposed timing is set forth in Section II, *supra*. Defendant accepts Plaintiff's proposal that the existing disclosures served in Carroll I be deemed disclosures in *Carroll II*, and according, that disclosures in *Carroll II* shall be limited to new issues.

**B.      *The Subjects on Which Discovery May Be Needed, when Discovery Should Be Completed, and Whether Discovery Should Be Conducted in Phases or Be Limited to or Focus on Particular Issues***

*See* Sections II and III, *supra*.

**C.      *Issues About Disclosure, Discovery, or Preservation of Electronically Stored Information, Including the Form or Forms in Which It Should be Produced***

**i.      Plaintiff's Position**

As explained in Section II, *supra*, Plaintiff anticipates only limited additional discovery: namely, expert disclosures relating to damages uniquely at issue in *Carroll II* and the deposition of any defense experts who serve reports in *Carroll II*. Regardless, any additional production of documents or ESI should be done in a manner consistent with the parties' practices in *Carroll I* and in accordance with Rule 34. The parties' existing obligations to preserve potentially relevant documents in their possession, custody, and control should remain the same.

### ii.    Defendant's Position

Defendant agrees to Plaintiff's proposals with respect to maintaining the existing ESI protocol.

### D.    *Any Issues About Claims of Privilege or of Protection as Trial-Preparation Materials*

### i.    Plaintiff's Position

Plaintiff proposes that the existing Protective and Confidentiality Order in *Carroll I*, entered on August 11, 2022, *Carroll I*, ECF 84, be superseded by a slightly modified order that would henceforth govern confidentiality requirements in both actions. A Proposed Protective and Confidentiality Order is attached as Exhibit D.

### ii.    Defendant's Position

Defendant offers no objection to Plaintiff's proposed Confidentiality Order and is prepared to execute same.

### E.    *Limitations on Discovery*

*See* Section II, *supra*.

### F.    *Stipulation Regarding Protective Order*

### i.    Plaintiff's Position

Plaintiff's Proposed Protective and Confidentiality Order is attached as Exhibit D.

### ii.      Defendant's Position

Defendant offers no objection to Plaintiff's proposed Confidentiality Order and is

prepared to execute same.


Dated:  December 19, 2022                                    Respectfully submitted,
        New York, New York


/s/ Alina Habba                                             /s/ Roberta A. Kaplan
Alina Habba                                                 Roberta A. Kaplan
Michael Madaio                                              Shawn Crowley
HABBA MADAIO & ASSOCIATES LLP                               Matthew J. Craig
1430 U.S. Highway 206, Suite 240                            KAPLAN HECKER & FINK LLP
Bedminster, New Jersey 07921                                350 Fifth Avenue, 63rd Floor
(908) 869-1188                                              New York, New York 10118
ahabba@habbalaw.com                                         (212) 763-0883
mmadaio@habbalaw.com                                        rkaplan@kaplanhecker.com
                                                            scrowley@kaplanhecker.com
*Attorneys for Defendant Donald J. Trump*                   mcraig@kaplanhecker.com


                                                            Joshua Matz
                                                            KAPLAN HECKER & FINK LLP
                                                            1050 K Street NW, Suite 1040
                                                            Washington, D.C. 20001
                                                            (202) 742-2661
                                                            jmatz@kaplanhecker.com

                                                            *Attorneys for Plaintiff E. Jean Carroll*