UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------x
E. JEAN CARROLL,

                    Plaintiff,

         -against-                               22-cv-10016 (LAK)

DONALD J. TRUMP,

                      Defendant.
------------------------------------------------x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 12-21-2022

## PRETRIAL AND SCHEDULING ORDER

LEWIS A. KAPLAN, *District Judge.*

       The Court has received a joint proposed discovery plan from and conducted a pretrial and scheduling conference with counsel for both parties. The following reflects the determinations made as a result of those consultations.

       1.     No discovery taken in *Carroll v. Trump*, 20-cv-7311 (LAK) (hereinafter "*Carroll I*") shall be inadmissible in this action on the basis that it was taken in *Carroll I* and not in this action. Each of the parties may object to the admissibility in this action of discovery derived from *Carroll I* on any other independent basis.

       2.     The discovery taken in *Carroll I*, which has been completed, fully explored the question whether the defendant sexually assaulted the plaintiff as she alleges. That is the central issue both in *Carroll I* and in this case. Recognizing that there might be issues raised by this case that were not presented by *Carroll I*, this Court's order of December 2, 2022 (Dkt 10) directed the parties to provide "[a] detailed statement of what specific discovery that was not conducted in *Carroll I* is needed for the prosecution or defense of this case and the basis for the contention that

it is needed." The Court explored that subject with counsel at the conference as well. On the basis of the parties' written and oral submissions, the Court has concluded that the only such issues are damages, including emotional or psychological damages, allegedly suffered by plaintiff as a result of the alleged sexual assault as distinguished from the defamation alleged in *Carroll I*, and the defendant's October 12, 2022 statement. Unless otherwise ordered, discovery will be limited to those subjects.

        3.      Unless otherwise ordered, plaintiff's discovery is limited to (a) furnishing defendant with the report of a forensic psychologist who, plaintiff states, will offer expert testimony regarding plaintiff's damages from the alleged sexual assault and a second report from plaintiff's original damages expert, who plaintiff states will offer expert testimony regarding the damages allegedly resulting from defendant's October 12, 2022 statement, and (b) appropriate Rule 26(b)(4) discovery with respect to newly proposed testimony of any expert witnesses whom defendant proposes to call.

        4.      Unless otherwise ordered, defendant's discovery is limited to (a) conducting an independent psychological or psychiatric examination of plaintiff with respect to any emotional or psychological damages as a result of the alleged sexual assault and defendant's October 12, 2022 statement, (b) furnishing plaintiff with the reports of (i) defendant's expert who will offer testimony with respect to plaintiff's alleged emotional or psychological damages as a result of the alleged sexual assault and defendant's October 12, 2022 statement, and (ii) defendant's damages expert, Robert Fisher, who defendant states will offer expert testimony demonstrating that plaintiff was not damaged by defendant's October 12, 2022 statement, (c) conducting an additional deposition of the plaintiff, not to exceed three hours absent agreement of all counsel or leave of court, only on the subject of damages, including any emotional or psychological damage, allegedly suffered by her as

a result of the alleged sexual assault and the publication of defendant's October 12, 2022 statement, and (d) appropriate Rule 26(b)(4) discovery with respect to newly proposed testimony of any expert witnesses whom plaintiff proposes to call.

5. Nothing in paragraphs 3 and 4 forecloses interrogatories and requests for production of documents consistent with the limitation set forth in paragraph 2.

6. In the event defendant moves to dismiss the complaint in this action, he may move simultaneously for a stay of discovery pending determination of the motion. Absent a specific, further order of the Court to the contrary, however, the parties shall commence discovery and proceed notwithstanding the pendency of any motion.

7. The following schedule shall govern further proceedings in this case:

| Deadline | Date |
|---|---|
| Rule 26(a) initial disclosures<br><br>Service of interrogatories, document production requests, and any request for independent psychological or psychiatric examination of the plaintiff.<br><br>Service of plaintiff's new or supplemental expert reports | January 9, 2023 |
| Responses to any written discovery requests | January 23, 2023 |
| Completion of additional deposition of plaintiff<br><br>Service of defendant's new or supplemental rebuttal expert reports | January 30, 2023 |
| Completion of expert discovery | February 6, 2023 |
| Exchange of premarked trial exhibits | February 9, 2023 |
| Filing of joint pretrial order | February 16, 2023 |
| Filing of any motions for summary judgment and motions *in limine* | February 23, 2023 |
| Filing of any oppositions to motions for summary judgment and motions *in limine* | March 9, 2023 |

| Filing of any replies in support of motions for summary judgment and motions *in limine* | March 16, 2023 |
| --- | --- |
| Filing of joint proposed special verdict form, proposed jury instructions, and proposed *voir dire* examinations | March 30, 2023 |
| Commencement of trial | April 17, 2023 |

8. The Court will resolve the question whether to consolidate or jointly try *Carroll I* with this case at a later date.

SO ORDERED.

Dated: December 21, 2022

_____
Lewis A. Kaplan
United States District Judge