**HABBA MADAIO & ASSOCIATES LLP**
Alina Habba, Esq.
Michael T. Madaio, Esq.
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
          -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E. JEAN CARROLL, <br><br> *Plaintiff,* <br><br> v. <br><br> DONALD J. TRUMP, <br><br> *Defendant.* | Civil Action No.: 22-cv-10016 |

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY DISCOVERY**</u>

Alina Habba, Esq.
Michael T. Madaio, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
          -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ......................................................................................... ii

LEGAL STANDARD.................................................................................................1

     I.      THERE IS GOOD CAUSE TO STAY DISCOVERY DURING THE

             PENDENCY OF DEFENDANT'S MOTION TO DISMISS ...............................3

CONCLUSION..........................................................................................................4

## <u>TABLE OF AUTHORITIES</u>

*Cases*

*Anti-Monopoly, Inc. v. Hasbro, Inc.,*

    No. 94-Civ.-2120, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996)..................................1, 2

*Boelter v. Hearst Commcn, Inc.,*

    No. 15-cv-03934, 2016 WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) ......................................2

*Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.,*

    No. 08-Civ-2437, 2008 WL 11510668, at *2-3 (S.D.N.Y. June 12, 2008)............................3

*Hong LeongFin. Ltd. (Singapore) v. Pinnacle Performance Ltd.,*

    297 F.R.D. 69, 72 (S.D.N.Y. 2013) ........................................................................................1

*In re Currency Conversion Fee Antitrust Litig.,*

    No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002)......................................2, 3

*In re Term Commodities Cotton Futures Litig.,*

    No. 12-CV-5126, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013). ....................................1

*Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.,*

    No. 09-CV-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) ...............................3, 4

*Johnson v. N.Y. Univ. Sch. Of Educ,*

    05 F.R.D. 433, 434 (S.D.N.Y. 2002) .................................................................................1, 2

*KBL Corp. v. Arnouts,*

    646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) .......................................................................4

*Picture Patents, LLC v. Terra Holdings LLC,*

    No. 07-Civ-5465, 2008 WL 5099947, at *2-3 (S.D.N.Y. Dec. 3, 2008)) ..............................2

*Podany v. Robertson Stephens, Inc.,*

    350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ............................................................................4

*Spencer Trask Software & Info. Servs., LLC v. R Post Int'l Ltd.,*

    206 F.R.D. 367, 368 (S.D.N.Y. 2002) ...................................................................................2

*Spinelli v. National Football League,*

    No. 13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) .......................1

*Shulman v. Becker & Poliakoff,*

    No. 17-cv-09930, 2018 WL 4938808, at *23 (S.D.N.Y. Oct. 11, 2018) ................................2


**Statutes and Cases**

Fed. R. Civ. P. 26(c) .......................................................................................................................4

## LEGAL STANDARD

Pursuant to Fed. R. Civ. P. 26(c), the Court "has considerable discretion to stay discovery" pending decision on a motion to dismiss where the party seeking the stay shows good cause for doing so. *Hong LeongFin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (internal quotation marks omitted). Good cause may be shown where a party (1) has filed a dispositive motion; (2) the stay is for a short period of time; and (3) the opposing party will not be prejudiced by the stay. *Id.* Additional factors courts may consider are the "strength of the motion," as well as "the breadth of discovery sought [and] any prejudice that would result." *Hong LeongFin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013) (citation omitted).

## ARGUMENT

### I.   THERE IS GOOD CAUSE TO STAY DISCOVERY DURING THE PENDENCY OF DEFENDANT'S MOTION TO DISMISS

A stay of discovery is appropriate where, as here, a pending motion to dismiss has "substantial arguments for dismissal of many, if not all, of the claims asserted." *Spinelli v. National Football League*, No. 13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (Sweet, J.). Whether a dispositive motion is pending is a critical part of the good-cause determination because "the adjudication of such a motion may obviate the need for burdensome discovery." *Johnson v. N.Y. Univ. Sch. Of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002).

*First*, when the same Court that is deciding the motion to stay is also deciding the motion to dismiss, the primary consideration in whether to grant a discretionary stay is the strength of the dispositive motion. *See In re Term Commodities Cotton Futures Litig.*, No. 12-CV-5126, 2013 WL 1907738, at *5 (S.D.N.Y. May 8, 2013). When a dispositive motion is pending, "courts examine … the strength of the dispositive motion." *Anti-Monopoly, Inc. v. Hasbro, Inc.*, No. 94-

Civ.-2120, 1996 WL 101277, at *4 (S.D.N.Y. Mar. 7, 1996). A finding that the pending dispositive

motion "appears to have substantial grounds" or "does not appear to be without foundation in law"

establishes good cause for a discovery stay. *Johnson v. New York Univ. School of Educ.*, 205

F.R.D. 433, 434 (S.D.N.Y. 2002) (internal quotation marks omitted).

This standard does not require the Court to be fully persuaded of the merits of the motion

before granting a stay. Even if the "[c]ourt cannot . . . predict the outcome of the motion to dismiss"

at this juncture, a stay is appropriate as long as the Court finds that Defendants at least "appear[s]

to have substantial arguments for dismissal of many, if not all, of the claims asserted in this

lawsuit." *Spencer Trask Software & Info. Servs., LLC v. R Post Int'l Ltd.*, 206 F.R.D. 367, 368

(S.D.N.Y. 2002).

In the instant matter, Defendant respectfully refers the Court to his Memorandum of Law

in Support of the Motion to Dismiss the Complaint (the "Memorandum of Law"), wherein he

argues as grounds for dismissal that: (1) CPLR 214-J violates the Due Process Clause the New

York State Constitution, and (2) plaintiff's defamation claim fails as a matter of law due to her

failure to plead cognizable damages. A stay is particularly appropriate where, as here, the motion

seeks dismissal based "on pure questions of law," and not "simply on the sufficiency of the facts

alleged." *In re Currency Conversion Fee Antitrust Litig.*, 2002 WL 88278, at *2. Indeed, courts

have routinely found that good cause exists to stay discovery in such a scenario. *See e.g.*, *Shulman*

*v. Becker & Poliakoff*, No. 17-cv-09930, 2018 WL 4938808, at *23 (S.D.N.Y. Oct. 11, 2018)

(granting, in part, defendants motion to stay discovery pending disposition of its motion to dismiss

for lack of subject matter jurisdiction); *Boelter v. Hearst Commcn, Inc.*, No. 15-cv-03934, 2016

WL 361554, at *5 (S.D.N.Y. Jan. 28, 2016) (granting motion to stay where motion to dismiss for

lack of subject matter jurisdiction is supported by substantial arguments for dismissal set forth in

defendants motion to dismiss); *Picture Patents, LLC v. Terra Holdings LLC*, No. 07-Civ-5465, 2008 WL 5099947, at *2-3 (S.D.N.Y. Dec. 3, 2008) (granting defendants application for a stay of discovery and stay of all deadlines currently in place, pending motion to dismiss for lack of subject matter jurisdiction); *Ellington Credit Fund, Ltd. v. Select Portfolio Servs., Inc.*, No. 08-Civ-2437, 2008 WL 11510668, at *2-3 (S.D.N.Y. June 12, 2008) (granting defendants motion for a stay of discovery pending 12(b)(6) motion to dismiss for failure to state a claim).

Therefore, the arguments set forth in Defendant's Memorandum of Law present "substantial grounds" for the outright dismissal of Plaintiff's Complaint and, therefore, weigh heavily in favor of granting a stay of discovery.

***Second***, the stay requested is only for a short period of time. Defendant only seeks to stay proceedings during the pendency of Defendant's motion to dismiss. With oral argument likely to be held within a matter of weeks, the stay will only last for the duration of time that it takes the Court to rule on the motion to dismiss. Such a negligible delay will not prejudice Plaintiff. *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-CV-5874, 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (delaying "the commencement of discovery for only a few months . . . will . . . not prejudice the Plaintiff to any degree").

***Third***, a stay of discovery is warranted because "the breadth of discovery [sought] and the burden of responding to it" outweigh the possibility of "unfair prejudice to the party opposing the stay." *In re Currency Conversion Fee Antitrust Litig.*, No. MDL 1409, 2002 WL 88278, at *1 (S.D.N.Y. Jan. 22, 2002). The Pretrial and Scheduling Order issued by this court directs the parties to complete all fact discovery by February 6, 2023 – little over one month from the filing of this motion. *See* Docket Entry 19. Given the expedited nature of this proceeding, it is entirely possible, if not likely, that discovery could be wholly concluded before the motion to dismiss is even ruled

upon. Such a result would cut sharply against the well-established policy that federal courts should "dispens[e] with needless discovery and factfinding where the plaintiff has failed to state a claim under the law." *KBL Corp. v. Arnouts*, 646 F. Supp. 2d 335, 346 n.6 (S.D.N.Y. 2009) (alteration and quotation omitted); *see also Podany v. Robertson Stephens, Inc.*, 350 F. Supp. 2d 375, 378 (S.D.N.Y. 2004) ("[D]iscovery is authorized solely for parties to develop the facts in a lawsuit in which a plaintiff has stated a legally cognizable claim, not in order to permit a plaintiff to find out whether he has such a claim, and still less to salvage a lawsuit that has already been dismissed for failure to state a claim."). Thus, a stay is warranted to "avoid the need for costly and time-consuming discovery," particularly, where here, it is possible that the parties will be forced to proceed through the entire discovery process before receiving a decision on the motion to dismiss. *Integrated Sys. & Power, Inc.*, 2009 WL 2777076, at \*1.

Therefore, a discretionary stay is warranted under Fed. R. Civ. P. 26(c) pending resolution of the motion to dismiss.

## **CONCLUSION**

Based on the foregoing, good cause exists to justify a stay of discovery pending Defendant's motion to dismiss. The motion is dispositive and well founded in law, the stay is of short duration, and the potential exists that the entire discovery process will be completed before a decision is rendered on the motion. For these reasons, Defendant respectfully requests that this Court stay discovery in this action during the pendency of the motion to dismiss.

Dated: December 21, 2021.       Respectfully submitted,
      New York, New York

_____
Alina Habba, Esq.
Michael T. Madaio, Esq.
HABBA MADAIO & ASSOCIATES LLP