UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,

                          Plaintiff,

     v.                              No. 22 Civ. 10016 (LAK)

DONALD J. TRUMP,

                          Defendant.

**PLAINTIFF E. JEAN CARROLL'S OPPOSITION TO
DEFENDANT DONALD J. TRUMP'S MOTION TO STAY DISCOVERY**

      For more than three years, Plaintiff E. Jean Carroll has sought justice against Defendant Donald J. Trump for raping her in a dressing room decades ago and then defaming her when she dared to speak up. In her first case, *Carroll v. Trump*, No. 20 Civ. 7311 ("*Carroll I*"), Trump has engaged in an obstructionist campaign designed to prevent a jury from reaching those issues—and this Court has twice determined that Trump's bad faith and dilatory tactics resulted in substantial prejudice to Carroll. *See Carroll v. Trump*, 590 F. Supp. 3d 575, 588 (S.D.N.Y. 2022); *Carroll v. Trump*, No. 20 Civ. 3711, 2022 WL 6897075, at *1 (S.D.N.Y. Oct. 12, 2022). Given that history, it takes true *chutzpah* for Trump to begin *Carroll II* with a request to stay discovery, particularly after the Court already established a schedule that contemplates minimal discovery to be followed by a trial in April 2023. Because Trump's motion does not meet any of the requirements necessary to justify a stay of discovery pending resolution of his motion to dismiss, it should be denied.

**ARGUMENT**

It has long been the rule that "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Moran v. Flaherty*, No. 92 Civ. 3200, 1992 WL 276913, at *1 (S.D.N.Y. Sept. 25, 1992). Instead, the party seeking the stay must establish "good cause" for why a stay should be granted. Courts "analyze[] good cause by application of three factors: (1) whether a defendant has made a strong showing that the plaintiff's claim is unmeritorious, (2) the breadth of discovery and the burden of responding to it, and (3) the risk of unfair prejudice to the party opposing the stay." *Guiffre v. Maxwell*, No. 15 Civ. 7433, 2016 WL 254932, at *1 (S.D.N.Y. Jan. 20, 2016). Each of those factors weighs strongly against granting a stay here.

***First***, for the reasons given by Carroll in her concurrently filed opposition brief, Trump's motion to dismiss is completely meritless. He comes nowhere close to "present[ing] substantial arguments for dismissal." *See Kaplan v. Lebanese Canadian Bank, SAL*, No. 08 Civ. 7253, 2022 WL 2541081, at *1 (S.D.N.Y. July 7, 2022) (cleaned up). Indeed, his principal argument—a challenge to New York's Adult Survivors Act—is foreclosed by a recent decision from this Court that Trump inexplicably fails to cite. *See Giuffre v. Andrew*, 579 F. Supp. 3d 429 (S.D.N.Y. 2022).

***Second***, the breadth of discovery is minimal and the ensuing burden on Trump is non-existent. Trump has already conceded that the parties obtained "a significant portion of [the] discovery" relevant to this action in *Carroll I*. ECF 15 at 5. Discovery in *Carroll II* is therefore limited to the damages that Carroll suffered from the underlying sexual assault and Trump's defamatory statement on October 12, 2022. ECF 19 at 2. As defined by the Court, none of that discovery inflicts any burden on Trump himself: the parties will exchange expert reports and Carroll will sit for a three-hour deposition (and potentially an independent psychological examination). *Id.* at 2-3. Accordingly, there is practically zero burden on Trump warranting a stay

of discovery. *See Guiffre*, 2016 WL 254932, at *2 ("Normal discovery in a limited matter does not alone rise to the level of good cause.").

**Third**, a stay would prejudice Carroll. Recognizing that the parties have already "fully explored . . . the central issue both in *Carroll I* and in this case," the Court has set a trial date of April 17, 2023, along with associated pre-trial deadlines. ECF 19 at 1, 4. A stay not only would disrupt all that, but would invite further efforts from Trump to impede this case. It would also exacerbate the prejudice that this Court has already identified in *Carroll I*. *See Carroll*, 2022 WL 6897075, at *6 ("Delay is a more serious concern in this case than usual . . . [t]he defendant should not be permitted to run the clock out on plaintiff's attempt to gain a remedy for what allegedly was a serious wrong."). And it would deepen the ongoing harm to Carroll's reputation that Trump's defamation has caused before she has an opportunity to prove falsity at trial.

For these reasons, Trump's motion to stay should be denied.

Dated: New York, New York
January 4, 2023

Respectfully submitted,

/s/ Roberta A. Kaplan

Roberta A. Kaplan
Shawn G. Crowley
Trevor W. Morrison
  (*pro hac vice* application forthcoming)
Matthew J. Craig
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
rkaplan@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, D.C. 20001
Telephone: (212) 742-2661
Facsimile: (212) 564-0883
jmatz@kaplanhecker.com

*Attorneys for Plaintiff E. Jean Carroll*