**HABBA MADAIO & ASSOCIATES LLP**
Alina Habba, Esq.
Michael T. Madaio, Esq.
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
         -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E. JEAN CARROLL, <br><br>          *Plaintiff,* <br><br>     v. <br><br> DONALD J. TRUMP, <br><br>          *Defendant.* | Civil Action No.: 22-cv-10016 |

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF
DEFENDANT'S MOTION TO STAY**

Alina Habba, Esq.
Michael T. Madaio, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
         -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com

Defendant, Donald J. Trump ("Defendant") respectfully submits this reply memorandum in further support of his motion to stay discovery for the brief period needed to resolve Defendant's pending motion to dismiss Plaintiff's Complaint.

## ARGUMENT

Plaintiff fails to submit any meaningful argument that a stay is not warranted in the case at bar. Plaintiff does not dispute, nor can she, that the Motion to Dismiss that is pending before this Court is dispositive, which alone weighs heavily in a finding of good cause to grant Defendant's stay motion. *See Johnson v. N.Y. Univ. Sch. Of Educ.*, 205 F.R.D. 433, 434 (S.D.N.Y. 2002) (whether a dispositive motion is pending is a critical part of the good-cause determination because its adjudication may obviate the need for burdensome discovery.) It is respectfully submitted that the Defendant would be severely prejudiced if he was forced to bear the weight of costly depositions and other related discovery before this Court issues a judicial determination as to both the constitutionality of the Adult Survivor's Act ("ASA") and the viability of Plaintiff's defamation claim. Without question, Defendant's motion for a stay presents a live dispute ripe for resolution now.

*First*, a stay of discovery is warranted on the merits. Plaintiff does not dispute that the Court has "considerable discretion" to stay discovery pending resolution of a motion to dismiss. *O'Sullivan v. Deutsche Bank AG*, No. 17-cv-8709 (LTS) (GWG), 2018 WL 1989585, at *3-4 (S.D.N.Y. Apr. 26, 2018). Indeed, while Plaintiff cites *Moran v. Flaherty,* 92 Civ. 3200 (PKL), 1992 U.S. Dist. LEXIS 14568 (S.D.N.Y. Sep. 25, 1992*)* for the proposition that "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed," she neglects to mention that this Court has also recognized that a pending motion to dismiss can constitute good cause to stay discovery in certain circumstances. *Hong Leong Fin. Ltd. v. Pinnacle Performance*

1

*Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Further, even if the "[c]ourt cannot . . . predict the outcome of the motion to dismiss" at this juncture, a stay is appropriate as long as the Court finds that Defendant at least "appear[s] to have substantial arguments for dismissal of many, if not all, of the claims asserted in this lawsuit." *Spencer Trask Software & Info. Servs., LLC v. R Post Int'l Ltd*., 206 F.R.D. 367, 368 (S.D.N.Y. 2002).

As Defendant explains in more detail in his Motion to Dismiss and subsequent reply brief, which as of today's filing is now fully submitted to the Court for a ruling—Plaintiff cannot rebut the multiple grounds requiring dismissal of her claims, despite her conclusory declarations to the contrary. Indeed, Defendant has demonstrated the ASA violates the due process clause of the New York State due to its failure to remedy a specific, identifiable injustice. Further, it is particularly telling that Plaintiff makes no mention of Defendant's argument with respect to Plaintiff's defamation per se claim in her opposition to the Motion to Stay. Specifically, Defendant highlights that Plaintiff has failed to demonstrate that the challenged statement in any way targets her in her profession, and as such, her claim must fail because she failed to show that she suffered special damages as a result of the October 12 Statement. Accordingly, the strength of Defendant's Motion militates in favor of a stay of discovery.

The second factor factor—whether discovery is likely to be broad and would be burdensome— also weighs in favor of granting a limited stay of discovery. Here, the Court has issued a Pretrial and Scheduling Order dated December 21, 2022, which sets an expedited discovery schedule and sets a trial date of April 17, 2022. (See ECF No. 19). It is entirely possible that Defendant's dispositive Motion to Dismiss, and any potential appeals filed by either party, will not be resolved until or on the eve of trial. In such a circumstance, Defendant would be forced to bear the cost of additional depositions, expert, and document discovery, all before the Court

issues a ruling on the important issues that underly this case. This case accordingly presents a situation where a brief stay of discovery will "have the advantage of simplifying and shortening discovery in the event that some of Plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable." *Spinelli v. Nat'l Football League*, 13-cv-7398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015). *See also Chrysler Capital Corp. v. Century Power Corp.*, 137 F.R.D. 209, 210 (S.D.N.Y. 1991) (granting motion to stay discovery where defendants argued that "because much of the discovery relates to claims likely to be dismissed, it would be an unnecessary hardship to allow extensive discovery before their motions to dismiss are decided").

Given that the legal issues in dispute in the Motion to Dismiss will drive the scope of discovery, a limited stay of discovery will prevent the parties from engaging in burdensome discovery on claims and issues that ultimately may be unnecessary depending on the outcome of Defendant's pending dispositive motion.

Third, Plaintiff will not suffer any prejudice if a stay of discovery is granted pending resolution of Defendant's Motion to Dismiss.  Plaintiff contends that a stay would, among other things, "deepen the ongoing harm to Carroll's reputation that Trump's defamation has caused" and "would invite further efforts from Trump to impede this case". Opposition at 3. The Southern District of New York, however, has previously recognized that "the passage of a reasonable amount of time, without any other form of attendant prejudice, cannot itself constitute prejudice sufficient to defeat a motion to stay discovery. Otherwise, stays of discovery would never be granted given that some delay is inherent in any stay." *O'Sullivan v. Deutsche Bank AG*, No. 17CIV8709LTSGWG, 2018 WL 1989585, at *9 (S.D.N.Y. Apr. 26, 2018). Aside from speculating about hypothetical harms that "might" ensue if this case does not proceed immediately, Plaintiff

has not identified any actual prejudice that would result from the limited stay sought in this case. Furthermore, should this Court find that Plaintiff's defamation per se claim fails as a matter of law, there would be no harm to remedy.

In sum, Plaintiff has not offered any legitimate reason to deny a stay of discovery. In contrast, Defendant would be severely prejudiced if this case is permitted to proceed to trial before this Court can determine whether Plaintiff presents viable claims. Therefore, as it would be substantially prejudicial to require the parties to spend significant time, effort, and money engaging in discovery for claims that fail as a matter of law and should not be permitted to proceed, the Court should exercise its discretion to stay this matter.

## CONCLUSION

For the foregoing reasons, Defendant, Donald J. Trump, respectfully requests this Court grant his motion to stay proceedings in this matter.

Dated: January 11, 2023    Respectfully submitted,

/s/ Alina Habba

Alina Habba, Esq.
Michael T. Madaio, Esq.
Habba Madaio & Associates LLP
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com

*Attorneys for Defendant, Donald J. Trump*

4