

Michael T. Madaio, Esq.
Partner
mmadaio@habbalaw.com
Admitted to practice in NJ, NY & PA

January 12, 2023

**VIA ECF**
The Honorable Lewis A. Kaplan, U.S.D.J.
United States District Court
Southern District of New York
Daniel Patrick Moynihan Courthouse
500 Pearl Street
New York, New York 10007

  Re: *E. Jean Carroll v. Donald J. Trump*
    Case No. 1:22-cv-10016-LAK-JLC

Dear Judge Kaplan:

  This office represents the defendant, Donald J. Trump ("Defendant"), in the above-referenced matter. We thank Your Honor for providing a three-day extension to file a letter opposing the unsealing of excerpts of Defendant's deposition.

  Defendant respectfully requests that Your Honor issue an Order sealing the designated excerpts of Defendant's deposition transcript, as set forth in Exhibit B of the Proposed Case Management Plan (ECF No. 16).

  Although Plaintiff states in her December 19, 2022 letter to this Court that there is a "presumption in favor of public access to judicial documents," the weight of that presumption depends on the facts of each specific case. *See United States v. Amodeo,* 71 F.3d 1044, 1051-52 (2d Cir. 1995).

  Here, it is undisputed that there was a Protective and Confidentiality Order "so ordered" by Your Honor on December 20, 2022 (ECF No. 18) (the "Order"), which is directly applicable to the issue presently before the Court. Further, at the outset of Defendant's deposition, counsel for Defendant, Alina Habba, Esq., stated that the deposition was designated "as confidential at this point pursuant to [the parties'] confidentiality agreement." There was no objection to Ms. Habba's statement by Plaintiff's attorney at any point during Defendant's deposition.

  The United States Court of Appeals for the Second Circuit also held that where parties have reasonably relied on protective orders to ensure the confidentiality of their testimony and discovery documents, the Second Circuit has been hesitant to permit modifications that might "unfairly disturb the legitimate expectations" of the parties or deponents. *See Securities and Exchange Commission v. TheStreet.com,* 273 F.3d 222, 230 (2d Cir. 2001).

  Here, it is respectfully submitted that there was no justifiable reason for Plaintiff to have included the excerpts of Defendant's deposition transcript with the Proposed Case Management Plan. Plaintiff only cites to Defendant's deposition transcript, which was attached as Exhibit B, to

support her contention that Defendant's deposition "took place after Plaintiff informed Defendant and the Court on August 8, 2022, of her intention to file this second action." *See* Proposed Case Management Plan at 3 (ECF No. 15). The date of Defendant's deposition is not in contention, nor is there any conceivable explanation as to why the release of over thirty pages of Defendant's otherwise confidential transcript was necessary to prove the date it was held. Even to the extent that Plaintiff was intending to show that it had a sufficient opportunity to depose Defendant with respect to the issues presented in this case, that point, again, is not in contention. Plaintiff has not requested to take a second deposition of Defendant, and Defendant has not claimed that he lacked notice of the impending Adult Survivor's Act case when he was deposed. There is simply no purpose to release significant portions of a confidential deposition transcript in connection with these uncontested issues. *See, e.g., Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006) ("'[w]here testimony or documents play only a negligible role in the performance of Article III duties, the weight of the presumption is low and amounts to little more than a prediction of public access absent a countervailing reason.'") (citing *Amodeo*, 71 F.3d at 1050). To allow the transcript to be released in this manner, without any justification or reason, would undercut the purpose of the Order and effectively render it void.

Thus, when viewing these facts in conjunction with the sound case law cited above, Defendant respectfully submits that the redacted excerpts of Defendant's deposition transcript should remain confidential, as agreed to by the parties, and under seal.

Based upon the foregoing, Defendant respectfully requests that the Court issue an Order sealing the redacted excerpts of Defendant's deposition transcript set forth in Exhibit B of the Proposed Case Management Plan (ECF No. 16).

We thank the Court for its attention to this matter and courtesies in this regard.

Respectfully submitted,

Michael T. Madaio, Esq.
For HABBA MADAIO & ASSOCIATES LLP

cc: All Counsel of Record (via ECF)