# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63ᴿᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL        212.763.0883
DIRECT EMAIL       rkaplan@kaplanhecker.com

January 12, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007

Re:    *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan:

We write in response to the letter filed earlier today by Defendant Donald J. Trump seeking to seal a deposition excerpt attached to the parties' Joint Proposed Discovery Plan. *See* ECF 36. Neither of his asserted justifications for sealing overcomes the strong presumption in favor of public access. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006).

Defendant principally argues that the Protective and Confidentiality Order is "directly applicable to the issue presently before the Court" and that publicly filing his deposition excerpt would therefore "disturb [his] legitimate expectations" of privacy. ECF 36 at 1.

Those expectations are wholly misplaced. The Protective and Confidentiality Order itself makes clear that "[n]otwithstanding the designation of material as 'Confidential' in discovery, there is *no* presumption that such Confidential Discovery Material will be filed with the Court under seal." ECF 18 at 5 (emphasis added). This Court's Individual Practices state the same principle: "[T]he fact that information is subject to a confidentiality agreement between litigants is *not*, by itself, a valid basis to overcome the presumption in favor of public access to judicial documents" (emphasis added). And courts "in this District have long held that bargained-for confidentiality does not overcome the presumption of access to judicial documents." *Bernsten v. O'Reilly*, 307 F. Supp. 3d 161, 168 (S.D.N.Y. 2018). In other words, the fact that Defendant's counsel marked his deposition confidential does not entitle him to keep his testimony secret in perpetuity.

KAPLAN HECKER & FINK LLP                                                                    2

Defendant next argues there was "no justifiable reason for Plaintiff to have included the excerpts." ECF 36 at 1. The premise of his contention is that the only reason Plaintiff submitted the excerpt was to establish the "date of Defendant's deposition" and to address a supposedly undisputed question about the appropriate scope of discovery in *Carroll II*. *Id.* at 2.

That is incorrect. The Court requested that the parties submit a Joint Proposed Discovery Plan so that it might resolve any disputes over the schedule for (and scope of discovery in) *Carroll II*. ECF 10. And there were indeed disputes as to both schedule and scope. Plaintiff argued for a limited scope given the discovery that had already taken place in *Carroll I*, and she proposed a tight discovery schedule to match. ECF 15 at 3-4, 8-9. Defendant, by contrast, argued for a much broader scope, admitted that the parties "differ[ed] on their view as to the scope," and proposed a drastically different discovery schedule that would stretch almost two hundred days from the date of Defendant's answer. *Id.* at 4-5, 8-9. Given these disputes, Plaintiff submitted an excerpt of Defendant's deposition—along with an excerpt of her own previously confidential deposition—to support her position that "[d]iscovery on [the new] issues [in *Carroll II*] should be narrow and expeditious since many of these topics have already been addressed." *Id.* at 3. Defendant's deposition excerpt was thus "relevant to the performance of the judicial function and useful in the judicial process'"—namely, resolving the parties' disputes over the schedule for and scope of discovery. *Trustees of N.Y. State Nurses Ass'n Pension Plan v. White Oak Glob. Advisors LLC*, No. 21 Civ. 8330, 2021 WL 5873250, at *1 (S.D.N.Y. Nov. 10, 2021). The excerpt certainly did not serve some "negligible" purpose, as Defendant tries to pretend it did, and so the standard presumption in favor of public access to judicial filings applies with full force.

At bottom, Defendant's argument is that his deposition should be kept from the public now because it was kept from the public before. When it comes to judicial documents, however, such circular reasoning doesn't work. Pursuant to the standard set forth in *Lugosch*, we respectfully request that the parties' full Joint Proposed Discovery Plan be filed on the public docket.

Respectfully submitted,

Roberta A. Kaplan

cc:     Counsel of Record (via ECF)