```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
E. JEAN CARROLL,

                    Plaintiff,

          -against-                              22-cv-10016 (LAK)

DONALD J. TRUMP,

                    Defendant.
------------------------------------x
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 1-13-2023

### ORDER UNSEALING FILED PORTION OF DEFENDANT'S DEPOSITION

LEWIS A. KAPLAN, *District Judge.*

The defendant asks that the Court seal (actually keep sealed) under the Protective Order (Dkt 18) the portion of the transcript of his deposition that he designated as Confidential and that therefore was filed under seal as Exhibit B to the Proposed Case Management Plan (Dkt 16). His arguments for doing so are entirely baseless.

1. Defendant first contends that he reasonably relied upon the confidentiality of his testimony. That is flatly inconsistent with the Protective Order and with this Court's published Individual Practices. The protective order itself states that "[n]otwithstanding the designation of material as 'Confidential' in discovery, there is no presumption that such Confidential Discovery Material will be filed under seal." The latter state that "[t]he fact that information is subject to a confidentiality agreement between litigants is not, by itself, a valid basis to overcome the presumption of access to judicial documents."

2. Contrary to defendant's argument, the transcript portion that was filed was

2

directly relevant to resolution of parties' disagreements concerning the scope of appropriate discovery in this case, in light of the discovery already taken in *Carroll v. Trump,* No. 20-7311 (LAK), and the substance of the scheduling order, both for the reasons set forth in plaintiff's letter opposing defendant's present request (Dkt 37, at 2). They are appropriately released because, among other things, they are relevant to understanding the basis for the Court's rulings on those controverted matters.

In view of the foregoing, it is unnecessary for the Court to determine whether, as plaintiff suggests, the substance of the excerpt from defendant's deposition was properly designed as Confidential by defendant given paragraph 2 of the Protective Order (Dkt 18).

Accordingly, defendant's application (Dkt 36) is denied. **The Clerk shall make the entirety of Dkt 16 available for unrestricted public access.**

SO ORDERED.

Dated:      January 13, 2023

_____
Lewis A. Kaplan
United States District Judge