

Alina Habba, Esq.
Managing Partner
ahabba@habbalaw.com
Admitted to practice in NJ, NY & CT

January 31, 2023

**Via ECF**
The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007

   Re: *E. Jean Carroll v. Donald J. Trump*
      *22 Civ. 10016 (LAK)*

Dear Judge Kaplan:

  We write in response to the letter submitted earlier today by the plaintiff, E. Jean Carroll ("Plaintiff"), regarding the notices of appearance filed by incoming defense counsel, Tacopina, Seigel & DeOreo, P.C.[1] Contrary to Plaintiff's contention, the transition of counsel is not in any way intended to delay or hinder the adjudication of this action. If anything, the circumstances surrounding the submission of Plaintiff's letter—which was sent while the parties were gathered for Plaintiff's deposition and without notice or warning to defense counsel—suggests that it is Plaintiff who seeks to "leverage" the shift in counsel to her advantage.

  Yesterday, the undersigned reached out to Plaintiff's counsel to advise of the change in counsel and requested a brief, one-to-two day adjournment of Plaintiff's deposition, which had previously been scheduled to be held today. The purpose of the brief adjournment was simply to allow incoming counsel sufficient time to review the record and prepare accordingly. Despite having previously asked defense counsel for a one-week adjournment—to which defense counsel freely consented—Plaintiff's counsel refused to adjourn the deposition even a single day based on the change in circumstance. Defendant did not push the issue and agreed to move forward with the deposition as planned. Plaintiff then proceeded to submit a letter accusing Defendant of engaging in "yet another tactic to attempt to delay the proceedings," which excluded these relevant facts.

  To be clear, Defendant is not seeking any adjournment or extension of the Court's Scheduling Order based solely upon the change of counsel. There are, however, several scheduling-related issues that have arisen recently that we would like to raise and seek appropriate intervention by this Court. Therefore, we believe it would be in the best interest of all parties for the Court to set a conference to discuss the schedule and upcoming trial date.

---

[1] For reference, a copy of Plaintiff's letter is attached hereto as Exhibit 1.

1430 U.S. Highway 206, Suite 240, Bedminster, NJ 07921 ▪ Tel. 908.869.1188

We thank the Court for its attention to this matter.

                                            Respectfully submitted,

                                            Alina Habba, Esq.
                                            For HABBA MADAIO & ASSOCIATES LLP

# EXHIBIT 1

# EXHIBIT 1

**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63ʳᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

January 31, 2023

**VIA COURIER**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:    *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan:

        We write on behalf of Plaintiff in connection with the notice of appearance filed today by Joe Tacopina. *See* Doc. No. 42. Yesterday, counsel from Habba Madaio & Associates LLP told us that they intend to withdraw from this case, leaving Mr. Tacopina as sole counsel. At least in principle, we have no objection to Defendant's decision to change counsel. However, we are concerned that Defendant may seek to use this late-stage substitution of counsel as yet another tactic to attempt to delay the proceedings—this time, as the parties prepare for trial.

        Under Local Rule 1.4, "An attorney who has appeared as attorney of record . . . may not withdraw from a case without leave of the Court . . . ." Such an order requires the attorney to show "satisfactory reasons for withdrawal" given (among other things) "the posture of the case," including its position on the calendar. As a result, "courts have typically considered whether the prosecution of the suit is likely to be disrupted by the withdrawal of counsel." *Whiting v. Lacara*, 187 F.3d 317, 320 (2d Cir. 1999); *see also Chen v. Best Miyako Sushi Corp.*, No. 16 Civ. 02012, 2017 WL 11698623, at *2 (S.D.N.Y. June 12, 2017). And courts have not hesitated to deny motions to withdraw where the withdrawal threatened undue delay. *See, e.g.*, *Geery v. Silberstein*, No. 20 Civ. 753, 2021 WL 3164901, at *1 (S.D.N.Y. June 11, 2021); *Bruce Lee Enters., LLC v. A.V.E.L.A., Inc.*, No. 10 Civ. 2333, 2014 WL 1087934, at *3 (S.D.N.Y. Mar. 19, 2014); *Rophaiel v. Alken Murray Corp.*, No. 94 Civ. 9064, 1996 WL 306457, at *2 (S.D.N.Y. June 7, 1996); *Malarkey v. Texaco, Inc.*, No. 81 Civ. 5224, 1989 WL 88709, at *2-3 (S.D.N.Y. July 31, 1989).

        Here, on November 22, 2022, Your Honor asked Counsel for Defendant in *Carroll I* whether they would be representing Defendant in *Carroll II*. They said that Defendant had not yet made a decision. In response, Your Honor stated: Defendant "has known [*Carroll II*] was coming for months and he would be well-advised to decide who is representing him in it because that will

**KAPLAN HECKER & FINK LLP**                                                                                                            2

have to be resolved promptly, whoever is presiding over the case." *Carroll v. Trump*, 20 Civ. 7311 (S.D.N.Y.), Transcript of Oral Argument, Nov. 22, 2022 at 8:6-10. Two weeks later, on December 8, 2022, Ms. Habba and Mr. Madaio filed their notices of appearance in *Carroll II*. Doc. Nos. 11 and 12.

As Your Honor has previously recognized, Defendant's litigation tactics "strongly suggest that he is acting out of a strong desire to delay any opportunity plaintiff may have to present her case against him." *Carroll v. Trump*, 590 F. Supp. 3d 575, 588 (S.D.N.Y. 2022). In light of that finding, and the closely related nature of *Carroll I* and *Carroll II*, there is substantial cause for concern that Defendant will seek to leverage the late-in-the-day withdrawal of Habba Madaio & Associates LLP into further delay of both actions—thereby prejudicing Plaintiff.

Accordingly, we respectfully request that the Court require Defendant's counsel to provide sworn assurances that these developments will not cause any delay of the proceedings.

Respectfully submitted,

Roberta A. Kaplan

cc:     Counsel of Record