# KAPLAN HECKER & FINK LLP





350 FIFTH AVENUE | 63ʳᵈ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL      212 763 0883
DIRECT EMAIL     rkaplan@kaplanhecker.com

February 6, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-7-23

**VIA COURIER**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re: *Carroll v. Trump*, 22 Civ. 10016 (LAK) (*"Carroll II"*)

Dear Judge Kaplan:

  We write on behalf of Plaintiff in response to Ms. Habba's letter dated January 31, 2023, in which Defendant requested a conference to discuss "several scheduling-related issues." ECF 46 at 1. Your Honor granted that request and scheduled a conference for February 7, 2023. Of course, we will be prepared to address these issues on Tuesday, but we thought it would be appropriate to give the Court some background about the parties' dispute.

* * *

  Before filing their motion for a conference on January 31, Defendant's counsel had not told us what the scheduling issues were that might require "intervention by this Court." *Id.* Immediately after Defendant filed his January 31 letter, we asked Defendant's counsel to identify those issues so that we might consider our position. Defendant, however, stalled. We followed up on that request two more times in the following days, but received no substantive response until we finally spoke with counsel by phone on Friday, February 3. During that call, Mr. Trump's counsel, to our astonishment, revealed for the first time that they intend to request from Your Honor a ***six-week "across the board" extension*** on all deadlines, with trial pushed out until sometime in June.

  According to Defendant's counsel, the basis for their request is Mr. Trump's apparent inability to secure the services of a rebuttal psychological expert to respond to testimony by Plaintiff's expert about Ms. Carroll's emotional and psychological harm. The potential need for such an expert, though, is hardly a recent development: Defendant has known that Plaintiff would be calling such an expert in connection with her Adult Survivors Act claim in *Carroll II* ever since we notified Defendant and the Court of that claim at the beginning of August 2022. *See* Letter

# KAPLAN HECKER & FINK LLP

from R. Kaplan dated Aug. 8, 2022, *Carroll v. Trump*, No. 20 Civ. 7311 (S.D.N.Y.) ("*Carroll I*"), ECF 89 at 3 n.5.

Pursuant to the Court's governing Pretrial and Scheduling Order, dated December 21, 2022, ECF 19, Defendant disclosed a rebuttal expert to us on January 9: namely, Dr. Edgar Nace, an addiction and substance abuse specialist located in Dallas, Texas.[1] But two days later, on January 11, Mr. Trump's counsel informed us that Dr. Nace was dealing with a family medical situation that would limit his availability. Defendant's counsel confirmed by letter on January 19 that they were aware of these limitations even before they gave us Dr. Nace's name, emphasizing that their original notice had referred to "timing issues" precisely because of "Dr. Nace's [family member's] current medical condition." Then, on January 25, Defendant's counsel informed us that the medical situation had taken a turn for the worse, and that Dr. Nace would have to withdraw.

Acknowledging this unfortunate situation, we immediately told Defendant's counsel that we were available to meet and confer on January 26 and that we were "happy to discuss a productive way forward, including giving [Defendant's] new expert a *slight extension* on the January 30 deadline for a rebuttal report" (emphasis added). Defendant's counsel cancelled that meet-and-confer and then cancelled another one that the parties had scheduled for the following day.

We now know why: Mr. Trump's counsel told us last Friday that they have been unable to find another psychological expert willing to testify for Mr. Trump in this action. Defendant's counsel explained that although both Ms. Habba and Mr. Tacopina's firms have attempted to secure a new expert using expert referral services, they have not succeeded (and an expert used by Mr. Tacopina in prior cases has apparently "bowed out"). The problem, according to Mr. Trump's counsel, is the "unique nature" of this case.

\* \* \*

We oppose Defendant's request for a six-week adjournment of all pending deadlines and dates in this case. As explained below, there is no justification for any adjournment given the dilatory nature of Defendant's request. But even if there were a justification, there still would be no reason to disrupt the entirety of the governing schedule, rather than to grant targeted relief geared solely to the expert issue and keep the rest of the pre-trial and trial dates set by the Court in place.

**First,** Plaintiff should not be prejudiced by Defendant's lack of diligence. We have been very accommodating with respect to Dr. Nace both before his withdrawal (*e.g.*, noticing his deposition for Dallas so that he would not have to travel to New York) and after his withdrawal (*e.g.*, making ourselves available for various (cancelled) meet-and-confers to discuss an

---

[1] This seemed to us like a peculiar choice since Plaintiff does not have any issues with alcohol or substance abuse. *Compare, e.g., Ochoa v. Davis*, 750 F. App'x 365, 373 (5th Cir. 2018) (Dr. Nace "testified about the addiction problem in Ochoa's family, including his father's alcoholism and its impact on Ochoa"); *Poole-Ward v. Affiliates for Women's Health, P.A.*, 329 F.R.D. 156, 159, 171 (S.D. Tex. 2018) (identifying Dr. Nace as "a psychiatrist specializing in substance-abuse disorders," whose testimony was "shaky but admissible"); Partial Expert Testimony of Edgar P. Nace, *Bradley v. R.J. Reynolds Tobacco Company*, 09 Civ. 10975, 2011 WL 9162045 (M.D. Fla.) ("Yes. I specialize in the area of addictions.").

KAPLAN HECKER & FINK LLP                                                    3

adjustment to the expert discovery schedule). But Mr. Trump's counsel have known about Dr. Nace's potential unavailability since at least *before* they first disclosed him on January 9—and, notwithstanding that knowledge, they failed to put a contingency plan in place. And once Dr. Nace withdrew on January 25, Defendant did not take the steps necessary to confer with us about an appropriate modification to the existing Court-ordered schedule, pursuant to which the deadline for the submission of their rebuttal report was January 30, 2022. *See* ECF 19.

Your Honor's Rules are clear: they require that requests for adjournment be "received in chambers not less than two business days before the scheduled time." Given the timeframe that Mr. Trump's counsel disclosed to us concerning their knowledge of Dr. Nace's unavailability, Defendant should have met that deadline. Defendant's inability to find a qualified expert is no justification for seeking the type of after-the-fact extension that Mr. Trump seeks here. *See Scalpi v. Amorim*, No. 14 Civ. 2126, 2018 WL 1606002, at *13 (S.D.N.Y. Mar. 29, 2018) (no justification for late expert report because "the fact that Plaintiff could not find an expert willing to engage in litigation does not entitle her to violate a discovery scheduling order, nor does it explain why she did not request an extension of time"); *LNC Invs., Inc. v. First Fid. Bank*, No. 92 Civ. 7584, 2000 WL 1290615, at *4 (S.D.N.Y. Sept. 12, 2000) (denying motion to substitute expert where defendant's counsel should have been aware of original expert's potential unavailability, emphasizing that defendant cannot "impose upon plaintiffs a further continuance of the trial").[2]

**Second,** there is little explanation for Defendant's lack of diligence or for the length of the extensions that Mr. Trump now seeks. Even in high stakes cases like this, the services of an expert can typically be procured within days—especially if defense counsel had already done their homework by finding and interviewing potential experts, as they presumably did before retaining Dr. Nace (and as they should have started to do last August when first notified of Ms. Carroll's intended reliance on an expert psychologist). Although Defendant insists that his delay is due solely to the "unique" nature of this case, it is more likely the result of his own dilatory conduct. That certainly would be consistent with the record: Robert Fisher, Defendant's rebuttal expert on Plaintiff's defamation damages in *Carroll I*, testified at his deposition on December 14 that he had been retained by Mr. Trump's counsel only five days before his rebuttal report was submitted. The discovery schedule in *Carroll II* provided for three weeks between expert reports and rebuttal expert reports, thereby making clear the importance of ensuring that Defendant would have a rebuttal expert ready and available. *See* ECF 19 at 3. There is no justification for any adjournment, let alone one that is two times longer than the time that an expert would have had for their report in the first place, particularly since Mr. Trump's counsel knew about the issues with Dr. Nace since at least early January.

It is not surprising that Mr. Trump has struggled to find a rebuttal expert given the careful

---

[2] On January 11, we raised concerns in response to a barebones email stating that Defendant intended to subject Plaintiff to a mental examination under Federal Rule of Civil Procedure 35. We explained that under Rule 35, before an examination may take place, there must an agreement among the parties regarding, or a court order specifying, "the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Fed. R. Civ. P. 35(a)(2)(B). Over the course of multiple weeks, we offered to meet and confer on those issues, but Defendant was never able to provide any details about the proposed examination. This all occurred before Dr. Nace withdrew, and it is therefore Plaintiff's position that Defendant has forfeited any opportunity to pursue a Rule 35 examination, even if a new rebuttal expert were allowed to submit a report and give testimony in this case.

KAPLAN HECKER & FINK LLP                                                                    4

and limited nature of the opinion offered by Plaintiff's expert, Dr. Leslie Lebowitz, who does not diagnose Plaintiff with a mental or psychiatric condition like PTSD for Defendant's expert to rebut. Any qualified expert would be hard-pressed to dispute that Plaintiff's lived experience since the mid-1990s is consistent with the academic literature on responses to trauma, including sexual assault. While Defendant seems to want to shift the blame to Plaintiff for selecting an expert whom no one is eager to rebut, the facts are clear: despite his unlimited resources and the large number of licensed psychologists and psychiatrists across this country, Mr. Trump has been unable to identify an expert willing to give the opinion he is looking for. If he hasn't succeeded already, it is hard to to believe that six more weeks would make a difference.

     **Third,** there can be little doubt that the current situation is connected at least in some way to the appearance of new counsel, exactly what we were worried about when we wrote Your Honor last week. In her letter to this Court, Ms. Habba insisted that "Defendant is not seeking any adjournment or extension of the Court's Scheduling Order based solely upon the change of counsel." ECF 46 at 1. But just after new counsel appeared in this action, Defendant started laying the groundwork for an extension request that could and should have been made weeks ago under the Court's scheduling order by his original counsel.

     This is confirmed by Defendant's shifting position regarding the deposition of Dr. Lebowitz. Even though Dr. Nace withdrew from this case on January 25, on that same day, Defendant's counsel agreed that Dr. Lebowitz's deposition would take place on February 7. It was not until February 3—*after* Mr. Tacopina and his partners appeared—that Defendant's counsel informed us that they had changed their mind and were cancelling Dr. Lebowitz's deposition because, they said, it was impossible for them to take it without having consulted with their new expert.

     **Finally and perhaps most importantly,** any expert-related scheduling adjustment obviously need not disrupt *all deadlines* in this action (and presumably in *Carroll I*, for which the Court has set parallel deadlines given the possible consolidation of both cases before trial).[3] Here are the remaining deadlines in both cases:

| Deadline | *Carroll I* Date | *Carroll II* Date |
| --- | --- | --- |
| Joint pretrial order | Feb. 9, 2023 | Feb. 16, 2023 |
| Exchange of premarked trial exhibits | Feb.16, 2023 | Feb. 9, 2023 |
| Filing of any motions *in limine* | Feb. 16, 2023 | Feb. 23, 2023 |
| Filing of any motions for summary judgment | n/a | Feb. 23, 2023 |
| Oppositions to motions *in limine* | Feb. 23, 2023 | Mar. 9, 2023 |
| Oppositions to motions for summary judgment | n/a | Mar. 9, 2023 |

---

[3] It is still not clear what role Defendant's various attorneys will play in *Carroll I* and *Carroll II*. Although referring in her letter to a "transition of counsel" and a "change of counsel" in *Carroll II*, ECF 46 at 1, Ms. Habba has since publicly stated that she will not withdraw from this action. *See* Jacob Shamsian & Ashley Collman, *Alina Habba is withdrawing as Trump's lead attorney for E. Jean Carroll's rape claim. Last month, a federal judge sanctioned her $1 million for bad lawyering*, Insider (Feb. 1, 2023).

KAPLAN HECKER & FINK LLP                                                                                      5

| | | |
|---|---|---|
| Replies in support of motions *in limine* | n/a | Mar. 16, 2023 |
| Replies in support of motions for summary judgment | n/a | Mar. 16, 2023 |
| Filing of joint proposed special verdict form, proposed jury instructions, and proposed *voir dire* examinations | n/a | Mar. 30, 2023 |
| Trial | Apr. 10, 2023 | Apr. 17, 2023 |

Even if the Court were to give Defendant additional time to find a rebuttal expert and complete expert discovery in *Carroll II*, there is sufficient time to do so well in advance of trial without throwing off the entire schedule.[4]

Accordingly, in the event that the Court is inclined to offer Defendant a further extension with respect to a rebuttal psychological expert, Plaintiff would propose that changes to the current schedule in *Carroll II* be limited to the following:

| | |
|---|---|
| Feb. 10, 2023 | Identification of Defendant's psychological expert |
| Feb. 21, 2023 | Service of rebuttal report of Defendant's psychological expert |
| Feb. 28, 2023 | Close of expert discovery involving psychological expert |
| Mar. 7, 2023 | Any motions *in limine* concerning psychological expert |
| Mar. 13, 2023 | Oppositions to any motions *in limine* concerning psychological expert (replies due in accordance with schedule above) |

\* \* \*

Plaintiff opposes Defendant's request to delay trial and to adjourn for six weeks each and every pre-trial deadline in *Carroll I* and *Carroll II*. Ms. Carroll filed her first case against Mr. Trump in November 2019. It is now February 2023. In all that time, Defendant has been "acting out of a strong desire to delay any opportunity plaintiff may have to present her case against him." *Carroll v. Trump*, 590 F. Supp. 3d 575, 588 (S.D.N.Y. 2022); *accord Carroll v. Trump*, No. 20 Civ. 7311, 2022 WL 6897075, at \*6–7 (S.D.N.Y. Oct. 12, 2022). Plaintiff's claims should be heard by a jury in April, and Defendant's latest delay tactic should be rejected.

We look forward to discussing these matters further at tomorrow's conference.

Respectfully submitted,

Roberta A. Kaplan

cc:      Counsel of Record (via email)

---

[4] In our call with Defendant's counsel last Friday, we asked if they would consider something short of an across-the-board six-week extension. They have given no indication of flexibility with respect to their position.