# tacopina seigel trial lawyers
TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

February 10, 2023

**FILED BY ECF**
Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: <u>Carroll v. Trump</u>, 22 Civ. 10016 (LAK) ("Carroll II")

Dear Judge Kaplan:

  We represent Defendant, Donald J. Trump, and write to respectfully request an immediate ruling concerning a dispute that has arisen between the parties. At the outset, it should be noted that we are not seeking to delay the trial date.

  The instant dispute arises from Plaintiff's public filing of a DNA report in *Carroll I* in New York State Court prior to that case being removed to this Court (NYECF Docket No. 56)(Ex. A hereto)("DNA Report"). The DNA Report was attached to Plaintiff's publically filed First Notice to Submit to Physical Examination to Defendant Donald J. Trump, which demanded that Mr. Trump submit to an examination in order to "obtain a buccal, blood or skin cell sample from Defendant sufficient for DNA analysis and comparison against unidentified male DNA present on the dress that Plaintiff wore during the sexual assault at issue in this action." (*Id.*)

  However, the DNA Report filed with this demand is missing pages 25 to 37, which appear to include the report's appendix. Yesterday, while my office and co-counsel were preparing a list of trial exhibits for *Carroll II*, we emailed Plaintiff's counsel requesting a copy of the missing pages of the report. Plaintiff's counsel emailed us back stating that they would not produce the missing pages because (a) Your Honor did not allow the parties to seek discovery in *Carroll II* for such material, as discovery only pertained to Plaintiff's damages; (b) fact discovery is over in *Carroll II*; (c) the missing pages from the DNA Report are not discoverable because the report was drafted by a non-testifying expert; and (d) Mr. Trump did not submit to such a physical examination for a DNA sample.

  The Court should reject Plaintiff's objections as to the production of these missing pages for

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
February 10, 2023
Page 2

the following reasons. First, the question as to whether the alleged sexual assault even occurred goes directly to the issue of Plaintiff's purported damages. If no sexual assault occurred, Plaintiff clearly could not have been harmed by it.

Second, even if fact discovery has been completed, Plaintiff herself produced 895 pages of discovery on February 1, 2023. Plaintiff never explained why such a document production was produced after discovery was purportedly over.

Third, regardless of whether the DNA Report was drafted by a non-testifying expert, Plaintiff clearly put this very report at issue when she served it as part of a discovery demand and then publicly filed it for all to see. Notably, this filing garnered substantial media attention. In fact, Plaintiff has stated publically that she already has DNA from Mr. Trump, which necessarily implies that his DNA is on the dress in question. She also sent the following Tweet on February 25, 2021: "Cyrus Vance, the Manhattan District Attorney, has Trump's taxes. Fani Willis, the Georgia Prosecutor, has Trump's phone call. Mary Trump has her grandfather's will. **And I have the dress. Trump is basically in deep shit**." (Exhibit B hereto)(emphasis supplied). Hence, Plaintiff is using the DNA Report to litigate this case in public and imply that Mr. Trump's DNA is on the dress.

Therefore, Plaintiff's expert was not merely hired by Plaintiff to consult, but was hired to publically state in a court filing that Plaintiff has DNA evidence against Mr. Trump. Or at the very least, Plaintiff has waived such protection by affirmatively using the DNA Report to seek DNA from Mr. Trump and then making public comments about it. *See In re Commodity Exch., Inc., Gold Futures & Options Trading Litig.*, No. 14-MC-2548 (VEC), 2021 WL 2481835, at *4 (S.D.N.Y. June 17, 2021)("Although Abrantes-Metz and Bamberger are non-testifying expert consultants who would normally be entitled to the protections of Rule 26(b)(4)(D), Plaintiffs have waived those protections."); *Agron v. Trustees of Columbia Univ. in City of New York*, 176 F.R.D. 445, 449 (S.D.N.Y. 1997)("Plaintiff, by submitting the Deutsch Report to Defendant in discovery, voluntarily waived the only relief that Rule 26(b)(4)(B) provides—the non-disclosure of expert discovery for a non-testifying expert.").

Fourth, Mr. Trump is indeed willing to provide a DNA sample for the sole purpose of comparing it to the DNA found on the dress at issue, so long as the missing pages of the DNA Report are promptly produced prior to our client producing his DNA.

Fifth, there are additional compelling reasons for the production of the missing pages of the DNA Report. While Plaintiff has not listed the DNA Report as an exhibit or listed a DNA expert as a trial witness, she may be lying in wait and intending to use such evidence on cross-examination

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
February 10, 2023
Page 3

of Defendant's witnesses or in her rebuttal. It is respectfully submitted that due process dictates that Mr. Trump should have access to the full DNA Report in order to properly prepare for trial and for such a possibility.

Sixth, Plaintiff would suffer no unfair prejudice or harm by the production of the full DNA Report. Mr. Trump's DNA is either on the dress or it is not. Why is Plaintiff now hiding from this reality? We surmise that the answer to that question is that she knows his DNA is not on the dress because the alleged sexual assault never occurred.

Your consideration is greatly appreciated.

Very truly yours,

Joseph Tacopina

cc:     All counsel by ECF