**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL         212.763.0883
DIRECT EMAIL        rkaplan@kaplanhecker.com

February 10, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    *Carroll v. Trump*, 22 Civ. 10016 (LAK) ("*Carroll II*")

Dear Judge Kaplan:

      We write on behalf of Plaintiff E. Jean Carroll in response to Defendant Donald J. Trump's letter motion seeking an "immediate ruling" on the latest dispute that has arisen between the parties and promising that Trump does not "seek to delay the trial date." ECF 51 at 1. Trump's letter should be seen for exactly what it is: a transparent effort to manufacture a dispute over a document Trump has known about for *more than three years*, in order to delay these proceedings, put off the first day of trial at all costs, prejudice potential jurors, and "take back" his own past strategic decisions in this litigation. But as this Court has observed, "[l]itigants may not try their cases, withhold evidence, and then seek to reopen when their tactical decisions yield adverse results." *Korea First Bank v. Lee*, 14 F. Supp. 2d 530, 532 (S.D.N.Y. 1998). Trump's motion should be denied.

* * *

      Three days ago, Joseph Tacopina, new counsel for Trump, stood before this Court and gave his "word" that he "will be ready to try this case." Tr. at 13 (Feb. 7, 2023). "If you say April," he continued, "I'm trying it in April. I'm not running from this obligation." *Id.*

      At the same time, however, Trump was secretly laying the groundwork for a bad-faith effort to taint the potential jury pool, upend this Court's discovery orders, and delay these proceedings. Days before they made any initial outreach to Carroll on this subject, Trump or his legal team told reporters that Trump was now willing (after years of unequivocal refusal) to provide a DNA sample to Carroll as part of this litigation. On February 9, 2023, less than 48 hours after the parties appeared before the Court, the *Daily Beast* and the *Independent* published almost identical stories concerning Trump's intentions. As the *Daily Beast* reported, "[a]ccording to a source familiar with his defense team's new strategy, Trump's proposition has not yet been made to the opposing side. But if they follow through, it would position them to tell jurors his DNA was offered—just never tested." *See* Jose Pagliery, *Trump Says He'll Hand Over His DNA for E. Jean*

**KAPLAN HECKER & FINK LLP**

2

*Carroll Case*, Daily Beast (Feb. 9, 2023); *see also id.* ("'It sounds like a continuation of the dilatory tactics that Trump uses all the time,' said Albert Scherr, a University of New Hampshire law school professor who serves as one of the nation's top experts on forensic DNA evidence. 'As a general rule, Trump's lawyers in every venue have the strong propensity to delay and delay and muck things up.'").[1]

Having leaked these reports to the press in a blatant effort to influence the jury pool and throw a wrench into the pretrial schedule, Trump now asks this Court to endorse his strategy in the guise of a motion to reopen discovery to explore the DNA issue. Trump's apparent objective is to position himself as "trying" to provide his DNA, even though it was his own strategic decisions that led to the exclusion of that issue from the litigation in the first place. Carroll, now 79 years old, has built her case with powerful additional evidence and is ready to prove Trump's liability before a jury; she should not be prejudiced by Trump's latest gambit to violate the Court's orders and uproot the trial date.

\* \* \*

There can be no doubt that Trump makes his motion in bad faith. At Tuesday's conference, his counsel made multiple representations about their readiness for trial. In addition to giving the Court his "word" that Trump would be ready in April, Mr. Tacopina insisted, "We want to proceed to trial as quickly as possible," and Ms. Habba suggested that Carroll's counsel had made "false" claims with respect to her client's interest in delay. Tr. at 5, 15 (Feb. 7, 2023). They offered only a single case-related reason for modifying the schedule: giving Trump's emotional damages expert, Dr. Nace, additional time to complete his work. Trump made the same representation in a letter to the Court earlier in the week: "Adjournment is sought *solely* to redress the inability of our psychiatric expert to meet the current deadline." ECF 48 at 1 (emphasis added). And Trump agreed at the outset of *Carroll II* that discovery should be limited to new issues and identified the specific damages-related discovery that he sought to pursue. *See* Tr. at 3–9 (Dec. 21, 2022); *see id.* at 16 (agreeing that "discovery about whether this incident ever happened … [was] all done").

Testing Trump's DNA is obviously not a new issue, as Trump spent the early years of this litigation categorically refusing Carroll's request for a DNA sample. Indeed, Carroll first sought a DNA sample from Trump in January 2020. NYSCEF No. 56.[2] Recognizing the sensitive nature of that discovery request, Carroll attached to her CPLR 3121 notice a report prepared by an expert that showed there was unidentified male DNA present on the dress that Carroll wore during the sexual assault at Bergdorf Goodman. *Id.* Days after receiving that request, however, Trump moved to stay the state court proceedings. NYSCEF No. 49. As soon as that stay motion was denied, Carroll renewed her DNA request—this time, only to have the Department of Justice intervene in the case under pressure from Trump. Of course, this Court then denied DOJ's motion to substitute. While appellate proceedings were ongoing, and the parties were preparing for discovery, Carroll's

---

[1] *See also* Rachel Sharp, *Trump finally offers to hand over DNA to E Jean Carroll rape case – after deadline passes to submit evidence*, Independent (Feb. 9, 2023).

[2] References to "NYSCEF No. __" are to the state court docket in *Carroll v. Trump*, No. 160694/2019 (N.Y. Sup. Ct.). References to *Carroll I* relate to *Carroll v. Trump*, No. 20 Civ. 7311 (S.D.N.Y.).

counsel again reiterated Carroll's interest in obtaining Trump's DNA, even indicating that it might obviate the need to take Trump's deposition. Tr. at 28 (Feb. 22, 2022), *Carroll I*.

But Trump persisted in unequivocally rejecting any effort to obtain his DNA. Among other things, Trump "wholly object[ed] to [the] request for a DNA sample." As Ms. Habba went on to argue in an August 15, 2022 letter:

> Plaintiff has not demonstrated a reasonable basis for such an intrusive request, nor does it reasonably relate to her claims and defences [*sic*] in this matter. Further, the request is highly prejudicial given chain of custody concerns and violates Defendant's privacy rights, which are especially sensitive given that he is a former President. In the event that Plaintiff files a Motion to Compel, we will adamantly oppose it and seek a protective order to prevent its enforcement.

Carroll was thus faced with a choice: almost three years into the litigation, she could engage in a protracted fight over an unprecedented request to obtain a former president's DNA—a request that Trump had repeatedly resisted, vowed to continue resisting, and would inevitably turn into a substantial issue in this Court and in any subsequent or interlocutory appellate proceedings. Or she could pivot, take Trump's deposition, and work toward the trial date that the Court had already set, armed with the overwhelming evidence already available to her. She elected the latter course so that she might prove her case without further delay—a goal that was especially important in light of Trump's demonstrated pattern of exploding court deadlines and escaping accountability. Having made that choice in response to Trump's own highly strategic calculation, and in reliance on the orders issued by this Court, Carroll is entitled to proceed to trial without affording Trump a chance to change his mind about this decision (or any others in the case) that he may now regret.

\* \* \*

Trump did not make his new document request until hours before the parties filed their joint pretrial motion in *Carroll I* and exchanged exhibits in *Carroll II*. This request is thus untimely and prejudicial, and the points that Trump advances to support it are entirely meritless.

As your Honor is aware, the parties completed fact discovery in *Carroll I* on October 19, 2022. The Court later entered a scheduling order in *Carroll II*, where the Court recognized that *Carroll I* had "fully explored the question whether the defendant sexually assaulted the plaintiff." ECF 19 at 1. Fact discovery in *Carroll II* has since closed as well, and the parties have identified trial exhibits in both actions, none of which concern DNA. *See Carroll I*, ECF 128.

There is thus absolutely no basis for Trump's motion. The law is clear that discovery should not be reopened to allow a party to pursue discovery that it already "had an ample opportunity to pursue." *Kulkarni v. City Univ. of New York*, No. 01 Civ. 10628, 2003 WL 23319, at \*4 (S.D.N.Y. Jan. 3, 2003); *see also Kelly v. Wright Med. Tech., Inc.*, No. 00 Civ. 8808, 2003 WL 40473 (S.D.N.Y. Jan. 3, 2003) (Kaplan, J.) (denying motion to reopen discovery where there was "no persuasive reason to relieve plaintiff of the consequences of her own failure to seek discovery [] in a timely fashion"). Where, as here, "a party is aware of the existence of documents or other information before the close of discovery and propounds requests after the deadline has passed, those requests should be denied." *Gucci Am., Inc. v. Guess?, Inc.*, 790 F. Supp. 2d 136, 140

KAPLAN HECKER & FINK LLP

4

(S.D.N.Y. 2011). Obviously, these principles apply with greater force when the moving party actively *resisted* the very discovery in question for years. *See Korea First Bank*, 14 F. Supp. 2d at 532.[3]

Moreover, if Trump's untimely request were accepted, it would inevitably delay the trial. Despite his counsel's protestations otherwise—and their pretense that this is a simple matter—the reality is that Trump's proposal would involve numerous substantial, time-consuming steps. Those include (1) meet-and-confers regarding the conditions under which Trump's biological material would be taken, transported, and maintained; (2) the secure acquisition of Trump's DNA by Carroll's expert; (3) the testing of Trump's DNA; (4) a report by Carroll's expert; (5) a report by Defendant's rebuttal expert; (6) depositions of both experts; and (7) motion practice regarding any requested *in limine* rulings. This case does not involve an isolated sample of unidentified male DNA; the dress contains a mix of DNA, testing of which would necessarily involve complex analysis. In the meantime, Trump would almost certainly be searching for yet another reason to delay, or another decision that he made earlier in the case that he would prefer to revisit, while seeking to again pollute the potential jury pool. *See* Tr. at 12 (Feb. 7, 2023) ("[T]hings keep happening in this case and the cases involving your client …."); *Carroll v. Trump,* No. 20 Civ. 7311, 2022 WL 6897075, at *6–*7 (S.D.N.Y. Oct. 12, 2022); *Carroll v. Trump,* 590 F. Supp. 3d 575, 587–88 (S.D.N.Y. 2022).

None of Trump's one-off points changes this analysis. ECF 51 at 2–3. Many of the specific premises of his argument—the circumstances of the February 2020 state court filing, and a February 2021 tweet—are old news, and could have been raised and litigated long before today. Nor is it relevant that Carroll recently produced documents: that production followed from requests for discovery that Trump had served in *Carroll II* within the discovery window. Trump's concern with surprise evidence or witnesses can easily be put to rest: because of Trump's obstinance throughout discovery, there is no DNA evidence in this case, and none will be introduced at trial (indeed, we will be filing a motion *in limine* to that effect).[4] And Trump's opening suggestion that this request "goes directly to the issue of … damages" is absurd: discovery in *Carroll II* is limited to damages, not whether the sexual assault itself occurred, since the parties had every opportunity to thoroughly explore that issue through discovery in *Carroll I*.

\* \* \*

At bottom, Trump's motion is yet another bad faith and legally frivolous delay tactic. Carroll sought Trump's DNA early in the case and he refused to provide it. He persisted in that refusal for well over a year and in both state and federal court. Carroll therefore chose to prove her case using alternative evidence—and has amassed powerful proof that Trump sexually assaulted her. Now that discovery has closed, Carroll is at long last entitled to present her proof to a jury at trial. Trump may prefer to put off trial for another day, and he (and his new lawyers) may regret

---

[3] The appearance of new counsel makes no difference. *See, e.g.*, *Emamian v. Rockefeller Univ.*, 823 F. App'x 40, 43 (2d Cir. 2020) ("The desire by new counsel to reopen discovery for the purposes of pursuing new [] theories does not amount to 'good cause' necessitating a reversal of the district court's rulings, particularly in light of the prejudice to [the nonmoving party] that would have ensued from additional delay in the already-protracted case.").

[4] Trump's letter seems to imply that Carroll has already had Trump's DNA tested. She has not. Because Trump refused to provide his DNA earlier in this litigation, there has been no DNA for testing.

KAPLAN HECKER & FINK LLP

5

decisions that he made earlier in the case, but that is no basis to again delay Carroll's day in court. Nor is it a basis to upend the discovery process and undertake a complex factual and expert discovery proceeding into issues that Trump himself spent years opposing. The rules established by the Court apply to all parties, including Trump, and the time has come for him to face a jury.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record