# EXHIBIT B

| | |
|---|---|
| **From:** | Matthew DeOreo <mdeoreo@tacopinalaw.com> |
| **Sent:** | Tuesday, February 14, 2023 2:52 PM |
| **To:** | Matthew Craig; Alina Habba, Esq.; Michael Madaio; Peter Swift; Peter Gabra; Joe Tacopina; Chad Seigel |
| **Cc:** | Roberta Kaplan; Joshua Matz; Shawn G. Crowley |
| **Subject:** | RE: Carroll II IME of Plaintiff |
| **Attachments:** | Carroll - IME Consent Form.pdf |

This email was sent from outside the Firm.

Counsel:

Please see attached consent form that Dr. Lamoureux will present to Plaintiff to sign before the commencement of the IME.



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product.  If you are not an intended recipient, you many not review, copy or distribute this message. if you have received this communication in error, please notify us immediately by e-mail and delete the original message.

**From:** Matthew Craig [mailto:mcraig@kaplanhecker.com]
**Sent:** Tuesday, February 14, 2023 12:27 PM
**To:** Matthew DeOreo <mdeoreo@tacopinalaw.com>; Alina Habba, Esq. <ahabba@habbalaw.com>; Michael Madaio <mmadaio@habbalaw.com>; Peter Swift <pswift@habbalaw.com>; Peter Gabra <pgabra@habbalaw.com>; Joe Tacopina <jtacopina@tacopinalaw.com>; Chad Seigel <cseigel@tacopinalaw.com>
**Cc:** Roberta Kaplan <rkaplan@kaplanhecker.com>; Joshua Matz <jmatz@kaplanhecker.com>; Shawn G. Crowley

\<scrowley@kaplanhecker.com\>
**Subject:** RE: Carroll II IME of Plaintiff

Counsel:

We have serious concerns about the examination you propose, as your choice of experts (and your assertion that you need two of them) seems intended to serve as the basis for testimony that clearly exceeds the subject matter of Dr. Lebowitz's report, violates Judge Kaplan's pretrial and scheduling order (ECF 19), and goes to an issue that is in the exclusive province of the jury.

Indeed, this is already clear from the record. You expressed that improper intention in your February 6 letter to the Court, suggesting that a six-week adjournment of the trial was necessary so that you could find an expert to help you "explore" Ms. Carroll's "underlying claim of being sexually assaulted." On February 10, you once again confirmed your mistaken belief that the permissible scope of discovery in *Carroll II* includes the fact question whether Ms. Carroll was sexually assaulted: you wrote that "the question as to whether the alleged sexual assault even occurred goes directly to the issue of Plaintiff's purported damages." You also stated at the court conference that you would be retaining the services of Dr. Nace for these purposes; now we understand you want to use Drs. Lamoureux and Hayes instead.

As you are surely aware, the parties completed fact discovery in *Carroll I* on October 19, 2022. The Court later entered a scheduling order in *Carroll II*, where the Court recognized that *Carroll I* had "fully explored the question whether the defendant sexually assaulted the plaintiff." ECF 19 at 1. That issue is therefore off limits in *Carroll II*, where the Court expressly delineated the scope of permissible rebuttal expert discovery—and limited it (as relevant here) to "an independent psychological or psychiatric examination of plaintiff with respect to any emotional or psychological damages as a result of the alleged sexual assault and defendant's October 12, 2022 statement."

Given that, and given the applicable rules of evidence, we would raise four points.

First, will you confirm that the scope of rebuttal expert examination and testimony will be limited to the topics authorized by Judge Kaplan's pretrial and scheduling order as well as Dr. Lebowitz's report, and that it will not address "whether the defendant sexually assaulted the plaintiff" (the topic that Judge Kaplan has already held to be out of scope for discovery in *Carroll II*, and one that was not addressed in the report that your expert would be rebutting)?

Second, we see no proper basis for the inclusion of a second expert to "assist" in the examination. Dr. Hayes appears to specialize in neuropsychological evaluations, as well as malingering assessments, suggesting that the reason for her inclusion is to assist with testing methods that go to Ms. Carroll's credibility in testifying about the underlying sexual assault or whether she suffers from any cognitive or neuropsychological issues. That, in conjunction with Dr. Lamoureux's own work on malingering and "false sexual assault allegations," suggests an examination that is entirely out of bounds. Given that, we request that you expressly confirm to us that your experts will not perform any neuropsychological assessments or any malingering assessments, which would violate Judge Kaplan's order.

Third, if Dr. Hayes has an expertise that Dr. Lamoureux does not, then she cannot contribute to Dr. Lamoureux's opinions, as Dr. Lamoureux must be qualified to give all of his opinions, and we must be able to examine him regarding the basis for them. If Dr. Hayes and Dr. Lamoureux have identical qualifications, then the inclusion of a duplicative expert during the examination would seem to serve no purpose but to intimidate Ms. Carroll. Given that, we request that you describe the methods and scope of Dr. Lamoureux's proposed examination, including identifying by name any standardized tests that he plans to perform, and the precise role that Dr. Hayes intends to play. We are entitled to this information under the law. FRCP 35(a)(2)(B); *see, e.g.*, *Hirschheimer v. Associated Metals & Mins. Corp.*, No. 94 Civ. 6155, 1995 WL 736901, at *4 (S.D.N.Y. Dec. 12, 1995). Notably, none of these requests should be new to you—we have been seeking this information about the scope, manner, and conditions of your proposed examination since mid-January and still have no answers.

Please get back to us by no later than noon tomorrow with responses to the above so that we can seek guidance from Judge Kaplan if necessary.

Finally, assuming we can reach agreement on the above, we cannot make Ms. Carroll available two consecutive eight-hour days. As your co-counsel know from our scheduling discussions relating to her *Carroll II* deposition, Ms. Carroll has had some health issues as of late, and your proposal will not allow for fair examination conditions. Examining her for 16 total hours is also marked departure from the shorter examination period that Peter had indicated when we discussed such an examination in January. Assuming we come to an understanding with respect to the proper scope, manner, and conditions of an examination, we could agree to make Ms. Carroll available at our office for two consecutive five-hour days (with appropriate breaks at her request). Because Ms. Carroll does not live in New York City, any additional limited follow up would have to be by Zoom. (We note in this regard that your co-counsel suggested that Dr. Nace do his entire examination by Zoom.)

Regards,
Matt

**Matthew Craig | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | 63rd Floor
New York, New York 10118
(W) 929.294.2542 | (M) 646.719.7443
mcraig@kaplanhecker.com

---

**From:** Matthew DeOreo <mdeoreo@tacopinalaw.com>
**Sent:** Monday, February 13, 2023 5:33 PM
**To:** Matthew Craig <mcraig@kaplanhecker.com>; Alina Habba, Esq. <ahabba@habbalaw.com>; Michael Madaio <mmadaio@habbalaw.com>; Peter Swift <pswift@habbalaw.com>; Peter Gabra <pgabra@habbalaw.com>; Joe Tacopina <jtacopina@tacopinalaw.com>; Chad Seigel <cseigel@tacopinalaw.com>
**Cc:** Roberta Kaplan <rkaplan@kaplanhecker.com>; Joshua Matz <jmatz@kaplanhecker.com>; Shawn G. Crowley <scrowley@kaplanhecker.com>
**Subject:** Carroll II IME of Plaintiff

> This email was sent from outside the Firm.

Hi Matt,

See the attached CV of our psychiatric expert. He wishes to conduct the IME of your client on February 20 and 21. He believes it will be 16 hours of evaluation.

It will be in NYC, and we can agree on a neutral location. No attorneys shall be present.

Dr. Lamoureux will be assisted by psychologist Dr. Jill Hayes.

Please let me know if those dates work for your client.

Thanks

Matt



DISCLAIMER

This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product.  If you are not an intended recipient, you many not review, copy or distribute this message. if you have received this communication in error, please notify us immediately by e-mail and delete the original message.

---

*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*