# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883
WWW.KAPLANHECKER.COM

DIRECT DIAL    212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

**MEMO ENDORSED**

February 15, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 2-16-2023

Re:   *Carroll v. Trump*, 22 Civ. 10016 (LAK) ("*Carroll II*")

Dear Judge Kaplan:

We write on behalf of Plaintiff E. Jean Carroll regarding certain issues that have arisen in connection with the Rule 35 examination that Defendant Donald J. Trump has proposed in this action. For the reasons explained below, we respectfully request that the Court enter an order that (1) any examination is limited to the question of emotional and psychological damages *and* must serve to rebut the opinion of Carroll's expert, Dr. Leslie Lebowitz; (2) Trump's expert may not use standardized tests; (3) there may be only one expert; (4) the examination may not be recorded; and (5) Trump may not force Carroll to sign a confusing and prejudicial consent form.

\* \* \*

Ever since Trump disclosed that he intended to have an addiction specialist, Dr. Edgar Nace, perform a mental examination of Carroll, we have sought to understand the scope, methods, and conditions of the proposed examination. ECF 47 at 3 n.2; *see* Fed. R. Civ. P. 35(a)(2)(B). Trump's original counsel ultimately agreed that we were entitled to know that information and promised to obtain it from Dr. Nace before he announced that he would have to withdraw. At the February 7 conference, Trump's counsel revealed that Dr. Nace did not, in fact, need to withdraw and could complete his rebuttal report by February 28. Tr. of Feb. 7, 2023 Conf. at 9, 11. We expected to pick up the conversation about Dr. Nace's examination where it had left off weeks before.

But on the evening of February 13, Trump's counsel notified us that they would use two experts (Dr. Ian Lamoureux and Dr. Jill Hayes) to examine Carroll. They followed up with a series of additional emails on February 14. In one, they said that the proposed 16-hour examination would take place at a court reporter's office. A couple of hours later, they informed us that they would "record" the examination. And a couple of hours after that, they sent a "consent form" that Carroll would be required to sign before the examination commenced. *See* Exs. A, B, C (emails between counsel); Ex. D (consent form).

<u>Memorandum Endorsement</u>                                    <u>Carroll v. Trump, 22-cv-10016 (LAK)</u>

Plaintiff's application is disposed of as follows:

1.    Defendant has represented that "the scope of Plaintiff's IME will be . . . confined to the issues of whether Plaintiff was emotionally harmed by the alleged sexual assault, and if so, to what degree and whether she is pretending or exaggerating her injuries. The scope of the IME will not include an analysis as to whether the alleged sexual assault occurred in the first place." Dkt 58, at 3. Accordingly, plaintiff's first request for relief is denied as moot.

2.    Plaintiff's second and third requests for relief are unjustified and hence denied. The Court assumes that defendant's expert will administer only psychological tests that are appropriate to the purpose of the examination.

3.    The fourth and fifth requests for relief are granted.

4.    The IME shall take place on February 21 and 22 at the offices of plaintiff's counsel.

SO ORDERED.

Dated:    February 16, 2023

_____
Lewis A. Kaplan
United States District Judge