# Chad Seigel

| | |
|---|---|
| **From:** | Chad Seigel |
| **Sent:** | Monday, February 20, 2023 4:47 PM |
| **To:** | Matthew Craig; Roberta Kaplan; Joshua Matz; Shawn G. Crowley |
| **Cc:** | Joe Tacopina; Matthew DeOreo; 'Alina Habba, Esq.'; 'Michael Madaio'; 'Peter Swift'; 'Peter Gabra' |
| **Subject:** | RE: Carroll II - Expert Discovery |

Counsel,

Your response evinces your intention to take advantage of a situation that was plainly unforeseeable to us. Indeed, you write that you "are surprised by Defendant's eleventh-hour request for more time: the concerns behind your experts' 'updated' thinking over the weekend should have been raised in our extensive correspondence between each other and with the Court last week, if not earlier." How could that have occurred when we did not know about his "updated" thinking until **last night**?

Additionally, you tout the fact that Dr. Lamoureux cited concerns about being able to proceed with the IME "ethically." What you ignore, however, is the reason for that determination, namely that he does not "believe it would be ethically permissible for [them] to proceed with the evaluation as limited by the current court order." In other words, as set forth in his letter, Dr. Lamoureux expressed to us for the first time **yesterday** his belief that it would be unethical for him to perform the IME confined to a single day, Tuesday. As a reminder, had you agreed to produce plaintiff by Zoom for the IME today as we requested, it would have enabled Dr. Lamoureux to complete the examination by tomorrow.

Further, while it should be clear, the additional 2 weeks sought is to afford us the opportunity to find a replacement to conduct the IME and prepare a report, in light of this unexpected occurrence. While we would of course prefer additional time, we proposed a 2-week extension, so as to leave ample time for deposition testimony and any *in limine* motion. And that is because we are not seeking to delay the trial.

Despite the foregoing, you have made your position clear and leave us with no alternative but to seek redress from the Court.

Regards,

Chad



**From:** Matthew Craig [mailto:mcraig@kaplanhecker.com]
**Sent:** Monday, February 20, 2023 4:02 PM
**To:** Chad Seigel <cseigel@tacopinalaw.com>; Roberta Kaplan <rkaplan@kaplanhecker.com>; Joshua Matz <jmatz@kaplanhecker.com>; Shawn G. Crowley <scrowley@kaplanhecker.com>
**Cc:** Joe Tacopina <jtacopina@tacopinalaw.com>; Matthew DeOreo <mdeoreo@tacopinalaw.com>; 'Alina Habba, Esq.' <ahabba@habbalaw.com>; 'Michael Madaio' <mmadaio@habbalaw.com>; 'Peter Swift' <pswift@habbalaw.com>; 'Peter Gabra' <pgabra@habbalaw.com>
**Subject:** RE: Carroll II - Expert Discovery

Counsel:

We cannot consent to your request for a two-week extension to complete your expert report. Nor do we understand the reason your experts have decided to withdraw given your prior representations to us and to the Court, or how two additional weeks would remedy the concerns your experts purport to raise in their letter.

Defendant has had ample time to secure the services of an expert to conduct the IME and prepare a report in this action. You already requested a six-week adjournment of all deadlines after your original expert, Dr. Nace, apparently said he would have to withdraw. You then assured the Court that Dr. Nace could serve as your expert, and could complete his work by February 28. The Court granted you a four-week extension of the original rebuttal report deadline and an eight-day adjournment of trial. You then pivoted again and retained two experts in place of Dr. Nace. Although the parties of course had their disputes relating to the examination that those experts proposed, the Court has resolved those disputes and provided you largely what you asked for. Specifically, the examination is scheduled to begin only one day later than the originally proposed start date, the total time designated for the examination is exactly what you requested from the beginning, and the Court did not rule out any of the standardized tests that your experts had identified for potential use.

We are surprised by Defendant's eleventh-hour request for more time: the concerns behind your experts' "updated" thinking over the weekend should have been raised in our extensive correspondence between each other and with the Court last week, if not earlier. And we are even more surprised by the seeming substance of those concerns: the examination that you had proposed—and that we had opposed—turns out to be one that your experts now believe cannot be conducted "ethically."

Your client has had notice of our intention to retain a psychological expert since August of last year. While we have and are willing to make accommodations that don't interfere with the trial date or our ability to prepare for trial, it seems to us that the continued challenges with experts may be due to Defendant's own lack of diligence in not retaining a rebuttal expert until sometime after the December 22, 2022 court conference.

And yet we (and the Court) have already accommodated your inability to find an expert who is willing and able to prepare a rebuttal report and testify in this case. The suggestion that doing so once again could be achieved without any other adjustment to the governing schedule would be true only if the burden of the adjournment fell entirely on Plaintiff. The current schedule sets multiple deadlines concerning your expert in addition to the deadline for the rebuttal report. Any additional time given for your expert to complete their report would necessarily eat into Plaintiff's time to depose your expert and prepare any related motion in limine.

That said, we are willing to agree to an adjournment of the rebuttal report deadline until Friday, March 3, and can make Plaintiff available for an examination with any newly retained expert late this week or early next week. We ask that you provide us the necessary information about your new expert's methods, including any standardized testing, sufficiently in advance. We further ask that you include this email as an attachment to whatever extension request you might file with the Court that makes reference to Plaintiff's position.

Based on your email and your expert's statement that they cannot ethically proceed with the examination tomorrow, we will instruct Plaintiff to cancel her arrangements to travel into New York City. If that is mistaken in any way, please advise us immediately.

Regards,
Matt

**Matthew Craig | Kaplan Hecker & Fink LLP**
Counsel
350 Fifth Avenue | 63rd Floor
New York, New York 10118
(W) 929.294.2542 | (M) 646.719.7443
mcraig@kaplanhecker.com

---

**From:** Chad Seigel <cseigel@tacopinalaw.com>
**Sent:** Monday, February 20, 2023 1:24 PM
**To:** Matthew Craig <mcraig@kaplanhecker.com>; Roberta Kaplan <rkaplan@kaplanhecker.com>; Joshua Matz <jmatz@kaplanhecker.com>; Shawn G. Crowley <scrowley@kaplanhecker.com>
**Cc:** Joe Tacopina <jtacopina@tacopinalaw.com>; Matthew DeOreo <mdeoreo@tacopinalaw.com>; 'Alina Habba, Esq.' <ahabba@habbalaw.com>; 'Michael Madaio' <mmadaio@habbalaw.com>; 'Peter Swift' <pswift@habbalaw.com>; 'Peter Gabra' <pgabra@habbalaw.com>
**Subject:** Carroll II - Expert Discovery

> This email was sent from outside the Firm.

Counsel,

We write to request a two-week adjournment of the deadline for completion of expert discovery concerning Plaintiff's alleged emotional injuries. The Court's granting of this request would not require the adjournment of any additional deadlines, including the date of trial.

The reason for the adjournment is that our retained expert, Dr. Ian Lamoureux, sent us a letter at 10:16 pm last night stating that he can no longer serve as our testifying expert because of the Court ordered deadlines. A copy of the letter, which is attached to this email, states:

> Following Friday evening's email, Dr. Lamoureux continued to analyze the requested evaluation, and as part of these efforts had the opportunity to speak with Dr. Hayes about how we could proceed with the evaluation on Tuesday in a way that would still yield meaningful information to help render factually valid, honest, ethical opinions. After substantial discussion, it was determined that it would not be feasible.

Psychometric testing requires a solid clinical interview to be valid, and the allotted time on Tuesday (February 21, 2023) would be insufficient to accomplish this.

The critical issue before us is that, following extensive research and discussion during this holiday weekend, we have further updated and developed our understanding of the situation. We do not now believe that it would be ethically permissible for us to proceed with the evaluation as limited by the current court order. Though Dr. Lamoureux initially thought that it could be permissible to perform the evaluation on Tuesday and then rely upon record review to inform the remainder of his opinions, further analysis and discussion with senior colleagues has caused him to revise his initial belief, confirming instead that this is not possible. Simply put, we cannot ethically proceed with the evaluation as ordered by the Court.

Dr. Lamoureux's letter was an utter shock to us because he had assured us numerous times that he could complete the IME and expert report under the current deadline. In fact, as late as Saturday afternoon, he confirmed he could complete these tasks without delay.  Notably, we sought such confirmation after you expressed that you would not produce plaintiff for an IME by Zoom on Monday.

Based on the foregoing, the IME of your client cannot move forward tomorrow.

Please let us know if you consent to the adjournment at your earliest convenience.

Given the time sensitivity, we will be submitting a letter request to the Court later today.

Thank you,

Chad



*This email and its attachments may contain information that is confidential and/or protected from disclosure by the attorney-client, work product or other applicable legal privilege. If you are not the intended recipient of the email, please be aware that any unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please notify the sender immediately and destroy all copies of the message from your computer system. Thank you.*