UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

E. JEAN CARROLL,                                    Civil Action No.:
                                                    22-cv-10016

                    *Plaintiff*,

   – against –

DONALD J. TRUMP,

                    *Defendant*.

--------------------------------------------------------------------X

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION
FOR PARTIAL SUMMARY JUDGMENT**

---

TACOPINA, SEIGEL & DeOREO      HABBA MADAIO & ASSOCIATES
Joseph Tacopina, Esq.              Alina Habba, Esq.
Chad Seigel, Esq.            1430 US Highway 206, Suite 240
Matthew G. DeOreo, Esq.       Bedminster, New Jersey 07921
275 Madison Ave., Fl. 35         -and-
New York, New York 10016    112 West 34th Street, 17th & 18th Floors
Tel: (212) 227-8877          New York, New York 10120
Fax: (212) 619-1028          Telephone: (908) 869-1188
jtacopina@tacopinalaw.com    Facsimile: (908) 450-1881
cseigel@tacopinalaw.com      E-mail: ahabba@habbalaw.com
mdeoreo@tacopinalaw.com

Counsel for Defendant Donald J. Trump

## <u>TABLE OF CONTENTS</u>

INTRODUCTION........................................................................................................................ 1

PRELIMINARY STATEMENT AND BRIEF
STATEMENT OF THE FACTS ................................................................................................1

October 12, 2022 Statement......................................................................................................2

The October 12, 2022 Statement Was Clearly About *Carroll I* ............................................3

Plaintiff's *Carroll II* Complaint Concedes That Trump Was
Merely Restating His Position in *Carroll I* and Summarizing
his Allegations in his *Carroll I* Answer When He Wrote the
October 12, 2022 Statement.......................................................................................................4

The Anderson Cooper Interview Reference in the October 12, 2022
Statement Does Not Alter This Analysis..................................................................................8

ARGUMENT.............................................................................................................................11

POINT I
STANDARDS FOR THIS MOTION.......................................................................................11

POINT II
PLAINTIFF'S DEFAMATION CLAIM IS BARRED BY
THE ABSOLUTE LITIGATION PRIVILEGE.......................................................................12

CONCLUSION.........................................................................................................................18

## <u>TABLE OF AUTHORITIES</u>

### <u>Case Law</u>

*Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427
(E.D.N.Y. 2013) .................................................................................................. 4,13-14

*Baiul v. NBCUniversal Media, LLC*, No. 13 CIV. 2205
KBF, 2014 WL 1651943  (S.D.N.Y. Apr. 24, 2014), aff'd,
607 F. App'x 18 (2d Cir. 2015) ................................................................... 13,15

*Burke v. Newburgh Enlarged City Sch. Dist.*, 195 A.D.3d
674 (2d Dep't 2021) ........................................................................................14-15,17

*Doe v. Baram*, No. 20 CIV. 9522 (ER), 2021 WL 4847076
(S.D.N.Y. Oct. 15, 2021)................................................................................14,15

*Easton v. Pub. Citizens, Inc.*, No. 91 CIV. 1639 (JSM), 1991
WL 280688 (S.D.N.Y. Dec. 26, 1991), aff'd, 969 F.2d 1043
(2d Cir. 1992) ...................................................................................................13

*Fishof v. Abady*, 280 A.D.2d 417 (1st Dep't 2001)................................................12,14-15

*Ford v. Levinson*, 90 A.D.2d 464 (1st Dep't 1982)........................................14-15

*Glantz v. Cook United, Inc.*, 499 F. Supp. 710 (E.D.N.Y. 1979)........................................17

*Grayson v. Ressler & Ressler*, No. 15 CIV. 8740 (ER), 2018 WL
3611951 (S.D.N.Y. July 27, 2018)........................................................................12

*Haynes v. Bonner*, 69 Misc. 3d 1201(A) (Sup. Ct. NY Co. 2020).................................13-15

*Holy Spirit Ass'n for Unification of World Christianity v. New
York Times Co.*, 49 N.Y.2d 63 (1979)........................................................................4, 13

*Hudson v. Goldman Sachs & Co*, No. 600502/00, 2000 WL
35928688 (Sup. Ct. N.Y. Co. Dec. 18, 2000)........................................................14

*Jeanty v. Cerminaro*, No. 21-1974-CV, 2023 WL 325012
(2d Cir. Jan. 20, 2023)........................................................................................13

*Kinsey v. New York Times Co.*, 991 F.3d 171 (2d Cir. 2021)........................................12

*Marom v. Town of Greenburgh*, No. 18 CIV. 7637 (JCM), 2020
WL 978514, at *6 (S.D.N.Y. Feb. 28, 2020)........................................................13

*McNally v. Yarnall*, 764 F. Supp. 853 (S.D.N.Y. 1991)................................................................14-15

*Mulder v. Donaldson, Lufkin & Jenrette*, 208 A.D.2d 301
(1st Dep't 1995).......................................................................................................................13, 17

*Riel v. Morgan Stanley*, No. 06 CV 524 (TPG), 2007 WL
541955 (S.D.N.Y. Feb. 16, 2007), aff'd, 299 F. App'x 91
(2d Cir. 2008)......................................................................................................................14-15, 17

*Silver v. Kuehbeck*, No. 05 CIV. 35 (RPP), 2005 WL 2990642
(S.D.N.Y. Nov. 7, 2005), aff'd, 217 F. App'x 18 (2d Cir. 2007)....................................13, 15

*Southridge Cap. Mgmt., LLC. v. Lowry*, No. 01 CIV.4880 RO,
2003 WL 68041 (S.D.N.Y. Jan. 7, 2003)........................................................................12-13, 15

*Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302 (S.D.N.Y. 2019)..........................................14-15

## <u>Statutes</u>

N.Y. Civ. Rights Law § 74 ...................................................................1-2, 4,8,10,12-15,17

**INTRODUCTION**

Defendant Donald J. Trump ("Trump" or "Defendant"), by and through his undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion for Partial Summary Judgment, seeking the dismissal of Plaintiff's defamation claim (Count II of the Complaint filed in this action [*Carroll II*]) in its entirety with prejudice, with such other and further relief as the Court deems just and proper.

**PRELIMINARY STATEMENT AND BRIEF STATEMENT OF THE FACTS**

Count II of the *Carroll II* Complaint of Plaintiff, E. Jean Carroll ("Carroll" or "Plaintiff")(Ex. C[1]), arises from alleged defamatory statements that Trump made on October 12, 2022 (the "October 12, 2022 Statement") that summarized his pleading in *Carroll I*[2], described the positions he took in *Carroll I*, and provided background information concerning such pleading and positions taken. (T.56.1[3] ¶1). Furthermore, the alleged defamatory statements clearly reference the pending litigation (*Carroll I*) and even referenced this Court in *Carroll I* being reversed by the Second Circuit. (T.56.1 ¶2).

Therefore, it is obvious that Trump, in the October 12, 2022 Statement, was merely writing about Plaintiff's pending lawsuit against him (*Carroll I*), while referencing Carroll's claims in *Carroll I*, his positions taken in *Carroll I*, and background information concerning *Carroll I*. (T.56.1 ¶¶1-3). Consequently, the alleged defamatory statements in the October 12, 2022 Statement, as a matter of law, are protected by the absolute litigation privilege under N.Y. Civ. Rights Law § 74, and Count II of the *Carroll II* Complaint (Ex. A), which wholly arise from such statements, should be summarily dismissed with prejudice.

---

[1] All exhibit references herein refer to those attached to the accompanying Declaration of Matthew G. DeOreo.

[2] *Carroll v. Trump*, 1:20-cv-7311-LAK-JKLC.

[3] "T.56.1" refers to Trump's accompanying Local Civil Rule 56.1 Statements of Material Facts.

**October 12, 2022 Statement**

Plaintiff's Complaint in *Carroll II* alleges that Trump made the October 12, 2022 Statement, and that some statements therein were untrue because Trump states (allegedly falsely) that: (a) Trump did not rape Plaintiff; (b) Trump did not know Carroll and never met her before; and (c) Plaintiff made up the false accusation (or hoax, scam or ploy) of rape to increase sales for her new book. (T.56.1 ¶4). This is critically important because, as demonstrated below, these alleged three categories of purportedly false Trump statements arise from **the exact same** alleged issues that were being litigated in *Carroll I*.

Consequently, the October 12, 2022 Statement was merely a repetition and summary of what Trump had alleged in his Answer filed in *Carroll I*, which in turn, unequivocally establishes that the alleged defamatory statements alleged in *Carroll II* are covered by the absolute litigation privilege. In other words, since Trump's October 12, 2022 Statement merely stated the exact position that Trump took in *Carroll I*, such alleged defamatory statements cannot, as a matter of law, serve as a basis for a defamation claim. As demonstrated below, the alleged defamatory portions of the October 12, 2022 Statement are absolutely privileged under the litigation privilege pursuant to Civil Rights Law §74.

Specifically, the Complaint alleges as follows:

[O]n October 12, 2022, Trump posted the following:

> "This '**Ms. Bergdorf Goodman case**' is a complete con job, and our legal system in this Country, but especially in New York State (just look at Peekaboo James), is a broken disgrace. You have to fight for years, and spend a fortune, in order to get your reputation back from liars, cheaters, and hacks. **This decision is from the Judge who was just overturned on my same case**. I don't know this woman, have no idea who she is, other than it seems she got a picture of me many years ago, with her husband, shaking my hand on a reception line at a celebrity charity event. She completely made up a story that I met her at the doors of this crowded New York City Department Store and, within minutes, 'swooned' her. It is a Hoax and a lie, just like all the other Hoaxes that have been played on me for the past seven years. And, while I am not

2

> supposed to say it, I will. This woman is not my type! She has no idea what day, what week, what month, what year, or what decade this so-called 'event' supposedly took place. The reason she doesn't know is because it never happened, and she doesn't want to get caught up with details or facts that can be proven wrong. If you watch Anderson Cooper's interview with her, where she was promoting a really crummy book, you will see that it is a complete Scam. She changed her story from beginning to end, after the commercial break, to suit the purposes of CNN and Andy Cooper. Our Justice System is broken along with almost everything else in our Country."

He then continued:

> "In the meantime, and for the record, E. Jean Carroll is not telling the truth, is a woman who I had nothing to do with, didn't know, and would have no interest in knowing her if I ever had the chance. Now all I have to do is go through years more of legal nonsense in order to clear my name of her and her lawyer's phony attacks on me. This can only happen to 'Trump'!"

(*Carroll II* Complaint ¶ 92)(Ex. C)(emphasis added)(T.56.1 ¶5).

## The October 12, 2022 Statement Was Clearly About *Carroll I*

It cannot be credibly disputed that the October 12, 2022 Statement was about the "case" (*i.e.* lawsuit) that Plaintiff brought against Trump.  One need not even go past the first sentence of such statement to comprehend that indisputable fact, which reads: "This 'Ms. Bergdorf Goodman **case**' is a complete con job ...." (*Carroll II* Complaint ¶ 92)(Ex. C)(emphasis added)(T.56.1 ¶¶6-7).  Clearly, prior to the filing of *Carroll II*, there was no other "Bergdorf Goodman case" concerning Plaintiff and Trump other than *Carroll I*.

Additionally, Trump, in the October 12, 2022 Statement, made another unmistakable reference to *Carroll I,* when he cited to this Court being reversed by the Second Circuit in *Carroll I*: "This decision is from the Judge who was just *overturned* on *my same case*." (*Carroll II* Complaint ¶ 92)(Ex. C)(emphasis added)(T.56.1 ¶8). *See also Carroll v. Trump*, 49 F.4th 759, 761 (2d Cir. 2022)("We reverse the District Court's holding that the President of the United States is not an employee of the

government under the Westfall Act.").

While we expect Plaintiff, in her opposition papers to this Motion, to quibble with the exactness of the connection and nexus between the October 12, 2022 Statement and *Carroll I*, as shown below in the Argument section, the absolute privilege afforded by Section 74 is liberally construed and does not require such exactness.[4]

**Plaintiff's *Carroll II* Complaint Concedes That Trump Was Merely Restating His Position in *Carroll I* and Summarizing his Allegations in his *Carroll I* Answer When He Wrote the October 12, 2022 Statement**

The *Carroll II* Complaint alleges with precision what Plaintiff claims is false with regard to October 12, 2022 Statement.  The Complaint in *Carroll II* alleges:

In the October 12 statement, Trump falsely stated that he did not rape Carroll.

In the October 12 statement, Trump falsely stated that he had no idea who Carroll was.

In the October 12 statement, Trump falsely implied and affirmatively intended to imply that Carroll had invented the rape accusation as a "hoax," "scam," or ploy to increase her book sales.

(*Carroll II* Complaint ¶¶ 96-98)(Ex. C)(T.56.1 ¶9).

Hence, Plaintiff specifically alleges **three categories of purported falsity**, namely Trump's statements (allegedly false) that: (a) Trump did not rape Plaintiff; (b) Trump did not know Carroll and never met her before; and (c) Plaintiff made up the false accusation (or hoax, scam or ploy) of rape to increase sales for her new book ("Three Categories of Alleged Falsity").

However, the Three Categories of Alleged Falsity pertain to the same exact issues that were being litigated in *Carroll I*.  Accordingly, when Trump made the October 12, 2022 Statement concerning the Three Categories of Alleged Falsity, all that he was doing was summarizing and/or

---

[4]  "A fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated." *Holy Spirit Ass'n for Unification of World Christianity v. New York Times Co.*, 49 N.Y.2d 63, 67 (1979)(quotations and brackets omitted); *Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 456 (E.D.N.Y. 2013)(holding same).

restating his allegations (*i.e.* his denials and affirmative defenses) and/or positions asserted in his Answer filed in *Carroll I*.  This is so for three reasons.

**First**, Plaintiff alleges in her *Carroll I* Complaint that Trump made false statements when he declared that he did not rape Plaintiff. (T.56.1 ¶13). While she alleges that with consistency in her *Carroll I* Complaint, below are some examples:

> He certainly knew that she was telling the truth. After he lied about attacking her, he surrounded that central lie with a swarm of related lies in an effort to explain why she would invent an accusation of rape. [¶ 13]
>
> ***
>
> Trump falsely stated that he did not rape Carroll.  [¶ 85, *see also* ¶¶ 93 and 100]
>
> ***
>
> Trump falsely implied and affirmatively intended to imply that Carroll invented the rape accusation .... [¶ 90]
>
> ***
>
> Trump knew it was false to state that he had never raped Carroll.  [¶ 115]
>
> Trump knew that the accusation was true .... [¶ 116]
>
> [Trump] knew that Carroll had spoken the truth .... [¶ 117]
>
> [H]e knew that her accusation against him was truthful .... [¶ 118]

(*Carroll I* Complaint at ¶¶ 13, 85, 90, 93, 100, 115-118)(Ex. A)(T.56.1 ¶13).

In response, Trump denied all of the above-quoted and cited paragraphs of the *Carroll I* Complaint in his *Carroll I* Answer. (*Carroll I* Answer at ¶¶ 13, 85, 90, 93, 100, 115-118)(Ex. B)(T.56.1 ¶14).  Trump also alleged the Affirmative Defense in his *Carroll I* Answer that his alleged defamatory statements (alleged in the *Carroll I* Complaint) "are true." (*Carroll I* Answer at ¶150)(Ex. B)(T.56.1 ¶15).

Therefore, when Trump stated that he did not rape Plaintiff in the October 12, 2022 Statement,

he was only repeating and summarizing his allegations and positions taken in his *Carroll I* Answer, and they are all absolutely privileged. (T.56.1 ¶16).

**Second**, Plaintiff alleges in her *Carroll I* Complaint that Trump made false statements when he declared that he did not know Plaintiff at the time of the October 12, 2022 Statement,  nor in the 1990s. (T.56.1 ¶17).  While Plaintiff alleges that throughout her *Carroll I* Complaint, here are some examples:

> Trump had recognized Carroll on sight at Bergdorf Goodman. He knew who she was when he raped her, and he knew who she was in 2019. [¶13]
>
> ***
>
> Trump instantly recognized Carroll on sight. They had met at least once before and had long traveled in the same New York City media circles. In this period, Carroll was doing the daily Ask E. Jean TV show, a small hit on the "America's Talking" network started by Roger Ailes. She was also ... a frequent guest and commentator on the widely watched Today show. [¶24]
>
> Trump put up his hand to stop her from exiting and said, "Hey, you're that advice lady!" Carroll, struck by his boyish good looks, responded by saying, "Hey, you're that real estate tycoon!" [¶25]
>
> ***
>
> Trump falsely stated that he had never met Carroll. [¶86]
>
> Trump falsely implied and affirmatively intended to imply that he had no idea who Carroll was. [¶87]
>
> ***
>
> Trump falsely stated that he had no idea who Carroll was. [¶94]
>
> ***
>
> In June 2019, Trump knew it was false to state that he had never met Carroll. [¶113]
>
> In June 2019, Trump knew it was false to state that he had no idea who Carroll was. [¶114]

(*Carroll I* Complaint at ¶¶ 13, 24, 25, 86, 87, 94, 113 and 114)(Ex. A)(T.56.1 ¶17).

6

In response, Trump denied all of the above-quoted and cited paragraphs of the *Carroll I* Complaint in his *Carroll I* Answer. (*Carroll I* Answer at ¶¶ 13, 24, 25, 86, 87, 94, 113 and 114)(Ex. B)(T.56.1 ¶18).  Trump also alleged the Affirmative Defense in his *Carroll I* Answer that his alleged defamatory statements (alleged in the *Carroll I* Complaint) "are true." (*Carroll I* Answer at ¶150)(Ex. B)(T.56.1 ¶19).

Therefore, when Trump stated, in the October 12, 2022 Statement, that he did not know Plaintiff in the 1990s nor when he made the October 12, 2022 Statement, he was only repeating and summarizing his allegations and positions taken in his *Carroll I* Answer, and they are all absolutely privileged. (T.56.1 ¶20).

**Third**, Plaintiff alleges in her *Carroll I* Complaint that Trump made false statements when he declared that Plaintiff made the false rape allegation against him in order to enhance the sales of her book. (T.56.1 ¶21).  Below are some examples:

> Through express statements and deliberate implications, he accused Carroll of lying about the rape in order to increase book sales ... and make money. [¶11]
>
> ***
>
> Trump falsely implied and affirmatively intended to imply that Carroll had invented the rape accusation as a ploy for increased book sales. [¶88]
>
> ***
>
> Trump's other defamatory statements about Carroll in June 2019 [included] that she had fabricated the rape accusation to increase her book sales .... [¶116]

(*Carroll I* Complaint at ¶¶ 11, 88 and 116)(Ex. A)(T.56.1 ¶21).

In response, Trump denied all of the above-quoted and cited paragraphs of the *Carroll I* Complaint in his *Carroll I* Answer. (*Carroll I* Answer at ¶¶ 11, 88 and 116)(Ex. B)(T.56.1 ¶22).  Trump also alleged the Affirmative Defense in his *Carroll I* Answer that his alleged defamatory statements (alleged in the *Carroll I* Complaint) "are true." (*Carroll I* Answer at ¶150)(Ex. B)(T.56.1 ¶23).

Therefore, when Trump stated, in the October 12, 2022 Statement, that Plaintiff made the false rape allegation against him in order to enhance the sales of her book, he was only repeating and summarizing his allegations and positions taken in his *Carroll I* Answer, and they are all absolutely privileged. (T.56.1 ¶24).

* * *

Consequently, Plaintiff's Three Categories of Alleged Falsity attributed to the October 12, 2022 Statement clearly concern Trump's mere summary of his allegations and positions taken in his *Carroll I* Answer, and the absolute litigation privilege of Section 74 applies, and Count II should be dismissed.

**The Anderson Cooper Interview Reference in the October 12, 2022 Statement Does Not Alter This Analysis**

When faced with the wholly determinative fact that the October 12, 2022 Statement only summarized Trump's allegations and positions taken in his *Carroll I* Answer, we expect Plaintiff may attempt to side-step that fact by arguing that the October 12, 2022 Statement mentioned the Anderson Cooper interview, but such interview was not dealt with in Trump's *Carroll I* Answer. For two simple reasons, the reference to the Anderson Cooper interview does not prohibit the application of the absolute litigation privilege to the October 12, 2022 Statement.

**First**, as noted above, the *Carroll II* Complaint alleges only Three Categories of Alleged Falsity attributed to the October 12, 2022 Statement, which concern the alleged false statements that (a) Trump did not rape Plaintiff, (b) Trump did not know her (in the 1990s or later) and (3) Plaintiff is lying to increase sales of her book. Thus, the reference to the Anderson Cooper interview has zero significance – it does not change the entire essence of the Three Categories of Alleged Falsity. In other words, Plaintiff does not attribute any falsity to Trump's reference to this interview; it just happened to be mentioned in the October 12, 2022 Statement. (T.56.1 ¶¶25-26).

8

**Second**, the Anderson Cooper interview was inextricably intertwined with the *Carroll I* Complaint, and thus, Trump's reference to such interview in the October 12, 2022 Statement is inextricably intertwined with his allegations and positions taken in *Carroll I*.  This is so because:

(a)   One of Trump's alleged defamatory statements alleged in the *Carroll I* Complaint – the June 24, 2019 statement ("I'll say it with great respect: Number one, she's not my type. Number two, it never happened. It never happened, OK?") was published in the very article cited in the *Carroll I* Complaint that also referenced the Anderson Cooper interview, namely Jordan Fabian & Saagar Enjeti, *EXCLUSIVE: Trump Vehemently Denies E. Jean Carroll Allegation, Says "She's Not My Type"*, <u>Hill</u> (June 24, 2019)(Ex. F)(*Carroll I* Complaint at ¶¶ 97-100, and footnote 13)(Ex. A)(T.56.1 ¶27); and

(b)   Plaintiff herself clearly speaks about one of the Trump statements quoted in the *Carroll I* Complaint ("she's not my type") during Anderson Cooper interview. (T.56.1 ¶28)(Ex. E).

Specifically, as to "(a)" above, the June 24, 2019 <u>Hill</u> article (which is cited in the *Carroll I* Complaint) actually quotes the Anderson Cooper interview: "'I love that I'm not his type,' Carroll said in an interview on CNN, responding to Trump's comments shortly after they were published." (June 24, 2019 <u>Hill</u> Article at p. 2)(Ex. F)(T.56.1 ¶¶27-28).  *See also* the Transcript of the Anderson Cooper interview at pp. 14-15: "COOPER: I'm wondering, the statement that he said which he's just made which is she's not my type, that was the number one thing – | CARROLL: I love that I'm not his type. Don't you love that you're not his type?" (T.56.1 ¶29)(Ex. E).

As to "(b)" above, the *Carroll I* Complaint has multiple references to the "she's not my type" statement. (*Carroll I* Complaint at ¶ 97 and footnotes 13 and 14)(Ex. A)(T.56.1 ¶30).

Accordingly, the October 12, 2022 Statement concerning the Anderson Cooper interview (which Plaintiff has not even alleged to be defamatory) clearly related to the underlying facts of *Carroll I,* and when Trump spoke about that interview in the October 12, 2022 Statement, all he was doing was referring to the same subject matter as alleged in the *Carroll I* Complaint, and his reference to this interview does not prevent the October 12, 2022 Statement from being absolutely privileged under Civil Rights Law § 74.

\* \* \*

Based upon the forgoing, and for the reasons set forth below, Plaintiff's defamation claim (Count II of the *Carroll II* Complaint) lacks merit and should be dismissed with prejudice.

10

## ARGUMENT

## POINT I

## STANDARDS FOR THIS MOTION

The standards for summary judgment motions in Federal Court are well-known to the Court, and thus need not be extensively briefed.  That being said, such standards are succinctly set forth below:

Summary judgment is only appropriate where the "materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, [and] other materials" show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a)–(c). "An issue of fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Senno v. Elmsford Union Free Sch. Dist.*, 812 F.Supp.2d 454, 467 (S.D.N.Y. 2011) (citing *SCR Joint Venture L.P. v. Warshawsky*, 559 F.3d 133, 137 (2d Cir. 2009) ). A fact is "material" if it might affect the outcome of the litigation under the governing law. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

The party moving for summary judgment is first responsible for demonstrating the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see also Atl. Mut. Ins. Co. v. CSX Lines, L.L.C.*, 432 F.3d 428, 433 (2d Cir. 2005). If the moving party meets its burden, "the nonmoving party must come forward with admissible evidence sufficient to raise a genuine issue of fact for trial in order to avoid summary judgment." *Saenger v. Montefiore Medical Center*, 706 F.Supp.2d 494, 504 (S.D.N.Y. 2010) (quoting *Jaramillo v. Weyerhaeuser Co.*, 536 F.3d 140, 145 (2d Cir. 2008) ).

In deciding a motion for summary judgment, the Court must "'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant.'" *Brod v. Omya, Inc.*, 653 F.3d 156, 164 (2d Cir. 2011) (quoting *Williams v. R.H. Donnelley, Corp.*, 368 F.3d 123, 126 (2d Cir. 2004)). However, a motion for summary judgment cannot be defeated on the basis of conclusory assertions, speculation, or unsupported alternative explanations of facts. *Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008); *see also Senno*, 812 F.Supp.2d at 467 (citing *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998) ). The non-moving party must do more than show that there is "some metaphysical doubt as to the material facts." *McClellan v. Smith*, 439 F.3d 137, 144 (2d Cir. 2006) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986)). To defeat a motion for summary judgment, "the non-moving party must set forth significant, probative evidence on which a reasonable fact-finder could decide in its favor." *Senno*, 812 F.Supp.2d at 467–68 (citing *Anderson*, 477 U.S. at 256–57, 106 S.Ct. 2505).

11

*Grayson v. Ressler & Ressler*, No. 15 CIV. 8740 (ER), 2018 WL 3611951, at *4–5 (S.D.N.Y. July 27, 2018)(granting summary judgment and dismissing plaintiff's defamation claim based upon New York's absolute litigation privilege).

As demonstrated below, Trump meets these above-cited summary judgment standards with regard to his instant motion. Consequently, the Court should grant this motion and dismiss Count II in its entirety with prejudice.

## POINT II

### PLAINTIFF'S DEFAMATION CLAIM IS BARRED BY THE ABSOLUTE LITIGATION PRIVILEGE

Section 74 of the New York Civil Rights Law[5] provides in relevant part:

> A civil action cannot be maintained against any person, firm or corporation, for the publication of a fair and true report of any judicial proceeding, legislative proceeding or other official proceeding, or for any heading of the report which is a fair and true headnote of the statement published.

N.Y. Civ. Rights Law § 74. This law "prohibits a civil action that alleges injury from the publication of a fair and true report of any judicial proceeding" and grants an "absolute privilege." *Fishof v. Abady*, 280 A.D.2d 417, 417 (1st Dep't 2001) (internal citations and quotations omitted).

Therefore, if Section 74 applies to an alleged defamatory statement, such a statement cannot serve as the basis for a defamation claim, regardless of malice or bad faith. *See Kinsey v. New York Times Co.*, 991 F.3d 171, 176 (2d Cir. 2021)("This 'privilege is absolute and is not defeated by allegations of malice or bad faith.'"); *Southridge Cap. Mgmt., LLC. v. Lowry*, No. 01 CIV.4880 RO, 2003 WL 68041, at *2 (S.D.N.Y. Jan. 7, 2003)("This protection exists whether or not the person reporting acts with malice.").

---

[5] This Court has already held that New York law applies to this claim. *See Carroll v. Trump*, No. 22-CV-10016 (LAK), 2023 WL 185507, at *10 (S.D.N.Y. Jan. 13, 2023).

Importantly, "New York courts liberally interpret Section 74's 'fair and true report standard ....'" *Jeanty v. Cerminaro*, No. 21-1974-CV, 2023 WL 325012, at *2 (2d Cir. Jan. 20, 2023); *see also Marom v. Town of Greenburgh*, No. 18 CIV. 7637 (JCM), 2020 WL 978514, at *6 (S.D.N.Y. Feb. 28, 2020)("New York courts have broadly construed [Section 74] ...."); *Easton v. Pub. Citizens, Inc.*, No. 91 CIV. 1639 (JSM), 1991 WL 280688, at *3 (S.D.N.Y. Dec. 26, 1991)("The New York courts and federal courts employing New York law have liberally interpreted the meaning of fair and true."), aff'd, 969 F.2d 1043 (2d Cir. 1992); *Haynes v. Bonner*, 69 Misc. 3d 1201(A), *4 (Sup. Ct. NY Co. 2020)("Substantially accurate [standard] is interpreted liberally ....")(quotations omitted).

"A fair and true report admits of some liberality; the exact words of every proceeding need not be given if the substance be substantially stated." *Holy Spirit Ass'n for Unification of World Christianity v. New York Times Co.*, 49 N.Y.2d 63, 67 (1979)(quotations and brackets omitted); *Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 456 (E.D.N.Y. 2013)(holding same).

In that regard, if the statement is "a substantially accurate **description of [a party's] position** in ... [a] proceeding [it is] privileged under New York Civil Rights Law § 74." *Mulder v. Donaldson, Lufkin & Jenrette*, 208 A.D.2d 301, 310 (1st Dep't 1995)(emphasis added); *see also Baiul v. NBCUniversal Media, LLC*, No. 13 CIV. 2205 KBF, 2014 WL 1651943, at *17 (S.D.N.Y. Apr. 24, 2014)("Disson's statements concerning the Lanham Act Action, including his description of the suit as 'just weird,' clearly fall within this privilege and may not serve as a basis for a libel action."), aff'd, 607 F. App'x 18 (2d Cir. 2015); *Silver v. Kuehbeck*, No. 05 CIV. 35 (RPP), 2005 WL 2990642, at *16 (S.D.N.Y. Nov. 7, 2005)("[T]he Court finds that Abady's statement was a substantially accurate account of his clients' position in the litigation initiated by Silver's complaint."), aff'd, 217 F. App'x 18 (2d Cir. 2007); *McNally v. Yarnall*, 764 F. Supp. 853, 856 (S.D.N.Y. 1991)("Stern in his alleged statement was merely restating his client's position in defending the action."); *Hudson v. Goldman*

*Sachs & Co*, No. 600502/00, 2000 WL 35928688 (Sup. Ct. N.Y. Co. Dec. 18, 2000) ("The statement to the New York Times was a substantially accurate description of defendant's position in the action commenced by plaintiff and thus was privileged under New York Civil Rights Law Section 74.").

A statement that merely **summarizes a party's pleadings** is equally protected. *See Burke v. Newburgh Enlarged City Sch. Dist.*, 195 A.D.3d 674, 676 (2d Dep't 2021)("Comments that essentially summarize or restate the allegations of a pleading filed in an action are the type of statements that fall within section 74's privilege.")(quotations omitted); *Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302, 311 (S.D.N.Y. 2019)(holding same); *Haynes*, 69 Misc. 3d 1201(A), * 2 (holding same); *Doe v. Baram*, No. 20 CIV. 9522 (ER), 2021 WL 4847076, at *5 (S.D.N.Y. Oct. 15, 2021)("The press release does no more than restate the allegations in the Complaint, and is a fair report of the pending judicial proceeding.")

This absolute privilege also extends to a "the release by the parties of **background material** regarding their positions in the case." *Riel v. Morgan Stanley*, No. 06 CV 524 (TPG), 2007 WL 541955, at *10 (S.D.N.Y. Feb. 16, 2007)(emphasis added), aff'd, 299 F. App'x 91 (2d Cir. 2008); *see also Aguirre*, 961 F. Supp. 2d at 457 (holding same); *Wexler*, 374 F. Supp. 3d at 311 (same); *Lacher v. Engel*, 33 A.D.3d 10, 17 (1st Dep't 2006)(same); *Fishof v. Abady*, 280 A.D.2d 417, 417–18 (1st Dep't 2001)(same); *Ford v. Levinson*, 90 A.D.2d 464, 465 (1st Dep't 1982)("Realistically considered, it constitutes background to the misconduct attributed to the Fords in the complaint rather than a separate and independently defamatory accusation, and comes within the statutory privilege afforded to a 'fair and true report' of a 'judicial proceeding.'").

Therefore, if a party makes statements about the positions he/she has in a litigation, or even background information regarding such positions, such statements are absolutely privileged.[6]  Here, that is exactly what Trump did in his October 12, 2022 Statement.

**First**, as demonstrated above, Trump's alleged defamatory statements in the October 12, 2022 Statement obviously concerned *Carroll I*.  The first sentence of such statement reads: "This 'Ms. Bergdorf Goodman **case**' is a complete con job ...." (*Carroll II* Complaint ¶ 92)(Ex. C)(emphasis added)(T.56.1 ¶7).  Clearly, prior to the filing of *Carroll II*, there was no other "Bergdorf Goodman case" concerning Plaintiff and Trump other than *Carroll I*.  Trump, in the October 12, 2022 Statement, also made another obvious reference to *Carroll I,* when he cited to this Court being reversed by the Second Circuit in *Carroll I* ("This decision is from the Judge who was just *overturned* on *my same case*." (*Carroll II* Complaint ¶ 92)(Ex. C)(emphasis added)(T.56.1 ¶8).  Thus, Trump was clearly speaking of the *Carroll I* case when he made the October 12, 2022 Statement.

**Second**, the Three Categories of Alleged Falsity of the October 12, 2022 Statement concern the same exact issues that were being litigated in *Carroll I,* namely (a) whether Trump raped Plaintiff; (b) whether Trump knew Carroll in the 1990s or subsequently when he made the October 12, 2022 Statement; and (c) whether Plaintiff made up the false accusation (or hoax, scam or ploy) of rape to increase sales for her new book.  Accordingly, when Trump made the October 12, 2022 Statement concerning the Three Categories of Alleged Falsity, all that he was doing was summarizing and/or

---

[6]  It should be noted that while there are a substantial amount of cases applying Section 74 to media defendants, this statute applies equally to non-media defendants.  *See Branca v. Mayesh*, 101 A.D.2d 872, 873 (2d Dep't 1984)("While statutory predecessors to section 74 limited the privilege to members of the media who acted without malice, the privilege now extends to 'any person', whether or not he acts with malice."), aff'd, 63 N.Y.2d 994 (1984); *see also Haynes*, 69 Misc. 3d 1201(A), *4 (privileged statement was made by a party to a proceeding); *Aguirre*, 961 F. Supp. 2d at 457 (same); *Baiul*, 2014 WL 1651943, at *17 (same); *Doe*, 2021 WL 4847076, at *5 (same); *Wexler*, 374 F. Supp. 3d at 311 (same); *Southridge Cap. Mgmt.*, 2003 WL 68041, at *2 (same); *Riel*, 2007 WL 541955, at *10 (same)*; Lacher*, 33 A.D.3d at 17 (privileged statement was made by an attorney representing a party to a proceeding); *Ford*, 90 A.D.2d at 465 (attorney representing a party ); *Silver*, 2005 WL 2990642, at *16 (attorney representing a party ); McNally, 764 F. Supp. at 856 (attorney representing a party );  *Fishof*, 280 A.D.2d at 417 (attorney representing a party ); *Burke*, 195 A.D.3d at 676 (attorney representing a party).

restating his allegations (*i.e.* his denials and affirmative defenses) asserted in his Answer filed in *Carroll I.*

**Third**, when Trump stated that he did not rape Plaintiff in the October 12, 2022 Statement, he was only repeating and summarizing his allegations and positions taken in his *Carroll I* Answer. (*Compare Carroll I* Complaint at ¶¶ 13, 85,90, 93, 100, 115-118 with *Carroll I* Answer at ¶¶ 13, 85, 90, 93, 100, 115-118, and 150)(Exs. A and B)(T.56.1 ¶16).

**Fourth**, when Trump stated, in the October 12, 2022 Statement,  that he did not know Plaintiff at the time of the October 12, 2022 Statement, nor in the 1990s, he was only repeating and summarizing his allegations and positions taken in his *Carroll I* Answer.  (*Compare Carroll I* Complaint at ¶¶ 13, 24, 25, 86, 87, 94, 113 and 114 with *Carroll I* Answer at ¶¶ 13, 24, 25, 86, 87, 94, 113-114, and 150)(Exs. A and B)(T.56.1 ¶20).

**Fifth**, when Trump stated, in the October 12, 2022 Statement, that Plaintiff made the false rape allegation against him in order to enhance the sales of her book, he was only repeating and summarizing his allegations and positions taken in his *Carroll I* Answer. (*Compare Carroll I* Complaint at ¶¶ 11, 88 and 116 with *Carroll I* Answer at ¶¶ 11, 88, 116, and 150)(Exs. A and B)(T.56.1 ¶24).

**Sixth**, the portions of October 12, 2022 Statement concerning the Anderson Cooper interview (which Plaintiff has not even alleged to be defamatory) clearly related to the underlying facts of *Carroll I,* and when Trump spoke about that interview in the October 12, 2022 Statement, all he was doing was referring to the same subject matter as alleged in the *Carroll I* Complaint. (T.56.1 ¶¶25-30).  Therefore, Trump's reference to the Anderson Cooper interview was an accurate description of his position in *Carroll I*, or at the very least, was a description of background material regarding his positions taken in *Carroll I.*

Consequently, Trump's above-referenced statements contained in the October 12, 2022 Statement (a) were "a substantially accurate description of [a party's] position in ... [a] proceeding [*i.e. Carroll I*]," *Mulder*, 208 A.D.2d at 310 (1st Dep't 1995); (b) "essentially summariz[ed] or restat[ed] the allegations of a pleading filed in an action [*i.e.* Trump's Answer filed in *Carroll I*]," *Burke*, 195 A.D.3d at 676; and (c) were a "release by [a] part[y] of background material regarding [his] positions in the case [*i.e.* the reference to the Anderson Cooper interview]," *Riel*, 2007 WL 541955, at *10.

Accordingly, Trump's above-referenced statements are protected by the absolute litigation privilege afforded by Civil Rights Law § 74, and Count II of the *Carroll II* Complaint, which wholly arises from the above-referenced statements, should be dismissed with prejudice.[7]

---

[7] It should also be noted that Plaintiff cannot escape the absolute litigation privilege by arguing that the October 12, 2022 Statement was merely a republication of the alleged defamatory statements cited in the *Carroll I* Complaint. First, Plaintiff never alleges such republication in her *Carroll II* Complaint. Second, just because an alleged defamatory statement summarizes a party's position in a pending action, and the pending action is a defamation case against such party, does not remove the later alleged defamatory statement from the absolute litigation privilege. To do so would mean that no defendant sued for defamation could be protected by such privilege when he/she explains why such defamation case lacks merit and why his/her statements that are subject to the prior lawsuit were true. That is clearly not the law. *See Glantz v. Cook United, Inc.*, 499 F. Supp. 710, 715 (E.D.N.Y. 1979)("[W]e cannot accept plaintiff's position that § 74 should not be applied to reports of libel actions. It may appear somewhat unfortunate that plaintiffs in such cases, by reason of § 3016 of the C.P.L.R., must plead the allegedly libelous statements and thus open themselves to the risk of their republication. However, libel actions, as most others, are public. As such, they may be fairly reported. *** [P]laintiff has not presented us with one compelling reason to bar application of the literal words of § 74. In the absence of such a reason we are compelled to treat defendants' 'report' of the Glantz v. Scoppetta libel action as we would treat the report of any other public judicial proceeding. Thus, if it was 'fair and true' it was privileged.").

## **CONCLUSION**

For the foregoing reasons, Defendant Trump respectfully requests that the Court grant his

Motion for Partial Summary Judgment, dismiss Plaintiff's defamation claim (Count II of the *Carroll*

*II* Complaint) with prejudice, and grant such further and other relief as the Court deems just and

equitable.

Dated: New York, New York
     February 23, 2023

TACOPINA, SEIGEL & DeOREO

By: _____
    Joseph Tacopina, Esq.
    Chad Seigel, Esq.
    Matthew G. DeOreo, Esq.
    275 Madison Ave., Fl. 35
    New York, New York 10016
    Tel: (212) 227-8877
    Fax: (212) 619-1028
    jtacopina@tacopinalaw.com
    cseigel@tacopinalaw.com
    mdeoreo@tacopinalaw.com

Counsel for Defendant, Donald J. Trump

_____
Alina Habba, Esq.
HABBA MADAIO & ASSOCIATES LLP
1430 US Highway 206, Suite 240
Bedminster, New Jersey 07921
        -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com

Counsel for Defendant, Donald J. Trump

18