# EXHIBIT C

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| E. JEAN CARROLL,<br><br>                              *Plaintiff,*<br><br>        v.<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>                              *Defendant.* | No. 20 Civ. 7311 (LAK) (JLC) |

### PLAINTIFF E. JEAN CARROLL'S SECOND
### SUPPLEMENTAL RULE 26(a)(1) DISCLOSURES

Plaintiff E. Jean Carroll, by and through her undersigned counsel, hereby supplements her initial disclosures to Defendant as required by Fed. R. Civ. P. 26(e). Nothing in these supplemental initial disclosures constitutes, or is intended to constitute, a waiver of any claim, right, or defense in this case or otherwise. Plaintiff continues to investigate matters related to the litigation, may become aware of additional information through discovery or otherwise, and also may become aware of new reasons why information presently known may be relevant to this action. Moreover, the issues raised in this matter may require analysis by retained experts. Plaintiff reserves the right to supplement, revise, and/or correct these supplemental initial disclosures. In addition, Plaintiff expressly reserves all applicable privileges, including without limitation the attorney-client privilege and the work-product doctrine, and Plaintiff makes these disclosures subject to those privileges and immunities. Plaintiff further makes these disclosures subject to any discovery confidentiality order the Court may enter in this case.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## DISCLOSURES

1. **The name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A)(i), based on her current knowledge, information, and belief and subject to further investigation, discovery, and analysis by experts, Plaintiff discloses the following individuals likely to have discoverable information that may be used to support Plaintiff's claims or defenses, other than the parties themselves. Plaintiff reserves the right to amend or supplement these disclosures, including as provided by Fed. R. Civ. P. 26(e). The following disclosures do not include persons whose testimony is likely to be used solely for impeachment, rebuttal, or expert witness testimony, who will be disclosed in accordance with the schedule set by the Court. Based on her current knowledge, information, and belief, and subject to further investigation, discovery, and analysis by experts, Plaintiff states that there are likely millions of people in the United States and across the world who witnessed Defendant's defamatory acts on June 21, 22, and 24, 2019. Plaintiff further states that the following eight individuals are likely to have discoverable information that may be used to support her claims, other than the parties themselves:

| Name | Contact Information | Subjects |
|------|---------------------|----------|
| Lisa Birnbach | c/o Andrew Celli<br>Emery Celli Brinckerhoff<br>Abady Ward & Maaxel LLP<br>600 Fifth Avenue at Rockefeller Center<br>New York, NY 10020<br>(212) 763-5000<br>acelli@ecbawm.com | Carroll's contemporaneous account of the underlying assault |

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

| Name | Contact Information | Subjects |
|---|---|---|
| Carol Martin | c/o Noam Biale<br>Sher Tremonte LLP<br>90 Broad Street<br>23rd Floor<br>New York, NY 10004<br>(212) 300-2455<br>nbiale@shertremonte.com | Carroll's contemporaneous account of the underlying assault |
| Cande Carroll | c/o Sidhardha Kamaraju<br>Pryor Cashman LLP<br>7 Times Square<br>40th Floor<br>New York, NY 10036<br>(212) 326-0895<br>skamaraju@pryorcashman.com | The timing of Carroll's coming forward and damages |
| Jessica Leeds | c/o Anne Champion<br>Gibson Dunn & Crutcher LLP<br>200 Park Ave<br>New York, NY 10166-0193<br>(212) 351-5361<br>achampion@gibsondunn.com | Account of her own assault by Defendant |
| Robbie Myers | c/o Kathleen Cassidy<br>Morvillo Abramowitz Grand<br>Iason & Anello PC<br>565 Fifth Avenue<br>New York, NY 10017<br>(212) 880-9413<br>kcassidy@maglaw.com | Carroll's journalism career |
| Natasha Stoynoff | c/o Anne Champion<br>Gibson Dunn & Crutcher LLP<br>200 Park Ave<br>New York, NY 10166-0193<br>(212) 351-5361<br>achampion@gibsondunn.com | Account of her own assault by Defendant |

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

| Name | Contact Information | Subjects |
|------|---------------------|----------|
| Stephanie Grisham | c/o Adam VanHo<br>VanHo Law<br>243 Furnace Street<br>Suite 201<br>Akron, Ohio 44304<br>(333) 653-8511<br>adam@vanholaw.com | Defendant's statements about Carroll |
| Cheryl Lee Beall | Cheryl Lee Beall<br>████████████ | The Bergdorf Goodman department store in the relevant period, including the operations and layout of the store, and Defendant's presence in the store |

Expert disclosures will be made in accordance with the Court's scheduling order and Fed. R.

Civ. P. 26(b)(2). Plaintiff reserves the right to use the testimony of other witnesses whose

identity may be subsequently learned through discovery or other means.

2. **A copy, or a description by category and location, of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

   *See* Plaintiff's Initial Disclosures.

3. **A computation of any category of damages claimed by the disclosing party, making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

   *See* Plaintiff's Initial Disclosures.

4. **Any insurance agreement under which any person carrying on an insurance business may be liable to satisfy all or part of a judgment which may be entered in the action to indemnify or reimburse for payments made to satisfy the judgment.**

   None applicable.