# EXHIBIT 1

**HABBA MADAIO & ASSOCIATES LLP**
Alina Habba, Esq.
Michael T. Madaio, Esq.
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
     -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E. JEAN CARROLL,<br><br>     *Plaintiff,*<br><br>  v.<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>     *Defendant.* | Civil Action No.: 1:20-cv-7311-LAK-JLC |

**MEMORANDUM OF LAW IN SUPPORT OF MOTIONS *IN LIMINE***

Alina Habba, Esq.
Michael T. Madaio, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
     -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ....................................................................................... i

LEGAL STANDARD.............................................................................................1

ARGUMENT .........................................................................................................1

    I.    *Motion In Limine No. 1:* Evidence Relating to Defendant's Alleged
Encounters With Natasha Stoynoff And Jessica Leeds Must Be Precluded
Under Rule 404 ...........................................................................................2

        a.  Rule 415 Is Not Applicable ...............................................................4

          i. The Instant Action Is Not "Based On" A Sexual Assault..........................5

          ii. The Alleged Encounters Described By Ms. Stoynoff and Ms. Leeds
Do Not Fit Within Rule 413's Definition of "Sexual Assault" ......................6

        b.  The Probative Value of Ms. Stoynoff and Ms. Leeds' Testimony
Is Substantially Outweighed By The Risk of Unfair Prejudice ........................8

        c.  The Testimony of Ms. Leeds And Ms. Stoynoff Is Irrelevant........................12

    II.    *Motion In Limine No. 2:* Video of Defendant's Campaign Speeches
Must Be Deemed Inadmissible ..............................................................12

    III.    *Motion In Limine No. 3:* The Access Hollywood Tape Must Be Excluded .........14

    IV.    *Motion In Limine No. 4:* Evidence Concerning Any Purported Emotional
Harm Stemming From The Alleged Incident Must Be Precluded........................15

CONCLUSION....................................................................................................16

## TABLE OF AUTHORITIES

*Cases*

*Alexander v. Hanson*,
    66 F. Supp. 3d 162, 167 (N.D.N.Y. 2021)............................................................15

*Boyce v. Weber*,
    19-CV-3825 (JMF), 2021 WL 2821154, at *8 (S.D.N.Y. July 7, 2021)................5

*Carroll v. Trump*,
    22-CV-10016 (LAK) (S.D.N.Y. 2022)................................................................15

*Doe v. Glanzer,*
    232 F.3d 1258, 1268 (9th Cir. 2000) ...................................................................4

*Highland Capitol Management LP v. Schneider*,
    370 F.Supp.2d 461 (S.D.N.Y. 2005). ...................................................................1

*Huddleston v. United States*,
    85 U.S. 681, 691-92 (1988) .......................................................................2, 8, 10

*Hynes v. Coughlin*,
    9 F.3d 285, 290 (2d Cir.1996) ...............................................................................2

*Johnson v. Elk Lake Sch. Dist.*,
    283 F.3d 138, 155-56 (3d Cir. 2002) ..........................................................4, 7, 10

*Lewis v. Sch. Dist. No. 70*,
    05-CV-776-WDS, 2009 WL 928874, at *5 (S.D. Ill. Apr. 6, 2009) ..............11, 12

*Montanez v. City of Syracuse*,
    019 WL 4328872, at *4 (N.D.N.Y. Sept. 12, 2019)...............................................3

*Palmieri v. Defaria*,
    88 F.3d 136, 141 (2d Cir. 1996) ...........................................................................1

*Rapp v. Fowler*,
    20-CV-9586 (LAK), 2022 WL 5243030, at *1 (S.D.N.Y. Oct. 6, 2022)................2

*Richman v. Burgeson*,
    98 C 7350, 2008 WL 2567132, at *8 (N.D. Ill. June 24, 2008) ...........................12

*United States v. Aboumoussallem*,
    726 F.2d 906, 911–12 (2d Cir. 1984) ...................................................................14

*United States v. Aminy*,
15 F.3d 258, 260 (2d Cir. 1994) ...........................................................................3

*United States v. Curley*,
639 F.3d 50, 56 (2d Cir. 2011) .........................................................................1, 2

*United States v. Dupree*,
06 F.3d 131, 135 (2d Cir. 2013) ...........................................................................1

*United States v. Gordon*,
987 F.2d 902, 908 (2d Cir. 1993) ..........................................................................3

*United States v. Guardia*,
135 F.3d 1326, 1328, 1332 (10th Cir. 1998) .........................................................4

*United States v. Foley*,
740 F.3d 1079 (7th Cir. 2014) ...............................................................................5

*United States v. Larson*,
112 F.3d 600, 604 (2d Cir. 1997) ......................................................................8, 9

*United States v. LeMay*,
260 F.3d 1018, 1028 (9th Cir. 2001). ....................................................................8

*United States v. McCallum*,
584 F.3d 471, 475 (2d Cir. 2009). .....................................................................2, 15

*United States v. Rogers*,
587 F.3d 816, 822 (7th Cir. 2009) .........................................................................4

*United States v. Spoor*,
904 F.3d 141, 154 (2d Cir. 2018) ................................................................4, 8, 10

*Wynne v. Renico*,
606 F.3d 867, 871 (6th Cir. 2010) .......................................................................14

## Rules and Statutes

§ 5403 Scope, 23 Fed. Prac. & Proc. Evid. § 5403 (2d ed.) .........................................5

18 U.S.C. chapter 109A ................................................................................................6

Fed. R. Evid. 403 ....................................................................................................8, 11

Fed. R. Evid. 404(b)(1)-(2) ..................................................1, 2, 3, 8, 13, 14, 15

Fed. R. Evid 413(d)................................................................................................................4, 7, 8

Fed. R. Evid 414................................................................................................................8

Fed. R. Evid 415(a)..............................................................................................3, 4, 5, 6, 8, 10

Defendant, Donald J. Trump ("Defendant"), by and through his undersigned attorneys, Habba Madaio & Associates LLP, respectfully submits this memorandum of law in support of his motions *in limine* seeking to: (1) preclude Plaintiff from presenting any evidence relating to Defendant's purported interactions with non-party witnesses Natasha Stoynoff and Jessica Leeds; (2) preclude Plaintiff from presenting evidence relating to speeches and statements made by Defendant while he was campaigning for President; (3) preclude Plaintiff from introducing any evidence relating to the "Access Hollywood" tape, including the tape itself; and (4) preclude Plaintiff from introducing any evidence relating to emotional damages Plaintiff purports to have sustained as a result of the alleged incident. For the reasons set forth herein, Defendant's motions *in limine* should be granted in their entirety.

## **LEGAL STANDARD**

It is well-established that a district court may determine evidentiary issues in motions *in limine* prior to the commencement of trial. *See*, *e.g.*, *United States v. Dupree*, 706 F.3d 131, 135 (2d Cir. 2013). "The purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.'" *Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). In deciding a motion *in limine*, the Court should exclude evidence that is clearly inadmissible on all potential grounds. *Highland Capitol Management LP v. Schneider*, 370 F.Supp.2d 461 (S.D.N.Y. 2005); *see also* Fed. R. Evid. 402. Further, under Rule 403, even otherwise relevant evidence should be found inadmissible where it "probative value is substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403.

1

## ARGUMENT

**I.**   ***Motion In Limine No. 1:*** **Evidence Relating to Defendant's Alleged Encounters With Natasha Stoynoff And Jessica Leeds Is Inadmissible Propensity Evidence.**

Rule 404(b) of the Federal Rules of Evidence governs the admissibility of evidence of "crimes, wrongs, or acts" other than those charged in the indictment. *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011) (quoting Fed. R. Evid. 404(b)). Rule 404(b) states, in relevant part:

> (1) Prohibited Uses. Evidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character.

> (2) Permitted Uses. This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

Fed. R. Evid. 404(b)(1)-(2).

For other act evidence to be admissible under Rule 404(b), (1) it must be offered for a proper purpose, (2) it must be relevant to a disputed issue, and (3) the probative value of the evidence cannot be substantially outweighed by its potential for unfair prejudice pursuant to Rule 403; in addition, (4) at defendant's request, the district court should give the jury an appropriate limiting instruction. *See United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (citing *Huddleston v. United States*, 485 U.S. 681, 691-92 (1988)). Critically, "'[o]ther act' evidence serves a proper purpose so long as it is not offered to show the defendant's propensity to commit the offense." *Curley*, 639 F.3d at 57 (citing Fed. R. Evid. 404(b)); *see also Hynes v. Coughlin,* 79 F.3d 285, 290 (2d Cir. 1996) (character evidence is inadmissible for the purpose of showing "propensity"); *Rapp v. Fowler*, 20-CV-9586 (LAK), 2022 WL 5243030, at *1 (S.D.N.Y. Oct. 6, 2022) ("Evidence to show propensity in most circumstances is precluded by the Federal Rules of Evidence.")

In the instant matter, Plaintiff seeks to offer testimony at trial from two witnesses, Natasha Stoynoff and Jessica Leeds, both of whom claim to have had previous sexual encounters with Defendant. While Defendant adamantly denies the veracity of the allegations made by these witnesses, the question of whether Ms. Leeds' and Ms. Stoynoff's claims are credible is ultimately immaterial. Indeed, the testimony of both witnesses is patently barred by Rule 404(b) since Plaintiff seeks to offer such evidence as a means of showing that Defendant is more likely to have engaged in the wrongful conduct alleged by Plaintiff, by virtue of the purported wrongful conduct claimed by Ms. Stoynoff and Ms. Leeds. Such evidence is clearly impermissible propensity and/or character evidence under Rule 404(b)(1).

Further, none of the "permitted uses" under Rule 404(b)(2) apply here since any evidence surrounding the alleged encounters described by Ms. Stoynoff and Ms. Leeds does not inform Defendant's alleged motive or intent during Plaintiff's claimed encounter, nor does it have any bearing on Defendant's opportunity, preparation, plan, or knowledge of the incident alleged by the Plaintiff in the matter *sub judice.* The claims made by Ms. Stoynoff and Ms. Leeds are markedly different than the accusation which lies at the heart of this action. Indeed, the accusations put forth by these witnesses are wholly disconnected from, and irrelevant to, Plaintiff's claim for defamation and the underlying sexual assault, which Plaintiff claims occurred in the mid-1990s inside the changing room of a Bergdorf Goodman and involve accusations of a violent rape. The claims of Ms. Stoynoff and Ms. Leeds, on the other hand, involve substantially different circumstances and far different, less severe alleged acts. Fed. R. Evid. 404(b)(2). *See, e.g., United States v. Aminy*, 15 F.3d 258, 260 (2d Cir. 1994) ("[E]vidence of another act should not be admitted as proof of the defendant's knowledge or intent unless the other act is sufficiently similar to the conduct at issue to permit the jury reasonably to draw from that act the knowledge [or intent] inference advocated

by the proponent of the evidence. . . Similarity - being a matter of relevancy - is judged by the degree in which the prior act approaches near identity with the elements of the offense charge[d]. There is no necessity for synonymity but there must be substantial relevancy....") (internal quotation and citations omitted); *United States v. Gordon*, 987 F.2d 902, 908 (2d Cir. 1993) (stating Rule 404(b) evidence requires "close parallel" to charged offense to warrant consideration for admission); *Montanez v. City of Syracuse*, 2019 WL 4328872, at *4 (N.D.N.Y. Sept. 12, 2019) ("The proffering party must show more than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts. The device used must be so unusual and distinctive as to be like a signature.").

Moreover, while Plaintiff will likely argue that the evidence is covered under Rule 415's exception to the prohibition on propensity evidence for civil cases involving sexual assault, that exception clearly does not apply in the instant scenario for the reasons set forth below. Even if it did, the admission of any such testimony would be barred by Rule 403, as the probative value of the testimony of both Ms. Stoynoff and Ms. Leeds does not outweigh the significant prejudice that would result to Defendant by allowing their inclusion.

### A. Rule 415 is Not Applicable

Rule 415(a) states, in pertinent part, that: "In a civil case involving a claim for relief based on a party's alleged sexual assault or child molestation, the court may admit evidence that the party committed any other sexual assault. The evidence may be considered as provided in Rule 413 and 414." *See* Fed. R. Evid. 415(a). In determining whether evidence of an unrelated sexual assault is admissible under Rule 415, "courts adopt a three-step inquiry. . . . First, the defendant must be accused of an offense of sexual assault []; second, the evidence being proffered must relate to the commission of another offense of sexual assault []; and last, the evidence has to be relevant." *Doe*

4

*v. Glanzer*, 232 F.3d 1258, 1268 (9th Cir. 2000), *citing United States v. Guardia*, 135 F.3d 1326, 1328, 1332 (10th Cir. 1998).

Although Rule 415 "reflects an exception . . . to the common law practice of excluding propensity evidence," in particular instances involving "evidence that the defendant committed any other sexual assault," the Rule "does not require district courts to evaluate such evidence with a 'thumb on the scale in favor of admissibility,' but merely 'alters the category of permissible inferences available to the jury.'" *United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018) (citing *Johnson v. Elk Lake Sch. Dist.*, 283 F.3d 138, 155-56 (3d Cir. 2002); *United States v. Rogers*, 587 F.3d 816, 822 (7th Cir. 2009)); Fed. R. Evid. 415.

In the instant action, the evidence that Plaintiff seeks to introduce with respect to Defendant's alleged encounters with Ms. Stoynoff and Ms. Leeds plainly does not qualify for inclusion under the Rule 415 exception to propensity evidence because the instant does not involve a "claim for relief based on a party's alleged sexual assault" as is required under Rule 415, and because the alleged encounters described by Ms. Leeds and Ms. Stoynoff do not qualify as "sexual assault" under Rule 413(d).

### i.    The Instant Action Is Not "Based On" A Sexual Assault

The application of Rule 415 is limited to a "civil case involving a claim for relief based on a party's alleged sexual assault." Fed. R. Evid. 415. Although there is a "dearth of precedent" addressing what qualifies as a claim "based on" an alleged sexual assault, courts have recognized "two distinct approaches" in how to assess this issue. *Boyce v. Weber*, 19-CV-3825 (JMF), 2021 WL 2821154, at *8 (S.D.N.Y. July 7, 2021). The first, the 'categorical approach,' is derived from the Wright & Miller treatise and provides that a "court is confronted with a claim 'based on' a sexual offense only when the elements of that offense are also elements of the civil claim itself."

*Id.* (citing § 5403 Scope, 23 Fed. Prac. & Proc. Evid. § 5403 (2d ed.)). The second, the 'alternative approach,' permits a court to broadly consider "whether an alleged sexual assault constitutes a factual premise of the plaintiff's claim." *Boyce*, 2021 WL 2821154 at *9 (citing *United States v. Foley*, 740 F.3d 1079 (7th Cir. 2014)).

In weighing the validity of these two approaches, the Wright & Miller treatise endorsed the 'categorical approach' and found it to be the more suitable test, noting that "[i]t is clear that the drafters intended by the 'based on' language in Rule 415 to refer to cases where defendant is sued by a victim for injuries inflicted by a sexual assault or child molestation." § 5403 Scope, 23 Fed. Prac. & Proc. Evid. § 5403 (2d ed.). In coming to this conclusion, the treatise expounds upon several hypothetical scenarios and cautions against expanding the reach of Rule 415 to such drastic lengths. Of particular note, one of the hypothetical scenarios raised by the treatise seems to directly reference the facts of the instant action and argues that applying Rule 415 in this way would create significant ambiguity in the application of the Rule and conflict with the Congressional intent. *See* § 5403 Scope, 23 Fed. Prac. & Proc. Evid. § 5403 (2d ed.) ("[I]magine an action for defamation in publishing an accusation that the plaintiff, a politician, had committed sexual assaults and the defense of truth is raised . . . once one starts down that path it is difficult to know where one could reasonably draw the line."). This reasoning is persuasive and raises the legitimate concern that applying Rule 415 to the instant action will broaden the scope of the Rule to a significant degree and risk upending Rule 404 in a manner that was never intended by Congress.

Therefore, this Court should adopt the 'categorical approach' and find that Rule 415 is not applicable to the instant action since Plaintiff's sole claim is not "based on" a claim for sexual assault, but, rather, a claim for defamation.

### ii.   The Alleged Encounters Described By Ms. Stoynoff and Ms. Leeds Do Not Fit Within Rule 413's Definition of "Sexual Assault"

Assuming *arguendo* that Rule 415 can be applied to actions that sounds in defamation, the Rule still has no bearing here because neither of the alleged events described by Ms. Stoynoff and Ms. Leeds qualify as a 'sexual assault' subject to Rule 415.

The term 'sexual assault' is defined in Rule 413(d), which provides that it encompasses conduct that is "a crime under federal law or under state law" and which also involves: "(1) any conduct prohibited by 18 U.S.C. chapter 109A; (2) contact, without consent, between any part of the defendant's body — or an object — and another person's genitals or anus; (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body; (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)–(4)." *See* Fed. R. Evid. 413(d).

The alleged encounters described by Ms. Stoynoff and Ms. Leeds do not fit within any of the above-stated categories. Subparagraph (d)(1) plainly does not apply since neither witness alleges any conduct that occurred within a "special maritime [or] territorial jurisdiction of the United States or in a Federal prison[.]"[1] *See* 18 U.S.C. 109A § 2241-2248; *see also* 18 U.S.C. § 7 (defining "special maritime and territorial jurisdiction of the United States").

Likewise, subparagraphs (2) through (4) are inapplicable since neither witness alleges any contact involving the genitals or anus of either party nor that they were forced to suffer any bodily injury or physical pain in their alleged interactions with Defendant. In sum, Ms. Stoynoff testified

---

[1] The alleged incident involving Ms. Stoynoff occurred in Florida and the purported claim by Ms. Leeds took place on a domestic flight from Dallas to New York. As such, these two incidents did not involve any type of purported conduct that transpired on an international flight, travel over the "high seas," or any other type of activity that would remotely fit within the parameters of this statute.

that Defendant "grabb[ed] [her] shoulders and pushe[d] her against this wall and start[ed] kissing her," *see* Affirmation of Alina Habba, Esq. ("Habba Aff."), Exhibit A, while Ms. Leeds claimed that Defendant "tri[ed] to kiss [her]" and "grabb[ed] [her] breasts," *see* Habba Aff., Ex. B.. Even accepting these statements as true—which, again, Defendant resolutely denies the veracity of said claims—the conduct described by Ms. Stoynoff and Ms. Leeds simply does not fit within the definition of "sexual assault" under Rule 413, which requires forcible contact with either party's genitalia or the derivation of sexual gratification from inflicting bodily harm upon another. Fed. R. Evid 413(d). None of these elements are present here.

Plaintiff will likely argue that subparagraph (5)—the catchall provision which encompasses any 'attempt' to engage in any of the conduct enumerated in subparagraphs (2) through (4)—is applicable here. However, this is simply not the case. With respect to Ms. Stoynoff, it is indisputable that her testimony does not involve any allegation of conduct, or attempted conduct, that is covered by subparagraphs (2) through (4). As for Ms. Leeds, Plaintiff will presumably argue that Ms. Leeds' testimony reflects an alleged attempt by Defendant to non-consensually contact her genitals since she stated that Defendant "started putting his hand up [her] skirt." Habba Aff., Ex. B. However, this single, ambiguous statement, without more, is not sufficient to evince that Defendant intended to touch Ms. Leeds' genitals, and Ms. Leeds has not even alleged as much. Rather, she testified that the touching stopped almost immediately after it "started," and failed to even indicate how far Defendant's hands were from her genitals, what direction his hands were moving, how quickly they were moving, or any other relevant details that would provide a basis to infer that Defendant intended to non-consensually contact her genitals. *See, e.g., Johnson v. Elk Lake School Dist.*, 283 F. 3d 138, 156 (3d Cir. 2002) ("Where a past act cannot be shown with reasonable certainty, its probative value is reduced and it may prejudice the

defendant unfairly, confuse the issues, mislead the jury, and result in undue delay and wasted time."). Thus, the vagueries of Ms. Leeds' unsubstantiated and uncharged incident—which allegedly took place in 1979, more than 40 years ago—is simply not sufficient to bring it within the purview of Rule 413(d)(5).

Therefore, since neither Ms. Leeds nor Ms. Stoynoff have alleged any conduct that can be qualified as a "sexual assault," Rule 415 has no bearing on the instant matter.

### B. The Probative Value Of Ms. Stoynoff And Ms. Leeds' Testimony Is Substantially Outweighed By The Risk Of Unfair Prejudice

Even if Rule 415 could hypothetically be applied in the instant scenario, evidence of Defendant's alleged encounters with Ms. Stoynoff and Ms. Leeds would nonetheless be inappropriate because it is irrelevant and the probative value of such evidence is substantially outweighed by its potential for unfair prejudice.

It is well-established that courts must consider the Rule 403 balancing test in determining whether to allow evidence of other sexual assaults under Rule 415. *See United States v. Larson*, 112 F.3d 600, 604 (2d Cir. 1997) ("An item of evidence that would be admissible under [Rules 413, 414, and 415] may nonetheless be excluded pursuant to Fed.R.Evid. 403 if the trial judge determines that its probative value is substantially outweighed by its potential for unfair prejudice.") (citing *Huddleston v. United States,* 485 U.S. 681, 687-88, 108 S.Ct. 1496, 1500-01 (1988); Fed. R.Evid. 404(b) Advisory Committee Note (1972)). Indeed, even when Rule 415 applies, a court is required to "to determine the probative value of this inference and to weigh whether the prior act evidence will be unfairly prejudicial." *United States v. Spoor*, 904 F.3d 141, 154 (2d Cir. 2018). In making that determination, courts consider factors such as "(1) the similarity of the prior acts to the acts charged, (2) the closeness in time of the prior acts to the acts charged, (3) the frequency of the prior acts, (4) the presence or lack of intervening circumstances, and (5)

the necessity of the evidence beyond the testimonies already offered at trial." *Id*. at 154-155 (internal quotation omitted), *citing United States v. LeMay*, 260 F.3d 1018, 1028 (9th Cir. 2001).

As to the first point, as explained in Paragraph I *supra*, the circumstances surrounding the accusations made by Ms. Stoynoff and Ms. Leeds are vastly different from those involved in the alleged incident at issue in this matter.. As a result, recounting these alleged encounters will offer no relevant or meaningful insight into the central question of whether the subject incident occurred in the mid-1990s. In other words, there is simply no relation between the testimony of Ms. Stoynoff and Ms. Leeds and the facts at issue in this case.

Regarding the second factor, the lack of closeness in time between the events alleged by Ms. Stoynoff and Ms. Leeds cuts heavily against the inclusion of such evidence. Ms. Stoynoff claims that her encounter took place in 2005, approximately ten years after Plaintiff's claimed incident in the mid-1990s. Meanwhile, Ms. Leeds claims that her encounter with Defendant took place in 1979, nearly twenty years prior to the alleged incident at issue herein. Given the ten and twenty year gaps on each end, these events are so detached in time that they simply have no relevance to the subject incident. Further, since the alleged events occurred so long ago (particularly Ms. Leeds' incident, which purportedly occurred more than 40 years ago), additional caution is warranted since these events are highly attenuated and subject to memory distortion. *See*, *Larson*, 112 F.3d at 605 ("Exclusion of proof of other acts that are too remote in time caters principally to the dual concerns for relevance and reliability . . . [t]he evaluation of the proffered evidence in light of these concerns must be made on a case-by-case basis to determine whether the significance of the prior acts has become too attenuated and whether the memories of the witnesses has likely become too frail.").

10

As for the third factor, the frequency of the prior acts, both Ms. Stoynoff and Ms. Leeds claim that their encounters were a single, isolated incident. Neither alleges that Defendant ever did, or made any attempt to, repeat any of the purported acts. Given the solitary nature of their claims, the accounts of Ms. Leeds and Ms. Stoynoff offer no support for the proposition that the subject incident was in line with a continuing pattern of similar alleged behavior. Therefore, this factor weighs heavily in favor of exclusion of the proposed evidence.

The fourth factor, the presence of intervening factors, is largely irrelevant here, as there are no discernible intervening factors at play. In fact, if anything, there is but one intervening factor that ties together the allegations of Ms. Leeds, Ms. Stoynoff, and Plaintiff – their allegations were made publicly only *after* Defendant became a leading presidential candidate, despite their alleged incidents having supposedly occurred decades earlier. As a result, the timing of their accusations undercuts the trustworthiness of their accounts and raises serious questions as to their credibility. Therefore, this factor weighs in favor of precluding their testimony.

Finally, the fifth factor, the necessity of the evidence beyond the testimonies already offered at trial, is relevant only to the extent Plaintiff lacks sufficient evidence to independently establish the merit of her claims. Yet, Plaintiff has frequently and profusely proclaimed that she has 'overwhelming' evidence to substantiate her claim that the alleged incident did, in fact, occur. Thus, by Plaintiff's own admission, there is no necessity for additional, extrinsic evidence. Her claim should be permitted to stand or fall on its own merits, without the the inclusion of uncharged, uncorroborated claims from other women, spanning several decades, which are entirely disconnected from the facts of this case. *See, e.g., Johnson v. Elk Lake School Dist.*, 283 F.3d at 152 (recognizing that limits need to be placed on admissibility of Rule 415 evidence "to ensure that the plaintiff may not 'parade past the jury a litany of potentially prejudicial similar acts that

11

have been established or connected to the defendant only by unsubstantiated innuendo'") (*quoting Huddleston v. United States*, 485 U.S. 681, 689, 108 S.Ct. 1496 (1988)). Simply put, Plaintiff has the burden of establishing that the incident alleged in the Complaint occurred, and she has consistently declared that she has sufficient evidence to do so. Thus, she should not be permitted to look towards other unrelated and uncorroborated allegations as a means of impermissibly bolstering her claim.

In short, evidence pertaining to the alleged events described by Ms. Stoynoff and Ms. Leeds offers little to no probative value but poses an immense risk of unfair prejudice. *See, e.g., Spoor*, 904 F. 3d at 155 ("The district court should also consider the potential for unfair prejudice, including the possibility that prior act evidence will lead the jury to convict out of passion or bias or because they believe the defendant is a bad person deserving of punishment – a particular risk with this sort of evidence."). Therefore, even if found to be otherwise admissible under Rules 404(b) and 415, evidence regarding Ms. Leeds and Ms. Stoynoff's alleged encounters with Defendant must be excluded under Rule 403 due its overwhelmingly prejudicial effect.

### C.  The Testimony of Ms. Leeds and Ms. Stoynoff Is Irrelevant

Rule 402 states, unambiguously, that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402. As set forth in Rule 401, evidence is relevant if it "has any tendency to make a fact more or less probably than it would be without the evidence[] and the fact is of consequence in determining the action." Fed. R. Evid. 401.

Here, for the same reasons detailed in Paragraph I(B) above, Ms. Stoynoff and Ms. Leeds must be precluded from testifying because the subject matter of their testimony is irrelevant to the facts of this matter and is of no consequence in determining this action. Therefore, such evidence is barred by Rule 402.

II.    *Motion In Limine No. 2:* **Video of Defendant's Campaign Speeches Must Be Deemed Inadmissible**

In accordance with the Rules and applicable case law, Plaintiff should be precluded from arguing and from introducing evidence and testimony relating to Defendant's campaign speeches, which she presumably intends to include for the purpose of demonstrating the manner in which Defendant has denied other, unrelated allegations of sexual assault. Such evidence is not only irrelevant and prejudicial to Defendant, but also constitutes inadmissible character evidence.

First, the campaign speech videos must be excluded under Rule 402 due to lack of relevance. *See* Fed. R. Evid. 402 ("Irrelevant evidence is not admissible."); *see also* Fed. R. Evid. 401 (providing that evidence is relevant if it "has any tendency to make a fact more or less probably than it would be without the evidence[] and the fact is of consequence in determining the action."). Indeed, evidence purporting to show the manner in which Defendant addressed other allegations of sexual assault is extraneous to the factual issues involved this particular action, as it has no bearing on the central question the jury will be asked to address in this case – namely, whether or not the alleged incident occurred in the mid 1990s at Bergdorf Goodman. None of the campaign videos that Plaintiff seeks to introduce reference Plaintiff, nor do they even remotely relate to the alleged incident at issue herein. In fact, each and every one of the campaign videos that Plaintiff has marked as exhibits (PX-26 through PX-32) are from speeches that Defendant gave in 2016, several years *before* Plaintiff even went public with her allegations. Statements made in these speeches, therefore, are entirely irrelevant to questions that will be presented to the jury at trial.

Second, the introduction of the campaign videos must be excluded under Rule 403, since a significant danger of jury confusion and unfair prejudice to Defendant may result. There is no question that Defendant—a former President of the United States and current 2024 presidential candidate—is a preeminent political figure who evokes strong feelings of emotion from both his

supporters and his detractors alike. Thus, inclusion of videos taken from his campaign speeches would threaten to unnecessarily politicize the trial, enflame the passions of the jury, and confuse the issues that are in their exclusive province to decide. It is crucial that the jury's deliberations are focused solely on whether the incident occurred, and not a general referendum on Defendant's political career or ideologies. Any reference to Defendant's political career, his political views, or statements he made and actions he took while in office are immaterial and will not aid Plaintiff in proving her case-in-chief at trial. Therefore, the campaign-related videos that Plaintiff intends to produce, marked PX-26 through PX-32, have no probative value as they bear no relation to the alleged incident, and carry a significant risk of causing unfair prejudice and jury confusion.

Third, the subject exhibits constitute impermissible character evidence. As stated above, Rule 404(b) of the Federal Rules of Evidence specifically precludes evidence which attempts to prove that "on a particular occasion the person acted in accordance with the character or trait." To the extent that these exhibits are presented to give credence to past allegations of sexual assault, they must be excluded for the reasons set forth *supra*.

### III.  *Motion In Limine No. 3:* The *Access Hollywood* Tape Must Be Excluded

Per the Pre-Trial Order, Plaintiff intends to submit the "Access Hollywood video recording of Donald J. Trump speaking to Billy Bush in September 2005" marked as PX-25 (the "Access Hollywood Tape"), and a segment of the September 26, 2016 Presidential debate discussing same marked as PX-26. The proposed evidence, however, is not being offered for any proper purpose. As stated above, FRE 404(b)(1) provides that "[e]vidence of any other crime, wrong, or act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). The Second Circuit has long recognized that this excludes evidence of prior acts by the defendant. *United States v.*

*Aboumoussallem*, 726 F.2d 906, 911–12 (2d Cir. 1984); *see also Wynne v. Renico*, 606 F.3d 867, 871 (6th Cir. 2010) ("Federal Rule 404(b) applies to all propensity evidence, whether used to show that the defendant or another individual acted in conformity with their prior misconduct.")

While Rule 404(b) bars all propensity evidence, the Rule does permit evidence of prior acts introduced for a non-propensity purpose, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" as to the defendant. Fed. R. Evid. 404(b)(2). The Second Circuit has cautioned, however, that even when used for a permitted purpose, such evidence presents a special danger of prejudice to the defense. Thus, in the Second Circuit, "[t]o determine whether to admit Rule 404(b) evidence, the court should consider whether: '(1) the prior [act] evidence [is being] 'offered for a proper purpose'; (2) the evidence [is] relevant to a disputed issue; (3) the probative value of the evidence [is] substantially outweighed by its potential for unfair prejudice pursuant to Rule 403; and (4) [there is] an appropriate limiting instruction." *Alexander v. Hanson*, 566 F. Supp. 3d 162, 167 (N.D.N.Y. 2021) (citing *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009)).

Here, Defendant expects that Plaintiff will attempt to introduce this evidence to demonstrate that Defendant is 'predisposed' to committing sexual assault. However, Plaintiff's desire to introduce this evidence can serve only one purpose: to suggest to the jury that Defendant had a propensity for sexual assault and therefore the alleged incident must have in fact occurred. Evidence offered to prove such allegations would be precisely the type of propensity evidence precluded by Rule 404(b). Furthermore, as is plainly evident, the contents of the Access Hollywood Tape, and Defendant's comments concerning them, do not even tangentially relate to the core of Plaintiff's claim. Accordingly, as the proposed evidence constitutes improper propensity evidence and is also irrelevant and highly prejudicial, it must be precluded.

IV.   ***Motion In Limine No. 4:*** **Evidence Concerning Any Purported Emotional Harm Stemming From The Alleged Incident Must Be Precluded**

At trial, Plaintiff may attempt to reference purported emotional or psychological pain she claims to have suffered as the result of the alleged underlying incident. However, any such evidence or statements must be precluded because Plaintiff did not allege to have sustained any such harm in her pleadings, nor is it a relevant aspect of her claim for defamation. Indeed, this Court expressly held in the companion case to this action, *Carroll v. Trump*, 22-CV-10016 (LAK) (S.D.N.Y. 2022) ("*Carroll II*") that "emotional or psychological damages, allegedly suffered by plaintiff as a result of the alleged sexual assault" are not a part of this case and only relevant in *Carroll II*. Therefore, reference to any such damages must be excluded from the trial in *Carroll I*.

## CONCLUSION

For the foregoing reasons, Defendant, Donald J. Trump, respectfully requests that the Court grant the above-referenced motions *in limine* and rule that: (1) Plaintiff is precluded from presenting any evidence relating to Defendant's purported interactions with non-party witnesses Natasha Stoynoff and Jessica Leeds; (2) Plaintiff is precluded from presenting evidence relating to speeches and statements made by Defendant while he was campaigning for President; (3) Plaintiff is precluded from introducing any evidence relating to the "Access Hollywood" tape; and (4) Plaintiff is precluded from introducing any evidence relating to emotional damages Plaintiff purports to have sustained as a result of the alleged incident.

Dated: February 16, 2023          Respectfully submitted,
      New York, New York

Alina Habba, Esq.
Michael T. Madaio, Esq.
HABBA MADAIO & ASSOCIATES LLP