UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br><br>             *Plaintiff*,<br><br>     v.<br><br>DONALD J. TRUMP,<br><br>             *Defendant*. | No. 22 Civ. 10016 (LAK) (JLC) |

**PLAINTIFF E. JEAN CARROLL'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DONALD J. TRUMP'S MOTION IN LIMINE**

Roberta A. Kaplan
Shawn G. Crowley
Trevor W. Morrison (admitted *pro hac vice*)
Matthew J. Craig
Kaplan Hecker & Fink LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
Kaplan Hecker & Fink LLP
1050 K Street NW, Suite 1040
Washington, DC 20001
Telephone: (212) 763-0883
Fax: (212) 564-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................................................. ii

PRELIMINARY STATEMENT ............................................................................................................ 1

ARGUMENT ............................................................................................................................................ 2

    I.   SINCE CARROLL TIMELY DISCLOSED BOTH WITNESSES AT ISSUE, THEY CANNOT BE PRECLUDED UNDER RULE 37(c) .......................................................... 2

    II.  THE COURT SHOULD RULE ON THE REMAINDER OF TRUMP'S MOTION FOR THE REASONS ALREADY ADDRESSED IN *CARROLL I* ................................. 4

CONCLUSION ........................................................................................................................................ 6

i

## TABLE OF AUTHORITIES

**Cases**                                                                                            **Page(s)**

*Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prod., Inc.*,
   No. 19 Civ. 3766, 2020 WL 7342724 (S.D.N.Y. Dec. 11, 2020) ............................................... 2

*Boyce v. Weber*,
   No. 19 Civ. 3825, 2021 WL 2821154 (S.D.N.Y. July 7, 2021) ................................................ 5

*Carroll v. Trump*,
   No. 22 Civ. 10016, 2023 WL 185507 (S.D.N.Y. Jan. 13, 2023) .............................................. 5

*Carroll v. Trump*,
   No. 22 Civ. 10016, 2023 WL 2006312 (S.D.N.Y. Feb. 15, 2023) ............................................ 4

**Rules**

Fed. R. Civ. P. 26 .......................................................................................................................... 2, 3

Fed. R. Civ. P. 37 .......................................................................................................................... 1, 2

Fed. R. Evid. 415 ........................................................................................................................... 1, 5

N.Y. C.P.L.R. 214-j ........................................................................................................................... 5

**PRELIMINARY STATEMENT**

Time and again in these related cases, Defendant Donald J. Trump has asked this Court to relieve him of the consequences of his own lack of diligence. He asked the Court, for example, to excuse his waiver of an absolute immunity defense, as well as his failure to timely amend to assert an anti-SLAPP counterclaim. *See Carroll v. Trump*, 20 Civ. 7311 ("*Carroll I*"), ECF 64–66, 109, 113, 122, 125. He made multiple requests for more time to complete expert discovery due to delays of his own creation. ECF 46–48, 61–63. And after trial exhibits and witness lists had already been submitted, he moved to reopen discovery related to DNA so that he might obtain a document he learned about three years prior. ECF 51–53, 56. The present motion is yet more of the same, asking the Court to preclude testimony from two former Bergdorf Goodman employees who were listed on Plaintiff E. Jean Carroll's initial disclosures in this action—and who had previously been disclosed in *Carroll I*—but whom Trump for some reason never sought to depose.

Trump has only himself to blame for failing to take discovery from these witnesses. It is not the Court's role to make up for Trump's lack of diligence. And there is zero basis for Trump's motion: because Carroll timely disclosed the witnesses whom Trump wants to preclude from testifying at trial, Rule 37 has no application, and preclusion is neither permissible nor warranted.

As for Trump's remaining arguments—which are incorporated from Trump's motion in limine in *Carroll I*—those arguments fail for all the reasons set forth in Carroll's own *Carroll I* briefing. *See Carroll I*, ECF 134, 138.

And they fail for additional reasons as well. First, there can be no question that Carroll's Adult Survivors Act claim is "based on" a sexual assault under Rule 415, mooting Trump's core argument against Carroll's Rule 415 evidence. Second, Trump himself has already recognized that damages regarding Carroll's emotional harm from the underlying rape are relevant in *Carroll II*,

1

including by engaging in substantial motion practice concerning his rebuttal psychological expert. His motion to preclude such evidence makes no sense.

## ARGUMENT

**I.    SINCE CARROLL TIMELY DISCLOSED BOTH WITNESSES AT ISSUE, THEY CANNOT BE PRECLUDED UNDER RULE 37(c)**

Trump argues that former Bergdorf employees Cheryl Beall and Robert Salerno should be precluded from testifying at trial "due to Plaintiff's failure to timely disclose them." ECF 70 at 2. But both witnesses were timely disclosed. What happened is that Trump chose to do nothing about it. Since there was no violation of Rule 26(a), a Rule 37(c) sanction not warranted.

Under Rule 26(a)(1)(A)(i), a party must, "without awaiting a discovery request," disclose "each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses." And that's exactly what Carroll did. The deadline for initial disclosures in this action was January 9, 2023. ECF 19. On that date, Carroll made her disclosures, listing Cheryl Beall and Robert Salerno, along with each and every other fact witness who Carroll later identified on the parties' Joint Pretrial Order. *See* Ex. 1 (Rule 26(a) disclosures); ECF 65 (pretrial order). Carroll's compliance with the Court's deadline alone is sufficient to defeat Trump's motion. *See Beverly Hills Teddy Bear Co. v. Best Brands Consumer Prod., Inc.*, No. 19 Civ. 3766, 2020 WL 7342724, at *4–*6 (S.D.N.Y. Dec. 11, 2020) (Woods, J.) ("Rule 37 sanctions are not warranted … because Plaintiff met its obligation to disclose the information [under Rule 26].").

Nothing about Carroll's disclosure of the same witnesses in *Carroll I* requires a different conclusion. The Federal Rules anticipate that as parties continue to investigate their claims and defenses, they may become aware of additional witnesses whom they might call at trial. When that happens, Rule 26(e)(1) provides that a party "must supplement or correct its disclosure … in a

timely manner." And that is exactly what Carroll did. On October 14, 2022, the same day Carroll's counsel spoke with Beall, Carroll issued her second supplemental disclosures in *Carroll I*. *See* Decl. of Shawn G. Crowley ¶¶ 3–4. Those disclosures contained Beall's name, address, and telephone number, and set forth her expected testimony regarding the Bergdorf Goodman store in the relevant time period, including the store's operations and layout, as well as Trump's presence at the store. ECF 71-3. Carroll's counsel initially spoke with Robert Salerno about similar topics on December 23, 2022. *See* Decl. of Shawn G. Crowley ¶ 5. Then, on January 6, 2023, Carroll's counsel spoke with Salerno again and learned he was willing to testify at trial. *Id.* ¶ 6. That same day, Carroll issued her third supplemental disclosures in *Carroll I*, disclosing the same information for Salerno as she had for Beall, including Salerno's expected testimony about Bergdorf's operations and layout and Trump's presence at the store. *Id.* ¶ 7; ECF 71-4. This is exactly what Rule 26(e) requires.

Trump, for his part, chose to do nothing with the information that Carroll disclosed. After receiving Carroll's second supplemental disclosures in *Carroll I*, Trump did not issue a subpoena for Beall, despite the fact that there was time remaining in the *Carroll I* fact discovery period. *Carroll I*, ECF 77. Then, after the Court specifically directed Trump to identify the discovery he wished to take in *Carroll II*, he twice declined to say that he needed or wanted to depose Beall. *See* ECF 16 at 4–5; Conf. Tr. at 5–7 (Dec. 21, 2022). And after Carroll disclosed Salerno, Trump was equally inactive. Trump never served a subpoena on Salerno or requested leave to take discovery from him, even though the governing pre-trial scheduling order left open the opportunity to request discovery on issues that were not specified by the order. ECF 19 at 2. While Carroll would not have opposed such a request had Trump made it, it is obviously not Carroll's obligation in our adversary system to go beyond her disclosures to advise Trump's counsel of the discovery

3

that they might want to take. Following his earlier decisions not to seek discovery from Beall and Salerno, Trump's request to exclude the witnesses from trial reflects "a tactical shift" or an attempt to make up for his prior oversight—either way, "the effort comes too late." *Cf. Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 2006312, at *2 (S.D.N.Y. Feb. 15, 2023).[1]

Tellingly, Trump did not move to preclude Beall and Salerno from testifying in *Carroll I*, even though they both appeared on Carroll's witness list in that action. *See Carroll I*, ECF 131. His contrary approach in *Carroll II* is easily explained: after Carroll moved to preclude testimony from certain witnesses on Trump's witness list, Trump thought he could try his hand at the same strategy. But this "tit for tat" effort does not put the two parties on equal footing. As discussed above, Carroll disclosed all fact witnesses on the January 9 deadline the Court set in *Carroll II*, and issued supplemental disclosures in *Carroll I*, just as the Federal Rules require. Trump, by contrast, *never* disclosed his witnesses—not in his initial disclosures in *Carroll I*, not in his supplemental disclosures in *Carroll I*, and not in his initial disclosures in the present action. *See Carroll I*, ECF 134 at 22–25. That stark difference in compliance with the Federal Rules obviously requires a different outcome.

## II. THE COURT SHOULD RULE ON THE REMAINDER OF TRUMP'S MOTION FOR THE REASONS ALREADY ADDRESSED IN *CARROLL I*

Trump's remaining arguments seek relief identical to the relief Trump sought in *Carroll I*, namely that the Court "(1) preclude Plaintiff from presenting any evidence relating to Defendant's purported interactions with non-party witnesses Natasha Stoynoff and Jessica Leeds; (2) preclude Plaintiff from presenting evidence relating to speeches and statements made by Defendant while

---

[1] Trump does not appear to have taken any action with respect to Beall and Salerno until February 17, 2023. Our understanding is that on that day two men visited Beall at her home, indicating that they were there to investigate on Trump's behalf, and that Salerno receive a telephone call from someone purporting to investigate the case around the same time.

he was campaigning for President; (3) preclude Plaintiff from introducing any evidence relating to the 'Access Hollywood' tape, including the tape itself; [and] (4) preclude Plaintiff from introducing any evidence relating to emotional damages Plaintiff purports to have sustained as a result of the alleged incident." ECF 69; *see also* ECF 70 at 1.

Carroll has already addressed each of these arguments in her opposition to Trump's *Carroll I* motion in limine and in her own motion in limine in that action, and she respectfully refers the Court to that briefing. *See Carroll I*, ECF 134, 138.

But two additional points are in order. First, Trump's lead argument for why the Court should not admit the testimony of Stoynoff and Leeds under Rule 415 does not apply to this action.[2] In the *Carroll I* motion that he incorporates by reference, Trump argued that Carroll's defamation claim is not "based on" a claim for sexual assault under Rule 415 because Carroll is not required to prove a sexual assault as an element of her claim. *Carroll I*, ECF 131 at 5–6. That argument is unpersuasive on its own terms because courts follow a fact-based approach to determine whether Rule 415 applies, asking "whether an alleged sexual assault constitutes a factual premise of the plaintiff's claim." *Carroll I*, ECF 138 at 2 (quoting *Boyce v. Weber*, No. 19 Civ. 3825, 2021 WL 2821154, at *9 (S.D.N.Y. July 7, 2021)). But here it is a completely moot point. To maintain her battery claim pursuant to the Adult Survivors Act, Carroll must prove that Trump committed a "sexual assault," since that Act extended the statute of limitations only for actions based on sexual assaults or other sexual offenses. *Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 185507, at *5 (S.D.N.Y. Jan. 13, 2023); N.Y. C.P.L.R. 214-j. In other words, Carroll's Adult

---

[2] To facilitate the Court's assessment of the evidentiary questions relating to Stoynoff and Leeds, Carroll is submitting with this opposition the videos from the witnesses' depositions taken in *Carroll I*. *See* Exs. 2, 3.

Survivors Act claim satisfies the very categorical approach that Trump (incorrectly) argues should apply in *Carroll I*.

Second, the argument that Carroll should not be allowed to introduce evidence of the emotional damages she has experienced as a result of the underlying sexual assault has no application to this action. *Carroll I*, ECF 131 at 16. Carroll pleaded such damages in her complaint, Trump's counsel took a deposition focused squarely on this topic, and both sides retained experts to address the issue. *See* ECF 1, 16, 59. Indeed, Trump himself has acknowledged that emotional damages are "relevant in *Carroll II*." *Carroll I*, ECF 131 at 16. Trump's motion to exclude evidence related to emotional damages should—like the other requests from *Carroll I*—be denied.

## CONCLUSION

For all the reasons set forth above, and set forth in the briefing that this opposition incorporates by reference, the Court should deny Trump's motion in limine; permit Beall and Salerno to testify; and further admit the testimony of Stoynoff and Leeds regarding their own experiences with Trump, admit the Access Hollywood tape, admit the videos of Trump's campaign speeches, and admit testimony relating to Carroll's emotional and psychological harm.

| | |
|---|---|
| Dated: New York, New York<br>March 9, 2023 | Respectfully submitted,<br><br>/s/ Roberta A. Kaplan<br>Roberta A. Kaplan<br>Shawn G. Crowley<br>Trevor W. Morrison (admitted *pro hac vice*)<br>Matthew J. Craig<br>Kaplan Hecker & Fink LLP<br>350 Fifth Avenue, 63rd Floor<br>New York, New York 10118<br>Telephone: (212) 763-0883<br>Fax: (212) 564-0883<br>rkaplan@kaplanhecker.com<br>scrowley@kaplanhecker.com<br>tmorrison@kaplanhecker.com<br>mcraig@kaplanhecker.com<br><br>Joshua Matz<br>Kaplan Hecker & Fink LLP<br>1050 K Street NW, Suite 1040<br>Washington, DC 20001<br>Telephone: (212) 763-0883<br>Fax: (212) 564-0883<br>jmatz@kaplanhecker.com<br><br>*Counsel for Plaintiff E. Jean Carroll* |