UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,

          *Plaintiff*,

v.

DONALD J. TRUMP,

          *Defendant*.

No. 22 Civ. 10016 (LAK) (JLC)

### DECLARATION OF SHAWN G. CROWLEY IN SUPPORT OF PLAINTIFF E. JEAN CARROLL'S OPPOSITION TO DONALD J. TRUMP'S MOTION IN LIMINE

I, Shawn G. Crowley, pursuant to 28 U.S.C. § 1746, hereby declare as follows:

1. I am a member of the bar of the State of New York and am admitted to appear before this Court. I am a partner in the law firm Kaplan Hecker & Fink LLP, counsel for Plaintiff E. Jean Carroll in the above-captioned action.

2. I respectfully submit this declaration in support of Carroll's opposition to Defendant Donald J. Trump's motion in limine.

3. On October 14, 2022, I had an initial telephone call with Cheryl Beall, who served as assistant store manager at Bergdorf Goodman during the time period relevant to this action. During that call, I spoke with Ms. Beall about her knowledge of the Bergdorf store, including its operations and layout, as well as Trump's presence at the store, and learned that she was willing to testify to those topics at trial.

4. Following that call, on that same day, Carroll made her second supplemental disclosures in the related action, *Carroll v. Trump*, No. 20 Civ. 7311 (S.D.N.Y.) ("*Carroll I*"),

which contained the information relating to Beall required under Federal Rule of Civil Procedure 26(a)(1)(A)(i). *See* ECF 71-3.

5. On December 23, 2022, I had an initial telephone call with Robert Salerno, who served as senior vice president of finance and administration at Bergdorf Goodman during the relevant time period. During that call, I spoke briefly with Mr. Salerno about his knowledge of the Bergdorf store as well as Trump's presence there.

6. On January 6, 2023, I had a second telephone call with Mr. Salerno, and learned that he was willing to testify to at trial. That same day, Carroll made her third supplemental disclosures in *Carroll I*, which contained the information relating to Salerno required under Federal Rule of Civil Procedure 26(a)(1)(A)(i). *See* ECF 71-4.

7. On January 9, 2023, Carroll made her initial disclosures in the present action, setting forth the same information for Ms. Beall and Mr. Salerno as she had disclosed in *Carroll II*.

8. Attached hereto as **Exhibit 1** is a true and correct copy of Carroll's Rule 26(a)(1) Initial Disclosures in this action, dated January 9, 2023.

9. Attached hereto as **Exhibit 2** is the video of Natasha Stoynoff's deposition, which was taken in *Carroll I* on October 13, 2022. The video is being submitted to the Court via DVD.

10. Attached hereto as **Exhibit 3** is the video of Jessica Leeds' deposition, which was taken in *Carroll I* on October 13, 2022. The video is being submitted to the Court via DVD.

I declare under penalty of perjury that the foregoing is true and correct.

Dated:   New York, New York
         March 9, 2023                               Shawn G. Crowley