Joseph Tacopina, Esq.
Chad D. Seigel, Esq.
Matthew G. DeOreo, Esq.
Tacopina Seigel & DeOreo
275 Madison Avenue, 35th Floor
New York, New York 10016
Tel: 212-227-8877
Fax: 212-619-1028

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| —————————————————— | : | |
| E. JEAN CARROLL, | : | |
| *Plaintiff* | : | |
| v. | : | Civil Action No.: 1:22-cv-10016-LAK |
| | : | |
| DONALD J. TRUMP, | : | |
| | : | |
| *Defendant.* | : | |
| —————————————————— | : | |

## DEFENDANT DONALD J. TRUMP'S
## REPLY MEMORANDUM OF LAW
## IN SUPPORT OF HIS MOTION FOR PARTIAL SUMMARY JUDGMENT

## <u>TABLE OF CONTENTS</u>

TABLE OF AUTHORITIES....................................................................................................ii

INTRODUCTION.................................................................................................................1

ARGUMENT......................................................................................................................1

      PLAINTIFF'S DEFAMATION CLAIM IS BARRED BY
      THE ABSOLUTE LITIGATION PRIVILEGE.......................................................1

          I      The Precedents Cited by Trump Applying Section 74 Are Well-Established
                  and Plaintiff Fails to Even Attempt to Distinguish
                  Them..........................................................................................................1

          II     Application of These Clear Precedents to This Case.......................................7

CONCLUSION..................................................................................................................10

i

## <u>TABLE OF AUTHORITIES</u>

<u>CASES:</u>

*Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427 (E.D.N.Y. 2013)................................3, 6

*Baiul v. NBCUniversal Media, LLC*, No. 13 CIV. 2205 KBF, 2014
WL 1651943 (S.D.N.Y. Apr. 24, 2014), aff'd, 607 F. App'x 18 (2d Cir. 2015)........................3, 6

*Branca v. Mayesh*, 101 A.D.2d 872 (2d Dep't 1984)
aff'd, 63 N.Y.2d 994 (1984)...................................................................................................6

*Burke v. Newburgh Enlarged City Sch. Dist.*, 195 A.D.3d 674 (2d Dep't 2021)..............3, 6, 9-10

*Cholowsky v. Civiletti,* 69 A.D.3d 110 (2d Dep't. 2009)...................................................2

*Corp. Training Unlimited, Inc. v. Nat'l Broad. Co.,* 868 F. Supp. 501 (E.D.N.Y. 1994)..............4

*Doe v. Baram*, No. 20 CIV. 9522 (ER), 2021WL 4847076
(S.D.N.Y. Oct. 15, 2021).......................................................................................................3, 6

*Easton v. Pub. Citizens, Inc.,* No. 91 CIV. 1639 (JSM), 1991
WL 280688 (S.D.N.Y. Dec. 26, 1991), aff'd, 969 F.2d 1043 (2d Cir. 1992)..................................2

*Fine v. ESPN, Inc.*, 11 F. Supp. 3d 209 (N.D.N.Y. 2014)..........................................................4, 5

*Fishof v. Abady*, 280 A.D.2d 417 (1st Dep't 2001)...................................................................3, 6

*Ford v. Levinson*, 90 A.D.2d 464 (1st Dep't 1982)..................................................................3, 6

*Glantz v. Cook United, Inc.*, 499 F. Supp. 710 (E.D.N.Y. 1979) ................................................6

*Haynes v. Bonner,* 69 Misc. 3d 1201(A), (Sup. Ct. NY Co. 2020).........................................2, 3, 6

*Holy Spirit Ass'n for Unification of World Christianity v. New York Times Co.,*
49 N.Y.2d 63 (1979)..............................................................................................................3

*Hudson v. Goldman Sachs & Co*, No. 600502/00, 2000
WL 35928688 (Sup. Ct. N.Y. Co. Dec. 18, 2000)..........................................................................3

*Jeanty v. Cerminaro,* No. 21-1974-CV, 2023
WL 325012 (2d Cir. Jan. 20, 2023)..............................................................................................2

*Lacher v. Engel*, 33 A.D.3d 10, 17 (1st Dep't 2006)................................................................3, 6

*Marom v. Town of Greenburgh,* No. 18 CIV. 7637 (JCM), 2020
WL 978514 (S.D.N.Y. Feb. 28, 2020)...........................................................................2

*McNally v. Yarnall*, 764 F. Supp. 853, 856 (S.D.N.Y. 1991)......................................3, 6

*Mulder v. Donaldson, Lufkin & Jenrette,* 208 A.D.2d 301 (1st Dep't 1995).............3, 9

*Pisani v. Staten Island Univ. Hosp.,* 440 F. Supp. 2d 168 (E.D.N.Y. 2006)...............2-3

*Riel v. Morgan Stanley*, No. 06 CV 524 (TPG), 2007
WL 541955 (S.D.N.Y. Feb. 16, 2007), aff'd 299 F. App'x 91 (2d Cir. 2008)......................3, 6, 10

*Silver v. Kuehbeck*, No. 05 CIV. 35 (RPP), 2005
WL 2990642 (S.D.N.Y. Nov. 7, 2005), aff'd, 217 F. App'x 18 (2d Cir. 2007).........................3, 6

*Southridge Cap. Mgmt., LLC. v. Lowry*, No. 01 CIV.4880 RO, 2003
WL 68041  (S.D.N.Y. Jan. 7, 2003).................................................................................6

*US Dominion, Inc. v. Fox News Network, LLC,* No. CV N21C-03-257 EMD, 2021
WL 5984265 (Del. Super. Ct. Dec. 16, 2021)...............................................................2

*Wenz v. Becker*, 948 F. Supp. 319 (S.D.N.Y. 1996)..................................................4, 5

*Wexler v. Allegion (UK) Ltd.,* 374 F. Supp. 3d 302 (S.D.N.Y. 2019)......................3, 5, 6

*W.S.R. by & through Richardson v. FCA US, LLC*, No. 18-CV-6961 (KMK), 2022
WL 4648403 (S.D.N.Y. Sept. 30, 2022)........................................................................1

## STATUTES/RULES

New York Civil Rights Law §74............................................................................1-6, 10

iii

**INTRODUCTION**

Defendant Donald J. Trump ("Trump" or "Defendant"), by and through his undersigned counsel, respectfully submits this Reply Memorandum of Law in support of his Motion for Partial Summary Judgment, seeking the dismissal of Plaintiff's defamation claim (Count II of the Complaint filed in this action [*Carroll II*]) in its entirety with prejudice, with such other and further relief as the Court deems just and proper.[1]

**ARGUMENT**

**PLAINTIFF'S DEFAMATION CLAIM IS BARRED BY
THE ABSOLUTE LITIGATION PRIVILEGE**

**I.      The Precedents Cited by Trump Applying Section 74 Are Well-Established,
and Plaintiff Fails to Even Attempt to Distinguish Them**

In Trump's moving Memorandum of Law ("Moving MOL")[2], Trump argued that the absolute litigation privilege provided by New York Civil Rights Law §74 compels the dismissal of Count II of the Complaint because: (a) New York courts liberally interpret Section 74's fair and true report standard; (b) the liberal fair and true report standard does not require a defamation defendant to use the exact words asserted in the underlying  proceeding; (c) substantially accurate descriptions of a party's position in the underlying proceeding are clearly privileged under Section 74; (d) statements that merely summarize a party's pleadings in the underlying litigation are equally protected; (e) statements describing the background material regarding their positions in the underlying case are protected; and (f) Section 74 applies equally to non-media defendants who are also parties (or counsel for such parties) to the underlying litigation.  Plaintiff utterly fails to credibly explain how these clear legal precedents

---

[1] Trump did not file a *Reply* Rule 56.1 Statement because such reply statements are not permitted, and thus, he has not admitted anything asserted in Plaintiff's *Opposition* Rule 56.1 Statement. *See, e.g., W.S.R. by & through Richardson v. FCA US, LLC*, No. 18-CV-6961 (KMK), 2022 WL 4648403, at *2 n. 2 (S.D.N.Y. Sept. 30, 2022)(citing numerous cases).

[2] Any other abbreviations herein refer to the abbreviations used in the Moving MOL.

do not apply here, and thus, Count II should be dismissed.

As to a Court's obligation to liberally construe Section 74, Trump cited multiple clear cases supporting that black-letter law – none of which Plaintiff even attempted to distinguish.[3] Instead, Plaintiff argues that (a) these well-established precedents concerning liberal construction of Section 74 should be rejected by this Court because they purportedly conflict with a case from the Superior Court of Delaware – *US Dominion, Inc. v. Fox News Network, LLC*, No. CV N21C-03-257 EMD, 2021 WL 5984265 (Del. Super. Ct. Dec. 16, 2021); and (b) these well-established precedents do not apply when the alleged defamatory statement of the defendant accuses the plaintiff of more serious conduct than the defendant did in the underlying litigation.

The *US Dominion Case* does not state that Section 74 should not be liberally construed.  It merely cites to a New York case (*Cholowsky*) for the proposition that Section 74 does not apply if the alleged defamatory statement made "it impossible for the ordinary viewer, listener or reader to determine whether defendant was reporting on a judicial proceeding ...." *Cholowsky v. Civiletti*, 69 A.D.3d 110, 114–15 (2d Dep't 2009).  As demonstrated below and in the Moving MOL (pp. 3-10), the October 12, 2022 Statement clearly informed its reader that it is about *Carroll I*, which is the exact opposite of making it "impossible" for the reader to understand that such a statement was about *Carroll I*.

Additionally, as demonstrated below and in the Moving MOL (pp. 3-10), the October 12, 2022 Statement does not accuse Plaintiff of more serious conduct, because in *Carroll I*, Trump filed an answer alleging that Plaintiff lied about the rape in order to sell her book. Furthermore, the case that Plaintiff cites (*Pisani*) for this proposition pertains to an underlying proceeding where the *allegations*

---

[3] *Jeanty v. Cerminaro*, No. 21-1974-CV, 2023 WL 325012, at *2 (2d Cir. Jan. 20, 2023); *Marom v. Town of Greenburgh*, No. 18 CIV. 7637 (JCM), 2020 WL 978514, at *6 (S.D.N.Y. Feb. 28, 2020); *Easton v. Pub. Citizens, Inc.*, No. 91 CIV. 1639 (JSM), 1991 WL 280688, at *3 (S.D.N.Y. Dec. 26, 1991), aff'd, 969 F.2d 1043 (2d Cir. 1992); *Haynes v. Bonner*, 69 Misc. 3d 1201(A), *4 (Sup. Ct. NY Co. 2020).

of the misconduct of the defamation plaintiff (an employee of the defamation defendant) *were denied* by the defamation defendant (effect on listener was that the defamation defendant denied the allegations against its employee [the defamation plaintiff]), as opposed to the defamation defendant's later statement that *admitted* the misconduct of its employee (effect on listener was that the allegations were now admitted). *See Pisani v. Staten Island Univ. Hosp.*, 440 F. Supp. 2d 168, 178 (E.D.N.Y. 2006)(The "complaint only contains allegations, the settlement explicitly denies admission of those allegations, and yet the Hospital statement **admits the misconduct** of former executives.")(emphasis added). *Pisani* clearly has no application here, because this is not a case of denied allegations in a proceeding, which are thereafter admitted. Trump has always denied Plaintiff's allegations, and thus, the effect on the reader has always been the same.

It is also black-letter law that the fair and true report standard does not require exact words of the underlying proceeding to be mentioned in the alleged defamatory statement, and that substantially accurate descriptions of a party's pleading or position (including background material regarding the declarant's position) in the underlying proceeding are privileged under Section 74. Trump cited numerous cases supporting that well established law – **none** of which Plaintiff even attempted to distinguish.[4]

Instead, Plaintiff argues that (a) an overlap between the underlying proceeding and the alleged defamatory statement is not enough for Section 74 to apply; (b) Section 74 will only apply when the

---

[4] *Holy Spirit Ass'n for Unification of World Christianity v. New York Times Co.*, 49 N.Y.2d 63, 67 (1979); *see also Doe v. Baram*, No. 20 CIV. 9522 (ER), 2021 WL 4847076, at *5 (S.D.N.Y. Oct. 15, 2021); *Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302, 311 (S.D.N.Y. 2019); *Baiul v. NBCUniversal Media, LLC*, No. 13 CIV. 2205 KBF, 2014 WL 1651943, at *17 (S.D.N.Y. Apr. 24, 2014), aff'd, 607 F. App'x 18 (2d Cir. 2015); *Aguirre v. Best Care Agency, Inc.*, 961 F. Supp. 2d 427, 456 (E.D.N.Y. 2013); *Riel v. Morgan Stanley*, No. 06 CV 524 (TPG), 2007 WL 541955, at *10 (S.D.N.Y. Feb. 16, 2007), aff'd, 299 F. App'x 91 (2d Cir. 2008); *Silver v. Kuehbeck*, No. 05 CIV. 35 (RPP), 2005 WL 2990642, at *16 (S.D.N.Y. Nov. 7, 2005), aff'd, 217 F. App'x 18 (2d Cir. 2007); *McNally v. Yarnall*, 764 F. Supp. 853, 856 (S.D.N.Y. 1991); *Burke v. Newburgh Enlarged City Sch. Dist.*, 195 A.D.3d 674, 676 (2d Dep't 2021); *Lacher v. Engel*, 33 A.D.3d 10, 17 (1st Dep't 2006); *Fishof v. Abady*, 280 A.D.2d 417, 417–18 (1st Dep't 2001); *Mulder v. Donaldson, Lufkin & Jenrette*, 208 A.D.2d 301, 310 (1st Dep't 1995); *Ford v. Levinson*, 90 A.D.2d 464, 465 (1st Dep't 1982); *Haynes*, 69 Misc. 3d 1201(A), * 2; *Hudson v. Goldman Sachs & Co*, No. 600502/00, 2000 WL 35928688 (Sup. Ct. N.Y. Co. Dec. 18, 2000).

defamatory statement uses legal terminology and cites, quotes or refers to the underlying proceeding; (c) Section 74 does not apply to statements that concern the underlying facts of the prior proceeding; (d) the defamatory statement cannot be an independent attack that causes the plaintiff additional harm; and (e) Section 74 does not apply to an alleged defamatory statement concerning a pending defamation case. Beyond the obvious argument that these assertions conflict with the above cases that Plaintiff does not even attempt to distinguish, the Court should reject them for additional reasons, which all center upon Plaintiff attempting to create her own law that narrowly construes Section 74 and citing to cases that in no way support her newly-created legal propositions.

**First**, none of the cases cited by Plaintiff (*Fine* and *Corp. Training*) hold that Section 74 cannot apply when the defamatory statement only overlaps the judicial proceeding. In *Fine v. ESPN, Inc.*, the Court merely held: "An overlap between the subject matter of the report and the subject matter of a proceeding does not suffice; the ordinary viewer or reader must be able to determine from the publication itself that the publication is reporting on the proceeding." 11 F. Supp. 3d 209, 216 (N.D.N.Y. 2014). As demonstrated below and in the Moving MOL (pp. 3-10), any reader of the October 12, 2022 Statement would know that Trump was speaking about *Carroll I*. In *Corp. Training Unlimited, Inc. v. Nat'l Broad. Co.*, the Court does not even mention the word "overlap" nor hold anything near what Plaintiff claims that it does. 868 F. Supp. 501 (E.D.N.Y. 1994).

**Second**, the sole case Plaintiff cites (*Wenz*) does not hold that Section 74 will only apply when the defamatory statement uses legal terminology and cites, quotes or refers to the underlying proceeding. The *Wenz* case dealt with whether Section 74 could apply to a defamatory statement concerning a judicial document that had not even been filed as of the time of the alleged defamatory statement. Here, *Carroll I* and Trump's Answer in that case were filed *years* prior to the October 12, 2022 Statement. *Wenz v. Becker*, 948 F. Supp. 319, 323 (S.D.N.Y. 1996)("In March 1995, when Becker

allegedly made the statement to Fortune magazine during an interview, ProGroup had not yet filed its answer and counterclaims in which the assertion was contained.").

**Third**, the two cases (*Fine* and *Wexler*) that Plaintiff cites to support her concocted "underlying facts" rule fail to support that baseless legal proposition. The Courts in *Fine* and *Wexler* merely held: "If context indicates that a challenged portion of a publication focuses exclusively on underlying events, **rather than an official proceeding** relating to those events, that portion is insufficiently connected to the proceeding to constitute a report of that proceeding." *Fine*, 11 F. Supp. 3d at 217 (emphasis added); *see also Wexler v. Allegion (UK) Ltd.*, 374 F. Supp. 3d 302, 313 (S.D.N.Y. 2019)(holding same). Here, the October 12, 2022 Statement does not focus exclusively on underlying events rather than an official proceeding relating to those events, because, as demonstrated below and in the Moving MOL (pp. 3-10), the October 12, 2022 Statement specifically refers to the *Carroll I* judicial proceeding.

**Fourth**, Plaintiff's newly created "independent attack" rule of law is simply not supported by the sole case Plaintiff cites (*Wenz*) for that proposition.  In *Wenz*, the "independent attack" phrase was used in the opinion only when the Court was *summarizing Wenz's argument* – it was not a holding of the Court, and the Court never adopted that argument. *Wenz v. Becker*, 948 F. Supp. 319, 323 (S.D.N.Y. 1996)("According to Wenz, Becker did not report on the nature or status of the pending litigation. Rather, he simply issued an independent attack on Wenz's integrity.").  Again, the *Wenz* decision concerned a defamatory statement concerning a judicial document that had not been filed yet. Regardless, as demonstrated below and in the Moving MOL (pp. 3-10), the October 12, 2022 Statement specifically "reports on the nature" of the *Carroll I* judicial proceeding.

**Fifth**, Plaintiff's argument that Section 74 should not apply when the underlying proceeding is a defamation claim is absurd because she cites no case to support that assertion and cites to a case

(*Glantz*) that applies Section 74 to an underlying defamation case, which Trump cited in the Moving MOL[5].

As to the black-letter law that Section 74 applies equally to non-media defendants who are parties (or counsel for such parties) to the underlying litigation, Trump cites to multiple cases supporting that argument, none of which Plaintiff attempts to distinguish.[6]

Instead, Plaintiff merely argues that Section 74 historically has been applied to media defendants more than to non-media defendants who have an interest in the underlying proceedings. In other words, Plaintiff is arguing that if a rule of law is usually applied more to defendant *Type A* than to defendant *Type B*, that automatically means that the numerous cases applying it to defendant *Type B* are wrong and should be disregarded. This is absurd and essentially claims that the numerous judges in the above-referenced cases (footnote 6) are less qualified to interpret Section 74 than Plaintiff is. *See, e.g., Branca v. Mayesh*, 101 A.D.2d 872, 873 (2d Dep't 1984)("While statutory predecessors to section 74 limited the privilege to members of the media who acted without malice, the privilege now extends to 'any person', whether or not he acts with malice."), aff'd, 63 N.Y.2d 994 (1984).

Finally, Plaintiff's bizarre argument that this Court should only follow opinions of the New York Court of Appeals concerning legal issues pertaining to Section 74 should be summarily rejected by the Court, because Plaintiff fails to cite to any New York Court of Appeals case that either supports her

---

[5] *See Glantz v. Cook United, Inc.*, 499 F. Supp. 710, 715 (E.D.N.Y. 1979)("[W]e cannot accept plaintiff's position that § 74 should not be applied to reports of libel actions. It may appear somewhat unfortunate that plaintiffs in such cases, by reason of § 3016 of the C.P.L.R., must plead the allegedly libelous statements and thus open themselves to the risk of their republication. However, libel actions, as most others, are public. As such, they may be fairly reported. *** [P]laintiff has not presented us with one compelling reason to bar application of the literal words of § 74. In the absence of such a reason we are compelled to treat defendants' 'report' of the Glantz v. Scoppetta libel action as we would treat the report of any other public judicial proceeding. Thus, if it was 'fair and true' it was privileged.").

[6] *Branca v. Mayesh*, 101 A.D.2d 872, 873 (2d Dep't 1984), aff'd, 63 N.Y.2d 994 (1984); *Haynes*, 69 Misc. 3d 1201(A), *4; *Aguirre*, 961 F. Supp. 2d 427 at 457; *Baiul*, 2014 WL 1651943, at *17; *Doe*, 2021 WL 4847076, at *5; *Wexler*, 374 F. Supp. 3d at 311; *Southridge Cap. Mgmt., LLC. v. Lowry*, No. 01 CIV.4880 RO, 2003 WL 68041, at *2 (S.D.N.Y. Jan. 7, 2003); *Riel*, 2007 WL 541955, at *10; *Lacher*, 33 A.D.3d at 17; *Ford*, 90 A.D.2d at 465; *Silver*, 2005 WL 2990642, at *16; *McNally*, 764 F. Supp. at 856; *Fishof*, 280 A.D.2d at 417; *Burke*, 195 A.D.3d at 676.

newly-created legal theories or contradicts the numerous cases cited by Trump (many of which were affirmed by the New York Court of Appeals), and the vast majority of the cases she cites are not from the New York Court of Appeals.

## II.      Application of These Clear Precedents to This Case

For multiple reasons, the above cases cited by Trump (all of which are not distinguished by Plaintiff) and the well-established black-letter law that such precedents clearly support, when applied to the undisputed facts of this case, clearly mandate the granting of this motion.

**First**, as demonstrated above, Trump's alleged defamatory statements in the October 12, 2022 Statement obviously concerned *Carroll I*[7]. (Moving MOL at pp. 3-10).  **Second**, the "Three Categories of Alleged Falsity"[8] of the October 12, 2022 Statement concern the same exact issues that were being litigated in *Carroll I.* (Moving MOL at p. 4). Accordingly, when Trump made the October 12, 2022 Statement concerning the Three Categories of Alleged Falsity, all that he was doing was summarizing and/or restating his allegations (*i.e.* his denials and affirmative defenses) asserted in his Answer filed in *Carroll I*. (*Id.*)

**Third**, when Trump stated that he did not rape Plaintiff in the October 12, 2022 Statement, he was only repeating and summarizing his allegations and positions taken in his *Carroll I* Answer. (Moving MOL at pp. 3-10).[9] **Fourth**, when Trump stated, in the October 12, 2022 Statement,  that he

---

[7] The first sentence of such statement reads: "This 'Ms. Bergdorf Goodman **case**' is a complete con job ...." (*Carroll II* Complaint ¶ 92)(Ex. C)(emphasis added)(T.56.1 ¶7).  Clearly, prior to the filing of *Carroll II*, there was no other "Bergdorf Goodman case" concerning Plaintiff and Trump other than *Carroll I.*  Trump, in the October 12, 2022 Statement, also made another obvious reference to *Carroll I,* when he cited to this Court being reversed by the Second Circuit in *Carroll I* ("This decision is from the Judge who was just *overturned* on *my same case.*" (*Carroll II* Complaint ¶ 92)(Ex. C)(emphasis added)(T.56.1 ¶8).  Thus, Trump was clearly speaking of the *Carroll I* case when he made the October 12, 2022 Statement.

[8] The Three Categories of Alleged Falsity are whether (a) Trump raped Plaintiff; (b) Trump knew Carroll in the 1990s or subsequently when he made the October 12, 2022 Statement; and (c) Plaintiff made up the false accusation (or hoax, scam or ploy) of rape to increase sales for her new book.

[9] *Compare Carroll I* Complaint at ¶¶ 13, 85,90, 93, 100, 115-118 with *Carroll I* Answer at ¶¶ 13, 85, 90, 93, 100, 115-118, and 150)(Exs. A and B)(T.56.1 ¶16).

did not know Plaintiff at the time of the October 12, 2022 Statement, nor in the 1990s, he was only repeating and summarizing his allegations and positions taken in his *Carroll I* Answer. (Moving MOL at pp. 3-10).[10]

**Fifth**, when Trump stated, in the October 12, 2022 Statement, that Plaintiff made the false rape allegation against him in order to enhance the sales of her book, he was only repeating and summarizing his allegations and positions taken in his *Carroll I* Answer. (Moving MOL at pp. 3-10).[11] Accordingly, the October 12, 2022 Statement does not accuse Plaintiff of more serious conduct, especially since the only alleged defamatory portions of that statement pertain to Trump stating that (a) he did not rape Plaintiff; (b) he did not know Carroll in the 1990s or subsequently when he made the October 12, 2022 Statement; and (c) Plaintiff made up the false accusation (or hoax, scam or ploy) of rape to increase sales for her new book.  Plaintiff may feel that those issues concern serious misconduct, but it is the same serious misconduct that Trump attributed to her in his Answer filed in *Carroll I*; therefore, the latter is no more serious than the former and the effect on the reader is the exact same.

**Sixth**, the portions of the October 12, 2022 Statement concerning the Anderson Cooper interview (which Plaintiff has not even alleged to be defamatory) clearly related to the underlying facts of *Carroll I,* and when Trump spoke about that interview in the October 12, 2022 Statement, all he was doing was referring to the same subject matter as alleged in the *Carroll I* Complaint. (Moving MOL at pp. 3-10).[12] Therefore, Trump's reference to the Anderson Cooper interview was an accurate

---

[10] *Compare Carroll I* Complaint at ¶¶ 13, 24, 25, 86, 87, 94, 113 and 114 with *Carroll I* Answer at ¶¶ 13, 24, 25, 86, 87, 94, 113-114, and 150)(Exs. A and B)(T.56.1 ¶20).

[11] *Compare Carroll I* Complaint at ¶¶ 11, 88 and 116 with *Carroll I* Answer at ¶¶ 11, 88, 116, and 150)(Exs. A and B)(T.56.1 ¶24).

[12] T.56.1 ¶¶25-30.

description of his position in *Carroll I*, or at the very least, a description of background material regarding his positions taken in *Carroll I*.

**Seventh**, Trump's five-word reference to the New York Attorney General ("just look at Peekaboo James") has zero relevance to this case because it has nothing to do with Plaintiff's defamation claim. She never once alleges that "just look at Peekaboo James" is an assertion of fact, is false, is about her, causes the reader to think less of her, or has even injured her reputation. Her defamation claim needed to be pled with specificity and she cannot rewrite it now a month before trial. Additionally, the "Peekaboo James" comment relates to Trump's protected opinion about the legal system in the context of his displeasure with *Carroll I* (the "'Ms. Bergdorf Goodman' case"): "This 'Ms. Bergdorf Goodman' case is a complete con job, and our legal system in this Country, but especially in New York State (just look at Peekaboo James), is a broken disgrace." Moreover, contrary to Plaintiff's fact-inventing assertion that Trump, in the October 12, 2022 Statement, accused Plaintiff of conspiring with members of the legal community, that statement does not contain the word conspiracy or conspire, nor can any reasonable reader come to the conclusion that he is referring to any conspiracy.

**Ninth**, in Trump's Answer filed in *Carroll I*, he clearly accuses Plaintiff of lying about the rape in order to sell her book. *See* footnotes 9-11 above. That judicial assertion cannot cause the reader to think anything more positive about Plaintiff than what such a reader would think after reading the October 12, 2022 Statement – the effect on the reader is the exact same.

Consequently, Trump's above-referenced statements contained in the October 12, 2022 Statement (a) were "a substantially accurate description of [a party's] position in ... [a] proceeding [*i.e. Carroll I*]," *Mulder*, 208 A.D.2d at 310 (1st Dep't 1995); (b) "essentially summariz[ed] or restat[ed] the allegations of a pleading filed in an action [*i.e.* Trump's Answer filed in *Carroll I*]," *Burke*, 195

A.D.3d at 676; and (c) were a "release by [a] part[y] of background material regarding [his] positions in the case [*i.e.* the reference to the Anderson Cooper interview]," *Riel*, 2007 WL 541955, at *10.

Accordingly, Trump's above-referenced statements are protected by the absolute litigation privilege afforded by Civil Rights Law § 74, and Count II of the *Carroll II* Complaint, which wholly arises from the above-referenced statements, should be dismissed with prejudice.

## CONCLUSION

For the foregoing reasons, Defendant Trump respectfully requests that the Court grant his Motion for Partial Summary Judgment, dismiss Plaintiff's defamation claim (Count II of the *Carroll II* Complaint) with prejudice, and grant such further and other relief as the Court deems just and equitable.

Dated: New York, New York
March 16, 2023

TACOPINA, SEIGEL & DeOREO

By: _____
Joseph Tacopina, Esq.
Chad Seigel, Esq.
Matthew G. DeOreo, Esq.
275 Madison Ave., Fl. 35
New York, New York 10016
Tel: (212) 227-8877
Fax: (212) 619-1028
jtacopina@tacopinalaw.com
cseigel@tacopinalaw.com
mdeoreo@tacopinalaw.com

Counsel for Defendant, Donald J. Trump

_____
Alina Habba, Esq.
HABBA MADAIO & ASSOCIATES LLP
1430 US Highway 206, Suite 240
Bedminster, New Jersey 07921
-and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com

Counsel for Defendant, Donald J. Trump

10