**HABBA MADAIO & ASSOCIATES LLP**
Alina Habba, Esq.
Michael T. Madaio, Esq.
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
       -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
*Attorneys for Defendant, Donald J. Trump*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E. JEAN CARROLL,<br><br>                    *Plaintiff,*<br><br>        v.<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>                    *Defendant.* | Civil Action No.: 1:20-cv-7311-LAK-JLC |

**DEFENDANT DONALD J. TRUMP'S**
**REPLY IN SUPPORT OF MOTIONS *IN LIMINE***

Alina Habba, Esq.
Michael T. Madaio, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
       -and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com
       mmadaio@habbalaw.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ...................................................................................... ii

PRELIMINARY STATEMENT .................................................................................1

ARGUMENT ..............................................................................................................1

    I.       The Court Should Preclude the Testimony of Stoynoff and Leeds ........................1

        A.  Rule 415 Mandates the Exclusion of Stoynoff's and Leeds' Testimony..........1

        B.  The Proposed Testimony Cannot Be Admitted as *Modus Operandi* Evidence.4

        C.  Even If Otherwise Admissible, The Testimony of Ms. Stoynoff And Ms. Leeds Must Be Precluded Under Rules 402 and 403 ..................................................6

    II.     The Access Hollywood Tape is Inadmissible .........................................................6

    III.    Despite Plaintiff's Claims to the Contrary, The Videos of Defendant's Campaign Speeches Must be Deemed Inadmissible by this Court .........................................7

        A.  The Campaign Videos Should Be Precluded Under Rule 404(b)(2) ...............7

        B.  The Campaign Videos Should Similarly Be Inadmissible Under Rule 403 ......9

    IV.    The Court Should Preclude Evidence of Any Purported Emotional Harm Arising From the Alleged Incident ....................................................................................10

CONCLUSION..........................................................................................................10

# TABLE OF AUTHORITIES

*Cases*

*Boyce v. Weber,*

 19-CV-3825 (JMF), 2021 WL 2821154, at *9 (S.D.N.Y. July 7, 2021) ................................ 2

*Carroll v. Trump,*

 22-CV-10016 (LAK) (S.D.N.Y. 2022) ................................................................................ 10

*Rapp v. Fowler,*

 No. 20-CV-9586 (LAK), 2022 WL 5243030 (S.D.N.Y. Oct. 6, 2022) .................................. 3

*United States v. Anglin,*

 No. 98-CR-147, 1998 U.S. Dist. LEXIS 7302, 1998 WL 252078, at *2 (S.D.N.Y. May 19, 1998) ................................................................................................................................ 8

*United States v. Barnason,*

 852 F. Supp. 2d 367, 372 (S.D.N.Y. 2012) ........................................................................ 1

*United States v. Benedetto,*

 571 F.2d 1246, 1249 (2d Cir. 1978) .................................................................................. 7

*United States v. Danzey,*

 594 F.2d 905, 911 (2d Cir.1979) ....................................................................................... 6

*United States v. Mills,*

 895 F.2d 897, 907 (2d Cir. 1990) ................................................................................. 4, 6

*United States v. Mohamed,*

 148 F. Supp. 3d 232 (E.D.N.Y. 2015) ................................................................................ 5

*United States v. Peña,*

 978 F. Supp. 2d 254, 260 (S.D.N.Y. 2013) ........................................................................ 6

*United States v. Reese*,

    33 F.Supp.2d 579, 582 (S.D.N.Y. 2013) ...................................................................6

*United States v. Schohn,*

    No. 19-CR-139-A, 2022 U.S. Dist. LEXIS 84527, at *26 n.8 (W.D.N.Y. May 10, 2022)......3

## **Rules and Statutes**

18 U.S.C.A. § 7 ....................................................................................................................4, 5

8 U.S.C. Chapter 109A ........................................................................................................3, 5

18 U.S.C. §§ 2241, 2242, 2243, and 2244 ..........................................................................3, 4

Fed. R. Evid. 402 ....................................................................................................................6

Fed. R. Evid. 404 ........................................................................................................2, 6, 7, 8, 9

Fed. R. Evid. 413 ..................................................................................................................2, 4, 5

Fed. R. Evid.414 ....................................................................................................................2

Fed. R. Evid. 415 ..............................................................................................................1, 2, 6

Fed. Prac. & Proc. Evid. § 5403 ..........................................................................................2, 9

Defendant, Donald J. Trump ("Defendant"), by and through his undersigned attorneys, Habba Madaio & Associates LLP, respectfully submits this reply memorandum of law in support of his Motions *in Limine*.

## PRELIMINARY STATEMENT

Plaintiff, E. Jean Carroll ("Plaintiff") in her opposition, attempts to rely on irrelevant, unduly prejudicial evidence to support her sole claim of defamation. However, even after mischaracterizing the Federal Rules of Evidence and controlling case law, she has failed to assert a valid basis for permitting the admission of the evidence at issue. Therefore, it is respectfully submitted that Defendant's Motions *in Limine* be granted in their entirety.

## ARGUMENT

### I.    THE COURT SHOULD PRECLUDE THE TESTIMONY OF STOYNOFF AND LEEDS

#### A.    Rule 415 Mandates The Exclusion of Stoynoff's and Leeds' Testimony

*First,* as this case is not one "based on" sexual assault, the Rule 415 exception cannot apply to Stoynoff's and Leeds' testimony. "As an initial step, it must first be determined whether [Rule] 415 is applicable." *United States v. Barnason*, 852 F. Supp. 2d 367, 372 (S.D.N.Y. 2012). The application of Rule 415 is limited to a "civil case involving a claim for relief based on a party's alleged sexual assault." Fed.R.Evid. 415. As detailed at length in Defendant's moving papers, there are two distinct approaches that have been utilized to determine what qualifies as a claim "based on" an alleged sexual assault. First, there is the "categorical approach", endorsed by the Federal Practice and Procedure Treatise (Wright and Miller), which explains that under this approach "the court is confronted with a claim "based on" a sexual offense only when the elements of that offense are also elements of the civil claim itself. Fed. Prac. & Proc. Evid. § 5403 (2d ed. 2020) (scope of

Rule 415) (suggesting the same interpretation of "involving" under Rules 413 and 414 and citing cases identifying the issue).

Plaintiff argues that this court should adopt an alternative approach (a "fact-based approach") wherein a court is permitted to broadly consider "whether an alleged sexual assault constitutes a factual premise of the plaintiff's claim." *Boyce v. Weber*, 19-CV-3825 (JMF), 2021 WL 2821154, at *9 (S.D.N.Y. July 7, 2021). Plaintiff, however, principally relies on non-binding authority in characterizing the categorical approach as the "minority position." Pl. Mem. at (ECF 138) ("Pl. Mem."). In setting forth this argument, Plaintiff ignores the rationale underlying the categorical approach, as the fact-based approach would broaden the scope of the Rule to a significant degree and risk upending Rule 404 in a manner that was never intended by Congress. This is a defamation case, which does not have sexual assault as an element, and thus the categorical approach prohibits the application of Rule 415.

*Second*, assuming, *arguendo,* that Rule 415 applies, there can be no reasonable dispute that Defendant's alleged misconduct toward Stoynoff and Leeds does not rise to the level of sexual assault for the purposes of Rule 413(d). The term "sexual assault" is derived from Rule 413(d), which defines it as conduct that is "a crime under federal law or under state law" and which also involves:

> (1) any conduct prohibited by 18 U.S.C. chapter 109A;
> (2) contact, without consent, between any part of the defendant's body — or an object — and another person's genitals or anus;
> (3) contact, without consent, between the defendant's genitals or anus and any part of another person's body;
> (4) deriving sexual pleasure or gratification from inflicting death, bodily injury, or physical pain on another person; or
> (5) an attempt or conspiracy to engage in conduct described in subparagraphs (1)–(4).

> [Fed. R. Evid. 413(d).]

Plaintiff, in her opposition, readily concedes that 413(d)(2)–(4) have no application in the case at bar. Nor could they, as the non-party witnesses did not testify that Defendant made any contact with either witnesses' genitals or anus, nor that the inflicted death, bodily injury, or physical pain upon them. Instead, Plaintiff half-heartedly attempts to argue that 413(d)(1) and 413(d)(5) apply in the case herein. Neither argument should be countenanced by this Court.

As to Rule 413(d)(1), it is blackletter law that any conduct that is prohibited by 18 U.S.C. Chapter 109A must occur "*in the special maritime and territorial jurisdiction of the United States or in a Federal prison, or in any prison, institution, or facility in which persons are held in custody by direction of or pursuant to a contract or agreement with the head of any Federal department or agency.*" See 18 U.S.C. §§ 2241(a)-(b), 2242, 2243(a)-(b), and 2244(a)-(b) (emphasis added). Plaintiff, however, disingenuously attempts to contort the requirements set forth by Rule 413(d)(1) by arguing that a movant is not bound by the Rule's territorial requirements and instead "need only to identify a federal or state crime that the other party committed by virtue of engaging in any of the conduct that Chapter 109A prohibits. *See* Pl. Mem. at 4 *citing United States v. Schohn,* No. 19-CR-139-A, 2022 U.S. Dist. LEXIS 84527, at *26 n.8 (W.D.N.Y. May 10, 2022). This is a clear misreading of the Rule. Indeed, the case that Plaintiff relies on to support this lofty proposition notes that the alleged sexual contact for Chapter 109A must apply to "any individual in the 'territorial jurisdiction of the United States.'" *Schohn*, 2022 U.S. Dist. LEXIS 84527, at *26 n.8

More importantly, this Court has already expressly rejected Plaintiff's construction of Rule 413(d)(1). In *Rapp v. Fowler*, this Court noted that "in order to constitute 'sexual assault' for the purpose of Rule 413(d), the conduct at issue must satisfy one of the five enumerated categories under that rule and, *in addition*, constitutes a crime under either federal or state law." *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2022 WL 5243030, at *1, n.4 (S.D.N.Y. Oct. 6, 2022) (emphasis

added). Again, Plaintiff only relies on two of the five enumerated categories, which are 413(d)(1) and (5), the first of which has the above-described territorial requirements that Plaintiff cannot satisfy.

Here, neither Stoynoff nor Leeds testified that their alleged encounters with Defendant took place in any of the enumerated locations considered to be within the "special maritime and territorial jurisdiction of the United States." 18 U.S.C.A. § 7[1].  Therefore, this Court should reject Plaintiff's interpretation of 413(d)(1) and find that it is inapplicable to the instant matter.

As to the other enumerated category upon which Plaintiff attempts to rely, namely Rule 413(d)(5), she creatively tries to argue that the Rule applies because, according to Plaintiff, "Stoynoff's and Leeds' testimony also clearly show that Trump "attempte[d] . . . to engage in" sexual contact and thus may be admitted on that basis alone" *See* Pl. Mem. at 5. Plaintiff's sly attempt to truncate the full text of this subsection, which states that the alleged sexual assault must involve "an attempt or conspiracy to engage in *conduct described in subparagraphs (1)–(4)*, cannot cure her failure to meet the proscribed elements. This is so, because Plaintiff fails to establish that there was an attempt to contact genitalia. *See* Defendant's Motions *in Limine* at 8 (ECF 131).

### B.  The Proposed Testimony Cannot Be Admitted as *Modus Operandi* Evidence

The testimony that Plaintiff wishes to proffer does not constitute *modus operandi* evidence because Defendant's alleged conduct toward the non-party witnesses is not sufficiently similar and distinct that it can be "ear-mark[ed] . . . as the handiwork" of Defendant to charge him as the only perpetrator who could have possibly committed the acts in question. *United States v. Mills*, 895

---

[1] As fully described in Defendant's Opposition to Plaintiff's Motions *in Limine*, neither of the alleged assaults occurred within the territorial jurisdiction of the United States. *See* Defendant's Opposition (ECF 138)

F.2d 897, 907 (2d Cir. 1990). Defendant has fully briefed this issue in his Opposition to Plaintiff's Motions in Limine (ECF 136) and incorporates the arguments set forth by reference herein.

Plaintiff primarily relies on *United States v. Mohamed*, 148 F. Supp. 3d 232 (E.D.N.Y. 2015) to support her contention that Stoynoff's and Leeds' testimony should be admitted under Rule 404(b)(2). This case, however, is readily distinguishable and directly cuts against this proposition. In *Mohammed*, the Government moved to admit evidence of a 2004 carjacking to demonstrate that the defendant was the perpetrator of the charged offense that occurred in 2000. *Id.* at 239. In its opinion, the Court carefully outlined a set of unique facts that demonstrated a common *modus operandi*. The Court held that "[d]espite the relative commonality of carjackings and Toyota pickup trucks, the combination of the presence of Toyota pickup trucks both as targets and as transportation to the crime in two carjackings, the targeting of groups including Westerners in both instances, and the tactic of shooting and seriously injuring victims who do not comply immediately, are sufficient to establish a common modus operandi." *Id.*

No such similarities can be drawn here. Plaintiff alleges that Defendant subjected her to a violent rape. Stoynoff and Leeds, however, testify to alleged attacks that pale in comparison, which consisted of purported groping and kissing. The highly distinguishable facts that are present in *Mohammed*, using the same exact vehicle, going after a unique class of victims, and the stark similarity of the killings, simply cannot be found here. Furthermore, in *Mohammed*, the proffered evidence occurred a mere four years after the commission of the charged crimes, whereas here, the alleged attacks occurred *decades* apart. As such, Plaintiff's request to introduce the testimony of Stoynoff and Leeds as *modus operandi* evidence must be denied as it is offered only for the purposed of demonstrating Defendant's purported propensity for sexual assault.

### C. Even If Otherwise Admissible, The Testimony Of Ms. Stoynoff And Ms. Leeds Must Be Precluded Under Rules 402 and 403

Assuming, *arguendo,* that one or both of the proposed testimonies of Ms. Stoynoff and/or Ms. Leeds qualify under either the Rule 415 or Rule 404(b)(2) exceptions—which they do not—such evidence is nonetheless inadmissible under Rules 402, due to irrelevance, and under 403, since the probative value of such evidence is substantially outweighed by its potential for unfair prejudice. These arguments are fully set forth in Defendant's Memorandum of Law in support of Motions *in Limine* (ECF No. 131), and Defendant fully incorporates them by reference herein.

### II. THE ACCESS HOLLYWOOD TAPE IS INADMISSIBLE

Plaintiff's attempt to admit the so-called "Access Hollywood Tape" (the "Tape") runs headlong into Rule 404's prohibition against propensity evidence. The proposed evidence does not share any unique characteristics to this case or demonstrate a *modus operandi* or pattern of misconduct. In the instant matter, Plaintiff has alleged that Defendant violently raped her. The conduct described on the Tape, which Defendant denies ever actually occurred, were made ten years *after* the purported incident took place and does not reflect the type of unique and distinctive conduct that can be "ear-mark[ed] . . . as the handiwork" of Defendant to isolate him as the only person that could have possibly committed these acts. *Mills*, 895 F.2d at 907. *See also United States v. Peña*, 978 F. Supp. 2d 254, 260 (S.D.N.Y. 2013) ("When offered to prove identity through modus operandi, the prior acts must share an unusual characteristic or signature with the charged offenses." (internal quotation marks and citations omitted)).

To qualify as evidence of a *modus operandi*, the alleged conduct must "share enough characteristics with the charged offenses that they share the 'signature' required for use in establishing a modus operandi under Rule 404(b)," *United States v. Reese,* 933 F.Supp.2d 579, 582 (S.D.N.Y. 2013) (citing *United States v. Danzey,* 594 F.2d 905, 911 (2d Cir.1979)). "[M]uch

more is demanded than the mere repeated commission of crimes of the same class, such as repeated burglaries or thefts . . . *[t]he device used must be so unusual and distinctive as to be like a signature*." *United States v. Benedetto,* 571 F.2d 1246, 1249 (2d Cir. 1978) (emphasis in original). Here, the actions described on the tape bear little resemblance to the actions that allegedly took place in or around 1995 and are not so distinct or unique to qualify as *modus operandi* evidence.

Plaintiff, in continuing her unabashed demand to admit the Tape, has made it clear that she wishes to convert this trial into a referendum on Plaintiff's character and distract the jury from determining the merits of the controlling issues of this case. As such, the proposed evidence's sole purpose is to serve as inadmissible propensity evidence and should be precluded from being presented at trial.

### III.   DESPITE PLAINTIFF'S CLAIMS TO THE CONTRARY, THE VIDEOS OF DEFENDANT'S CAMPAIGN SPEECHES MUST BE DEEMED INADMISSIBLE BY THIS COURT

In opposition to Defendant's Motion *in Limine* No. 3, Plaintiff attempts to circumvent Rules 403 and 404 of the Federal Rules of Evidence by asking this Court to admit the Defendant's campaign speeches as evidence in this action.  This argument is clearly without merit and should be summarily dismissed by this Court.

#### A.   The Campaign Videos Should Be Precluded Under Rule 404(b)(2)

One of plaintiff's apparent themes in her opposition to Defendant's Motions *in Limine* is that Defendant has a *modus operandi* of prior alleged sexual assaults that Plaintiff is attempting to use as evidence of the sexual assault alleged in this litigation.

Specifically, Plaintiff is seeking to introduce footage of campaign speeches which contain statements of the Defendant responding to false and unsubstantiated allegations of sexual assault against him.  Plaintiff's opposition goes into excruciating detail as to the content set forth in certain

portions of those campaign videos.  However, no matter how many irrelevant statements Plaintiff itemizes in her opposition, the fact remains that the introduction of these campaign videos would be in direct contravention to Rule 404(b)(2).

As set forth in Defendant's moving papers, in order for "other act" evidence to be admissible under Rule 404(b)(2), it must be relevant to a disputed issue.  The incident in question involved an alleged assault of the Plaintiff at the Bergdorf Goodman department store in the 1990's.  None of the statements contained in the campaign videos – let alone in Plaintiff's opposition to this Motion *in Limine* – reference the Plaintiff, the alleged incident at Bergdorf Goodman, or the type of distinct conduct alleged in this matter in any way. Further, these campaign videos were from the Defendant's 2016 campaign and were made **prior to** the Plaintiff's first public statements about her alleged incident. *United States v. Anglin*, No. 98-CR-147, 1998 U.S. Dist. LEXIS 7302, 1998 WL 252078, at *2 (S.D.N.Y. May 19, 1998) (finding that despite many similarities between two bank robberies including "the same type of location was chosen for both robberies . . . [and] robbery of such locations is a relatively rare occurrence in the New York Metropolitan area, . . . . the method of each robbery was not sufficiently idiosyncratic to mark it as [defendant's] modus operandi or to distinguish it from the methods used in thousands of other robberies committed each year"). Therefore, any of the statements in the campaign videos are clearly irrelevant to the alleged incident in this case or the issues to be deliberated by the jury at trial.

Accordingly, any and all campaign videos should be precluded at trial as inadmissible, pursuant to Fed.R.Evid. 404(b)(2).

8

## B.     The Campaign Videos Should Similarly Be Inadmissible Under Rule 403

Plaintiff also avers that the campaign videos "do not raise Rule 403 concerns."  This argument strains credulity.  Rule 403 specifically states that: "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: **unfair prejudice, confusing the issues, misleading the jury,** undue delay, wasting time, **or** needlessly presenting cumulative evidence." (emphasis supplied).

The lack of probative value of the campaign video statements is clearly demonstrated in Defendant's moving papers regarding Rule 404(b) (*see also* Point IIIA above) as those statements are undoubtedly irrelevant to the alleged incident and issues to be presented to the jury at trial. Here, Plaintiff alleges that a denial of a prior bad act constitutes evidence of *modus operandi*, which is a baseless proposition. The denial of a prior bad act, which would otherwise be inadmissible under Rule 404(b) to establish a defendant's propensity to commit the alleged offense, does not render the prior bad act admissible. Countenancing such an illogical contention would turn Rule 404(b) on its head. If the Court adopted Plaintiff's position, it would penalize a Defendant for asserting his or her innocence as to a prior bad act, which is palpably unfair and defeats the very purpose of Rule 404(b). Accordingly, Plaintiff's attempt to backdoor improper 404(b) evidence should be denied.

Conversely, any probative value that could possibly be attributed to the campaign videos would be substantially outweighed by unfair prejudice, confusing the issues, **and** by misleading the jury.  It is undisputed that Defendant is a well-known and controversial public figure, not to mention the 45th President of the United States.  As such, showing excerpts of 2016 campaign videos would serve no purpose but to unfairly prejudice the Defendant by diverting attention away from evidence actually pertinent to the matter *sub judice.*

Consequently, the campaign videos should be precluded from this trial and be declared inadmissible, in conjunction with Rule 403, as any probative value from these videos would be substantially outweighed by unfair prejudice as well the strong possibility of confusing the issues and misleading the jury.

## IV.    THE COURT SHOULD PRECLUDE EVIDENCE OF ANY PURPORTED EMOTIONAL HARM ARISING FROM THE ALLEGED INCIDENT

In her opposition to Defendant's Motion *in Limine* No. 4, the Plaintiff essentially concedes the Court's holding in the companion case to this action, *Carroll v. Trump,* 22-CV-10016 (LAK) (S.D.N.Y. 2022) ("*Carroll II*"), that "emotional or psychological damages, allegedly suffered by plaintiff as a result of the alleged sexual assault" are not part of this case and only relevant in *Carroll II.*  Consequently, any evidence of purported emotional harm related to the alleged incident involving the Plaintiff should be excluded by this Court as inadmissible.

Thus, for the foregoing reasons set forth herein and in the Defendant's moving papers, it is respectfully requested that the Defendant's Motion *in Limine* No. 4 be granted and any purported emotional harm arising from the alleged incident should be precluded by this Court.

## CONCLUSION

For the foregoing reasons, Defendant, Donald J. Trump, respectfully requests that the Court grant his Motions *in Limine* in their entirety.

Dated: March 2, 2023                        Respectfully submitted,
       New York, New York

                                            Alina Habba, Esq.
                                            Michael T. Madaio, Esq.
                                            HABBA MADAIO & ASSOCIATES LLP