UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,

*Plaintiff,*

v.

DONALD J. TRUMP, in his personal capacity,

*Defendant.*

Civil Action No.: 1:22-cv-10016 (LAK)

**DEFENDANT DONALD J. TRUMP'S**
**REPLY IN SUPPORT OF HIS MOTIONS *IN LIMINE***

Alina Habba, Esq.
Michael T. Madaio, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
-and-
112 West 34th Street, 17th & 18th Floors
New York, New York 10120
Telephone: (908) 869-1188

-and-

Joseph Tacopina, Esq.
Chad Seigel, Esq.
Matthew DeOreo, Esq.
**TACOPINA SEIGEL & DEOREO**
275 Madison Avenue, 35th Floor
New York, New York 10016
Telephone: (212) 227-8877

*Counsel for Defendant, Donald J. Trump*

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES ..... ii

ARGUMENT ..... 1

I. PLAINTIFF HAS FAILED TO DEFEND HER BELATED DISCLOSURE OF THE TWO BERGDORF GOODMAN WITNESSES ..... 1

II. NATASHA STOYNOFF AND JESSICA LEEDS SHOULD NOT BE PERMITTED TO TESTIFY IN *CARROLL II* ..... 7

CONCLUSION ..... 10

# TABLE OF AUTHORITIES

***Cases***

*Arthur v. Atkinson Freight Lines Corp.*,

164 F.R.D. 19, 20 (S.D.N.Y.1995) ........................................................................5

*Colon v. Linchip Logistics LLC*,

330 F.R.D. 359, 367-68 (E.D.N.Y. 2019) ..............................................................6

*Design Strategy, Inc. v. Davis,*

469 F.3d 284, 296 (2d Cir. 2006) ..........................................................................1

*Ebewo v. Martinez,*

09 F. Supp. 2d 600, 607 (S.D.N.Y. 2004) ..............................................................1

*Estate of Jaquez v. Flores*,

No. 10-CV-2881 (KBF), 2016 WL 1060841, at *8 (S.D.N.Y. Mar. 17, 2016) .......................3

*GlobalRock Networks, Inc. v. MCI Communications Services*,

943 F.Supp.2d 320, 331 ........................................................................................6

*Haas v. Del. Hudson Ry. Co.*,

282 F. App'x 84, 86 (2d Cir. 2008) .......................................................................5

*Kullman v New York,*

07-CV-716(GLS/DRH), 2009 WL 1562840, at *5 (N.D.N.Y. May 20, 2009)........................3

*Patterson v. Balsamico,*

440 F.3d 104, 117 (2d Cir. 2006) ..........................................................................4, 6, 7

*Rapp v. Fowler*,

No. 20-CV-9586 (LAK), 2022 WL 5243030, at *2 (S.D.N.Y. Oct. 6, 2022) .........................9

*Rivera v. United Parcel Serv.*,

325 F.R.D. 542, 548 (S.D.N.Y. 2018) ....................................................................6

*Softel, Inc. v. Dragon Med. & Scientific Communications, Inc.*,

118 F.3d 955, 961 (2d Cir. 1997) ....................................................................................4

*Williams v. Bethel Springvale Nurson Home, Inc.*,

14-CV-9383 (NSR), 2018 WL 1662644, at *5 (S.D.N.Y. Apr. 5, 2018)................................6

**<u>Rules and Statutes</u>**

Rule 26(a)..........................................................................................................................1, 2, 3

Rule 37(c)(1) ..........................................................................................................................1

Rule 415 ...........................................................................................................................7, 8

Defendant, Donald J. Trump ("Defendant"), by and through his undersigned attorneys, respectfully submits this reply memorandum of law in further support of his Motions *in Limine*.

## ARGUMENT

### I. PLAINTIFF HAS FAILED TO DEFEND HER BELATED DISCLOSURE OF THE TWO BERGDORF GOODMAN WITNESSES

Plaintiff, in her opposition papers, claims that two of her proposed trial witnesses, Cheryl Lee Beall and Robert Salerno, were "timely disclosed" in this action pursuant to Rule 26(a) and that Defendant simply "chose to do nothing about it." *See* ECF 77 at 2. In putting forth this disingenuous position, Plaintiff elides relevant facts and circumstances, contradicts representations she has made in prior filings, and disregards the Court's directives concerning the scope of discovery in *Carroll I* and *Carroll II* – all while neglecting to meaningfully address the merits of the issue at hand. In other words, her response is consistent with the type of underhanded conduct that she has consistently employed against Defendant throughout the course of this litigation, including the instant attempt to "sandbag[] an opposing party with new evidence" on the eve of trial. *Ebewo v. Martinez*, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004).

Rule 37(c)(1) unequivocally states that where, as here, "a party fails to . . . identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that . . . witness to supply evidence . . . at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). "Since Rule 37(c)(1) by its terms does not require a showing of bad faith," the Second Circuit has held that such a showing is not required before evidence may be precluded under Rule 37(c)(1); however, evidence of bad faith "can be taken into account as part of the party's explanation for its failure to comply." *Design Strategy, Inc. v. Davis*, 469 F.3d 284, 296 (2d Cir. 2006).

Plaintiff attempts to argue that both witnesses were timely disclosed since their names were identified in Plaintiff's Rule 26(a) Initial Disclosure in *Carroll II*. However, this argument

overlooks the limited nature of discovery proceedings in *Carroll II* and the narrow scope of issues for which the parties were allowed to seek discovery in *Carroll II*. Since the testimony of Ms. Beall and Mr. Salerno is expected to go towards "the question of whether the defendant sexually assaulted the plaintiff as she alleges," discovery of this nature was not permissible in *Carroll II* in accordance with the Court's December 21, 2022 scheduling order. *See* ECF 19 at 1. As such, the identity of these witnesses was required to be timely disclosed during the discovery proceedings in *Carroll I*.

Indeed, as evidenced by statements Plaintiff made at the inception of this action, she is well aware that her disclosure of Ms. Beall and Mr. Salerno as trial witnesses was governed by the discovery timetable in *Carroll I*, not *Carroll II*. In the Joint Proposed Discovery Plan filed in this action on December 19, 2022, Plaintiff contended that "[t]he parties and lawyers in [*Carroll I* and *Carroll II*] are the same; the facts in both actions almost completely overlap; and the parties had a full and fair opportunity in *Carroll I* to engage in discovery concerning those overlapping facts." (*See* Habba Dec., Ex. A at 1). On this premise, Plaintiff argued that "[a]ny further discovery [in *Carroll II*] into whether Defendant sexually assaulted Plaintiff . . . should not be permitted since those topics were ***fully explored*** in both fact and expert discovery." *Id.* (emphasis added). Plaintiff even went so far as to claim that it is "very hard ***if not impossible*** to conceive of any additional evidence that somehow relates to the circumstances of the sexual assault that is at the heart of the claims in both cases that would not have been relevant or discoverable by Defendant in *Carroll I*." *Id.* at 4 (emphasis added). This Court ultimately agreed with Plaintiff, noting that "the discovery taken in *Carroll I*, which has been completed, fully explored the question of whether the defendant sexually assaulted the plaintiff as she alleges" and prohibited the parties from conducting any further discovery into that issue in the present matter. *See* ECF 19 at 1. Thus, since Ms. Beall and

Mr. Salerno are both expected to testify as to matters that go toward whether the alleged incident occurred or not, the relevant deadline is the discovery cutoff date of October 1, 2022 in *Carroll I*, not the January 9, 2023 initial disclosure deadline in *Carroll II*.

As such, Plaintiff's disclosure of both witnesses was untimely. Regarding Mr. Salerno, he was not disclosed as a trial witness until January 6, 2023, more than *two weeks* after Plaintiff represented that it was "nearly impossible to conceive" of any additional fact witnesses and more than *two and a half months* after the close of fact discovery in *Carroll I. See, e.g., Estate of Jaquez v. Flores,* No. 10-CV-2881 (KBF), 2016 WL 1060841, at *8 (S.D.N.Y. Mar. 17, 2016) (precluding evidence that was first disclosed after the close of discovery because, among other things, the plaintiffs had been "clearly aware that [the relevant] issues would be hotly contested and central to the case, and merely sought to sandbag the defendants at this late hour," noting that the plaintiffs had "proceeded at their peril when they decided not to furnish the required information to defendants during discovery" and "now must live with that tactical choice."). As for Ms. Beall, although slightly less egregious, Plaintiff did not identify her as a witness until October 14, 2022—just *five days* before the close of fact discovery in *Carroll I*—which provided Defendant with little to no opportunity to subpoena her deposition within the relevant discovery timeframe. *See, e.g., Kullman v New York*, 07-CV-716(GLS/DRH), 2009 WL 1562840, at *5 (N.D.N.Y. May 20, 2009) ("A primary purpose of the requirements for initial disclosure of witnesses and supplementation is to afford notice to opposing parties at the earliest possible time so that opposing parties may prepare to defend against such testimony by, for example, taking the depositions of such witnesses.") (citing Fed. R. Civ. P. 26 advisory committee's note (1993 Amendments)).

Despite the untimely nature of these disclosures, Plaintiff fails to proffer any justification for the late identification of these witnesses and, tellingly, does not even attempt to argue that the

belated disclosures should be excused as a matter of law. As such, Plaintiff has waived any such argument. Nonetheless, in the present circumstances, she is unable to satisfy the four-factor test utilized by the Second Circuit in determining whether a witness should be precluded from testifying at trial due to late disclosure, which involved a weighing of the following considerations: "(1) the party's explanation for the failure to comply with the [disclosure requirement]; (2) the importance of the testimony of the precluded witness[es]; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d Cir. 2006) (citing *Softel, Inc. v. Dragon Med. & Scientific Communications, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997)).

*First*, Plaintiff has not offered *any* explanation with respect to her failure to timely comply with the disclosure requirement. Indeed, upon review of the relevant circumstances, it is evident that there simply is no justifiable excuse for her conduct. On December 19, 2022, Plaintiff represented that it would be "very hard *if not impossible* to conceive of any additional evidence that somehow relates to the circumstances of the sexual assault that is at the heart of the claims in both cases that would not have been relevant or discoverable by Defendant in *Carroll I*." (*See* Habba Dec., Ex. A at 4) (emphasis added). Yet, a mere four days later, on December 23, 2022, Plaintiff's counsel was communicating with Mr. Salerno and asking him to serve as a fact witness at trial. *See* Affidavit of Shawn Crowley, ECF 78 at 2. Despite this sudden and drastic change, Plaintiff's counsel has failed to explain how Mr. Salerno's relevance became known or how he otherwise became involved as a witness months after the close of fact discovery and on the eve of trial. *See Haas v. Del. Hudson Ry. Co.*, 282 F. App'x 84, 86 (2d Cir. 2008) (finding that plaintiff's counsel's failure to search for evidence until after the close of discovery, although not due to bad faith, weighed in favor of exclusion). The same holds true with respect to Ms. Beall, who was only

identified by Plaintiff at the tail end of discovery, after years of litigation, and without any plausible explanation as to why Plaintiff could not have identified her in a more timely fashion. *See Arthur v. Atkinson Freight Lines Corp.,* 164 F.R.D. 19, 20 (S.D.N.Y.1995) ("The federal discovery rules place a duty on a party to turn over not only proper materials of which he is aware, but also those of which he reasonably *ought* to have been aware.") (emphasis added). As such, this factor weighs heavily in favor of precluding the testimony of Mr. Salerno and Ms. Beall.

*Second*, the importance of these two witnesses is entirely unknown at this point. Despite having ample opportunity in her opposition papers to describe the subject matter of the witnesses' testimony, and its relevance to this case, Plaintiff has declined to do so. Indeed, in her papers, Plaintiff merely adopts the broad and ambiguous language from her Initial Disclosure to describe the matters that the witnesses are expected to testify on, and refuses to illuminate the subject of their testimony in any meaningful detail. (*See* Habba Dec., Ex. B) (noting that both witnesses will testify as to "[t]he Bergdorf Goodman department store in the relevant period, including the operations and layout of the store, and Defendant's presence in the store."); *compare to* Plaintiff's Memorandum in Opposition to Motions *in Limine*, ECF 77 at 3 (describing Beall's "expected testimony regarding the Bergdorf Goodman store in the relevant time period, including the store's operation and layout, as well as [Defendant's] presence at the store"; in addition, describing Salerno's "expected testimony about Bergdorf's operations and layout and Trump's presence at the store."). Plaintiff's refusal to offer insight into the importance of either witness's testimony cuts sharply against allowing them to be introduced as witnesses at trial. *See, e.g., Patterson*, 440 F.3d at 118 ("Under the circumstances, with no explanation to the district court of the importance of the testimony of these witnesses, this factor would not indicate that the district court abused its discretion in excluding the witnesses.").

*Third*, there is no question that Defendant will be severely prejudiced if Plaintiff's surprise witnesses are permitted to testify at trial. Plaintiff has admitted as much, acknowledging that "disclosure of a new witness after the close of fact discovery and on the eve of trial is *inherently prejudicial*." *See Carroll I*, ECF No. 134 at 25 (emphasis added) (citing *Patterson v. Balsamico*, 440 F.3d 104, 117 (2d. Cir. 2006)). Indeed, New York courts consistently agree that identification of a trial witness after the close of discovery is unduly prejudicial to the opposing party. *See, e.g.*, *Williams v. Bethel Springvale Nurson Home, Inc.*, 14-CV-9383 (NSR), 2018 WL 1662644, at *5 (S.D.N.Y. Apr. 5, 2018) ("Where, as here, an individual is not identified as a potential witness ... until after the close of discovery, the offending party subverts the purpose of mandatory disclosures and undoubtedly prejudices their opponent." (emphasis in original); *Rivera v. United Parcel Serv.*, 325 F.R.D. 542, 548 (S.D.N.Y. 2018) (finding that the defendants had suffered prejudice from the plaintiff's failure to timely disclose because "[if] [the untimely disclosed witnesses] possess relevant information, Defendants are entitled to obtain their testimony under oath and, possibly, use their deposition testimony in a later motion or trial."); *Colon v. Linchip Logistics LLC*, 330 F.R.D. 359, 367-68 (E.D.N.Y. 2019) (noting that a party is in an "unfairly weakened position for trial" when a potential trial witness is disclosed after the close of the discovery period.); *GlobalRock Networks, Inc. v. MCI Communications Services*, 943 F.Supp.2d 320, 331 (finding that failure to disclose witness during discovery period was "not harmless" when the witness was "never deposed" and the opposing side "could not have anticipated [the witness's] involvement."); *Patterson*, 440 F.3d at 118 (precluding witness from testifying at trial when the opposing party "first received notice of the witnesses, unaccompanied by any information concerning the nature of their testimony, shortly before trial.").

*Fourth*, although a continuance would allay any unfair prejudice and permit Defendant an opportunity to depose Plaintiff's belated witnesses, Defendant defers to the Court as to whether such a continuance is necessary or justified. Defendant is intent on proceeding to trial on the scheduled date of April 25, 2023, and does not intend to delay or hinder the trial schedule in any way. Thus, it is Defendant's position that preclusion of Ms. Beall and Mr. Salerno as witnesses is preferable to a continuance, since it will not disturb the trial schedule, but, again, Defendant will defer to the Court's discretion in this respect.

Based on the foregoing, due to Plaintiff's belated disclosure of Ms. Beall and Mr. Salerno as witnesses—and the absence of any argument as to why these untimely disclosures should be excused— Ms. Beall and Mr. Salerno must be precluded from testifying at trial.

## II. NATASHA STOYNOFF AND JESSICA LEEDS SHOULD NOT BE PERMITTED TO TESTIFY IN *CARROLL II*

In Section II of her opposition, Plaintiff addresses the portions of Defendant's motions *in limine* which incorporate by reference Defendant's *in limine* applications in *Carroll I*. In doing so, Plaintiff raises two additional points, namely that: (i) Defendant's argument that Plaintiff should be excluded from introducing evidence pertaining to her emotional damages has no application in the instant action; and (ii) the testimony of Ms. Stoynoff and Ms. Leeds should be permitted pursuant to Rule 415 since the instant action is one that is "based on" a claim for sexual assault.

As to the first point, Defendant does not dispute that—subject to all relevant standards of evidence and the Court's directives on this issue, and without waiver of any objections as to admissibility of a particular item of evidence—Plaintiff is generally entitled, in *Carroll II*, to introduce evidence pertaining to the purported emotional damages she sustained as a result of the alleged incident and/or the October 12 Statement. The inclusion of this argument was merely

incidental to Defendant's incorporation of all arguments presented in Defendant's motions *in limine* in *Carroll I*. Therefore, to the extent necessary, Defendant withdraws any argument from the present motion that Plaintiff be wholly prohibited from introducing evidence relating to the emotional damages she sustained as a result of the alleged incident or the October 12 Statement.

As to the second point, however, Plaintiff is incorrect in her position that Ms. Leeds and Ms. Stoynoff should be permitted to testify in *Carroll II*. While Defendant acknowledges that this Court has already ruled that Ms. Stoynoff and Ms. Leeds are permitted to testify in *Carroll I*, see *Carroll I*, ECF 145, it does not follow that these witnesses should automatically be permitted to testify in *Carroll II*. Further, for the reasons set forth below, Defendant respectfully disagrees with the Court's decision in *Carroll I* and—for the purpose of preserving Defendant's rights on appeal—contends that the Court should find that Ms. Stoynoff and Ms. Leeds are precluded from testifying in *Carroll II*.

The prejudicial effect of permitting Ms. Leeds and Ms. Stoynoff to testify as witnesses at trial far outweighs any probative value that their testimony may have. In its Order dated March 10, 2023 in *Carroll I*, the Court acknowledged that this action is, at its core, a "he said, she said' case which "turns on an alleged event [which occurred] more than two decades ago." *Carroll I*, ECF 145 at 18. Since there is "no physical evidence supporting either side at trial," this Court astutely noted that "Ms. Carroll's case, absent [Ms. Stoynoff and Ms. Leeds], likely will depend upon her personal credibility in the courtroom, the credibility of two witnesses whom she allegedly told of the alleged rape contemporaneously, and the jury's assessment of Mr. Trump's personal credibility." *Id.* at 19. It is respectfully submitted that this is squarely the evidence that this case *should* hinge on. Plaintiff should not be permitted to boost the credibility of her account with uncharged, uncorroborated and unsubstantiated testimony from two women who claim to have had

similar encounters in 1979 and 2005, respectively. The Second Circuit has cautioned that this type of bolstering carries a "particular risk" of causing "unfair prejudice, including the possibility that prior act evidence will lead the jury to convict out of passion or bias or because they believe the defendant is a bad person deserving of punishment." *United States v. Sppo*, 904 F.3d 141, 155 (2d Cir. 2018) (citing *United States v. Rogers,* 587 F.3d 816, 823 (7th Cir. 2009). This case should rise or fall on the credibility of Plaintiff's claim; it should not rest on the accounts of two unrelated witnesses who purport to describe disparate, decades-old events which—like Plaintiff's own account—are not supported by a scintilla of evidence.

Additionally, Ms. Stoynoff's testimony is not admissible under Rule 415. Ms. Stoynoff testified in part that Defendant "grabb[ed] [her] shoulders and pushe[d] her against this wall and start[ed] kissing her."[1] The Court readily acknowledged in *Carroll I* that "The portion of Ms. Stoynoff s deposition now before the Court does not specify what part of her anatomy she claims that Mr. Trump groped or attempted to grope." *Carroll I*, ECF 145 at 16. *Rapp v. Fowler*, is particularly instructive in this regard, as this Court expressly found that testimony stating that defendant placed his "'hand on [the deponent's] leg . . . about two inches above [his] knee' and remained there for 'maybe 30 to 45 seconds'" is "not evidence of an 'other sexual assault' within the meaning of Rule 415(a), ***regardless of the question of intent***." *Rapp v. Fowler*, No. 20-CV-9586 (LAK), 2022 WL 5243030, at *2 (S.D.N.Y. Oct. 6, 2022). Here, where the record is devoid of any testimony that sexual contact or attempted sexual contact took place in the context of Rule 415, Ms. Stoynoff's testimony must similarly be precluded.

---

[1] *See* Stoynoff Dep. (ECF 71-1) at 21:2-8

## CONCLUSION

For the foregoing reasons, Defendant, Donald J. Trump, respectfully requests that the Court grant his Motions *in Limine* in their entirety.

Dated: March 16, 2023
New York, New York

Respectfully submitted,

______________________________
Alina Habba, Esq.
Michael T. Madaio, Esq.
HABBA MADAIO & ASSOCIATES LLP

-and-

/s/ Joseph Tacopina_____________
Joseph Tacopina, Esq.
Chad Seigel, Esq.
Matthew DeOreo, Esq.
TACOPINA SEIGEL & DEOREO