UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
E. JEAN CARROLL,

                                    Plaintiff,

                    -against-                                    22-cv-10016 (LAK)

DONALD J. TRUMP,

                                    Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

## MEMORANDUM AND ORDER ON
## DEFENDANT'S *IN LIMINE* MOTION

LEWIS A. KAPLAN, *District Judge.*

            Donald J. Trump is accused in this case ("*Carroll II*") and a second very closely

related case ("*Carroll I*") of having raped E. Jean Carroll in the mid 1990s.[1]  In both cases, plaintiff

E. Jean Carroll claims Mr. Trump defamed her in public statements in response to Ms. Carroll's rape

accusation against him. In this action, Ms. Carroll seeks also to recover damages and other relief for

the alleged rape pursuant to a newly-enacted New York law, the Adult Survivors Act, which created

a "window" within which adult survivors could sue their assaulters without regard to the otherwise

---

[1]            The Court assumes familiarity with its decisions in both actions. Doc. No. 20-cv-7311
        (*Carroll I*), Dkt 32, *Carroll v. Trump*, 498 F. Supp. 3d 422 (S.D.N.Y. 2020), *rev'd in part,
        vacated in part*, 49 F.4th 759 (2d Cir. 2022); *Carroll I*, Dkt 73, *Carroll v. Trump*, 590 F.
        Supp. 3d 575 (S.D.N.Y. 2022); *Carroll I*, Dkt 96, *Carroll v. Trump*, No. 20-cv-7311 (LAK),
        2022 WL 6897075 (S.D.N.Y. Oct. 12, 2022); *Carroll I*, Dkt 145, *Carroll v. Trump*, No.
        20-cv-7311 (LAK), 2023 WL 2441795 (S.D.N.Y. Mar. 10, 2023); Dkt 56, *Carroll v. Trump*,
        No. 22-CV-10016 (LAK), 2023 WL 2006312 (S.D.N.Y. Feb. 15, 2023); Dkt 38, *Carroll v.
        Trump*, No. 22-cv-10016 (LAK), 2023 WL 185507 (S.D.N.Y. Jan. 13, 2023).

            Except where preceded by *"Carroll I"*, "Dkt" references are to the docket in this case.

applicable statute of limitations.

The matter now is before the Court on Mr. Trump's *in limine* motion to exclude from evidence and/or preclude at the trial of this case:

<ol>
<li>(1) evidence relating to Mr. Trump's alleged interactions with Mss. Natasha Stoynoff and Jessica Leeds;</li>

<li>(2) short excerpts of videos of remarks by Mr. Trump during the 2016 presidential campaign;</li>

<li>(3) evidence relating to the so-called *Access Hollywood* tape, including the tape itself; and</li>

<li>(4) the testimony of two of Ms. Carroll's proposed witnesses, Ms. Cheryl Lee Beall and Mr. Robert Salerno.[2]</li>
</ol>

Mr. Trump moved also to exclude (1) through (3) in *Carroll I*. This Court denied Mr. Trump's motion as to (1) and (3) and deferred ruling on (2) until trial.[3] The evidentiary rulings made in *Carroll I* as to (1) through (3) are entirely applicable here. There is no reason, and Mr. Trump has made no persuasive argument, for me to rule differently.[4]

---

[2]

Dkt 69.

Mr. Trump moved also to exclude evidence of emotional and psychological harm at the trial of this case, but subsequently withdrew that request.  Dkt 89 at 8.

[3]

*Carroll*, 2023 WL 2441795 at *8-9.

[4]

Mr. Trump in this motion adds to his *Carroll I* position the argument that Ms. Stoynoff's testimony is not admissible because in *Rapp v. Fowler*, No. 20-cv-9586 (LAK), 2022 WL 5243030 (S.D.N.Y. Oct. 6, 2022), this Court determined that a witness's proposed testimony that the defendant's "hand was on [the witness's] leg . . . about two inches above [his] knee" was not evidence of an "other sexual assault" under Rule 415 "regardless of any question

Mr. Trump's only remaining claim – which he did not raise in *Carroll I* – is that Ms. Beall and Mr. Salerno should be precluded from testifying at trial. These witnesses formerly were employed at Bergdorf Goodman, the New York department store where Ms. Carroll alleges Mr. Trump sexually assaulted her.  Mr. Trump argues that they should be excluded pursuant to Federal Rule of Civil Procedure 37(c)(1) because they are "'surprise' witnesses" who were not timely disclosed.[5]  His claim fails as to both proposed witnesses.

*Ms. Beall*

Ms. Beall was an employee at Bergdorf Goodman at the time Mr. Trump allegedly raped Ms. Carroll in the store. She is expected to give "testimony regarding the Bergdorf Goodman store in the relevant time period, including the store's operations and layout, as well as Mr. Trump's presence at the store."[6]  Ms. Beall first was disclosed to Mr. Trump on October 14, 2022 in Ms. Carroll's Rule 26(a) disclosures in *Carroll I*.  She again was disclosed to Mr. Trump in *Carroll II* before the January 9, 2023 deadline set in *Carroll II* by this Court.

---

of intent." *Rapp*, 2022 WL 5243030 at *2; Dkt 89 (Def. Reply Mem.) at 9. Mr. Trump's equation of the two cases fails for two reasons. First, the evidence and circumstances of Mr. Trump's alleged encounter with Ms. Stoynoff – including her testimony that he "groped" her – are materially different from the proposed testimony in *Rapp*. Second, in *Rapp*, the Court determined that the testimony was not evidence of an other sexual assault under the definitions in 18 U.S.C. chapter 109A. That analysis was unnecessary with respect to Ms. Stoynoff because the Court determined that a jury reasonably could conclude that Mr. Trump's alleged conduct toward Ms. Stoynoff was an other sexual assault within the meaning of Rules 415 and 413 and would constitute a crime under Florida law. *See Carroll I*, Dkt 145 at 13-15; *Carroll*, 2023 WL 2441795 at *5-6.

[5]    Dkt 70 (Def. Mem. of Law) at 2.

[6]    Dkt 77 (Pl. Mem. of Law) at 3.

4

Mr. Trump seeks to preclude Ms. Beall from testifying pursuant to Rule 37(c)(1). Rule 37(c)(1) provides that:

> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[7]

"The party seeking Rule 37 sanctions bears the burden of showing that the opposing party failed to timely disclose information."[8] So the logical starting point is Ms. Carroll's obligations under Rules 26(a) and (e).

Rule 26(a)(1)(A) in relevant part provides that "a party must, without awaiting a discovery request, provide to the other parties: (i) the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment."[9]  The timing of the required disclosure is fixed by Rule 26(a)(1)(C), which in relevant part states that "[a] party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court

---

[7]      Fed. R. Civ. P. 37(c)(1).

[8]      *A.V.E.L.A., Inc. v. Est. of Monroe*, No. 12-cv-4828 (KPF)(JCF), 2014 WL 715540, at *4 (S.D.N.Y. Feb. 24, 2014), *adhered to on reconsideration*, No. 12-cv-4828(KPF)(JCF), 2014 WL 1408488 (S.D.N.Y. Apr. 11, 2014); *see also In re Sept. 11th Liab. Ins. Coverage Cases*, 243 F.R.D. 114, 125 (S.D.N.Y. 2007) ("The moving party bears the burden of showing that its adversary failed timely to disclose information required by Rule 26.").

[9]      Fed. R. Civ. P. 26(a)(1)(A).

5

order."[10] In this case, the Court fixed the deadline for Rule 26(a) disclosures in *Carroll II* as January 9, 2023.[11] It is undisputed that Ms Carroll disclosed Ms. Beall in her Rule 26(a) disclosures on that date.[12]

Mr. Trump nevertheless contends, in a somewhat convoluted argument, that the January 9 disclosure was untimely. The contention is that "the operative deadlines [in this case, *Carroll II*] are those set forth in *Carroll I*."[13] Mr. Trump points to the fact that Ms. Carroll disclosed Ms. Beall in *Carroll I* in her second supplemental disclosures pursuant to Rule 26(e) merely five days before the close of discovery in that case, which Mr. Trump argues was "untimely and long delayed."[14] "[D]iscovery in *Carroll II* [(the argument continues)] [was] 'limited to' 'damages . . . allegedly suffered by plaintiff as a result of the alleged sexual assault as distinguished from the defamation alleged in *Carroll I,* and the October 12, 2022 statement'" that is the subject of the alleged defamation at issue in this case, *Carroll II*.[15] Therefore, he contends, Ms. Carroll's January 9 disclosure in this case of Ms. Beall was untimely. But Mr. Trump's argument entirely ignores how

---

[10]

Fed. R. Civ. P. 26(a)(1)(C).

[11]

Dkt 19 ¶ 7.

[12]

Dkt 78 (Crowley Decl.) ¶ 7, Dkt 78-1 (Ex. 1) at 4; *see also* Dkt 89 (Def. Reply Mem.) at 1-2.

[13]

Dkt 70 (Def. Mem. of Law) at 3.

[14]

*Id.*

Rule 26(e) requires a party to "supplement or correct its disclosure [under Rule 26(a)] . . . in a timely manner if the party learns that in some material respect the disclosure . . . is incomplete or incorrect." Fed. R. Civ. P. 26(e).

[15]

*Id.* (quoting Dkt 19 (Pretrial and Scheduling Order)).

6

the limitation of discovery in *Carroll II* came about and ignores the actual extent of the limitation.

The scheduling orders in *Carroll I* imposed deadlines for the completion of depositions and of all discovery of October 19 and November 16, 2022, respectively.[16] Both dates preceded the filing of this action, *Carroll II,* on November 24, 2022.  From the outset of *this* case, it thus appeared that all discovery concerning the core issue in this case – whether Mr. Trump sexually assaulted Ms. Carroll – had been completed in *Carroll I* because that issue is common to *Carroll II* and discovery in *Carroll I* had been concluded. The Court therefore set a scheduling conference and directed the parties to submit a discovery plan for *Carroll II* containing "[a] detailed statement of what specific discovery that was not conducted in *Carroll I* is needed for the prosecution or defense of this case and the basis for the contention that it is needed."[17]  The parties' written submission diverged as to the scope of additional discovery need for *Carroll II.*

Ms. Carroll took the position that discovery should be limited to the new issues first raised in *Carroll II* – essentially to damages attributable to the alleged sexual assault as well as the circumstances of and damages attributable to the new defamation claim.[18]  She contended that "[a]ny further discovery into whether Defendant sexually assaulted Plaintiff, the defamatory statements at issue in *Carroll I,* or the damages caused by those statements, should not be permitted since those topics were fully explored in both fact and expert discovery."[19]

---

[16]    *Carroll I*, Dkts 76, 77; *Carroll I,* Dkt 100 (reiterating discovery deadlines).

[17]    Dkt 10.

[18]    Dkt 16 at 3-4.

[19]    *Id.* at 3.

Mr. Trump agreed with Ms. Carroll's position as to discovery concerning new issues raised by *Carroll II*, but contended that he should be permitted to take "further discovery into the purported facts of the alleged incident."[20]  His written submission, however, did not specify any additional discovery he sought with respect to the occurrence of the alleged sexual assault as opposed to the damages claimed as a result.[21]  And while the Court pressed Mr. Trump's counsel at the conference in an effort to determine what if any additional discovery was sought concerning the alleged sexual assault itself, his counsel identified none.[22]  Accordingly, the pretrial and scheduling order issued on December 21, 2022 provided in relevant part:

> "2.     *   *   *   On the basis of the parties' written and oral submissions, the Court has concluded that the only such issues [(i.e., new issues raised by *Carroll II*)] are damages, including emotional or psychological damages, allegedly suffered by plaintiff as a result of the alleged sexual assault as distinguished from the defamation alleged in *Carroll I*, and the defendant's October 12, 2022 statement.

---

[20]

*Id.* at 4-5.

[21]

*Id., id* at 5 n.3 ("Specifically, Defendant's additional discovery efforts shall include, but not be limited to, (1) written discovery regarding the newly-raised issues; (2) conducting an Independent Medical Examination of Plaintiff in accordance with Federal Rule 35, as Plaintiff has plainly put her physical and/or mental condition 'in controversy' in this action. *See* FRCP 35; (3) the report of Defendant's own forensic expert; (4) a report from Defendant's original damages expert, who will offer expert testimony demonstrating that Plaintiff was not damaged by Defendant's October 12,2022 statement; and (5) conducting additional depositions of Plaintiff and potential additional non-party witnesses *with respect to the new issues raised in Carroll II*.") (second emphasis added).  No mention was made of any additional non-party witnesses with respect to the occurrence of the alleged sexual assault.

[22]

Dkt 24 (Tr., Dec. 21, 2022) at 4:24-9:20.

*Unless otherwise ordered*, discovery will be limited to those subjects."[23]

In these circumstances, Mr. Trump's argument is without merit.  First of all, even if he first had learned of Ms. Beall as a prospective witness on January 9, 2023, the date of Ms. Carroll's Rule 26(a) disclosure in this case, he could have sought an order under paragraph 2 of the pretrial and scheduling order permitting him to take her deposition.  But he did not do so.  Instead, he waited and then, on February 23, 2023, moved to preclude her from testifying.

Even more striking, Mr. Trump learned of Ms. Beall as a prospective witness months before January 9, 2023.  The fact that Ms. Beall was a potential witness on the subjects of the Bergdorf store and of Mr. Trump's presence there concededly has been know to Mr. Trump's counsel at least since October 14, 2022.[24]  They elected not to take her deposition in *Carroll I,* which they almost certainly could have done.[25]  And when asked in *Carroll II* what if any additional discovery they wished to take in this action, they never even mentioned Ms. Beall despite a court order

---

23

    Dkt 19 (emphasis added).

24

    This was revealed to him on that date by the service of Ms. Carroll's supplemental disclosures in *Carroll I*, as mentioned above.  Dkt 71 (Habba Decl.) ¶ 6, Dkt 71-3 (Ex. C) at 2-4.  *Accord,* Dkt 78 (Crowley Decl.) ¶¶ 3-4.

25

    Mr. Trump claims that the October 14 disclosure of Ms. Beall in *Carroll I* came only five days before the fact discovery cutoff in that case, which he argues "provided [him] with little to no opportunity to subpoena her deposition within the relevant discovery time frame."  Dkt 70 at 2-3, Dkt 89 at 3.  Although his first claim is accurate literally, the conclusion he drew from it is not.  For one thing, he could have sought Ms. Beall's deposition short notice.  Moreover, while fact depositions were to have been completed by October 19, 2022, the overall discovery deadline was November 16, 2022, and expert depositions were permitted to continue during the intervening period.  *Carroll I,* Dkts 76, 77.  Had Mr. Trump applied to take Ms. Beall's deposition after October 19 on the basis that he first had learned of her existence on October 14, his application almost certainly would have been granted.  In any case, responsibility for Mr. Trump's failure to take Ms. Beall's deposition in *Carroll I* lies with Mr.Trump.

9

requiring "[a] detailed statement of what specific discovery that was not conducted in *Carroll I* is needed for the prosecution or defense of this case and the basis for the contention that it is needed."[26] Moreover, in making the present argument based on the limitation of discovery in *Carroll II,* they fail to mention that the pretrial and scheduling order permitted them to seek leave to take her deposition notwithstanding the limitation.  But they did not do so.

In sum, the Rule 26(a) disclosure of Ms. Beall in *Carroll II* was timely.  Even if it were not, Mr. Trump would not have been prejudiced.

*Mr. Salerno*

Mr. Salerno, who also was an employee at Bergdorf Goodman, is expected to testify on similar subjects as Ms. Beall. As with Ms. Beall, Ms. Carroll timely disclosed Mr. Salerno in her Rule 26(a) initial disclosures in *Carroll II* on January 9, 2023, the deadline set by the Court.[27]

Mr. Trump nevertheless argues that Mr. Salerno should be precluded from testifying because (1) he was disclosed after the close of fact discovery in *Carroll I*, and (2) his proposed testimony falls outside of the scope of discovery permitted in *Carroll II*.[28]

---

[26]

Dkt 10.

[27]

Dkt 78 (Crowley Decl.) ¶¶ 6-7, Dkt 78-1 (Ex. 1) at 2-4. That disclosure, moreover, was made approximately two weeks after Ms. Carroll's counsel's initial telephone call with Mr. Salerno and only three days after her counsel learned that he was willing to testify. *Id.*

She disclosed Mr. Salerno as a potential witness in *Carroll I* in her third supplemental disclosures pursuant to Rule 26(e) on January 6, 2023.  That disclosure was timely in that case under Rule 26(e) because of the aforementioned speed with which it was made.

[28]

Dkt 70 at 3-4.

The first argument clearly is without merit because the issue here is whether Ms. Carroll failed to discharge her disclosure obligations in this case, not *Carroll I*. As already stated, the disclosure in this case was timely made on January 9, 2023.

Mr. Trump's second argument is essentially a reprise of part of his argument with respect to Ms. Beall – a deposition of Mr. Salerno would not have been within the limited the scope of discovery set out in the pretrial and scheduling order and he therefore could not have deposed Mr. Salerno. But that order, as discussed above, did not absolutely prohibit a deposition of Mr. Salerno (or, for that matter, any other) witness with respect to the alleged sexual assault. It limited the scope of discovery to the new issues raised by *Carroll II* "*unless otherwise ordered.*"[29] But at no point after Mr. Trump learned of Mr. Salerno as a potential witness did Mr. Trump seek relief from this Court prior to moving *in limine* to preclude Mr. Salerno from testifying at trial.[30] As evidenced by Mr. Trump's discovery-related requests in this action after that order, he has not been reticent in seeking leave to amend this Court's discovery schedule in matters purportedly important to him.[31] Yet he made no such attempt with respect to Mr. Salerno. Any prejudice Mr. Trump claims he would suffer therefore would be a product of his own failure to seek a deposition of Mr. Salerno

---

[29]  Dkt 19 at 2 (emphasis added).

[30]  According to Ms. Carroll's counsel, the only actions Mr. Trump appears to have taken with respect to Ms. Beall and Mr. Salerno were on February 17, 2023, when "two men visited [Ms.] Beall at her home, indicating that they were there to investigate on [Mr.] Trump's behalf, and . . . [Mr.] Salerno receive[d] a telephone call from someone purporting to investigate the case around the same time." Dkt 77 at 4, n.1. Mr. Trump's counsel did not address these alleged interactions in their briefs.

[31]  *E.g.*, Dkt 48 (Mr. Trump's motion to adjourn deadline with respect to Mr. Trump's psychiatric expert); Dkt 51 (Mr. Trump's motion to compel production of an appendix to a DNA report obtained by Ms. Carroll in January 2020).

since early January, when Ms. Carroll timely made her Rule 26(a) disclosure in this case.

*Conclusion*

        Mr. Trump's *in limine* motion (Dkt 69) is denied in all respects.  This ruling is without prejudice to Mr. Trump renewing his objection to the campaign speech excerpts in the event they are offered at trial.  Unless otherwise ordered, those excerpts shall not be mentioned in opening statements.

        SO ORDERED.

Dated:       March 20, 2023

                                  Lewis A. Kaplan
                              United States District Judge