**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

E. JEAN CARROLL,

*Plaintiff*,

v.                                                       No. 22 Civ. 10016 (LAK)

DONALD J. TRUMP,

*Defendant.*

**PROPOSED JURY INSTRUCTIONS**

# TABLE OF CONTENTS

GENERAL INSTRUCTIONS ................................................................................................................ 3

   1.    Burden of Proof ................................................................................................. 5

   2.    Role of the Court ............................................................................................... 5

   3.    Role of the Jury ................................................................................................. 6

   4.    What Is and Is Not Evidence ............................................................................ 7

   5.    Direct and Circumstantial Evidence ................................................................ 7

   6.    Evidence Outside of the Courtroom ................................................................. 9

   7..   Deposition Testimony (If Necessary) ............................................................... 9

   8.    Demonstratives ................................................................................................. 9

   9.    Credibility of Witnesses ................................................................................. 11

   10.   Interest in Outcome ........................................................................................ 11

   11.   Prior Perjury…………………………………………………………………… 12

   12.   Similar Acts of Sexual Assault ...................................................................... 13

   13.   Expert Testimony ........................................................................................... 14

LIABILITY INSTRUCTIONS ............................................................................................................... 16

   14.   Battery ............................................................................................................ 16

   15.   Form of Battery .............................................................................................. 16

   16.   Forcible Touching .......................................................................................... 17

   17.   Sexual Abuse .................................................................................................. 17

   18.   Rape ................................................................................................................ 17

   19.   Proximate Cause ............................................................................................ 18

   20.   Battery Damages ............................................................................................ 20

   21.   Punitive Damages ........................................................................................... 19

   22.   Defamation ..................................................................................................... 23

   23.   Defamatory Meaning ...................................................................................... 24

   24.   Of and Concerning the Plaintiff …………………………………..…………… 22

   25.   Publication ...................................................................................................... 24

   26.   Falsity ............................................................................................................. 25

   27.   Actual Malice ................................................................................................. 25

   28.   Defamation Damages ..................................................................................... 26

i

29.     Punitive Damages.................................................................................... 26

CLOSING INSTRUCTIONS ......................................................................................... 27

30.     Duty to Deliberate ................................................................................. 27

31.     Juror Notes ............................................................................................. 28

32.     Quorum Requirement ............................................................................ 28

33.     Selecting a Foreperson .......................................................................... 29

34.     Verdict Form .......................................................................................... 29

35.     Instructions ............................................................................................ 29

36.     Reaching a Verdict ................................................................................ 29

37.     Juror Questions ...................................................................................... 30

38.     Requests for Testimony ......................................................................... 30

39.     Media ...................................................................................................... 30

40.     Juror Oath .............................................................................................. 31

## GENERAL INSTRUCTIONS

### 1.  Burden of Proof

The party with the burden of proof on any given issue has the burden of proving every disputed element of his or her claim to you by a preponderance of the evidence. If you conclude that the party bearing the burden of proof has failed to establish his or her claim by a preponderance of the evidence, you must decide against him or her on the issue you are considering.

What does a "preponderance of evidence" mean? To establish a fact by a preponderance of the evidence means to prove that the fact is more likely true than not true. In other words, a preponderance of the evidence means the greater weight of the evidence—or, put another way, a party has proven something by a preponderance of the evidence when they have demonstrated that the odds that they are right on that question are more than 50/50, even if only by a very tiny amount. This standard refers to the quality and persuasiveness of the evidence, not to the number of witnesses or documents. In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all the relevant exhibits received in evidence, regardless of who may have produced them.

If, after considering all the evidence, you find that the credible evidence on a given issue is evenly divided between the parties—in other words, that the chances of the plaintiff's contention or the defendant's contention being correct with respect to a particular question are exactly equal—then you must decide that issue against the party having this burden of proof. That is because the party bearing this burden must prove more than simple equality of evidence—he or she must prove the element at issue by a preponderance of the evidence. On the other hand, the party with this burden of proof need prove no more than a preponderance. So long as you find that the scales tip,

however slightly, in favor of the party with this burden of proof—that what the party claims is more likely true than not true—then that element will have been proved by a preponderance of evidence.  On the other hand, if you find that the scales do not so tip, then that element will not have been proven by a preponderance of evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply to a civil case such as this and you should put it out of your mind.

However, as I will explain later in these instructions, for some of Ms. Carroll's specific contentions, she has the burden of proving those contentions by clear and convincing evidence.

What does "clear and convincing evidence" mean? On the one hand, clear and convincing evidence is a more exacting standard than proof by a preponderance of the evidence, where you need believe only that a party's claim is more likely true than not true. On the other hand, "clear and convincing" proof is not as high a standard as proof beyond a reasonable doubt. Clear and convincing proof leaves no substantial doubt in your mind. It is proof that establishes in your mind, not only the proposition at issue is probable, but also that it is highly probable. It is enough if the party with the burden of proof establishes his claim beyond any "substantial doubt"; he does not have to dispel every "reasonable doubt."

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 73.01 (2022) (Instructions 73-2 & 73-3) (modified).

**2. Role of the Court**

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties. My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow. You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room. You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 71.01 (2022) (Instruction 71-2) (modified).

### 3.   Role of the Jury

As members of the jury, you are the sole and exclusive judges of the facts. You pass upon the evidence. You determine the credibility of the witnesses. You resolve such conflicts as there may be in the testimony. You draw whatever reasonable inferences you decide to draw from the facts as you have determined them, and you determine the weight of the evidence.

In determining these issues, no one may invade your province or functions as jurors. In order for you to determine the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. Nor is what I may have said—or what I may say in these instructions—about a fact, issue, or evidence. In this connection, you should bear in mind that a question put to a witness is never evidence, it is only the answer which is evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial are not any indication of my views of what your decision should be as to whether or not a party has proven his or her case. I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render, or whether any of the witnesses may have been more credible than any other witnesses. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

You are to decide the case without any bias or prejudice to any party, based solely on the evidence and these instructions.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 71.01 (2022) (Instructions 71-3) (modified).

### 4.   What Is and Is Not Evidence

 The evidence in this case is the sworn testimony of the witnesses, the exhibits received in evidence, stipulations, and judicially noticed facts.

By contrast, the questions of the lawyers are not to be considered by you as evidence. It is the witnesses' answers that are evidence, not the questions.  At times, a lawyer may have incorporated into a question a statement which assumed certain facts to be true, and asked the witness if the statement was true.  If the witness denied the truth of a statement, and if there is no direct evidence in the record proving that assumed fact to be true, then you may not consider it to be true simply because it was contained in the lawyer's question.

The famous example of this is the lawyer's questions of a married witness: "When did you stop beating your wife?"  You would not be permitted to consider as true the assumed fact that he ever beat his wife, unless the witness himself indicated he had, or unless there was some other evidence in the record that he had beaten his wife.

Testimony that has been stricken or excluded is not evidence and may not be considered by you in tendering your verdict.  Also, if certain testimony was received for a limited purpose – such as for the purpose of assessing a witness's credibility – you must follow the limiting instructions I have given.

Arguments by lawyers are not evidence, because the lawyers are not witnesses.  What they have said to you in their opening statements and in their summations is intended to help you understand the evidence to reach your verdict.  However, if your recollection of the facts differs from the lawyers' statements, it is your recollection which controls.

To constitute evidence which may be considered by you, exhibits must be received in evidence.  Exhibits marked for identification but not admitted are not evidence, nor are materials brought forth only to refresh a witness' recollection.

Finally, statements which I may have made concerning the quality of the evidence do not constitute evidence.

If is for you alone to decide the weight, if any, to be given to the testimony you have heard and the exhibits you have seen.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 74.01 (2022) (Instruction 74-1) (modified).

### 5.  Direct and Circumstantial Evidence

There are two types of evidence which you may properly use in reaching your verdict. One type of evidence is direct evidence. Direct evidence is when a witness testifies about something he knows by virtue of his own senses—something he has seen, felt, touched, or heard. Direct evidence may also be in the form of an exhibit when the fact to be proved is its present existence or condition.

The other type of evidence is circumstantial evidence. This is evidence which tends to prove a disputed fact by proof of other facts. There is a simple example of circumstantial evidence which is often used in this courthouse. Assume that when you came into the courthouse this morning the sun was shining and it was a nice day. Assume that the courtroom blinds were drawn and you could not look outside. As you were sitting here, someone walked in with an umbrella which was dripping wet. Then a few minutes later another person also entered with a wet umbrella. Now, you cannot look outside of the courtroom and you cannot see whether or not it is raining. So you have no direct evidence of that fact. But on the combination of facts which I have asked you to assume, it would be reasonable and logical for you to conclude that it had been raining. That is

all there is to circumstantial evidence. You infer on the basis of reason and experience and common sense from one established fact the existence or non-existence of some other fact.

Circumstantial evidence is of no less value than direct evidence; for, it is a general rule that the law makes no distinction between direct evidence and circumstantial evidence but simply requires that your verdict must be based on all the evidence presented.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 74.01 (2022) (Instruction 74-2) (modified).

### 6.  Evidence Outside of the Courtroom

Of course, I remind you you're to only consider evidence that you saw or heard in this courtroom. Anything that you may have learned elsewhere that has a bearing on this case or might be relevant to this case should be put out of your mind and disregarded.

**Source**: Based on this Court's instructions in *Rapp v. Fowler*, No. 20 Civ. 9586 (S.D.N.Y.).

### 7.  Deposition Testimony (If Necessary)

Some of the testimony before you is in the form of a videotaped deposition that was received in evidence. A deposition is simply a procedure where prior to trial the attorneys may question a witness or an adversary party under oath before a court stenographer. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given live at trial.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 74.07 (2022) (Instruction 74-14) (modified).

### 8.  Demonstratives

There were times during the course of the trial where counsel for each side had marked and showed to you exhibits called demonstratives. They were shown to you to help you understand the

evidence as it came in. They are not themselves evidence, and they were used only as a manner of convenience, so you should consider them (or not) accordingly.

**Source**: Based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

### 9.   Credibility of Witnesses

You have had the opportunity to observe all of the witnesses. It is now your job to decide how believable each witness was in his or her testimony. You are the sole judges of the credibility of each witness and of the importance of his or her testimony.

It must be clear to you by now that you are being called on to resolve various factual issues raised by the parties in the face of very different pictures painted by both sides. It must also be obvious to you that both sides cannot be true and this is where you play your role as jurors. In making these judgments, you should carefully scrutinize all of the testimony of each witness, the circumstances under which each witness testified, and any other matter in evidence that may help you decide the truth and the importance of each witness's testimony.

How do you determine where the truth lies? You watched each witness testify. Everything a witness said or did on the witness stand counts in your determination. How did the witness impress you? Did he or she appear to be frank, forthright, and candid, or evasive and edgy as if hiding something? How did the witness appear; what was his or her demeanor—that is, his or her carriage, behavior, bearing, manner, and appearance while testifying? Often it is not what a person says but how he or she says it that moves us.

You should use all the tests for truthfulness that you would use in determining matters of importance to you in your everyday life. You should consider any bias or hostility the witness may have shown for or against any party as well as any interest the witness has in the outcome of the case. You should consider the opportunity the witness had to see, hear, and know the things about

which he or she testified, the accuracy of the witness's memory, the witness's candor or lack of candor, the witness's intelligence, the reasonableness and probability of the witness's testimony and its consistency or lack of consistency and its corroboration or lack of corroboration with other credible testimony. In other words, what you must try to do in deciding credibility is to size a witness up in light of his or her demeanor, the explanations given, and all of the other evidence in the case. Always remember that you should use your common sense, your good judgment, and your own life experience.

In deciding whether to consider whether to believe a witness, you should specifically note any evidence of hostility or affection that the witness may have towards one of the parties. Likewise, you should consider evidence of any other interest of motive that the witness may have in cooperating with a particular party. It is your duty to consider whether the witness has permitted any such bias or interest to color his or her testimony. In short, if you find that a witness is biased, you should view his testimony with caution, weigh it with care, and subject it to close and searching scrutiny.

**Sources**: 4 Modern Federal Jury Instructions-Civil P 76.01 (2022) (Instructions 76-1 & 76-2) (modified).

### 10.    Interest in Outcome

In evaluating the credibility of the witnesses, you should take into account any evidence that a witness may benefit in some way from the outcome of the case.  Such interest in the outcome creates a motive to testify falsely and may sway a witness to testify in a way that advances his own interests.  Therefore, if you find that any witness whose testimony you are considering may have an interest in the outcome of this trial, then you should bear that factor in mind when evaluating the credibility of his or her testimony, and accept it with great care.

Keep in mind, though, that it does not automatically follow that testimony given by an interested witness is to be disbelieved.  There are many people, who, no matter what their interest in the outcome of the case may be, would not testify falsely.  It is or you to decide, based on your own perceptions and common sense, to what extent, if at all, the witness's interest has affected his testimony.

**Source:**  4 Modern Federal Jury Instructions-Civil P 76.01 (2022) (Instruction 76-3).

## 11.      Prior Perjury

There has been evidence that a witness who testified at this trial lied under oath at a previous proceeding. I must warn you that the testimony of any witness who you find did previously and deliberately lie under oath should be viewed cautiously and weighed with great care.

**Source:**  4 Modern Federal Jury Instructions-Civil P 76.01 (2022) (Instruction 76-8).

## 12.      False In One, False in All (Falsus in Uno, Falsus in Omnibus)

If you believe that a witness knowingly testified falsely concerning any important matter, you may distrust the witness's testimony concerning other matters. You may reject all of the testimony or you may accept such parts of the testimony that you believe are true and give it such weight as you think it deserves.

**Source:**  Mod. Crim. Jury Instr. 3d Cir. 4.26 (2023), Mod. Crim. Jury Instr. 3d Cir. 4.26 (2023)

### 13.   Similar Acts of Sexual Assault

Plaintiff contends that there has been evidence received during the trial that Mr. Trump engaged in sexual assaults which were purportedly similar in nature to the alleged sexual assault that Mr. Trump purportedly committed against plaintiff.

You may only consider those other alleged sexual assaults in this case if you find by a preponderance of the evidence both that they occurred and that such alleged sexual assaults involved Mr. Trump contacting or attempting to contact the genitals of the other women.  If you do not find by a preponderance of the evidence both that such alleged sexual assaults occurred and that Mr. Trump contacted or attempted to contact the genitals of the other women during such alleged sexual assaults, then you may not consider those other alleged sexual assaults in this case. Genitals of a woman only includes the sexual or reproductive organs located on the outside of her body, but does not include any other part of her body such as her breasts, buttocks, legs, arms, face, lips, etc.

When a claim for damages is based on a defendant's commission of a sexual assault, evidence that that the defendant has committed any other sexual assault involving the genitals of a woman is admissible and may be considered for its bearing on whether that defendant committed the sexual assault which plaintiff alleges was committed against her.  However, evidence of another sexual assault on its own is not sufficient to prove that the defendant committed the alleged sexual assault against Plaintiff.  As you consider this evidence, bear in mind at all times that Plaintiff has the burden of proving that the defendant committed the alleged sexual assault against her.

 [Carroll v. Trump, No. 20-CV-7311 (LAK), 2023 WL 2441795, at *6–7 (S.D.N.Y. Mar. 10, 2023); Fed.R.Evid. 413(d)(2) and (5).]

**Other Source**: 4 Modern Federal Jury Instructions-Civil P 74.03 (2022) (Instruction 74-8.1) (modified); https://www.merriam-webster.com/dictionary/genitals; *United States v. McDonald*, 78 M.J. 669, 679 (N-M. Ct. Crim. App. 2018)("The Attorney's Dictionary of Medicine defines genitalia as '[t]he genital or reproductive organs, especially the external organs as distinguished from those inside the body,' and specifically lists the female genitalia as including 'the mons veneris, clitoris, vagina, the labia majora and minora, etc.").

### 14. Expert Testimony

In this case, I have permitted Professor Humphreys, Dr. Lebowitz, and Dr. Nace, to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. You also may reject the testimony of any expert witness in whole or in part if you conclude that the reasons given in support of an opinion are not sound or if you, for other reasons, simply don't believe the witness. The determination of the facts in this case rests solely with you.

The testimony of the experts called by the parties may have conflicted in some respects. Where you have heard conflicting testimony from expert witnesses, it is your job to resolve the

disagreement. The way you resolve the conflict between these witnesses is the same way that you

decide other fact questions and the same way you decide whether to believe ordinary witnesses. In

addition, because they gave their opinions, you should consider the soundness of each opinion, the

reasons for the opinion, and the witness's motive, if any, for testifying.

**Sources**: 4 Modern Federal Jury Instructions-Civil P 76.01 (2022) (Instructions 76-9 & 76-

10) (modified).

## LIABILITY INSTRUCTIONS

### 15. Battery

In this action, plaintiff seeks damages for battery. A person who intentionally touches another person, without that person's consent, and causes and offensive bodily contact commits a battery and is liable for all damages resulting from his act.

Intent involves the state of mind with which an act is done.  The intent required for battery is intent to cause a bodily contact that a reasonable person would find offensive. An offensive bodily contact is one that is done for the purpose of harming another or one that offends a reasonable sense of personal dignity, or one that is otherwise wrongful.

Plaintiff claims that defendant committed a sexual assault.  If you find that defendant intentionally committed the sexual assault and that the contact was offensive, you will find that defendant committed a battery.  If you find that defendant did not intentionally, or that such contact was not offensive, you will find that defendant did not commit a battery.

**Source**: N.Y. Pattern Jury Instr. Civil 3:3 (modified).

### 16.   Form of Battery

If you find that defendant committed battery, you must also determine, by a preponderance of the evidence, whether he committed any of three violations of New York law: (1) forcible touching; (2) sexual abuse; or (3) rape. Defendant cannot be held liable for battery in this case unless he violated at least one of these laws in his interaction with Plaintiff at Bergdorf Goodman. I will now instruct you on the elements of these violations of law.

**Source**: N.Y. CPLR § 214-j.

## 17. Forcible Touching

Under New York law, a person is liable for forcible touching when that person intentionally, and for no legitimate purpose, forcibly touches the sexual or other intimate parts of another person for the purpose of degrading or abusing such person or for the purpose of gratifying their own sexual desire. Forcibly touching another can include squeezing, grabbing, pinching, rubbing, or other bodily contact involving the application of some level of pressure to the plaintiff's sexual or intimate parts.

The sexual act must have been committed without consent. Forcible touching takes place without a plaintiff's consent when it results from any circumstances in which a plaintiff does not expressly or impliedly consent to the defendant's conduct. Intent means conscious objective or purpose. Thus, a defendant intentionally forcibly touches the sexual or other intimate parts of a plaintiff when the defendant's conscious objective or purpose is to do so.

In order for you to find that Mr. Trump forcibly touched Ms. Carroll, Ms. Carroll is required to prove, by a preponderance of the evidence, that:

1. Defendant forcibly touched the sexual or other intimate parts of Ms. Carroll for the purpose of degrading or abusing her, or for the purpose of gratifying defendant's sexual desire;
2. Defendant did so intentionally and for no legitimate purpose; and
3. Defendant did so without the consent of Ms. Carroll in that she did not expressly or impliedly consent to defendant's conduct.

**Source**: N.Y. Criminal Jury Instr. & Model Colloquies § 130.52(1) (modified).

## 18. Sexual Abuse

A person is liable for sexual abuse when he subjects another person to sexual contact without her consent. The following terms used in that definition have a special meaning:

"Sexual contact" means any touching of the sexual or other intimate parts of a person for the purpose of gratifying the sexual desire of either party. It includes the touching of the defendant

17

by the plaintiff as well as the touching of the plaintiff by the defendant, whether directly or through clothing. Sexual contact takes place without a person's consent when the lack of consent results from "forcible compulsion." Forcible compulsion, in turn, means to intentionally compel by the use of physical force.

In order for you to find that Mr. Trump's engaged in sexual abuse, Ms. Carroll is required to prove, by a preponderance of the evidence, that:

1. Defendant subjected Ms. Carroll to sexual contact; and
2. Defendant did so without Ms. Carroll's consent by the use of forcible compulsion.

**Source:** N.Y. Criminal Jury Instr. & Model Colloquies § 130.55 (modified).

### 19. Rape

Under New York law, a person is liable of rape when a person engages in sexual intercourse with another person by forcible compulsion. It is also required that the sexual act was committed without consent. Sexual intercourse takes place without a person's consent when the lack of consent results from forcible compulsion. Forcible compulsion, as mentioned earlier, means to intentionally compel by the use of physical force.

For purposes of this law, "sexual intercourse" means any penetration, however slight, of the penis into the vaginal opening. In other words, any penetration of the penis into the vaginal opening, regardless of the distance of penetration, constitutes an act of sexual intercourse. Sexual intercourse does not necessarily require erection of the penis, emission of semen, or orgasm on the part of the defendant.

In order for you to find that defendant engaged in rape, Ms. Carroll is required to prove, from all of the evidence in the case, by a preponderance of the evidence, that:

1. Defendant engaged in sexual intercourse with Ms. Carroll; and
2. Defendant did so without Ms. Carroll's consent by the use of forcible compulsion.

**Source:** N.Y. Criminal Jury Instr. & Model Colloquies§ 130.35(1) (modified).

### 20.  Proximate Cause

An act or omission is regarded as a cause of an injury, that is if it had such an effect in producing the injury that reasonable people would regard it as a cause of the injury.  There may be more than one cause of an injury, but to be substantial, it cannot be slight or trivial.  You may, however, decide that a cause is substantial even if you assign a relatively small percentage to it.

There may be more than one cause of an injury.  Where the independent and negligent acts or omissions of two or more parties cause injury to another, each of those negligent acts or omissions is regarded as a cause of that injury provided that it was a substantial factor in bringing about that injury.

**Sources**: N.Y. Pattern Jury Instr. Civil 2:70, 2:71 (modified).

### 21.  Battery Damages

I will now instruct you on the law of damages for battery. My instruction to you on this issue must not be taken as a suggestion that you should find for the plaintiff. It is for you to decide on the evidence presented and the rules of law I have just given you whether the plaintiff is entitled to recover from the defendant. If you decide that the plaintiff is not entitled to recover from the defendant, you need not consider damages. Only if you decide that the plaintiff is entitled to recover will you consider the amount of damages.

If you find that the plaintiff is entitled to recover from the defendant, you must render a verdict in a sum of money that will justly and fairly compensate the plaintiff for all losses resulting from the injuries plaintiff sustained.

Now, you may award damages only for those injuries, if any, that you find that the plaintiff has proved by a preponderance of the evidence. Actual damages must not be based on speculation or sympathy.

**Sources**: N.Y. Pattern Jury Instr. Civil 2:227 (modified).

### 22. Punitive Damages

In addition to awarding damages to compensate the plaintiff for her injuries, you may, but you are not required to, award Ms. Carroll punitive damages if you find that the acts of defendant that caused Mr. Carroll's injury complained of were wanton and reckless or malicious. Punitive damages may be awarded for conduct that represents a high degree of immorality. The purpose of punitive damages is not to compensate the plaintiff, but to punish the defendant for wanton and reckless, or malicious acts and thereby to discourage the defendant and other people like him from acting in a similar way in the future.

An act is malicious when it is done deliberately with knowledge of the plaintiff's rights, and with the intent to interfere with those rights. An act is wanton and reckless when it demonstrates conscious indifference and utter disregard of its effect upon the health, safety and rights of others. If you find that defendant's acts were not wanton and reckless or malicious, you need proceed no further in your deliberations on this issue of punitive damages. On the other hand, if you find that defendant's acts were wanton and reckless or malicious, you may award Ms. Carroll punitive damages.

In arriving at your decision as to the amount of punitive damages, you should consider the nature and reprehensibility of what defendant did. That would include the character of the wrongdoing, whether defendant's conduct demonstrated an indifference to, or a reckless disregard of, the health, safety or rights of others, whether the act was done with an improper motive or

vindictiveness, whether the act or acts constituted outrageous or oppressive intentional misconduct, how long the conduct went on, defendant's awareness of what harm the conduct caused or was likely to cause, any concealment or covering up of the wrongdoing, how often defendant had committed similar acts of this type in the past and the actual and potential harm created by defendant's conduct including the harm to individuals or entities other than Ms. Carroll. However, although you may consider the harm to individuals or entities other than Ms. Carroll in determining the extent to which Mr. Trump's conduct was reprehensible, you may not add a specific amount to your punitive damages award to punish defendant for the harm defendant caused to others.

The amount of punitive damages that you award must be both reasonable and proportionate to the actual and potential harm suffered by Ms. Carroll, and to the compensatory damages you awarded Ms. Carroll. The reprehensibility of defendant's conduct is an important factor in deciding the amount of punitive damages that would be reasonable and proportionate in view of the harm suffered by Ms. Carroll and the compensatory damages you have awarded her.

**Source**: N.Y. Pattern Jury Instr. Civil 2:278 (modified).

### 23. Defamation

Ms. Carroll's second cause of action is based on defamation or libel. A libel is a false statement about a person, in writing, that tends to expose the person to public hatred, contempt, ridicule or disgrace.

Plaintiff claims that defendant posted a defamatory statement about her on the social media site Truth Social on October 12, 2022, which is set forth as follows:

> This 'Ms. Bergdorf Goodman case' is a complete con job. … She completely made up a story that I met her at the doors of this crowded New York City Department Store and, within minutes, 'swooned' her. It is a Hoax and a lie, …. She has no idea what day, what week, what month, what year, or what decade this so-called 'event' supposedly took place. The reason she doesn't know is because it never happened, and she doesn't want to get caught up with details or facts that can be proven wrong. If you watch Anderson Cooper's interview with her, where she was promoting a really crummy book, you will see that it is a complete Scam. She changed her story from beginning to end, after the commercial break, to suit the purposes of CNN and Andy Cooper. … In the meantime, and for the record, E. Jean Carroll is not telling the truth, is a woman who I had nothing to do with, didn't know, and would have no interest in knowing her if I ever had the chance.

To recover damages for libel, plaintiff has the burden of proving five distinct elements. If the plaintiff has proved all of these elements, you should decide in her favor and go on to determine the amount of damages. However, if plaintiff failed to prove any one of these elements, plaintiff may not recover. Ms. Carroll failed to prove any one of these elements, she may not recover.

First, plaintiff must prove by a preponderance of the evidence that the statement was defamatory, meaning that the statement had a tendency to expose plaintiff to public hatred, contempt, ridicule or disgrace. Second, Ms. Carroll must prove by a preponderance of the evidence that the statement referred to her, meaning that the statement would be reasonably understood to be about Ms. Carroll. Third, plaintiff must prove by a preponderance of the evidence defendant published the statement, meaning that he communicated the statement to someone other than Ms. Carroll herself. Fourth, plaintiff must prove by clear and convincing evidence that the statement

was false, meaning substantially untrue. Fifth, Ms. Carroll must prove, also by clear and convincing evidence, that when Mr. Trump made the statement, he either knew that it was false or acted in reckless disregard of the truth or falsity of the statement.

You will notice that I told you that Ms. Carroll must prove the first three of these elements of her libel claim by a "fair preponderance of the evidence" and the last two elements by "clear and convincing evidence." I have described these burdens of proof already.

**Sources**: N.Y. Pattern Jury Instr. Civil 3:23 (modified).

**24. Defamatory Meaning**

The first question for you to decide is whether defendant's statement was defamatory. A statement is defamatory if it tends to expose the plaintiff to public hatred, contempt, ridicule or disgrace – that is, if it would tend to lead the average person in the community to form an evil or bad opinion of the plaintiff. A statement is also defamatory if it tends to discredit the plaintiff in the conduct of her occupations, trade or office.

Not every unpleasant or uncomplimentary statement is defamatory. A statement that is merely unpleasant, offensive or embarrassing, or that hurts the plaintiff's feelings, is not necessarily defamatory. Because language often has different meanings, the law imposes upon the plaintiff the burden of proving that statement about which plaintiff complains would in fact be understood by the average person as defamatory.

If you find that the statement did not tend to expose Ms. Carroll to public hatred, contempt, ridicule or disgrace or to discredit her in the conduct of her occupation, profession, trade or office, then you need proceed no further and report to the Court. If you find from the evidence that Ms. Carroll has proved that the statement in the article tended to expose her to public hatred, contempt, ridicule or disgrace or to discredit the plaintiff in the conduct of her occupation, profession, trade

23

or office, then you must find the statement defamatory and proceed to consider the remaining four elements.

**Source**: N.Y. Pattern Jury Instr. Civil 3:24 (modified).

### 25. Of and Concerning the Plaintiff

The second element plaintiff must prove is that the statement referred to her; that is, the plaintiff must have understood the statement was communicated to third persons who reasonably would have understood the statement to refer to the plaintiff.

The publication does not mention plaintiff by name, but plaintiff claims that it would be commonly understood by readers of average intelligence that the article referred to her.  If you find that it would commonly understood by such readers from the content of the article, taken according to the customary use of language, and from facts about plaintiff known to such readers that the article refererd to the plaintiff, then you must consider the remaining elements of plaintiff's case.  If you find that it would not be commonly understood by readers of average intelligence from the content of the article, taken according to the customary use of language, and from facts about plaintiff known to such readers that the article referred to plaintiff, then you need proceed no further and report to the Court.

**Source**: N.Y. Pattern Jury Instr. Civil 3:25 (modified).

### 26. Publication

The third element that plaintiff must prove is that defendant published the statement, that is, that the defendant's October 12, 2022 statement on Truth Social was read by some person or persons other than the plaintiff.

If you find that defendant's statement was read by someone other than the plaintiff, then you must proceed to consider the other elements of plaintiff's case.  If you find that defendant's

statement was read by someone other than the plaintiff, then you do not need to proceed further and report to the Court.

**Source**: N.Y. Pattern Jury Instr. (modified).

27.    **Falsity**

The next question for you to decide is whether the statement was false.  A statement is false if it is not substantially true.  Minor inaccuracies in the statement may be disregarded in determining whether the statement is false.

You will determine from the evidence presented what the truth was and then compare that written statement which you find was made by the defendant, taking that statement according to the ordinary meaning of the words.  If you find that the statement was false, then you must proceed to consider the other elements of plaintiff's case.  If you find that the statement is true, then you do not need to proceed further and report to the Court.

**Source**: N.Y. Pattern Jury Instr. Civil 3:27 (modified).

28. **Actual Malice**

The next question for you to decide is whether plaintiff has proved by clear and convincing evidence, as I have defined that term for you, that when defendant made the statement, defendant knew it was false or acted in reckless disregard of its truth or falsity.  Reckless disregard means that when defendant made the statement, he had serious doubts as to the truth of the statement or made the statement with a high degree of awareness that it was probably false.

If you find that the plaintiff has proved by clear and convincing evidence that when defendant made the statement, he knew it was false or acted in reckless disregard of its truth or falsity, then you must proceed to consider the other elements of plaintiff's case.  If you find that plaintiff has not proved by clear and convincing evidence that when defendant made the statement,

he knew that it was false or acted in reckless disregard of its truth or falsity, then you need proceed no further and you should report it to the Court.

**Source**: N.Y. Pattern Jury Instr. Civil 3:28 (modified).

### 29. Defamation Damages

I am now going to instruct you on the law of damages.  The fact that I instruct you on the law of damages must not be taken as an indication that you should decide for the plaintiff.  You will decide on the evidence presented and the rules of law that I have given you whether the plaintiff is entitled to recover from the defendant.

If you decide that the plaintiff is entitled to recover, you will award an amount as, in the exercise of your good judgment and common sense, you decide is fair and just compensation for the injury to plaintiff's reputation and the humiliation and mental anguish in her public and private life which you decide was caused by defendant's statement. In fixing that amount you should consider the plaintiff's standing in the community, the nature of defendant's statement made about the plaintiff, the extent to which the statement was circulated, the tendency of the statement to injure a person such as the plaintiff, and all of the other facts and circumstances in the case.  These damages cannot be proved with mathematical accuracy. Fair compensation may vary, ranging from one dollar, if you decide that there was no injury, to a substantial sum if you decide that the injury was substantial.

**Sources**: N.Y. Pattern Jury Instr. Civil 3:29 (modified).

### 30. Punitive Damages for Defamation

 The damages that I have discussed with you so far are called compensatory, because they are intended to compensate for injury suffered by the plaintiff.  In addition, plaintiff asks that you award punitive damages.  Punitive damages may be awarded to punish a defendant who has acted maliciously and to discourage others from doing the same.  A statement is made maliciously if it

is made with deliberate intent to injure or made out of hatred, ill will, or spite or made with wilful, wanton or reckless disregard of another's rights. If you find that in making the statement about the plaintiff, defendant acted maliciously, as I have just defined that term for you, you may, but are not required to, award plaintiff punitive damages. If you find that defendant's statement was not made maliciously, as I have defined that term for you, you may not award punitive damages. The burden of proving that defendant acted with malice is on the plaintiff.

In reporting your verdict, you will state the amount, if any, awarded by you as punitive damages.

**Source**: N.Y. Pattern Jury Instr. Civil 3:30 (modified).

## CLOSING INSTRUCTIONS

### 31. Duty to Deliberate

You will now return to decide the case. In order to prevail on her claims, Ms. Carroll must sustain her burden of proof as I have explained to you for each element of the complaint. If you find that Ms. Carroll has succeeded for a given claim, you should return a verdict in her favor on that claim. If you find that Ms. Carroll failed to sustain the burden on any element of one of her claims, you should return a verdict against Ms. Carroll for that particular claim.

It is your duty as jurors to consult with one another and to deliberate with a view to reaching an agreement. Each of you must decide the case for himself or herself, but you should do so only after a consideration of the case with your fellow jurors, and you should not hesitate to change an opinion when convinced that it is erroneous. Your verdict must be unanimous, but you are not bound to surrender your honest convictions concerning the effect or weight of the evidence for the mere purpose of returning a verdict or solely because of the opinion of other jurors. Discuss and weigh your respective opinions dispassionately, without regard to sympathy, without regard to

27

prejudice or favor for either party, and adopt that conclusion which in your good conscience appears to be in accordance with the truth.

Again, each of you must make your own decision about the proper outcome of this case based on your consideration of the evidence and your discussions with your fellow jurors. No juror should surrender his or her conscientious beliefs solely for the purpose of returning a unanimous verdict.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 78.01 (2022) (Instruction 78-3) (modified).

### 32. Juror Notes

Your notes are for your personal notes only. Each of you may consult your own notes during deliberations, but any notes you may have taken are not to be relied upon in deliberations as a substitute for your collective memory. Your notes should be used as memory aids, but they should not be given precedence over your independent recollection of the evidence. If you're one who did not take notes, you should rely on your own independent recollection, and you should not be influenced by the notes of other jurors. The notes are entitled to no greater weight than the recollection or impression of each of you as to what the testimony may have been.

**Source**: Based on this Court's instructions in *Rapp v. Fowler*, No. 20 Civ. 9586 (S.D.N.Y.).

### 33. Quorum Requirement

You're not to discuss the case unless you're all present. Four or five of you together is not a jury. It's simply a gathering of people who, by this time I hope, are fond of each other and friendly, at least. Only when you're all there are you a jury and only then may you deliberate.

**Source**: Based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

### 34. Selecting a Foreperson

When you retire, you should elect one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 78.01 (2022) (Instruction 78-5).

### 35. Verdict Form

I have prepared a special verdict form for you to use in recording your decision. The special verdict form is made up of questions concerning the important issues in this case. These questions are to be answered "yes" or "no." Your answers must be unanimous and must reflect the conscientious judgment of each juror. You should answer every question except where the verdict form indicates otherwise.

**Sources**: 4 Modern Federal Jury Instructions-Civil P 78.01 (2022) (Instruction 78-9) (modified); based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

### 36. Instructions

You're going to have the instructions in writing. You're going to find that the instructions contain some legal citations here and there. They are included to aid the lawyers trying this case and me. They are kind of my order trail as to where the principles of law I'm charging you on came from, and let the lawyers know what I'm relying on. You need to ignore them.

**Source**: Based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

### 37. Reaching a Verdict

Once you have reached a unanimous decision, you will record your answers on one copy of the verdict form. As I say, the foreperson will fill it out. Each of you should sign the bottom. The verdict form, with the signatures, should go into a sealed envelope. The foreperson will tell

the officers there's a verdict, clutch the envelope to your heart, bring it into the courtroom when I bring you back, and hold onto it until I ask you for it.

**Source**: Based on this Court's instructions in *Rapp v. Fowler*, No. 20 Civ. 9586 (S.D.N.Y.).

### 38. Juror Questions

Now if in the course of your deliberations you have questions about any instructions, the foreperson should formulate a note. A note, the text of which is acceptable to all of you, and send the note out in a sealed envelope through the officer.

The pages and line numbers on the written copies that you will receive in the jury room are there so that you can indicate the page and line numbers of the passage you're asking questions about. It's important, if you can, that you indicate what pages and line numbers you're asking about. The procedure when I get a note is that I share the note with the lawyers, the lawyers have an opportunity to be heard on the question of how the note ought to be answered. If everybody agrees and that's the answer, if everybody disagrees, I decide what the answer is. And the more precisely we all understand what the question is all about and what you're asking, the better able we are to answer responsively and the more quickly we're going to be able to do it.

**Source**: Based on this Court's instructions in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.).

### 39. Requests for Testimony

You are about to go into the jury room and begin your deliberations. You will have copies of the exhibits with you. If during those deliberations you want any of the testimony to be read back to you, you may request that. Please remember that it is not always easy to locate what you might want, so be as specific as you possibly can in requesting portions of testimony.

Your requests for exhibits or testimony – in fact any communication with the court – should be made to me in writing, signed by your foreperson, and given to one of the marshals. In any

event, do not tell me or anyone else how the jury stands on any issue until after a unanimous verdict is reached.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 78.01 (2022) (Instruction 78-1) (modified).

### 40. Media

This case has gotten a fair amount of media attention. Until a verdict is released or you are discharged, you must insulate yourself from all information about this case, except what has come to you in this courtroom. No reading, no watching, no listening to media coverage or commentary about the case or comments from your friends or loved ones.   You are sealed from other information.   And if anything happens that results in some exposure to some outside source, you have to report it.

**Source**: Based on this Court's instructions in *Rapp v. Fowler*, No. 20 Civ. 9586 (S.D.N.Y.).

### 41. Juror Oath

I remind you that you took an oath to render judgment fairly and impartially, without prejudice or sympathy, and without fear, solely upon the evidence in the case and the applicable law; and I know you're going to do that and reach a just and true verdict.

**Source**: 4 Modern Federal Jury Instructions-Civil ¶ 71.01 (2022) (Instruction 71-4) (modified).