# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

April 6, 2023

**VIA COURIER**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-7-2023

Re:   *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan:

    We write on behalf of both parties in connection with this Court's order regarding the use of an anonymous jury in this action. *See* ECF 94. While we fully understand and agree Your Honor's concerns about security as expressed in the Court's March 23, 2023 order, *see* ECF 94 at 1-6, 9, the parties respectfully request that the Court allow each party's legal team—but not the parties themselves—access to the names of the prospective jurors, subject of course to a court order prohibiting disclosure of those names to anyone else.

    First, permitting such limited access to the names of prospective jurors would aid in the jury-selection process. The measure would allow the attorneys to develop "a fair sense of the potential biases and beliefs of the prospective fact-finders" prior to voir dire, assisting in the seating of a neutral and impartial deliberative body. *United States v. Gigante*, 982 F. Supp. 140, 151 (E.D.N.Y. 1997). Other courts have seemingly recognized the benefits of providing juror names to attorneys in otherwise anonymized proceedings. *See, e.g., id.* at 150 (juror names provided only to attorneys); *United States v. Napout*, 963 F.3d 163, 177 n.15 (2d Cir. 2020) (jurors names made available to the parties and their attorneys, but not the public); *United States v. Raniere*, No. 18 Cr. 204, 2019 WL 2775617, at *1 (E.D.N.Y. July 2, 2019) (same); *see also* Pretrial Order, *Sines v. Kessler*, No. 17 Civ. 00072 (W.D. Va. Oct. 7, 2021), ECF 1172 (limiting access to jurors' names to six members of each side's legal team).

    Second, once a jury is empaneled, the legal teams' limited access to the names of the jurors would help safeguard the integrity of the deliberative process. Juror use of social media during trial raises significant concerns, and those concerns are heightened in highly publicized cases like this one. *See* ECF 94 at 2, 9 (noting that "[t]his is a unique case" with "extensive pretrial publicity"); *see also, e.g.*, Keegan Hamilton, *Inside El Chapo's Jury: A Juror Speaks for First Time About Convicting the Kingpin*, Vice News (Feb. 20, 2019) (discussing social media use by

## KAPLAN HECKER & FINK LLP

2

anonymous jurors during trial that came to light after the case had ended).[1] Such misuse can be grounds for dismissing a juror mid-trial, *United States v. Feng Ling Liu*, 69 F. Supp. 3d 374, 378 (S.D.N.Y. 2014), or even vacating a verdict after the fact, *United States v. Ganias*, 755 F.3d 125, 136 (2d Cir. 2014) ("A juror who … posts comments about the trial on Facebook, may, in certain circumstances, threaten a defendant's Sixth Amendment right to an impartial jury."), *rev'd on reh'g en banc on other grounds*, 824 F.3d 199 (2016). And it is not just what jurors themselves might reveal on social media—it is also what information about the case the jurors might be exposed to, even inadvertently, through public posts directed at jurors by friends and followers. While attorneys for the parties can play an important role in checking for possible social media misuse during trial, they obviously cannot perform this function without access to the jurors' names.

The parties' proposal as set forth above is deliberately narrow. Only the legal teams (and not the parties themselves) would have access to the jurors' names, and those individuals would be prohibited from disclosing that information to anyone else pursuant to a court order and subject to contempt. This narrow measure would not implicate the concerns that Your Honor identified in providing for an anonymous jury such as "unwanted media attention to the jurors, influence attempts, and/or of harassment or worse of jurors by supporters of Mr. Trump." ECF 94 at 7. Nor would such limited disclosure necessarily cause the jurors to "fear harassment, unwanted invasions of their privacy, and retaliation." ECF 94 at 9. Indeed, as indicated by the citation above, a similar process was used in a trial I participated in in the Western District of Virginia relating to the events that took place in Charlottesville on August 10-11, 2011. To the best of my knowledge, the identities of the jurors in the case have never been revealed publicly.

We appreciate the Court's attention to this matter.

Respectfully submitted,

Roberta A. Kaplan

cc:   Counsel of Record

---

[1] https://www.vice.com/en/article/vbwzny/inside-el-chapos-jury-a-juror-speaks-for-first-time-about-convicting-the-kingpin.