UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
E. JEAN CARROLL,

                Plaintiff,

    -against-                                            22-cv-10016 (LAK)

DONALD J. TRUMP,

                Defendant.
------------------------------------------x

## MEMORANDUM AND ORDER DENYING JOINT REQUEST FOR THE PARTIES' "LEGAL TEAMS" TO HAVE ACCESS TO JUROR NAMES

LEWIS A. KAPLAN, *District Judge.*

        This Court recently found, without objection by either party, as follows:

        "If jurors' identities [in this case] were disclosed, there would be a strong likelihood of unwanted media attention to the jurors, influence attempts, and/or of harassment or worse of jurors by supporters of Mr. Trump. Indeed, Mr. Trump himself has made critical statements on social media regarding the grand jury foreperson in Atlanta, Georgia, and the jury foreperson in the Roger Stone criminal case. And this properly may be viewed in the context of Mr. Trump's many statements regarding individual judges, the judiciary in general, and other public officials, as well as what reports have characterized as 'violent rhetoric' by Mr.

Trump including before his presidency."[1]

The likelihood of such difficulties since the Court made those findings only has increased. That is so in view of Mr. Trump's public statements, characterized by the media as attacks against the New York State judge presiding over the recently filed New York State criminal case against Mr. Trump and the threats reportedly then made, presumably by Mr. Trump's supporters, against that judge and members of his family.[2] Nevertheless, despite never having objected to the use of a fully anonymous jury despite ample opportunity to do so, both parties now seek to raise that subject for the first time. They move to modify the Court's order to "allow each party's legal team," whatever exactly that means, to "access . . . the names of the prospective jurors, subject of course to a court order prohibiting the disclosure of those names to anyone else."[3] The motion is denied.

---

[1] Dkt. 94, at 7-8; *Carroll v. Trump*, No. 22-cv-10016 (LAK), 2023 WL 2612260, at *4 (S.D.N.Y. Mar. 23, 2023).

[2] *E.g.*, Ewan Palmer, *Trump Accused of Threatening Judge Hours After 'Incite Violence' Warning*, NEWSWEEK, Apr. 5, 2023, https://www.newsweek.com/trump-threaten-judge-incite-violence-1792620; Isaac Stanley-Becker and Jacqueline Alemany, *Judge asks Trump not to incite violence amid volley of online attacks*, THE WASHINGTON POST, updated Apr. 4, 2023, https://www.washingtonpost.com/national-security/2023/04/04/trump-judge-threats-violence/; Olivia Land, *Trump Jr. shares article with photo of judge's daughter — who allegedly worked on Biden campaign*, NEW YORK POST, Apr. 5, 2023, https://nypost.com/2023/04/05/donald-trump-jr-shares-photo-of-judges-daughter-online/; Josh Marcus, *Judge warns Trump about social media posts as legal team defends baseball bat picture*, THE INDEPENDENT, Apr. 4, 2023, https://www.independent.co.uk/news/world/americas/us-politics/trump-twitter-truth-social-indictment-court-b2314200.html; Rebecca Rosenberg, *New York Judge Presiding Over Donald Trump Criminal Case Gets Death Threats*, FOX NEWS, Apr. 6, 2023, https://www.foxnews.com/us/new-york-judge-presiding-donald-trump-criminal-case-death-threats; Jonathan Dienst, Rebecca Shabad, Ben Kamisar and Laura Jarrett, *Trump judge and his family receive threats after New York arrest*, NBC NEWS, updated Apr. 5, 2023, https://www.nbcnews.com/politics/donald-trump/judge-merchan-family-receive-threats-trumps-arrest-rcna78401.

[3] Dkt 103, at 1.

3

First, the parties had ample opportunity to seek access for their "legal teams" to the names of prospective jurors when the Court on March 11, 2023 directed that any objections to the use of an anonymous jury in this case be filed by March 17, 2023.[4] They filed no objections. The present request therefore is untimely, and that alone is a sufficient basis for its denial. But there are alternative grounds as well.

Even if the request were timely, which it is not, it would be unpersuasive because it would ignore the most important reason for a fully anonymous jury in this particular – and unique – case.

The overriding goal is the selection of fair and impartial jurors who can perform their duties free of unwanted media attention, free of inappropriate influence attempts, and free of any fear of harassment or retaliation, regardless of the outcome of the case. In light of that preeminent goal, I cannot in good conscience grant the request that these parties' "legal teams" – or even their attorneys of record only – should have the names of the otherwise anonymous jurors.

In so stating, I do not wish to be misunderstood. I have great respect for the Bar generally. I do not imply that any of those who would be granted access to jurors' names under the parties' proposal would betray the trust reposed in them. But I cannot ignore the fact that the public – of which the jurors ideally will be a broad cross-section – does not have the same confidence. There are empirical studies indicating that the public in general does not have a high regard for the trustworthiness of lawyers.[5] And it is not speculation to conclude, as I do, that at least some

---

[4] Dkt 84.

[5] *E.g., Can You Trust a Lawyer?*, RASMUSSEN REPORTS, Aug. 17, 2022, https://www.rasmussenreports.com/public_content/business/general_business/can_you_tr

members of the jury in this case, if told that their identities would be confidential from everyone except the lawyers for (let alone "legal teams" of) these parties, likely would not feel confidence that their identities would remain known only to the lawyers or legal teams.

Second, providing prospective jurors' names to counsel would not materially aid, and might even hinder, the empaneling of a fair and impartial jury. The Court will conduct a thorough *voir dire* to uncover prospective jurors' potential biases. The parties already have suggested areas of inquiry for the Court's *voir dire*,[6] and will have a further opportunity to suggest additional questions should the Court's questioning seem to them inadequate. Yet they have failed to explain the usefulness, if any, of access to prospective jurors' names despite the careful and searching *voir dire* examination to which the venire will be subject.[7]

---

ust_a_lawyer; Debra Cassens Weiss, *How are lawyers viewed by the public? Envy may account for glee in attorney mishaps, study says*, ABA JOURNAL, Sep. 25, 2014, https://www.abajournal.com/news/article/how_are_lawyers_viewed_by_the_public_envy _may_account_for_glee_in_attorney; Leo J. Shapiro & Associates, *Public Perceptions of Lawyers Consumer Research Findings*, AMERICAN BAR ASSOCIATION SECTION OF LITIGATION, Apr. 2002, https://www.americanbar.org/content/dam/aba/administrative/mar ket_research/public_perception_of_lawyers_2002.pdf.

[6] Dkt 97 (Def. Proposed Voir Dire Questions); 99-3 (Pl. Proposed Voir Dire Questions).

[7] *E.g.*, *United States v. Prado*, No. 10-cr-74 (JFB), 2011 WL 3472509, at *10 (E.D.N.Y. Aug. 5, 2011) ("[Defendant] also objects to the use of an anonymous jury on the ground that it will prevent him from meaningfully exercising his peremptory challenges during jury selection. In particular, [defendant] contends that '[i]n light of counsel's access to the internet and its many tools of investigation and research, not having the name or address of the prospective jurors is a distinct disadvantage to counsel in analyzing the jurors' suitability for a case of this nature.' . . .The Court, however, finds this argument to be without merit and, instead, finds that the defendants' right to a fair and impartial jury will be sufficiently protected by a careful and searching *voir dire*, which will be designed to uncover bias and consequently will allow defendants to meaningfully exercise their challenges."); *United States v. Griffin*, No. 94-cr-631 (S-6) (AGS), 1996 WL 140073, at *2 (S.D.N.Y. Mar. 27, 1996) ("Courts have long held that a thorough voir dire examination of potential jurors is a sufficient device to eliminate from jury service both (1) those so affected by exposure to pre-trial publicity and (2) those with some knowledge of the facts and circumstances of the case that they cannot

5

Third, counsel on both sides seem to be laboring under the misunderstanding that they would have a list of prospective jurors for this case – and could investigate the prospective jurors and/or speculate as to their ethnic backgrounds, religions, and various other appropriate and inappropriate subjects – but for the anonymous jury order. But they are mistaken. With unusual exceptions,[8] counsel in jury cases in this district first hear the names of prospective jurors when the deputy clerk calls out the name of a prospective juror and invites that person to take a seat for *voir dire* examination. In other words, the availability of prospective juror names in ordinary cases and the final selection of trial jurors typically occur in a single proceeding that includes the *voir dire*. That would be no different in this case save that the lawyers will hear only a juror number rather than a name. In any case, I see no benefit to the proposed disclosure of juror names, and certainly none that would outweigh the benefit to be achieved by a fully anonymous jury, the members of which could be confident that their identities would remain confidential.

Finally, for the sake of completeness, the Court appreciates the fact that learned counsel have brought to its attention a few cases in which other courts have allowed lawyer access

---

fairly decide issues of guilt or innocence.") (citing cases).

[8] These have occurred especially where a non-anonymous jury has been selected and a questionnaire has been employed in doing so. The Court finds a jury questionnaire unnecessary in this case, and will not employ one. The Second Circuit has "expressly declined to 'hold that district judges are ever obligated to make use of this procedure in selecting juries.'" *United States v. Treacy*, 639 F.3d 32, 46 (2d Cir. 2011) (quoting *United States v. Quinones*, 511 F.3d 289, 300 n.8 (2d Cir. 2007)). *See also United States v. Salameh*, 152 F.3d 88, 121 (2d Cir. 1998) (holding that the district court did not abuse its discretion in declining to use jury questionnaire); *United States v. Tomero*, 486 F. Supp. 2d 320, 325 (S.D.N.Y. 2007) (denying request to use a jury questionnaire as unnecessary in case involving an anonymous jury).

to juror names in otherwise anonymized cases,[9] and it is aware also of other cases in which courts have not done so.[10] I have alluded already to the broad discretion reposed in the trial court on subjects such as this. Suffice it to say that the Court is confident that the denial of the parties' joint application lies comfortably within the scope of that discretion.

Conclusion

For the foregoing reasons, the parties' request that each party's "legal team" be granted access to the names of prospective jurors (Dkt 103) is denied.

SO ORDERED.

Dated:     April 10, 2023

_____
Lewis A. Kaplan
United States District Judge

---

[9] Dkt 103 at 1 (citing cases).

[10] E.g., United States v. Al Fawwaz, 57 F. Supp. 3d 307, 311 (S.D.N.Y. 2014); United States v. Mayes, No. 12-cr-385 (ARR), 2013 WL 6175824, at *6 (E.D.N.Y. Nov. 25, 2013); United States v. Price, No. 05-cr-492 (S-3)(NGG), 2008 WL 4682408, at *5 (E.D.N.Y. Oct. 21, 2008); Tomero, 486 F. Supp. at 325; United States v. Scala, 405 F. Supp. 2d 450, 454 (S.D.N.Y. 2005); United States v. Gotti, No. 02-cr-743 (S-8) (RCC), 2004 WL 2274712, at *6 (S.D.N.Y. Oct. 7, 2004); United States v. Bellomo, 954 F. Supp. 630, 655-56 (S.D.N.Y. 1997).