# tacopina seigel trial lawyers

TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

April 11, 2023

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

    Re:    *E. Jean Carroll v. Donald J. Trump*, 22-cv-10016 (LAK)

Dear Judge Kaplan,

    On behalf of President Donald J. Trump, we write to request a four-week adjournment of the April 25, 2023 trial date.  As set forth more fully below, President Trump's right to a fair trial depends upon a brief "cooling off" period between the trial of this matter and the recent deluge of prejudicial media coverage concerning his unprecedented criminal indictment and arraignment in Manhattan.

    As this Court is aware, history was made on March 30, 2023 when a former United States president was indicted for the first time.[1]  Five days later on April 4, 2023, President Trump was arraigned in a courthouse just steps from where the trial of this case will be held, amidst a carnival atmosphere with hundreds of demonstrators and reporters.[2]

    Holding the trial of this case a mere three weeks after these historic events will *guarantee* that many, if not most, prospective jurors will have the criminal allegations top of mind when judging President Trump's defense against Ms. Carroll's allegations.  That is a predictable consequence of the wall-to-wall media coverage of the criminal case: the unsealing of the indictment and President Trump's arraignment on April 4, 2023 were accompanied by coverage

───────────────

[1] B. Protess, et al., "Trump is indicted, becoming first ex-president to face criminal charges," *The New York Times*, March 30, 2023, *available at* https://www.nytimes.com/live/2023/03/30/nyregion/trump-indictment-news?smid=url-share

[2] E. Orden and W. Parnell, "'It's history in the making': Crowds gather for Trump's arraignment in New York," Politico, April 4, 2023, *available at* https://www.politico.com/news/2023/04/04/press-public-await-donald-trump-arraignment-00090318

TACOPINA SEIGEL & DEOREO

Honorable Lewis A. Kaplan
April 11, 2023
Page 2

on all television networks and resulted in at least *60,000* day-of news stories.[3]  As will be set forth more fully in President Trump's forthcoming Motion for a Juror Questionnaire, the coverage was remarkable for its volume and incitement of animus towards President Trump among the venire.

Widely covered criminal charges against a civil litigant should raise urgent concerns over potential contamination of prospective jurors.  That is true of criminal charges of any kind, but the threat to President Trump's rights is particularly dire because the coverage of the indictment has repeated a salacious and false allegations—exactly what Ms. Carroll alleges in this case.  Jurors selected to hear Ms. Carroll's allegations against President Trump will have the breathless coverage of President Trump's alleged extra-marital affair with Stormy Daniels still ringing in their ears if trial goes forward as scheduled.  To avoid this egregious violation of President Trump's constitutional rights, the trial should be adjourned for a brief period to allow the media frenzy to recede.

To be sure, President Trump is a persistent subject of media coverage.  But the present situation is unique because, as stated above, the recent coverage pertains to alleged sexual misconduct, the same issue at the heart of this litigation.  It is also unique because the volume of coverage surged upon President Trump's recent indictment and arraignment.  Over the last month, media coverage related to President Trump spiked by over two hundred percent, with at least 211,000 articles referencing President Trump's criminal indictment.[4]  Moreover, the indictment and arraignment caused the coverage of *this* case to spike. A search of Google News for "Jean Carroll Donald Trump" yields 335 results during the week before news of the indictment broke (March 22 through March 29, 2023). The same search yields 1,440 results in the seven days since news of the indictment broke (March 30 through April 7). The indictment therefore drove a more than four-fold increase in coverage of this case, which reflects the predictable and troubling tendency to view the criminal allegations against President Trump as relevant to Ms. Carroll's allegations in this civil action.

To arbitrarily deny a continuance and thus substantially impair the defense would be an abuse of discretion.  *United States v. O'Connor*, 650 F.3d 839, 854 (2d Cir. 2011).  In exercising its discretion in deciding an adjournment request, a district court must determine whether a

---

[3] Google search results for "Donald Trump Indictment" that bear the "news" designation, limited to April 4, 2023, reflect 60,400 results.

[4] The search string used in this Google search was "Donald Trump Indicted." The search was conducted on April 10, 2023, with "news" and "past month" conditions being applied to the results.  By comparison, a Google search for stories limited to February 2023 yielded just 65,400 articles concerning President Trump that referenced a possible indictment.

TACOPINA SEIGEL & DEOREO

Honorable Lewis A. Kaplan
April 11, 2023
Page 3

continuance is "consistent with the ends of justice."  *United States v. Spencer*, 646 F. App'x 6, 9
(2d Cir. 2016).  Here, an adjournment is not merely consistent with justice; it is *required* by
justice and President Trump's right to an impartial jury.

       "The Constitution guarantees both criminal and civil litigants a right to an impartial jury."
*Warger v. Shauers*, 574 U.S. 40, 50 (2014).  Courts have long acknowledged that pretrial
publicity can taint a jury pool by exposing it to inadmissible allegations and evidence. *Gannett
Co., Inc. v. DePasquale*, 443 U.S. 368, 378 (1979) ("Publicity concerning pretrial [proceedings]
poses special risks of unfairness…[it] could influence public opinion against a defendant and
inform potential jurors of inculpatory information wholly inadmissible at the actual trial.").
Therefore, courts have a duty to protect against pervasive and prejudicial pretrial publicity.
*United States v. Stewart*, 433 F.3d 273, 303 (2d Cir. 2006) (remedial actions were appropriate
where the potential jury pool had been exposed to extensive pre-trial publicity); *Sheppard v.
Maxwell*, 384 U.S. 333, 335 (1966) (the trial judge's failure to protect defendant from prejudicial
publicity violated the Due Process Clause of the Fourteenth Amendment).  There is no case
where those concerns are more pressing than this one, where the venire has been blanketed with
coverage of the criminal case against President Trump.

       The relief President Trump seeks—a brief adjournment to allow a "cooling off" period—
is modest relative to the significant prejudice created by the pretrial publicity.  The Supreme
Court of the United States has instructed that a passage of time can mitigate prejudice from
pretrial publicity. *See Patton v. Yount*, 467 U.S. 1025, 1033-34 (1984) (observing that passage of
time between trial and retrial allowed prejudice from publicity to dissipate, and noting "that time
sooths and erases is a perfectly natural phenomenon, familiar to all.").  This Court and other
district courts have also acknowledged this common-sense principle. *Schiavone Const. Co. v.
Merola*, 678 F. Supp. 64, 66-67 (S.D.N.Y 1988) ("The right to a fair trial, in the context of
prejudicial pre-trial publicity and the potential tainting of the jury pool, is satisfied where, by
means of change of venue, voir dire, *lapse of time between the publicity and the trial*, and/or
other factors, an impartial jury has been selected.") (emphasis added) (*citing Rosenberg v.
Martin*, 478 F.2d 520, 525 (2d Cir. 1973));*United States v. Florio*, 13 F.R.D. 296, 299 (S.D.N.Y.
1952) ("A court may, for example, grant a continuance until the effects of pre-trial publicity have
been erased by time."); *United States v. Matusiewicz*, No. cr-13-83-1(GMS), 2014 WL 2446064,
at \*4 (D. Del. May 29, 2014) ("In considering the timing of the media coverage, the court asks
whether sufficient time has elapsed between the adverse publicity and the commencement of trial
to permit a cooling off of any prejudice that may have resulted from the media coverage.")
(internal quotation marks omitted).

TACOPINA SEIGEL & DEOREO

Honorable Lewis A. Kaplan
April 11, 2023
Page 4


The next deadline in the criminal case that is likely to generate significant coverage will not occur until August 8, 2023 (the deadline for filing all motions).[5] Late May therefore marks the beginning of a two-month window during which this case can be heard by a jury far more likely to be impartial than one recently inundated with prejudicial media coverage of the criminal case against President Trump.

President Trump can only receive a fair trial in a calmer media environment than the one created by the New York County District Attorney. A short postponement of the trial will allow the recent surge in media coverage to subside and increase the likelihood that President Trump receives a fair trial. We therefore respectfully request that the Court adjourn the trial set for April 25, 2023 to a date not earlier than May 23, 2023.

Respectfully submitted,

Joseph Tacopina, Esq.
Alina Habba, Esq.
*Co-Counsel to Donald J. Trump*

cc: All Counsel (By ECF)

---

[5] *See* relevant portions of the Transcript of April 4, 2023 proceedings in New York State Supreme Court, *People of the State of New York v. Donald J. Trump* (setting a deadline for filling any motions of Aug. 8, 2023)(Exhibit A hereto).