# EXHIBIT A

# Read the full transcript from Trump's arraignment

The former president's court hearing lasted 57 minutes.

By ABC News
April 4, 2023, 10:55 PM





Former President Donald Trump appears in court at the Manhattan Criminal Court in New York on April 4, 2023.
Seth Wenig/Pool via AFP-Getty Images

Former President Donald Trump's first court hearing following his indictment on 34 counts of falsifying business records lasted 57 minutes, according to court records.

Here is the full transcript of what transpired in the courtroom, according to records that were released.

THE CLERK: Calendar number one, indictment 71543 of 2023, People of the State of New York versus Donald J. Trump. Appearances.

CHRISTOPHER CONROY: Christopher Conroy for the People. And Judge, with me are Catherine McCaw, Matthew Colangelo, Susan Hoffinger and Becky Mangold.

JUDGE JUAN MERCHAN: Good afternoon.

TODD BLANCHE: Good afternoon, your Honor. Todd Blanche for President Trump.

SUSAN NECHELES: Susan Necheles for President Trump as well.

JOSEPH TACOPINA: Once again, Joseph Tacopina for President Donald J. Trump.

JUDGE MERCHAN: Good afternoon. This matter is on for arraignment. Anything that we need to address before we conduct the arraignment?

CONROY: Not from the People.

JUDGE MERCHAN: Defense?

BLANCHE: No, your Honor.

JUDGE MERCHAN: Let's arraign Mr. Trump.

THE CLERK: Donald J. Trump, the grand jury of New York County has filed indictment 71543 of 2023 charging you with the crimes of 34 counts of falsifying business records in the first degree. How do you plead to this indictment, guilty or not guilty?

DONALD TRUMP: Not guilty.

Those motions certainly may, after we reviewed discovery, because we rely in part on the materials produced from the People. That being said, we are -- we do believe that to move the case along expeditiously, there may be other motions that do not need to wait for the substantive motions several months from now after the conclusion of discovery.

And, so for example, the potential bill of particulars. We just got the statement of facts today. That might also be something we need before we start going through all the discovery.

So, what we would ask your Honor is we have an opportunity to study the indictment beyond the half an hour or so we had so far. Continue to think about potential motions and potentially file motions in two parts.

So, motions -- and we will communicate with the People and with the Court as we land on the specifics of which motions and the timing, but some of the motions potentially dismissing the indictment after we had a chance to review discovery. So, I don't know if it is worth setting a date now. But if the Court would like to, we say at least six weeks after discovery has been concluded, and for other potential motions that we will reach out to the Court about, we would ask to have a month to file those motions or to at least inform the Court of what motions we intend to file.

JUDGE MERCHAN: So, People, when do you expect to complete your are discovery?

MCCAW: As I indicated, your Honor, we believe that the vast majority of the materials will be turned over to the defense within 65 days of the arraignment.

You know, there might be some additional straggler materials; especially the e-mail review, internal e-mail review from the District Attorney's Office.

That said, however, I don't believe the materials that would be coming post 65 days would be particularly meaningful.

Obviously, defense is entitled to see every single e-mail discovery in this case, but those e-mail messages tend not to be the most significant materials.

I would also like to say that to the extent that the defense does intend to file a set of motions immediately, and wants additional time after the discovery is complete to file a second set, we ask a motion schedule be set at this date for the first set of motions rather than waiting for a later date to set that motion schedule.

MORE: Prosecutors detail Trump's alleged hush money 'scheme' to influence 2016 election

JUDGE MERCHAN: All right, so the 65 days would bring us out to almost mid June, at this point.

I'm not in favor of splitting this up into two sets of motions. I'll set one motion schedule, which I believe will be reasonable. If you disagree, let me know.

I think four months would be more than sufficient for you to be able to address your motions, so that would bring us out to Aug. 8. And so, by Aug. 8 or before, please file any and all motions.

BLANCHE: Thank you, your Honor. Just one caveat. To the extent we do believe we need to file a motion in advance of that, we will alert the People and Court, and obviously your Honor can guide us.

But, those dates you just described, assuming the schedule stays as the People have suggested works with us.

JUDGE MERCHAN: All right, so that would bring the People to, let me check my math here, I believe that brings the People's response to around September fifth.

MCCAW: Your Honor, if they are having six weeks, we appreciate six weeks as well. That brings us to Sept. 19, if that is possible.

JUDGE MERCHAN: I'm not giving them six weeks. I'm giving them basically four months from today to complete all of their motions. That is what brings us out to about Aug. 8.

MCCAW: So, if we could get six weeks from the date of the filing of their motions, in light of the amount of time they will have had to prepare the motions, we request a date of Sept. 19.

JUDGE MERCHAN: Okay. People's response off calendar. Defense motions to be filed off calendar. People's response is to be filed off calendar also by Sept. 19. I believe that covers the three issues you wished to address.

MCCAW: That is correct, your Honor.

JUDGE MERCHAN: Mr. Tacopina, Mr. Trump. The People have asked me to discuss with you the possibility of Mr. Tacopina might be conflicted out of this case.

TACOPINA: Can I address some things said?

JUDGE MERCHAN: Sorry?

TACOPINA: Can I address some things that were mentioned by the District Attorney regarding that?

JUDGE MERCHAN: Sure, go ahead.

TACOPINA: Just to give you some actual context, and whatever the Court deems necessary we can have whatever the Court deems necessary.

To be clear, we received last night, for the first time, a letter from a Clark Brewster, an attorney apparently representing Stormy Daniels, that was

lauded with factual inaccuracies.

First and foremost, I never met Stormy Daniels. I never spoke to Stormy Daniels, and I never reviewed any documents of Stormy Daniels.

I know we are not doing a full-blown hearing here, but I want to give the Court some context.

She called my office, like many people do, and tried to hire me or asked about hiring me.

She spoke to an associate and paralegal. Gave some facts. Sent over a document, and it went no further than that.

We refused the case. I did not offer her representation. Didn't speak to her. Didn't meet with her. And it is as simple as that.

Of course, there is a rule governing that in New York State, the rule of ethics. Rule one point 18 regarding the duties to prospective clients. And most importantly, what has to happen here is I have to be in possession of information that is significantly harmful to the person in the matter.

I know we are not doing a full-blown hearing. I just want to put some things on the record.

Your Honor, that first of all does not exist. Everything she sent us wound up in her book. So, there is not obviously any privilege, and any that existed was waived.

But moreover, I learned I have documents supporting this, that Ms. Daniels, or Ms. Clifford, whatever her name is, signed a waiver, an attorney client waiver when she turned over all attorney client communications to the federal prosecutors in the Southern District, hereby waiving any attorney client privilege to begin with.

She testified in open court about her attempt to secure representation prior to retaining Mr. Avenatti.

She wrote a book regarding everything that had to do with potential representation and the document at hand.

And unless there was ever a point where the Court deemed there was a conflict, which I submit based on this there is not, we can submit in writing our position from Michael Ross, who is one of the most important ethical lawyers in the city.

More importantly, if we got to that point, we are not to that point, the remedy would be I do not participate in her examination.

There are three different law firms here. It is as simple as that. So obviously, I wanted to give the Court our position on the factual assessment.

JUDGE MERCHAN: People, what was your basis for believing there might be a conflict?

CONROY: Judge, it is a combination of the letter we received, which I can file with the Court in short order.

And also, I believe there had been comments made on various TV networks, perhaps even by Mr. Tacopina, and there were some privileged conversations between them.

If the Court -- obviously, if there will be submissions, we are happy to engage in that process.

Again, we wanted to alert the Court to the potential issue, and I think it is a real potential issue that needs to be explored.

JUDGE MERCHAN: Okay, so that is your position. Mr. Tacopina refutes that. So, what I would ask is if there comes a point you would like to submit a motion on this, I will certainly welcome it.

In the meantime, I do believe I have an obligation to address both Mr. Tacopina and Mr. Trump with regard to this.

So, Mr. Tacopina, Mr. Trump, as you know, you have an absolute right to conflict-free representation.

The People have alleged that there is a potential, Mr. Tacopina has a conflict, and the basis for their belief is that he may have represented a former client who is a witness in this case.

At this point, I'm not making any findings of fact. I'm not deciding who is telling the truth or who is not telling the truth.

I simply want to inform you that because it is an important right. I also want to -- first, do you understand that right, Mr. Trump?

TRUMP: Yes.

JUDGE MERCHAN: And therefore, People are not filing a motion at this time, but you are certainly welcome if you wish between now and then to consult with other counsel, run this issue by them and see how you feel about it when it it's over, okay?

TRUMP: Okay, thank you.

JUDGE MERCHAN: All right, I believe the only other issue is the Parker issue.

CONROY: Correct, Judge.

JUDGE MERCHAN: So, Mr. Trump, the People asked me to give you what are called Parker warnings.

I want you to know I would have given you these warnings whether they asked for them or not.

This is something I do with every individual who appears before me in the courtroom. Please bear with me as I do this.

You have the right to be present at every stage of the proceedings in your case. At every proceeding involved in the case, and that is obviously a very, very important right because it allows you to assist your attorneys in your defense of you.

It allows them to consult with you in your defense of you. I think it is definitely advantageous to have the jurors, if there is a jury, to see you present.

So, for all those reasons, I'm sure you can appreciate the right to be present at your trial and your proceedings is important.

I'm required by law to inform you that there are ways that you can waive your right to be present at these proceedings.

Specifically, I would like to refer to two specific areas. You can waive your right to be present if you voluntarily absent yourself from the proceedings.

So, if it is determined that at some point down the road you are not present at some stage because you chose not to be present, I do have the authority, I do have the right to find you voluntarily waived your right to be present and continue the proceedings in your absence. Do you understand that?

TRUMP: Yes.

JUDGE MERCHAN: A second way you can lose your right or waive your right is to become disruptive, and I do not have any reason to believe that will happen. But, if you become disruptive to such a degree that it affects my ability to preside over this case and my ability to insure that the case is treated the way it needs to be treated for both sides, I do have the authority to remove you from the courtroom and continue in your absence, do you understand that?

TRUMP: I do.

JUDGE MERCHAN: All right, if either one of those situations were to happen, and the case were to go to trial, we would go to trial without you.

If there were a verdict and that verdict were to be guilty, we would be able to take that verdict without you. And if there were to be a time for sentencing, we would be able to impose sentence without you. Do you understand?

TRUMP: Yes.

JUDGE MERCHAN: I think we need to set an adjourned date.

Having read Mr. Trump his Parker warnings, Mr. Trump will be released on his own recognizance. So we picked Sept. 19 for People's response?

MCCAW: Yes, your Honor.

JUDGE MERCHAN: All right, let's set this down for Dec. 4, for the Court's decision on the motions.

That will be here in person. So again, defense motion filed off calendar. People's response filed off calendar, but we will meet back here in person on Dec. 4 for the Court's decision on the motions.

If for some reason I'm unable to have my decisions ready or not all the decisions ready, I will certainly let you know.

BLANCHE: Judge, very, very briefly on the adjourned date. I am just stating the obvious that having President Trump in this courtroom today is extraordinarily burdensome and expensive on the city, and with the security issues that have taken place to allow us to be here today.

I do not know, your Honor, we have to decide this today, but we may ask that President Trump, his presence be waived just for that date.

We will speak with the President and with others in advance if necessary to request that of the Court.

JUDGE MERCHAN: You probably don't know now because you are not making the application. What would be the reason asking to waive his appearance?

BLANCHE: Just simply the fact the incredible expense and effort and security issues that present themselves with the President traveling and being in court. All of lower Manhattan was shut down today.

To the extent it is a conference or a decision that is announced, not anything that requires us to simultaneously consult with President Trump, we may ask his presence be waived.

---

MORE: What legal experts say about Donald Trump's indictment

---

JUDGE MERCHAN: Would you like to be heard?

CONROY: Judge, I would just say, as I'm sure you know, our general preference is defendants be in court on the court date.

We also recognize, as counsel explained, the immense burden that places on the court system and on lower Manhattan. So we would defer to your Honor's decision on that.

JUDGE MERCHAN: Well, there is no question this was a huge undertaking today for everyone involved, from Mr. Trump, the prosecution, the city, courts, there is no question about that.

At the same time, today is April 4 and we are looking at the first adjournment in December, that is quite a ways out.

You know, if a reason were to come up that your client was unable to appear on that date; something unanticipated, you can certainly run that by me.

But in the same way I expect all other defendants to appear in court, even high profile defendants, and I agree, we wish we could avoid all these logistical challenges. I think in the interest of transparency and assuring the rules of law evenhandedly, at this time I'm going to deny your application.

If you have another one to make later, you can.

BLANCHE: Thank you. To be clear, I was not suggesting President Trump does not want to be here.

I'm suggesting having lived the past several hours as your Honor has as well and the expense this costs the city just for an arraignment, that was a reason for bringing this up today.

I appreciate the Court's guidance. To the extent we need to, we will revisit it.

JUDGE MERCHAN: What you said is true, and I agree. Thank you all very much.

## Related Topics

Donald Trump



ABC News Network | Privacy Policy | Your US State Privacy Rights | Children's Online Privacy Policy | Interest-Based Ads | About Nielsen Measurement | Terms of Use | Do Not Sell or Share My Personal Information | Contact Us

Copyright © 2023 ABC News Internet Ventures. All rights reserved.