# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

E. JEAN CARROLL

*Plaintiff*,

v.

DONALD J. TRUMP, in his personal capacity,

*Defendant*.

Index No. 160694/19

Hon. Verna L. Saunders

**PLAINTIFF'S RESPONSES AND OBJECTIONS TO DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF**

Pursuant to Article 31 of New York's Civil Practice Laws and Rules ("CPLR"), Plaintiff E. Jean Carroll ("Carroll"), by and through her undersigned attorneys, hereby submits her Responses and Objections (the "Responses") to the First Set of Document Requests of Defendant Donald J. Trump ("Trump") dated August 21, 2020 (the "Requests").

**<u>GENERAL OBJECTIONS</u>**

The following general responses and objections (the "General Objections") are incorporated into each specific respect and objection (the "Specific Objections") as if fully set forth therein:

A.      Carroll objects to any and all of these Requests on the ground that Carroll's Second Set of Document Requests were served on January 10, 2020, are now due, and Trump has refused to commit to producing a single document. Instead, Trump responded to Carroll's requests with assertions of blanket and inapplicable objections and overbroad claims of executive privilege thereby trying to achieve *de facto* what he couldn't achieve by motion practice, namely a stay of this Action.

B.      Carroll objects to Definition No. 3 on the ground that it purports to include Bergdorf Goodman's "current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all Persons and entities acting or purporting to act on their behalf." In responding to the Requests, Carroll will construe "Bergdorf" to refer to the store "Bergdorf Goodman," as referenced in paragraph 22 of the Complaint.

C.      Carroll objects to Definition No. 10 on the ground that it purports to include *Elle*'s "current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, distributors, publishers, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all Persons and entities acting or purporting to act on their behalf, but not limited to Hearst." In responding to the Requests, Carroll will construe "*Elle*" to refer to "*Elle* Magazine."

D.      Carroll objects to Definition No. 18 on the ground that it defines "You" to include "plaintiff E. Jean Carroll and all persons and her Representatives and former Representatives, including but not limited to, Kaplan Hecker & Fink, and Roberta Kaplan." Because this is solely a dispute between two parties, Carroll with construe "You" to refer only to "E. Jean Carroll."

E.      Carroll objects to the Definitions and Instructions Requests insofar as they purport to require unreasonable measures to locate and produce responsive information or seek documents that are not within Carroll's possession, custody or control. In responding to the Requests, Carroll will undertake a reasonable and diligent search of her accessible files, as required by the CPLR.

F.      Carroll objects to the Requests to the extent that they purport to call for information or documents that: (a) are subject to attorney-client privilege; (b) constitute attorney work product; (c) contain information protected from disclosure based on common interest or a similar privilege; or (d) are otherwise protected from disclosure under any applicable privilege, law, or rule. Carroll will not produce such information or documents in response to the Requests, and any inadvertent production thereof shall not be deemed waiver of any privilege with respect to such information.

G.      These Responses to the Requests are made to the best of Carroll's present knowledge, information, and belief. These Responses are subject to changes based on additional facts that may come to light as a result of further discovery or investigation.

H.      Carroll reserves all objections or questions as to the competency, relevance, materiality, privilege, or admissibility of Carroll's responses herein, as evidence in any subsequent proceeding in, or trial of, this or any other action, for any purpose whatsoever. Carroll's Responses herein are not intended to be and shall not be construed as agreement or concurrence with Trump's characterization of any facts, circumstances, or legal obligations, and Carroll reserves the right to contest any such characterizations as appropriate.

I.      Carroll remains available to meet and confer with Trump in an effort to resolve any disputes that may arise concerning these Responses.

## RESPONSES AND OBJECTIONS TO SPECIFIC REQUESTS

1.      All Documents and Communications concerning the Statements.

**RESPONSE:**  Carroll will produce any non-privileged documents responsive to this Request *on the condition that Trump agrees to do the same*.

2.      All Documents and Communications concerning statements made by You that have been characterized by anyone as biased, bogus, concocted, counterfeit, deceptive, dishonest, erroneous, exaggerated, fabricated, fake, fallacious, false, feigned, fictitious, flawed, forged, fraudulent, hyperbolic, impartial, imprecise, inaccurate, inconsistent, incorrect, inexact, invented, misleading, perfidious, phony, specious, spurious, unfounded, unreliable, untrue, or wrong.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the grounds that it is overbroad, unduly burdensome, and purports to require Carroll to understand the subjective views of other persons. Notwithstanding and without wavier of her General and Specific Objections, Carroll notes that Trump himself has characterized *What Do We Need Men For?: A Modest Proposal* and the excerpt of that book published in *The Cut* using the above or similar words. Notwithstanding and without waiver of her General and Specific Objections, however, since the credibility of both parties is at issue in this case, Carroll will produce non-privileged documents (if any) responsive to this Request, ***on the condition that Trump agrees to do the same***.

3.      All Documents and Communications concerning Defendant, President Trump's presidency and/or Mr. Trump's campaign.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad in time and scope, unduly burdensome, and an infringement of her First Amendment rights as an American citizen. Carroll is further willing to stipulate that she did not vote for Trump as President and is highly critical of his actions and policies. Nonetheless, this case is about whether Trump sexually assaulted her in the mid-1990s and then lied about it more recently. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request that relate to any statements she has made relating both to Trump's presidency *and* this lawsuit.

4.      All Documents and Communications concerning the allegations in the Complaint.

**RESPONSE:**  Carroll will produce non-privileged documents responsive to this Request ***on the condition that Trump agrees to do the same***.

5.      All Documents and Communications with Defendant, his family members, or his agents or representatives.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it seeks irrelevant information, is vague, and is unduly burdensome. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce non-privileged documents (if any) responsive to this Request ***on the condition that Trump agrees to produce communication with his family members about this case***.

6.      All Documents and Communications concerning this Action, including but not limited to all Documents concerning Communications with any non-party.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of other Requests herein. Notwithstanding Carroll's General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request ***on the condition that Trump agrees to do the same***.

7.      All Documents and Communications concerning the purported incident or incidents described in paragraph 22 through 42 of the Complaint.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of other Requests herein. Notwithstanding Carroll's General and Specific Objections, however, Carroll will produce non-privileged documents ***on the condition that Trump agrees to do the same***.

8.      All Documents and Communications concerning any discussions You had with any other Person concerning the purported incident or incidents described in paragraphs 22 through 42 of the Complaint, including but not limited to, the Communications described in paragraph 43 through 54 of the Complaint.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of other Requests herein. Notwithstanding Carroll's General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request ***on the condition that Trump agrees to do the same***.

9.    All Documents and Communication with Lisa Birnbach concerning the allegations made in the Complaint, this Action, Defendant, President Trump's presidency and/or Mr. Trump's campaign.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of other Requests herein. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request.

10.    All Documents and Communication with Carol Martin concerning the allegations made in the Complaint, this Action, Defendant, President Trump's presidency and/or Mr. Trump's campaign.

**RESPONSE**:  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of other Requests herein. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request.

11.    All Documents and Communication concerning any tests of clothing that have occurred related to the allegations in the Complaint, including all Documents and Communication with Carol Martin.

**RESPONSE**:  Notwithstanding and without waiver of her General Objections, Carroll will produce non-privileged documents responsive to this Request including, but not limited to, the Expert Report of Nancy Wilson, M.S. and Alan Keel, dated January 8, 2020 to the extent that such disclosures are consistent with the CPLR and ***on the condition that Trump submits to a DNA test as requested by Carroll in Carroll's First Notice to Submit Physical Examination to Defendant Donald J. Trump served on January 30, 2020.***

12.    All Documents and Communications concerning what You were wearing during the purported incident or incidents described in paragraphs 22 through 42 of the Complaint.

**RESPONSE:**  Notwithstanding and without waiver of her General Objections, Carroll will produce non-privileged documents (if any) responsive to this Request ***on the condition that Trump agrees to do the same***.

13.    All Documents and Communications concerning the payment of attorneys' fees or other expenses, including but not limited to promises of payments for security expenses, relocation, or any other benefit, in connection with this Action or any statements, accusations or allegations concerning Defendant.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request insofar as it calls for the production of documents protected by attorney-client privilege, attorney work-product doctrine, and other applicable privileges. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action the production of which could further threaten Carroll's security. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce documents responsive to this Request subject to the entry of an appropriate confidentiality order and ***on the condition that Trump agrees to provide information about who/what entity is paying his attorneys' fees in this action***. *See e.g.*, Eric Lipton, *How Trump Draws on Campaign Funds to Pay Legal Bills*, N.Y. TIMES, *available at* https://www.nytimes.com/2020/09/05/us/politics/trump-campaign-funds-legal-bills.html.

14.    All Documents and Communications concerning any funds, payments, donations, gifts, or consideration of any value, which have been made, provided, discussed, or offered to have been made or provided, in connection with this Action or in connection with any media or public appearances, press interviews, or consultations with any legal counsel or any other person, concerning the Defendant, any accusation or allegation concerning Defendant, this Action, and/or Defendant's presidency and or campaign, including but not limited to for security expenses, relocation, expenses, consulting, or attorneys' fees.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request insofar as it is duplicative of Request No. 13 and calls for the production of documents protected by attorney-client privilege, the attorney work-product doctrine and other applicable privileges.

Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce

non-privileged documents (if any) responsive to this Request subject to the entry of an appropriate

confidentiality order and **on the condition that Trump agrees to provide information about**

**who/what entity is paying his attorneys' fees in this action**. *See e.g.*, Eric Lipton, *How Trump*

*Draws on Campaign Funds to Pay Legal Bills*, N.Y. TIMES, *available at*

https://www.nytimes.com/2020/09/05/us/politics/trump-campaign-funds-legal-bills.html.

15.     All Documents and Communications between You, on one hand, any member of
the media or press, reporter, blogger, website operator, and/or journalist, on the other hand,
concerning Defendant, this Action, the allegations in the Complaint, and/or President Trump's
presidency and or Mr. Trump's campaign.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the

ground that it is cumulative and overbroad as to time and scope and requires the production of

documents not reasonably calculated to lead to admissible evidence or proportional to the needs

of this case. While Carroll has certainly expressed opinions about what she thinks about Trump's

presidency (as she is entitled to do under the First Amendment), this case is *only* about whether

Trump defamed Carroll in connection with his prior sexual assault of her, as alleged in the

Complaint. Accordingly, notwithstanding and without waiver of her General and Specific

Objections, Carroll will produce non-privileged documents responsive to this Request to the extent

they relate to the issues in this case and **on the condition that Trump agrees to do the same**.

16.     All Documents and Communications concerning any quote attributed to You or
interview given by You in any newspaper, magazine, journal, news source, or other publication
concerning Defendant, this Action, the allegations in the Complaint, and/or President Trump's
presidency or Mr. Trump's campaign.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the

ground that it calls for the production of documents protected by attorney-client privilege, the

attorney work-product doctrine and other applicable privileges. Carroll also objects to this Request

as overbroad and unduly burdensome to the extent it calls for communications about "President Trump's Presidency or Mr. Trump's campaign" generally since Carroll has a right to speak about such issues under the First Amendment and they have nothing to do with this case. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents (if any) responsive to this Request to the extent they relate to the issues in this case and *on the condition that Trump agrees to do the same*.

17.    All Documents and Communications concerning any press conferences in which You or Your representatives appeared, attended and/or participated, concerning Defendant, this Action, the allegations in the Complaint, and/or President Trump's presidency or Mr. Trump's campaign.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Request on the ground that it calls for the production of documents protected by attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Carroll also objects to this Request as overbroad and unduly burdensome to the extent it calls for communications about "President Trump's Presidency or Mr. Trump's campaign" generally since Carroll has a right to speak about such issues under the First Amendment and they have nothing to do with this case. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents (if any) responsive to this Request to the extent they relate to the issues in this case and *on the condition that Trump agrees to do the same*.

18.    All Documents and Communications concerning publicity, public reports, interviews, or other media attention or "mentions" pertaining to You.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of prior Requests, overbroad as to subject matter and scope, and vague and ambiguous. Carroll does not understand what documents or information Trump is asking for in this Request.

19.     All Documents and Communications concerning your attendance at any politically-related meeting, event, conference, rally, phone-call, or march, including but not limited to any payment or consideration received in connection with such attendance.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Request on the ground that it seeks information that is irrelevant to any claim or defense in this Action and infringes on her First Amendment rights as an American citizen. Carroll further objects to this Request on the ground that it is overbroad with respect to time and scope and unduly burdensome. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents (if any) relating to whether she was paid ever to attend any politically-related meeting, event, etc.

20.     All Documents and Communication with or concerning any witness or potential witness to any accusations or allegation concerning the Defendant or the allegations in the Complaint or this action.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it seeks information that it calls for the production of documents protected by attorney-client privilege, the attorney work-product doctrine and other applicable privileges. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents (if any) responsive to this Request *on the condition that Trump agrees to do the same*.

21.     All Documents and Communications concerning the Article.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request *on the condition that Trump agrees to do the same*.

22.    All Documents and Communications concerning the Book, including but not limited to all drafts of the Book and communication with editors, publishers, distributors, or promoters concerning the Book.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request.

23.    All Documents and Communications concerning agreements related to the Book or the Article, including but not limited to any agreements as to indemnification, payment, royalties, or advances.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request.

24.    All Documents and Communications concerning any funds received as a result of the Book, including but not limited to Documents sufficient to show all funds received in connection with sale, distribution, or promotion of the Book or the Article.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request.

25.    All Documents and Communications concerning any public appearance concerning the allegations alleged in the Complaint, including but not limited to any payment, remuneration, reimbursement, or compensation, in exchange for in connection with any such appearances.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding and without

waiver of her General and Specific Objections, Carroll will produce non-privileged documents responsive to this Request.

26.     All Documents and Communications concerning the Store.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is vague and ambiguous, because it requests documents pertaining to the "Store," a term nowhere defined in Trump's Requests. For purposes of efficiency, Carroll will construe the "Store" to refer to "Bergdorf Goodman." Notwithstanding Carroll's General and Specific Objections, Carroll will produce non-privileged (if any) responsive to this Request *on the condition that Trump agrees to do the same*.

27.     All Documents and Communications concerning the Statements referenced in paragraphs 81 through 128 of the Complaint.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding Carroll's General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request *on the condition that Trump agrees to do the same*.

28.     All Documents and Communications concerning any alleged harm, injury, or damaged caused by the Statements.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request.

29.     All Documents and Communications concerning damages related to your loss of employment or professional/reputational harm by the Statements.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding and without

waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request.

30.    All Documents and Communications with anyone associated with the Store concerning Defendant, this Action, the Statements, the allegations in the Complaint, and/or President Trump's presidency and Mr. Trump's campaign.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is vague and ambiguous because it requests Documents pertaining to the "Store" which is nowhere defined in Trump's Requests. Carroll, however, will construe the "Store" to refer to "Bergdorf Goodman." Notwithstanding Carroll's General and Specific Objections, Carroll will produce non-privileged documents (if any) responsive to this Request *on the condition that Trump agrees to do the same*.

31.    All Documents and Communications concerning any attempts to mitigate any harm, injury, or damages allegedly caused by the Statements.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that the term "mitigate" is vague and ambiguous in the context of this case. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request.

32.    All Federal and state income tax returns (including K-1 statements from any entity) from the period 1995 to present.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad in time and scope, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and disproportionate to the needs of this case, especially since it seeks tax returns that predate any of the alleged harm in the Complaint. Notwithstanding Carroll's General and Specific Objections, however, Carroll will

produce non-privileged documents during the relevant time period responsive to this Request ***on the condition that Trump agrees to do the same***.

33.    All partnership or employment records demonstrating Your financial compensation, including all pay stubs invoices, draws, carried interest, investment returns, W-2s or 1099s from any entity, for the period 1995 to the present.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that is overbroad in time and scope, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and disproportionate to the needs of this case, especially since it seeks compensation records that predate any of the alleged harm in the Complaint. Notwithstanding Carroll's General and Specific Objections, however, Carroll will produce non-privileged documents during the relevant period responsive to this Request ***on the condition that Trump agrees to do the same***.

34.    Documents and Communications sufficient to show all accounts, trusts, investments, companies, corporate interests, partnerships, or other vehicles, entities or enterprises in which You have a direct or indirect ownership or control interest, for the period 1995 to the present.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that is overbroad in time and scope, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and disproportionate to the needs of this case, especially since it seeks financial records that predate any of the alleged harm in the Complaint. Notwithstanding Carroll's General and Specific Objections, however, Carroll will produce non-privileged documents during the relevant time period responsive to this Request ***on the condition that Trump agrees to do the same***.

35.    Documents and Communications sufficient to show all assets, including real estate, securities, cash, partnership or corporate interests, You directly or indirectly own or control.

**RESPONSE**:  In addition to her General Objections, Carroll objects to this Request on the ground that is overbroad in time and scope, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and disproportionate to the needs of this case, especially since it seeks financial records that predate any of the alleged harm in the Complaint. Notwithstanding Carroll's General and Specific Objections, however, Carroll will produce non-privileged documents during the relevant time period responsive to this Request *on the condition that Trump agrees to do the same*.

36.    All Documents and Communications concerning Your personal finances, including all personal banking records, checking account statements, saving account statements, investment account statements or transaction records, trust records or statements, family office records or statements, and any records of payments or disbursements made by You or on Your behalf, for the period 2015 to the present.

**RESPONSE**:  In addition to her General Objections, Carroll objects to this Request on the ground that is overbroad in time and scope, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and disproportionate to the needs of this case, especially since it seeks financial records that predate any of the alleged harm in the Complaint. Notwithstanding Carroll's General and Specific Objections, however, Carroll will produce non-privileged documents during the relevant time period responsive to this Request *on the condition that Trump agrees to do the same*.

37.    All Documents and Communications concerning Your purported "reputational and other harm" caused by the Statements, as alleged in paragraphs 129 and 136 of the Complaint.

**RESPONSE:**  Notwithstanding and without waiver of her General Objections, Carroll will produce non-privileged documents responsive to this Request.

38.    All Documents and Communications concerning Your purported emotional harm caused by the Statements.

**RESPONSE**:  Notwithstanding and without waiver of her General Objections, Carroll will produce non-privileged documents responsive to this Request.

39.     All Documents and Communications concerning any employment by or publishing agreement with, whether formal or informal, any magazine, newspaper, website, publisher, distributor, or publication, including but not limited to copies of such agreement(s).

**RESPONSE**: In addition to her General Objections, Carroll objects to this Request on the ground that is overbroad in time and scope, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and disproportionate to the needs of this case, especially since it seeks employment and publishing agreements that predate any of the alleged harm in the Complaint. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents during the relevant time period responsive to this Request subject to the entry of an appropriate Confidentiality Order.

40.     All Documents and Communications concerning your termination, whether voluntary or involuntary, from any employer, whether as an employee or independent contractor, or including but not limited to with any magazine, newspaper, website, publisher, distributor, or publication, including but not limited to *Elle*, including but not limited to the reasons for such termination, and any such performance reviews.

**RESPONSE**: In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad in time and scope, unduly burdensome, and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and disproportionate to the needs of this case, because it seeks wholly irrelevant information not tailored to the time period relevant to her claims. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents during the relevant time period responsive to this Request subject to the entry of an appropriate Confidentiality Order.

41.     Documents sufficient to show all employers for which You worked, whether as an employee or independent contractor, for the past 10 years, and any pay, salary, or remuneration received in connection with such employment or agreement.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad in time and scope, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and disproportionate to the needs of this case, because it seeks wholly irrelevant information not tailored to the time period relevant to this case. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents from the relevant time period responsive to this Request subject to the entry of an appropriate Confidentiality Order.

42.    All Documents and Communications concerning Your attempts to obtain employment, work, contracts, or other engagements or financial arrangements with any magazine, newspaper, website, publisher, blogger, distributor, or publication, following Your termination from *Elle*.

**RESPONSE:**  Notwithstanding and without waiver of her General Objections, Carroll will produce non-privileged documents responsive to this Request subject to the entry of an appropriate Confidentiality Order.

43.    All Documents and Communications concerning Your pay, salary, or any compensation or remuneration received, from *Elle*.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad in time and scope, unduly burdensome, seeks information that is not reasonably calculated to lead to the discovery of admissible evidence and disproportionate to the needs of this case, because it seeks wholly irrelevant information including Carroll's compensation records that are not tailored to the time period relevant to her claims. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents from the relevant time period responsive to this Request subject to the entry of an appropriate Confidentiality Order.

44.    All Documents and Communications concerning Your decision to publish the Article in *New York Magazine*.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding and without waiver of her General Objections, however, Carroll will produce non-privileged documents responsive to this Request.

45.     All Documents and Communications concerning budget cuts at *Elle* or Hearst.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it seeks information that is almost entirely in the possession of third parties. Notwithstanding and without waiver of her General Objections, however, Carroll will produce non-privileged documents (if any) responsive to this Request subject to the entry of an appropriate Confidentiality Order.

46.     All Documents and Communications concerning any meeting at the Russian Tea Room with editors of *Elle* or Hearst.

**RESPONSE:**  Notwithstanding and without waiver of her General Objections, Carroll will produce non-privileged documents (if any) responsive to this Request subject to the entry of an appropriate Confidentiality Order.

47.     All Documents and Communications concerning Your attribution of Your termination at *Elle* to the Statements.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding and without waiver of her General Objections, however, Carroll will produce non-privileged documents responsive to this Request subject to the entry of an appropriate Confidentiality Order.

48.     All Documents and Communications concerning Your allegation in paragraph 134 of the Complaint, that Your column was impaired, and any reason therefor.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Notwithstanding and without waiver of her General Objections, however, Carroll will produce non-privileged documents responsive to this Request.

49.    All Documents and Communications concerning any criticism or critique of Your column in *Elle*.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad in time and scope and unduly burdensome because it encompasses documents and communications about Carroll's column in *Elle* without appropriate limitations on time, scope, or relevance to this case. Notwithstanding and without waiver of her General Objections, however, Carroll will produce non-privileged documents responsive to this Request.

50.    Documents sufficient to show the number of Communications received per month seeking advice in connection with Your column with *Elle*.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad in time and scope and unduly burdensome because it encompasses documents and communications about Carroll's column in *Elle* without limitations on time, scope, or relevance to this case. Notwithstanding and without waiver of her General Objections, however, Carroll will produce non-privileged documents responsive to this Request.

51.    All Documents and Communications concerning the number of Communications received per month seeking advice in connection with Your column with *Elle*.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad in time and scope and unduly burdensome because it encompasses documents and communications about Carroll's column in *Elle* without limitations on time, scope, or relevance to this case. Notwithstanding and without waiver of her General Objections, however, Carroll will produce non-privileged documents responsive to this Request.

52.     All Documents and Communications concerning all health-care providers (physical or mental) and services rendered to You from 1990 through the present, including al therapist, psychiatrist, treating physician or other doctor, hospital, and follow-on or supplementary health-care appointments and services scheduled and attended, and all prescriptions written and/or filled.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party in this Action since Carroll did not seek medical treatment as a result of Trump's sexual assault or his subsequent statements.

53.     All Documents and Communications concerning any accusations, charges, or inquiries by anyone concerning any actual unlawful acts or other criminal conduct by You during Your lifetime.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party in this Action. Notwithstanding and without waiver of her General and Specific Objections, however, since the credibility of both parties is at issue in this case, Carroll will produce non-privileged documents responsive to this Request ***on the condition that Trump agrees to do the same***.

54.     All Documents and Communications concerning any accusation You made against another Person of sexual assault or inappropriate sexual conduct, including but limited to any official complaints with employers, law enforcement agencies, or courts.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party in this Action. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request, ***on the condition that Trump agrees to produce documents concerning any and all accusations that he engaged in inappropriate sexual conduct or committed sexual harassment, assault, or rape***.

55.     All Documents and Communications concerning You and any alcohol or drug use or abuse.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party in this Action. Notwithstanding and without waiver of her General and Specific Objections, however, since the credibility of both parties is at issue in this case, Carroll will produce non-privileged documents responsive to this Request, *on the condition that Trump agrees to do the same*.

56.     All Documents and Communications concerning any incarcerations, fines paid, arrests, or other criminal conduct during Your lifetime.

**RESPONSE**:  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Carroll further objects to this Request on the ground that it is irrelevant because the only dispute in this case is whether Trump's Statements are defamatory. Notwithstanding and without waiver of her General and Specific Objections, however, since the credibility of both parties is at issue in this case, Carroll will produce non-privileged documents responsive to this Request, *on the condition that Trump agrees to do the same*.

57.     All Documents and Communication concerning any disciplinary proceedings involving You, regardless of whether such proceeding resulted in any disciplinary action.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party. Notwithstanding and without waiver of her General and Specific Objections, however, since the credibility of both parties is at issue in this case, Carroll will produce non-privileged documents responsive to this Request, *on the condition that Trump agrees to do the same*.

58.     All Documents and Communications concerning or bearing on Your reputation for honesty.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party in this Action. It is Trump, not Carroll, who has a reputation for dishonesty. *See e.g.*, WASH. POST FACT CHECKER, last updated July 9, 2020, *available at* https://www.washingtonpost.com/graphics/politics/trump-claims-database/ (noting that in 1,267 days, Trump has made 20,055 false or misleading claims). Notwithstanding and without waiver of her General and Specific Objections, however, since the credibility of both parties is at issue in this case, Carroll will produce non-privileged documents responsive to this Request, ***on the condition that Trump agrees to do the same***.

59.     All Documents and Communications concerning any polygraph examinations You have taken or been subject to during your lifetime.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overly broad, unduly burdensome, and seeks information not relevant to the claims or defenses of any party in this Action. It is Trump, not Carroll, who has a reputation for dishonesty. *See e.g.*, WASH. POST FACT CHECKER, last updated July 9, 2020, *available at* https://www.washingtonpost.com/graphics/politics/trump-claims-database/ (noting that in 1,267 days, Trump has made 20,055 false or misleading claims). Notwithstanding and without waiver of her General and Specific Objections, however, since the credibility of both parties is at issue in this case, Carroll will produce non-privileged documents responsive to this Request, ***on the condition that Trump agrees to do the same***.

60.     All Diaries and journals you have kept during any portion of Your lifetime.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad and unduly burdensome since it seeks information not relevant to the claims or defenses of any party in this Action.  Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents during the relevant time periods responsive to this Request (if any), ***on the condition that Trump agrees to do the same***.

61.     Documents sufficient to identify all other litigations, arbitrations, or other formal disputes involving or concerning You.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any party to this Action. Notwithstanding and without waiver of her General and Specific Objections, however, since the credibility of both parties is at issue in this case, Carroll will produce non-privileged documents responsive to this Request, ***on the condition that Trump agrees to do the same***.

62.     All Documents and Communications regarding any oral or written statement by any of the parties to this Action concerning the allegations in the Complaint, irrespective of who obtained them or how they were obtained.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests. Carroll further objects to this Request on the ground that the vast bulk of the information it seeks is within Trump's possession, custody, or control. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request, ***on the condition that Trump agrees to do the same***.

63.     All Documents and Communications identifying any witness with knowledge of the purported matters at issue in this Action.

**RESPONSE**:  Notwithstanding and without waiver of her General Objections, Carroll will produce non-privileged documents responsive to this Request *on the condition that Trump agrees to do the same*.

64.     All Documents and Communications between you and any third-party concerning Defendant, this Action, the Statements, the allegations in the Complaint, and/or President Trump's presidency or Mr. Trump's campaign, since the Complaint was filed, excluding privileged Communications with attorneys.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests, overbroad in scope, unduly burdensome, and infringes upon her First Amendment rights as an American citizen. Notwithstanding and without waiver of her General and Specific Objections, however, Carroll will produce non-privileged documents responsive to this Request to the extent they are relevant to the issues in this case and *on the condition that Trump agrees to do the same*.

65.     All Documents and Communications sent to, reviewed by or prepared by any expert retained by you in this case concerning You, Defendant, the Complaint, or this Action.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the ground that it seeks information protected by one or more privileges, including attorney-client, work product, and/or common interest privilege. Carroll further objects on the ground that the Request seeks information that is not subject to discovery in New York state courts. Notwithstanding these objections, however, Carroll, will fully comply with her expert disclosure obligations under the CPLR.

66.     All Documents and Communications consulted in responding to Defendant's interrogatories to You.

**RESPONSE:**  In addition to her General Objections, Carroll objects to this Request on the grounds that it calls for information protected by one or more privileges, including attorney-client, work product, and/or common interest privilege. Notwithstanding and without waiver of her

General and Specific Objections, however, Carroll will produce documents responsive to this Request.

67.     All Documents and Communications on which You intend to rely or use at trial in this Action.

**RESPONSE:** In addition to her General Objections, Carroll objects to this Request on the ground that it is premature since not a single document has yet been produced in discovery and Carroll obviously is not in a position to determine which documents or communications she will seek to introduce at trial. Carroll, of course, will comply with all applicable obligations relating to pretrial disclosures under the CPLR.

Dated: New York, New York
   September 8, 2020

By: _____

    Roberta A. Kaplan
    KAPLAN HECKER & FINK LLP
    350 Fifth Avenue, Suite 7110
    New York, New York 10118
    Tel: (212) 763-0883
    Fax: (212) 564-0883
    rkaplan@kaplanhecker.com

    *Counsel for Plaintiff E. Jean Carroll*