# EXHIBIT F

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br><br>*Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>*Defendant.* | Civil Action No.: 1:20-cv-7311-LAK-JLC |

**DEFENDANT'S REQUEST FOR THE PRODUCTION OF DOCUMENTS**

PLEASE TAKE NOTICE that, pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant, Donald J. Trump ("Defendant"), subject to and reserving all rights to his immunity, under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act") and any other applicable laws or doctrines, hereby requests that Plaintiff, E. Jean Carroll ("Plaintiff"), produce and permit inspection and copying of the following documents (the "Requests," and individually, a "Request") within twenty (20) days from the date of service at the law offices of Habba Madaio & Associates, LLP, located at 270 West 60th Street, New York, New York 10023.

**DEFINITIONS**

1.     "Action" shall mean the above-captioned action, including but not limited to the allegations and filings herein.

2.     "Article" refers to the June 21, 2019, article written by Plaintiff on the New York magazine website, The Cut "*Donald Trump assaulted me in a Bergdorf Goodman dressing room 23 years ago. But he's not alone on the list of awful men in my life.*"

3.     "Bergdorf" shall mean Bergdorf Goodman, the luxury department store on Fifth

1

Avenue in New York City, referenced in Paragraph 22 of the Complaint, including but not limited to each of its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all Persons and entities acting or purporting to act on their behalf.

4. "The Book" refers to the book written by Plaintiff: "*What Do We Need Men For?: A Modest Proposal*".

5. "Communication(s)" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise, either orally or in writing), including but not limited to correspondence, presentations, demonstratives, visual aids, packages, conversations, meetings, discussions, telephone calls, text messages, instant messages, electronic messaging, social media messages or postings, telegrams, telexes, telecopies, seminars, conferences, messages, notes, emails, and memoranda. The transmission of Documents or things by mail, courier or electronic service or otherwise is included, without limitation, in the definition of Communication.

6. "Complaint" shall mean the complaint, dated November 4, 2019, in this Action.

7. "Concerning" shall mean about, regarding, relating to, referring to, reflecting, describing, evidencing, or constituting, and shall be construed as necessary to bring within the scope of the Request all Documents that might otherwise be construed as outside of its scope.

8. "Defendant" shall mean Defendant, Donald J. Trump.

9. "Document(s)" and "all documents" shall mean the original and any copy differing from the original of any printed, written, typed, recorded, graphic, photographic, computerized printout, computer program, computer data base or other tangible matter from whatever source; whether produced or reproduced or stored on paper, cards, tapes, discs, belts, films, computer storage

devices, or any other material or device; whether in draft or otherwise; whether sent or received or neither; including, but not limited to, the original or a true copy (if the original is not available) and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise); and includes, without limitation, all writings, correspondence, letters, calendars, diaries, journals, notebooks, files, logs, time logs or other indications of work done or time spent, telephone message slips, drafts, charts, data sheets, statistics, telegrams, email messages, text messages, instant messages, electronic messaging, social media messages or postings including but not limited to Twitter, teletypes, telefaxes, telecopies, facsimile transmissions, cables, contracts, agreements, policies, studies, transcripts, summaries, newspaper or magazine materials, pamphlets, books, ledgers, registers, reports, financial statements, prospectuses, minutes, agendas, invoices, purchase orders, order confirmations, statements, checks, receipts, returns, estimates, projections, memoranda, notes, interoffice and intra-office communications, offers, notations of any sort of conversations, bulletins, pictures, photographs, videos, films, computer printouts, work papers, work sheets and all drafts, alterations, modifications, and changes and amendments of any kind. Documents shall include any associated ESI.

10. "Elle" shall mean Elle magazine and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, distributors, publishers, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all Persons and entities acting or purporting to act on their behalf, including but not limited to Hearst.

11. "ESI" shall mean electronically stored information.

12. "Hearst" shall mean Hearst Communications, Inc., and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, distributors, publishers,

departments, and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all Persons and entities acting or purporting to act on their behalf.

13.     "Kaplan Hecker & Fink" shall mean Kaplan Hecker & Fink LLP and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments, and operating units, and includes, without limitation, each of their current or former officers, directors, members partners, shareholder, employees, agents, officials, Representatives, and all Persons and entities acting or purporting to act on their behalf.

14.     "Kaplan" shall mean Roberta A. Kaplan and her Representatives.

15.     "Person" shall mean any natural person or any business, legal or governmental entity, agency, service, or association.

16.     "Representative" shall mean, without limitation, any Person, including any current or former directors, officers, employees, agents, brokers, consultants, contractors, attorneys, partners, members, shareholders, intermediaries, subsidiaries and affiliates, who acts, has at any time acted, or has at any time by any Person been requested or solicited to act, at the Person's request, for the Person's benefit, or on the Person's behalf, or one who acts or has at any time acted on the Person's behalf or for the Person's benefit with the Person's knowledge, consent, or acquiescence.

17.     "Statements" shall mean the allegedly defamatory statements as described in the Complaint.

18.     "Carroll," "Plaintiff," "You," and "Your" shall mean Plaintiff, E. Jean Carroll and all Persons and her Representatives and former Representatives, including but not limited to, Kaplan Hecker & Fink, and Roberta Kaplan.

**INSTRUCTIONS**

1.   Each Request calls for the production of the original Document or Documents. If the original is not available, then a copy shall be produced. In addition, any copy of a Document shall be produced if it differs in any respect from the original (e.g., by reason of handwritten notes or comments having been added to the copy which do not appear on the original or otherwise).

2.   Each Request calls for the production of Documents in the possession, custody or control of You or Your representatives.

3.   To the extent that You object to any of the Requests, whether in whole or in part, on the ground that responsive Documents are privileged or otherwise immune from discovery:

   a. identify the Document, including title, date, name of author(s), and name of recipient(s) (including addressees and cc's), attachments or appendices, and the subject matter;

   b. identify each Person to whom any part of the content of any such Document has been communicated; and

   c. state the factual basis on which privilege or immunity is claimed in sufficient detail to permit the Court to judge the validity of the claim.

19.   In the event that any Document responsive to the Requests has been lost or destroyed, identify the Document as follows: title, date, name of author(s), name of recipient(s) (including addressees and cc's), indicated or blind copies, subject matter, number of pages and attachments or appendices, as well as the date, place, manner, reason, and circumstances of the Document's destruction, Person or Persons authorizing destruction, Persons destroying the Document, and the paragraph of this request to which the Document relates.

20.   Each Request calls for the production of ESI associated with responsive Documents and any ESI that is otherwise responsive. ESI should be produced in the following format: As Group

IV, single-page TIFF images, at 300 dot-per-inch, with an Opticon load file and a Concordance/Relativity delimited dataload file (*.DAT). All spreadsheets responsive to these Requests that are maintained in the usual course of business in electronic format shall be produced in their native format (along with the TIFF images, linked using NATIVEPATH field.). Documents that cannot be converted to TIFF format should be produced in native format. Extracted text of a Document must be delivered on a Document level. All text for a single Document should be contained within one file. If there is non-searchable ESI and the text cannot be extracted, You must provide Optical Character Recognition text for those Documents.

21. If You contend that any Document or ESI responsive to the Requests cannot be produced for any other reason, state with specificity the basis for Your contention.

22. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request all Documents that might otherwise be construed as outside of its scope.

23. The terms "any" and "all" include each other within their meaning, whether both are referenced or otherwise.

24. Unless otherwise indicated below, the time period for the Requests is January 1995 to the present.

**DOCUMENTS REQUESTED**

1. All Documents and Communications concerning the Statements.

2. All Documents and Communications concerning statements made by You that have been characterized by anyone as biased, bogus, concocted, counterfeit, deceptive, dishonest, erroneous, exaggerated, fabricated, fake, fallacious, false, feigned, fictitious, flawed, forged, fraudulent, hyperbolic, impartial, imprecise, inaccurate, inconsistent, incorrect, inexact, invented,

misleading, perfidious, phony, specious, spurious, unfounded, unreliable, untrue, or wrong.

3. All Documents and Communications concerning Defendant's presidency and/or Mr. Defendant's campaign.

4. All Documents and Communications concerning the allegations in the Complaint.

5. All Documents and Communications with Defendant, his family members, or his agents or representatives.

6. All Documents and Communications concerning this Action, including but not limited to all Documents concerning Communications with any non-party.

7. All Documents and Communications concerning the purported incident or incidents described in paragraphs 22 through 42 of the Complaint.

8. All Documents and Communications concerning any discussions You had with any other Person concerning the purported incident or incidents described in paragraphs 22 through 42 of the Complaint, including but not limited to, the Communications described in paragraphs 43 through 54 of the Complaint.

9. All Documents and Communications with Lisa Birnbach concerning the allegations made in the Complaint, this Action, Defendant's presidency and/or Defendant's campaign.

10. All Documents and Communications with Carol Martin concerning the allegations made in the Complaint, this Action, Defendant's presidency and/or Defendant's campaign.

11. All Documents and Communications concerning any tests of clothing that have occurred related to the allegations in the Complaint, including all Documents and Communications with Carol Martin.

12. All Documents and Communications concerning what You were wearing during the purported incident or incidents described in paragraphs 22 through 42 of the Complaint.

13. All Documents and Communications concerning the payment of attorneys' fees or other expenses, including but not limited to promises of payments for security expenses, relocation, or any other benefit, in connection with this Action or any statements, accusations or allegations concerning Defendant.

14. All Documents and Communications concerning any funds, payments, donations, gifts or consideration of any value, which have been made, provided, discussed, or offered to have been made or provided, in connection with this Action or in connection with any media or public appearances, press interviews, or consultations with any legal counsel or any other person, concerning the Defendant, any accusation or allegation concerning Defendant, this Action, and/or Defendant's presidency or campaign, including but not limited to for security expenses, relocation, expenses, consulting, or attorneys' fees.

15. All Documents and Communications between You, on one hand, and any member of the media or press, reporter, blogger, website operator, and/or journalist, on the other hand, concerning Defendant, this Action, the allegations in the Complaint, and/or Defendant's presidency or Defendant's campaign.

16. All Documents and Communications concerning any quote attributed to You or interview given by You in any newspaper, magazine, journal, news source, or other publication concerning Defendant, this Action, the allegations in the Complaint, and/or Defendant's presidency or Defendant's campaign.

17. All Documents and Communications concerning any press conferences in which You or Your representatives appeared, attended and/or participated, concerning Defendant, this Action, the allegations in the Complaint, and/or Defendant's presidency or Defendant's campaign.

18. All Documents and Communications concerning publicity, public reports, interviews,

or other media attention or "mentions" pertaining to You.

19. All Documents and Communications concerning your attendance at any politically-related meeting, event, conference, rally, phone-call, or march, including but not limited to any payment or consideration received in connection with such attendance.

20. All Documents and Communications with or concerning any witness or potential witness to any accusation or allegation concerning the Defendant or the allegations in the Complaint or this Action.

21. All Documents and Communications concerning the Article.

22. All Documents and Communications concerning the Book, including but not limited to all drafts of the Book and communications with editors, publishers, distributors, or promoters concerning the Book.

23. All Documents and Communications concerning agreements related to the Book or the Article, including but not limited to any agreements as to indemnification, payment, royalties, or advances.

24. All Documents and Communications concerning any funds received as a result of the Book, including but not limited to Documents sufficient to show all funds received in connection with sale, distribution, or promotion of the Book or the Article.

25. All Documents and Communications concerning any public appearances concerning the allegations alleged in the Complaint, including but not limited to any payment, remuneration, reimbursement, or compensation, in exchange for or in connection with any such appearances.

26. All Documents and Communications concerning the Store.

27. All Documents and Communications concerning the Statements referenced in paragraphs 81 through 128 of the Complaint.

28. All Documents and Communications concerning any alleged harm, injury or damages caused by the Statements

29. All Documents and Communications concerning damages related to Your loss of employment or professional/reputational harm caused by the Statements.

30. All Documents and Communications with anyone associated with the Store concerning Defendant, this Action, the Statements, the allegations in the Complaint, and/or Defendant's presidency or Defendant's campaign.

31. All Documents and Communications concerning any attempts to mitigate any harm, injury, or damages allegedly caused by the Statements.

32. All Federal and state income tax returns (including K-1 statements from any entity) for the period 1995 to the present.

33. All partnership or employment records demonstrating Your financial compensation, including all pay stubs, invoices, draws, carried interest, investments return, W-2s or 1099s from any entity, for the period 1995 to the present.

34. Documents and Communications sufficient to show all accounts, trusts, investments, companies, corporate interests, partnerships, or other vehicles, entities, or enterprises in which You have a direct or indirect ownership or control interest, for the period 1995 to the present.

35. Documents and Communications sufficient to show all assets, including real estate, securities, cash, partnership, or corporate interests, You directly or indirectly own or control.

36. All Documents and Communications concerning Your personal finances, including all personal banking records, checking account statements, savings account statements, investment account statements or transaction records, trust records or statements, family office records or statements, and any records of payments or disbursements made by You or on Your behalf, for the

period 2015 to the present.

37. All Documents and Communications concerning Your purported, "reputational and other harm," caused by the Statements, as alleged in paragraphs 129 and 136 of the Complaint.

38. All Documents and Communications concerning Your purported emotional harm caused by the Statements.

39. All Documents and Communications concerning any employment by or publishing agreement with, whether formal or informal, any magazine, newspaper, website, publisher, distributor, or publication, including but not limited to copies of such agreement(s).

40. All Documents and Communications concerning your termination, whether voluntary or involuntary, from any employer, whether as an employee or independent contractor, including but not limited to with any magazine, newspaper, website, publisher, distributor, or publication, including but not limited to Elle, including but not limited to the reasons for such termination, and any performance reviews.

41. Documents sufficient to show all employers for which You worked, whether as an employee or independent contractor, for the past ten (10) years, and any pay, salary, or remuneration received in connection with such employment or agreement.

42. All Documents and Communications concerning Your attempts to obtain employment, work, contracts, or other engagements or financial arrangements with any magazine, newspaper, website, publisher, blogger, distributor, or publication, following Your termination from Elle.

43. All Documents and Communications concerning Your pay, salary, or any compensation or remuneration received, from Elle.

44. All Documents and Communications concerning Your decision to publish the Article

in New York Magazine.

45. All Documents and Communications concerning budget cuts at Elle or Hearst.

46. All Documents and Communications concerning any meetings at the Russian Tea Room with editors of Elle or Hearst.

47. All Documents and Communications concerning Your attribution of Your termination at Elle to the Statements.

48. All Documents and Communications concerning Your allegation in paragraph 134 of the Complaint, that Your column was impaired, and any reasons therefor.

49. All Documents and Communications concerning any criticism or critique of Your column in Elle.

50. Documents sufficient to show the number of Communications received per month seeking advice in connection with Your column with Elle.

51. All Documents and Communications concerning the number of Communications received per month seeking advice in connection with Your column with Elle.

52. All Documents and Communications concerning all health-care providers (physical or mental) and services rendered to You from 1990 through the present, including all therapist, psychiatrist, treating physician or other doctor, hospital, and follow-on or supplementary health- care appointments and services scheduled and attended, and all prescriptions written and/or filled.

53. All Documents and Communications concerning any accusations, charges, or inquiries by anyone concerning any actual or alleged unlawful acts or other criminal conduct by You during Your lifetime.

54. All Documents and Communications concerning any accusation You made against another Person of sexual assault or inappropriate sexual conduct, including but not limited to any

official complaints with employers, law enforcement agencies, or courts.

55. All Documents and Communications concerning You and any alcohol or drug use or abuse.

56. All Documents and Communications concerning any incarcerations, fines paid, arrests, or other criminal conduct during Your lifetime.

57. All Documents and Communications concerning any disciplinary proceedings involving You, regardless of whether such proceeding resulted in any disciplinary action.

58. All Documents and Communications concerning or bearing on Your reputation for honesty.

59. All Documents and Communications concerning any polygraph examinations You have taken or been subject to during your lifetime.

60. All diaries or journals you have kept during any portion of Your lifetime.

61. Documents sufficient to identify all other litigations, arbitrations, or other formal disputes involving or concerning You.

62. All Documents and Communications regarding any oral or written statement by any of the parties to this Action concerning the allegations in the Complaint, irrespective of who obtained them or how they were obtained.

63. All Documents and Communications identifying any witness with knowledge of the purported matters at issue in this Action.

64. All Documents and Communications between You and any third-party concerning Defendant, this Action, the Statements, the allegations in the Complaint, and/or Defendant's presidency or Defendant's campaign, since the Complaint was filed, excluding privileged Communications with attorneys.

65. All Documents and Communications sent to, reviewed by, or prepared by any expert retained by you in this case concerning You, Defendant, the Complaint, or this Action.

66. All Documents and Communications consulted in responding to Defendant's Interrogatories to You.

67. All Documents and Communications on which You intend to rely or use at trial in this Action.

PLEASE TAKE NOTICE that this shall be deemed to be a continuing demand and should any of the Documents or things designated for discovery and inspection in this notice come into Plaintiff's possession, custody, or control after the time of original production, Plaintiff shall be required to produce such Documents within twenty (20) days of obtaining such possession.

PLEASE TAKE FURTHER NOTICE that Your default will result in an application being made to the Court for appropriate relief with costs.

Dated: May 27, 2022
      New York, New York

_____
Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
          -and-
270 West 60th Street, 17th, and 18th Floors
New York, New York 10023
Phone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com