# EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| E. JEAN CARROLL,<br><br>*Plaintiff,*<br><br>v.<br><br>DONALD J. TRUMP, in his personal capacity,<br><br>*Defendant.* | Civil Action No.: 1:20-cv-7311-LAK-JLC |

**DEFENDANT'S FIRST SET OF INTERROGATORIES TO PLAINTIFF**

PLEASE TAKE NOTICE that, pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant, Donald J. Trump ("Defendant"), subject to and reserving all rights to his immunity under the Federal Employees Liability Reform and Tort Compensation Act of 1988 (the "Westfall Act") and any other applicable laws or doctrines, hereby demands that Plaintiff, E. Jean Carroll ("Plaintiff") provide the following information, under oath, within twenty (20) days of the service of this notice at the offices of Habba Madaio & Associates, LLP, located at 270 West 60th Street, New York, New York 10023.

**DEFINITIONS**

**1.** "Action" shall mean the above-captioned action, including but not limited to the allegations and filings herein.

**2.** "Article" refers to the June 21, 2019, article written by Plaintiff on the New York magazine website, The Cut, "*Donald Trump assaulted me in a Bergdorf Goodman dressing room 23 years ago. But he's not alone on the list of awful men in my life*."

**3.** "Barbaro" shall mean Michael Barbaro, and his Representatives, as referenced in

1

Paragraph 101 of the Complaint.

4. "Bennet" shall mean Jessica Bennet, and her Representatives, as referenced in Paragraph 105 of the Complaint.

5. "Bergdorf" shall mean Bergdorf Goodman, the luxury department store on Fifth Avenue in New York City, referenced in Paragraph 22 of the Complaint and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all Persons and entities acting or purporting to act on their behalf.

6. "Birnbach" shall mean Lisa Birnbach, and her Representatives, as referenced in Paragraph 43 of the Complaint.

7. "The Book" refers to the book written by Plaintiff: "*What Do We Need Men For? A Modest Proposal*."

8. "Communication(s)" shall mean the transmittal of information (in the form of facts, ideas, inquiries or otherwise, either orally or in writing), including but not limited to correspondence, presentations, demonstratives, visual aids, packages, conversations, meetings, discussions, telephone calls, text messages, instant messages, electronic messaging, social media messages or postings, telegrams, telexes, telecopies, seminars, conferences, messages, notes, emails and memoranda. The transmission of documents or things by mail, courier or electronic service or otherwise is included, without limitation, in the definition of Communication.

9. "Complaint" shall mean the complaint, dated November 4, 2019, in this Action.

10. "Concerning" shall mean about, regarding, relating to, referring to, reflecting, describing, evidencing, or constituting, and shall be construed as necessary to bring within the

scope of the Request all Documents that might otherwise be construed as outside of its scope.

11. "Defendant" shall mean defendant Donald J. Trump.

12. "Document(s)" and "all documents" shall mean the original and any copy differing from the original of any printed, written, typed, recorded, graphic, photographic, computerized printout, computer program, computer data base or other tangible matter from whatever source; whether produced or reproduced or stored on paper, cards, tapes, discs, belts, films, computer storage devices, or any other material or device; whether in draft or otherwise; whether sent or received or neither; including, but not limited to, the original or a true copy (if the original is not available) and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise); and includes, without limitation, all writings, correspondence, letters, calendars, diaries, journals, notebooks, files, logs, time logs or other indications of work done or time spent, telephone message slips, drafts, charts, data sheets, statistics, telegrams, email messages, text messages, instant messages, electronic messaging, social media messages or postings, teletypes, telefaxes, telecopies, facsimile transmissions, cables, contracts, agreements, policies, studies, transcripts, summaries, newspaper or magazine materials, pamphlets, books, ledgers, registers, reports, financial statements, prospectuses, minutes, agendas, invoices, purchase orders, order confirmations, statements, checks, receipts, returns, estimates, projections, memoranda, notes, interoffice and intra-office communications, offers, notations of any sort of conversations, bulletins, pictures, photographs, videos, films, computer printouts, work papers, work sheets and all drafts, alterations, modifications, and changes and amendments of any kind. Documents shall include any associated ESI.

13. "ESI" shall mean electronically stored information

14. "*Elle*" shall mean *Elle* magazine and each of its current or former subsidiaries,

affiliates, parents, predecessors and successors, divisions, distributors, publishers, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all persons and entities acting or purporting to act on their behalf, including but not limited to Hearst.

15. "Hearst" shall mean Hearst Communications, Inc. and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, distributors, publishers, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all Persons and entities acting or purporting to act on their behalf.

16. "Kaplan Hecker & Fink" shall mean Kaplan Hecker & Fink LLP and each of its current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all Persons and entities acting or purporting to act on their behalf.

17. "Kaplan" shall mean Roberta A. Kaplan and her Representatives.

18. "Martin" shall mean Carol Martin, and her Representatives, as referenced in Paragraph 47 of the Complaint.

19. "Person" shall mean any natural Person or any business, legal or governmental entity, agency, service, or association.

20. "Representative" shall mean, without limitation, any Person, including any current or former directors, officers, employees, agents, brokers, consultants, contractors, attorneys, partners, members, shareholders, intermediaries, subsidiaries and affiliates, who acts, has at any time acted, or has at any time by any Person been requested or solicited to act, at the Person's

request, for the Person's benefit, or on the Person's behalf, or one who acts or has at any time acted on the Person's behalf or for the Person's benefit with the Person's knowledge, consent, or acquiescence. "Statements" shall mean the allegedly defamatory statements as described in the Complaint.

21. "Carroll," "Plaintiff," "You," and "Your" shall mean Plaintiff E. Jean Carroll, her Representatives, and her former Representatives, including but not limited to, Kaplan Hecker & Fink, and Kaplan.

**INSTRUCTIONS**

1. These interrogatories are continuing, and if additional information is acquired or discovered by You or Your Representatives, You should, within ten days of the acquisition of such information, serve supplemental responses. Defendant will object to the testimony of any witness, or presentation of any evidence, with regard to which information has been requested by these interrogatories but was not fully and timely furnished.

2. If any of the interrogatories herein call for information to which You assert a claim of privilege, You should produce with Your responses to these interrogatories a complete statement of the factual and legal basis for the claim of privilege, including specific identification of any judicial decisions or state privilege rules or statutes being invoked.

3. These interrogatories are directed to Your knowledge or information, and the answers hereto are to be completed to the best or Your knowledge.

4. If any of the information requested herein is not in Your or Your Representatives' possession but is known or believed to be in the possession of another Person, identify that Person.

5. Where an objection is made to any interrogatory or any sub-part thereof, the objection shall state with specificity all grounds. No part of an interrogatory shall be left

unanswered merely because an objection is interposed to another part of the interrogatory. When used in reference to an individual Person, "identify" means to state his or her full name and present or last known address and telephone number, and contemporaneous or last known position and business affiliation at the time in question. When used in reference to a business organization or entity other than an individual, "identify" means to state its full name, its principal business address, and the nature of the organization (*e.g.*, corporation, partnership). When used in reference to a document, "identify" means to set forth its date, author, designated and actual recipients, type of document (*e.g.*, report, memorandum), beginning Bates number, number of pages and the identity (as defined above) of its present or last known custodian.

6. As used herein, "and/or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of these interrogatories all responses that might otherwise be construed outside of its boundaries. "And" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed as outside of its scope.

7. The word "all" shall be construed as "any and all," the word "any" shall be construed as "any and all," and the word "each" shall be construed as "all and each," so as to bring within the scope of these interrogatories any information or documents that might otherwise be considered to be beyond their scope.

8. The term "describe" means to explain all the specific circumstances and details involved or surround a particular event or occurrence. With respect to a conversation, it means to identify each party to the conversation and to relate the substance of what was said by each one, and to estimate the duration of the conversation.

9. The use of the singular form of any word includes the plural and vice versa.

10. Unless otherwise indicated below, the time period for the Requests is January 1995 to the present.

## **INTERROGATORIES**

1. Identify all Persons who have any knowledge or information about any of the allegations in the Complaint, and for each Person identified, describe the subject matter of the knowledge that each Person possesses.

2. Identify each Person or entity with whom You or Your Representatives communicated in any way (including, but not limited to, in-person, by telephone, by e-mail, by facsimile, or in writing) about the Action or any of the allegations in the Complaint.

3. For each Statement, identify all Persons, other than You or Your Representatives, who have viewed, read, heard, or in any way became aware of that Statement.

4. Identify each Person with whom You discussed the purported incident described in Paragraphs 22 through 42 of the Complaint.

5. Identify and describe the exact damages that You are seeking in the Complaint and the facts upon which such damages are based, and identify all documents that describe, reflect, support, or relate to the damages sought.

6. Identify all of Your business or social relationships that were affected by the Statements, and identify how each such relationship was harmed, as referenced in Paragraph 129 of the Complaint.

7. Identify all medical providers, including mental health professionals, that have treated you from 1990 to the present, and explain the nature and purpose of such treatment.

8. Identify all medication You have been prescribed since 1990 to the present, including the dates on which You were taking such medications, and the reason You were

7

prescribed such medication.

9. Describe in detail your record of employment, stating specifically as to each job the name and address of your employer, your duties, title, job description and authority, and the inclusive dates of beginning and ending each employment.

10. Describe in detail each communication You had concerning Defendant, any interaction or communication with Defendant, or the allegations in the Complaint, including identifying the Person with whom You had the communication.

11. Identify each Person with knowledge of Your decision to write or publish the Book or the Article, and Your thought process behind such decision, as alleged in paragraphs 74 through 76 of the Complaint.

12. Identify each romantic partner You have had since the date of the purported incident.

13. Identify each Person with knowledge of Your decision to speak with reporter, Barbaro, along with Martin and Birnbach, referenced in Paragraphs 101-104 in the Complaint.

14. Describe in detail how each of the Statements tended to or did injure Your trade, occupation or business, reputation, or finances, as alleged in paragraphs 82 through 100 of the Complaint, identify each Person with knowledge of such alleged injury, and for each financial loss, identify:

    a. the amount of each loss;

    b. the date of each loss;

    c. whether the loss was a realized loss or an unrealized loss;

    d. whether you claimed and/or received a tax deduction for such loss;

    e. each account and account number that reflects each loss; and

   f. whether the loss has be recouped or mitigated in any way.

  15. Describe in detail Your alleged emotional harm, as alleged in paragraph 145 of the Complaint, including but not limited to any treatment You received in connection with Your alleged emotional harm and identify each person with knowledge of such treatment.

  16. For all of Your attorneys' fees and other professional fees You allegedly incurred as a result of the Statements, provide the name of the attorney or other professional, the work performed, and the date and amount of the invoice.

  17. Identify each individual member of the group of, "Sixteen Women," referenced in Paragraph 78 of the Complaint, and describe, with respect to each individual member of the group:

   a. Your relationship; and

   b. any communications You had with such women.

  18. Identify all Persons who have ever characterized Your statements, assertions, accusations, or allegations of being biased, bogus, concocted, counterfeit, deceptive, dishonest, erroneous, exaggerated, fabricated, fake, fallacious, false, feigned, fictitious, flawed, forged, fraudulent, hyperbolic, impartial, imprecise, inaccurate, inconsistent, incorrect, inexact, invented, misleading, perfidious, phony, specious, spurious, unfounded, unreliable, untrue, or wrong.

  19. Describe in detail each instance of any arrest by law enforcement authorities, including the specific violation or offense for which You were arrested, the disposition of the arrest, the date and place of the arrest, and the date, court, and place of any conviction.

  20. Describe in detail any instance in which You accused another Person of sexual assault or inappropriate sexual conduct, including but not limiting to by identifying each such Person.

  21. Identify all amounts of compensation, remuneration, or funds, received in

connection with the Book or the Article.

22. Identify any publishers or distributors with which You had any discussions concerning publishing or distributing the Book.

23. Identify all Persons who have made, provided, discussed, or offered to make or provide, any funds, payments, donations, gifts or consideration of any value, in connection with this Action or in connection with any media or public appearances, press interviews, or consultations with any legal counsel or any other person concerning the Defendant, any accusation or allegation concerning Defendant, this Action, the Statements, Defendant's presidency or campaign, including but not limited to for security expenses, relocation, expenses, consulting, or attorneys' fees, and describe:

   a. the nature of the contribution or provision of value or consideration; and

   b. the dollar amount of the contribution or provision of value or consideration, if not financial in nature, the equivalent dollar amount of the contribution.

24. Identify all other litigations, arbitrations, or other formal disputes involving You.

25. Describe in detail Your reputation before the alleged defamation compared to Your reputation afterward, indicating all facts, contentions and opinions that reflect in any way upon Your reputation before and after the alleged defamation.

Dated: May 27, 2022
       New York, New York

_____
Alina Habba, Esq.
**HABBA MADAIO & ASSOCIATES LLP**
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921
          -and-
270 West 60th Street, 17th, and 18th Floors
New York, New York 10023
Phone: (908) 869-1188
Facsimile: (908) 450-1881
E-mail: ahabba@habbalaw.com