# EXHIBIT H

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

---

E. JEAN CARROLL,

*Plaintiff,*

v.

DONALD J. TRUMP, in his personal capacity,

*Defendant.*

---

No. 20 Civ. 7311 (LAK) (JLC)

**PLAINTIFF E. JEAN CARROLL'S RESPONSES AND OBJECTIONS**
**TO DEFENDANT DONALD J. TRUMP'S**
**<u>REQUEST FOR THE PRODUCTION OF DOCUMENTS</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules for the Southern District of New York (together, the "Rules"), Plaintiff E. Jean Carroll ("Carroll"), by and through her attorneys, submits these responses and objections to Defendant Donald J. Trump's Request for the Production of Documents dated May 27, 2022 (the "Requests").

**GENERAL OBJECTIONS AND RESPONSES**

The following general objections and responses (the "General Objections") are incorporated into each specific objection and response (the "Specific Objections") as if fully set forth therein:

1.      Carroll objects to the Requests to the extent they are duplicative or cumulative or seek information that has been or will be provided through other means of discovery.

2.      Carroll objects to the Requests to the extent they are vague, ambiguous, overly broad, unduly burdensome, seek information not relevant to the claims or defenses of any party, or are not proportional to the needs to the case.

3.      Carroll objects to the Requests to the extent they purport to call for information or documents that: (a) are subject to the attorney-client privilege; (b) constitute attorney work product; (c) contain information protected from disclosure based on common interest or a similar privilege; or (d) are otherwise protected from disclosure under applicable privilege, law, or rule. Carroll will not produce such information or documents in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such information.

4.      Carroll objects to each Request to the extent it calls for documents that: (a) are already in Defendant's possession, custody, or control; (b) are publicly available; or (c) are otherwise independently available to Defendant or his counsel.

5.      Carroll objects to the Requests to the extent they require unreasonable measures to locate and produce responsive documents. Carroll will construe the Requests to require a reasonable and diligent search of its reasonably-accessible files where it would reasonably expect to find information, documents, or things related to the Requests, and specifically states that it will limit its search for electronic mail by use of identified search terms and custodians to be agreed upon by the Parties.

6.      Carroll objects to the Definitions and Instructions to the extent that they purport to impose obligations greater than those imposed by the Rules or any case law interpreting them. Carroll will respond to the Requests in a manner consistent with the Rules.

7.      Carroll objects to Definition No. 3 on the ground that it purports to include Bergdorf Goodman's "current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials,

Representatives, and all Persons and entities acting or purporting to act on their behalf." Subject to this General Objection, in responding to the Requests, Carroll will construe "Bergdorf" to refer only to "Bergdorf Goodman" and no other entity.

8.      Carroll objects to Definition No. 5 on the grounds that it is broader than the uniform definition of "communication" in Local Rule 26.3(c)(1). Subject to this General Objection, in responding to the Requests, Carroll will use the definition of "communication" set forth in that Rule.

9.      Carroll objects to Definition No. 7 on the grounds that it is broader than the uniform definition of "concerning" in Local Rule 26.3(c)(7). Subject to this General Objection, in responding to the Requests, Carroll will use the definition of "concerning," and its subsumed term "relating to," set forth in that Rule.

10.      Carroll objects to Definition No. 9 on the grounds that it is broader than the uniform definition of "document" in Local Rule 26.3(c)(2) and Federal Rule of Civil Procedure 34(a)(1)(A). Subject to this General Objection, in responding to the Requests, Carroll will use the definition of "document" set forth in those Rules.

11.      Carroll objects to Definition No. 10 on the ground that it purports to include *Elle*'s "current or former subsidiaries, affiliates, parents, predecessors and successors, divisions, distributors, publishers, departments and operating units, and includes, without limitation, each of their current or former officers, directors, members, partners, shareholders, employees, agents, officials, Representatives, and all persons and entities acting or purporting to act on their behalf, but not limited to Hearst." Subject to this General Objection, in responding to the Requests, Carroll will construe "*Elle*" to refer only to "*Elle* Magazine" and no other entity.

12.     Carroll objects to Definition No. 18 on the ground that it defines "Carroll," "Plaintiff," "You," and "Your" as "E. Jean Carroll and her Representatives and former Representatives, including but not limited to, Kaplan Hecker & Fink, and Kaplan." Because this is solely a dispute between two parties, Carroll will construe "Plaintiff," "You," and "Your" to refer only to "E. Jean Carroll."

13.     Carroll objects to Instruction No. 3 to the extent it seeks to impose obligations greater than those imposed by Local Rule 26.2.  For all claims of privilege, Carroll will identify only that information that it is required to be identified under Local Rule 26.2.

14.     Carroll objects to Instruction No. 19 and Instruction No. 21 insofar as they seek to impose obligations greater than those imposed by Federal Rule of Civil Procedure 34(b)(2). For all objections, Carroll will state only the information that it is required to be stated under Federal Rule of Civil Procedure 34(b)(2).

15.     Carroll objects to Instruction No. 24 to the extent it encompasses information that is overbroad, unduly burdensome, disproportionate to the needs of the case, and irrelevant.

16.     Plaintiff's Responses to the Requests are made to the best of Carroll's present knowledge, information, and belief.  These Responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Carroll's knowledge and investigation, are subject to such additional knowledge of facts as may result from Carroll's further discovery or investigation.

17.     Carroll objects to the Requests to the extent they contain express or implied assumptions of fact or law with respect to matters at issue in this case. Carroll's Responses to the Requests are not intended to be and shall not be construed as an agreement or concurrence with

Defendant's characterization of any facts, circumstances, or legal obligations. Carroll reserves the right to contest any such characterization as inaccurate.

18.     The fact that Carroll has responded to a particular Request shall not be interpreted as implying that Carroll acknowledges the propriety of that Request.

19.     Carroll reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to the Requests but discovered subsequent to the date of these Responses, including, but not limited to, any such information obtained in discovery herein.

20.     Carroll reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of Carroll's responses herein, as evidence in any subsequent proceeding in, or trial of, this or any other action, for any purpose whatsoever.

21.     If so designated, Carroll's Responses to the Requests will be subject to the confidentiality protections of any Protective Order entered by the Court.

22.     Carroll will produce responsive documents pursuant to her General and Specific Objections on a rolling basis.

23.     Counsel for Carroll is available to meet and confer with respect to any of her Responses and Objections.  Carroll reserves the right, but does not assume the obligation, to amend or supplement her Responses and Objections.

## SPECIFIC OBJECTIONS AND RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION

### REQUEST NO. 1

**All Documents and Communications concerning the Statements.**

### RESPONSE TO REQUEST NO. 1

In addition to her General Objections, Carroll objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate. Notwithstanding and without waiver of

her General and Specific Objections, Carroll will conduct a reasonable search and produce responsive non-privileged documents and communications concerning whether the Statements were true or false, and concerning the harms she suffered as a result of the Statements.

## REQUEST NO. 2

**All Documents and Communications concerning statements made by You that have been characterized by anyone as biased, bogus, concocted, counterfeit, deceptive, dishonest, erroneous, exaggerated, fabricated, fake, fallacious, false, feigned, fictitious, flawed, forged, fraudulent, hyperbolic, impartial, imprecise, inaccurate, inconsistent, incorrect, inexact, invented, misleading, perfidious, phony, specious, spurious, unfounded, unreliable, untrue, or wrong.**

## RESPONSE TO REQUEST NO. 2

In addition to her General Objections, Carroll objects to this Request on the grounds that it is overbroad, unduly burdensome, and disproportionate. Carroll further objects on the ground that this Request purports to require Carroll to understand the subjective views of other persons, and purports to require Carroll to trace all characterizations by third parties of all statements she has made. Carroll further objects to this Request on the ground that it seeks documents and information not within Carroll's possession, custody, or control. Notwithstanding and without wavier of her General and Specific Objections, Carroll notes that Defendant himself has characterized various statements by Carroll as untrue. Carroll will not produce documents or communications in response to this Request.

## REQUEST NO. 3

**All Documents and Communications concerning Defendant, President Trump's presidency and/or Mr. Trump's campaign.**

## RESPONSE TO REQUEST NO. 3

In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad, unduly burdensome, and disproportionate. Notwithstanding and without waiver of

her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her.

**REQUEST NO. 4**

**All Documents and Communications concerning the allegations in the Complaint.**

**RESPONSE TO REQUEST NO. 4**

In addition to her General Objections, Carroll objects to this Request on the grounds that it is overbroad, unduly burdensome, disproportionate, and duplicative of other discovery requests. Carroll further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work product protection, or other privileges or protections from disclosure. Notwithstanding Carroll's General and Specific Objections, Carroll will conduct a reasonable search and produce responsive non-privileged documents and communications reasonably related to the allegations in the Complaint.

**REQUEST NO. 5**

**All Documents and Communications with Defendant, his family members, or his agents or representatives.**

**RESPONSE TO REQUEST NO. 5**

In addition to her General Objections, Carroll objects to this Request on the grounds that it is vague, and that it purports to require Carroll to determine the relationships between Defendant and various non-parties when such information is more readily available to Defendant. Carroll further objects to this Request to the extent that it seeks documents and communications already, equally and/or more readily available to Defendant than to Carroll. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce non-privileged documents and

communications with Trump, his immediate family members, and/or Trump's agents or representatives known by Ms. Carroll to be such.

## REQUEST NO. 6

**All Documents and Communications concerning this Action, including but not limited to all Documents concerning Communications with any non-party.**

## RESPONSE TO REQUEST NO. 6

In addition to her General Objections, Carroll objects to this Request on the ground that it is overbroad, unduly burdensome, and disproportionate (including because it seeks Documents, Communications, and Documents concerning Communications), as well as on the ground that it is duplicative of other discovery requests. Carroll further objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work product protection, or other privileges or protections from disclosure. Notwithstanding Carroll's General and Specific Objections, Carroll will conduct a reasonable search and produce responsive non-privileged documents and communications.

## REQUEST NO. 7

**All Documents and Communications concerning the purported incident or incidents described in paragraphs 22 through 42 of the Complaint.**

## RESPONSE TO REQUEST NO. 7

In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of other Requests herein. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications.

## REQUEST NO. 8

**All Documents and Communications concerning any discussions You had with any other Person concerning the purported incident or incidents described in paragraphs 22 through 42 of the Complaint, including but not limited to, the Communications described in paragraphs 43 through 54 of the Complaint.**

**RESPONSE TO REQUEST NO. 8**

In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of other Requests herein. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications reasonably related to the allegations in the Complaint.

**REQUEST NO. 9**

**All Documents and Communications with Lisa Birnbach concerning the allegations made in the Complaint, this Action, Defendant, President Trump's presidency and/or Mr. Trump's campaign.**

**RESPONSE TO REQUEST NO. 9**

In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of other Requests herein. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications with Lisa Birnbach concerning the Statements, this Action, and Trump's sexual assault of Carroll as alleged in the Complaint.

**REQUEST NO. 10**

**All Documents and Communications with Carol Martin concerning the allegations made in the Complaint, this Action, Defendant, President Trump's presidency and/or Mr. Trump's campaign.**

**RESPONSE TO REQUEST NO. 10**

In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of other Requests herein. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and

communications with Carol Martin concerning the Statements, this Action, and Trump's sexual assault of Carroll as alleged in the Complaint.

**REQUEST NO. 11**

**All Documents and Communications concerning any tests of clothing that have occurred related to the allegations in the Complaint, including all Documents and Communications with Carol Martin.**

**RESPONSE TO REQUEST NO. 11**

In addition to her General Objections, Carroll objects to this Request insofar as it calls for the production of documents protected by attorney-client privilege, attorney work-product doctrine, and other applicable privileges. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications in which she makes statements concerning any tests of clothing that have occurred related to the allegations in the Complaint.

**REQUEST NO. 12**

**All Documents and Communications concerning what You were wearing during the purported incident or incidents described in paragraphs 22 through 42 of the Complaint.**

**RESPONSE TO REQUEST NO. 12**

Notwithstanding and without waiver of her General Objections, Carroll will produce non-privileged documents and communications responsive to this Request.

**REQUEST NO. 13**

**All Documents and Communications concerning the payment of attorneys' fees or other expenses, including but not limited to promises of payments for security expenses, relocation, or any other benefit, in connection with this Action or any statements, accusations or allegations concerning Defendant.**

**RESPONSE TO REQUEST NO. 13**

In addition to her General Objections, Carroll objects to this Request insofar as it calls for the production of documents protected by attorney-client privilege, attorney work-product doctrine, and other applicable privileges. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action—the production of which could threaten Carroll's security. Carroll further objects to this request on the grounds of overbreadth, disproportionality, and undue burden. Carroll will not produce documents or communications in response to this Request.

**REQUEST NO. 14**

**All Documents and Communications concerning any funds, payments, donations, gifts or consideration of any value, which have been made, provided, discussed, or offered to have been made or provided, in connection with this Action or in connection with any media or public appearances, press interviews, or consultations with any legal counsel or any other person, concerning the Defendant, any accusation or allegation concerning Defendant, this Action, and/or Defendant's presidency or campaign, including but not limited to for security expenses, relocation, expenses, consulting, or attorneys' fees.**

**RESPONSE TO REQUEST NO. 14**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action— the production of which could threaten Carroll's security. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents concerning her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her, as well as non-privileged documents concerning the harms she suffered as a result of the Statements.

**REQUEST NO. 15**

**All Documents and Communications between You, on one hand, and any member of the media or press, reporter, blogger, website operator, and/or journalist, on the other hand, concerning Defendant, this Action, the allegations in the Complaint, and/or President Trump's presidency or Mr. Trump's campaign.**

**RESPONSE TO REQUEST NO. 15**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning this Action, the allegations in the Complaint, her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her, and the harms she suffered as a result of the Statements.

**REQUEST NO. 16**

**All Documents and Communications concerning any quote attributed to You or interview given by You in any newspaper, magazine, journal, news source, or other publication concerning Defendant, this Action, the allegations in the Complaint, and/or President Trump's presidency or Mr. Trump's campaign.**

**RESPONSE TO REQUEST NO. 16**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Carroll further objects to this Request on the ground that it is inconsistent with the Rules because it seeks documents and information not within Carroll's possession, custody, or control. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning this Action, the allegations

in the Complaint, her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her, and the harms she suffered as a result of the Statements.

## REQUEST NO. 17

**All Documents and Communications concerning any press conferences in which You or Your representatives appeared, attended and/or participated, concerning Defendant, this Action, the allegations in the Complaint, and/or President Trump's presidency or Mr. Trump's campaign.**

## RESPONSE TO REQUEST NO. 17

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Carroll further objects to this Request on the ground that it is inconsistent with the Rules because it seeks documents and information not within Carroll's possession, custody, or control. Carroll further objects to this Request insofar as it calls for the production of documents protected by attorney-client privilege, attorney work-product doctrine, and other applicable privileges. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning this Action, the allegations in the Complaint, her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her, and the harms she suffered as a result of the Statements.

## REQUEST NO. 18

**All Documents and Communications concerning publicity, public reports, interviews, or other media attention or "mentions" pertaining to You.**

## RESPONSE TO REQUEST NO. 18

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the

ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Carroll further objects to this Request on the ground that it is duplicative. Carroll further objects to this Request on the ground that it is inconsistent with the Rules because it seeks documents and information not within Carroll's possession, custody, or control. Carroll will not produce documents or communications in response to this Request.

## REQUEST NO. 19

**All Documents and Communications concerning your attendance at any politically-related meeting, event, conference, rally, phone-call, or march, including but not limited to any payment or consideration received in connection with such attendance.**

## RESPONSE TO REQUEST NO. 19

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Carroll further objects to this Request on the ground that it is duplicative. Carroll further objects to this Request on the ground that it is inconsistent with the Rules because it seeks documents and information not within Carroll's possession, custody, or control. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her.

## REQUEST NO. 20

**All Documents and Communications with or concerning any witness or potential witness to any accusation or allegation concerning the Defendant or the allegations in the Complaint or this Action.**

**RESPONSE TO REQUEST NO. 20**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Carroll further objects to this Request on the ground that it requires her to speculate about who may qualify as a "witness" or "potential witness" to any accusation or allegation concerning the Defendant or the allegations in the Complaint or this Action. Carroll will not produce documents or communications in response to this Request as formulated.

**REQUEST NO. 21**

**All Documents and Communications concerning the Article.**

**RESPONSE TO REQUEST NO. 21**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications constituting drafts of the Article, as well as responsive non-privileged documents and communications concerning her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her.

**REQUEST NO. 22**

**All Documents and Communications concerning the Book, including but not limited to all drafts of the Book and communications with editors, publishers, distributors, or promoters concerning the Book.**

## RESPONSE TO REQUEST NO. 22

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications constituting drafts of chapters of the Book that discuss Trump, as well as responsive non-privileged documents and communications concerning her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her.

## REQUEST NO. 23

**All Documents and Communications concerning agreements related to the Book or the Article, including but not limited to any agreements as to indemnification, payment, royalties, or advances.**

## RESPONSE TO REQUEST NO. 23

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications constituting her final contracts or agreements with publishers respecting the publication of the Book and the Article, as well as responsive non-privileged documents and communications concerning her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her.

**REQUEST NO. 24**

**All Documents and Communications concerning any funds received as a result of the Book, including but not limited to Documents sufficient to show all funds received in connection with sale, distribution, or promotion of the Book or the Article.**

**RESPONSE TO REQUEST NO. 24**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests, which address the terms of her agreement(s) to publish the Book and the Article. Carroll will not produce documents or communications in response to this Request.

**REQUEST NO. 25**

**All Documents and Communications concerning any public appearances concerning the allegations alleged in the Complaint, including but not limited to any payment, remuneration, reimbursement, or compensation, in exchange for or in connection with any such appearances.**

**RESPONSE TO REQUEST NO. 25**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning news media appearances in which she discussed the Action or the allegations in the Complaint concerning Trump's Statements.

**REQUEST NO. 26**

**All Documents and Communications concerning the Store.**

**RESPONSE TO REQUEST NO. 26**

In addition to her General Objections, Carroll objects to this Request on the ground that it is vague and ambiguous, because it requests documents pertaining to the "Store," a term nowhere defined in Defendant's Requests. For purposes of efficiency, Carroll will construe the "Store" to refer to "Bergdorf Goodman." Carroll further objects on the ground that this Request is overbroad, unduly burdensome, and disproportionate to the needs of the case. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications with the Store (or its owners, managers, employees, or agents) concerning this Action or the allegations in the Complaint.

**REQUEST NO. 27**

**All Documents and Communications concerning the Statements referenced in paragraphs 81 through 128 of the Complaint.**

**RESPONSE TO REQUEST NO. 27**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning the truth or falsity of the Statements or concerning the harms she suffered as a result of the Statements.

**REQUEST NO. 28**

**All Documents and Communications concerning any alleged harm, injury or damages caused by the Statements.**

18

**RESPONSE TO REQUEST NO. 28**

In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Carroll further objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce non-privileged documents responsive to this Request.

**REQUEST NO. 29**

**All Documents and Communications concerning damages related to your loss of employment or professional/reputational harm caused by the Statements.**

**RESPONSE TO REQUEST NO. 29**

In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Carroll further objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce non-privileged documents responsive to this Request.

**REQUEST NO. 30**

**All Documents and Communications with anyone associated with the Store concerning Defendant, this Action, the Statements, the allegations in the Complaint, and/or President Trump's presidency or Mr. Trump's campaign.**

**RESPONSE TO REQUEST NO. 30**

In addition to her General Objections, Carroll objects to this Request on the ground that it is vague and ambiguous, because it requests documents pertaining to the "Store," a term nowhere defined in Defendant's Requests. For purposes of efficiency, Carroll will construe the "Store" to refer to "Bergdorf Goodman." Carroll further objects on the ground that this Request is overbroad,

unduly burdensome, and disproportionate to the needs of the case. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Notwithstanding Carroll's General and Specific Objections, Carroll will produce non-privileged documents and communications with the Store (or its owners, managers, employees, or agents) concerning this Action or the allegations in the Complaint.

**REQUEST NO. 31**

**All Documents and Communications concerning any attempts to mitigate any harm, injury, or damages allegedly caused by the Statements.**

**RESPONSE TO REQUEST NO. 31**

In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests herein. Carroll further objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Carroll will not produce documents or communications in response to this Request.

**REQUEST NO. 32**

**All Federal and state income tax returns (including K-1 statements from any entity) for the period 1995 to the present.**

**RESPONSE TO REQUEST NO. 32**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Carroll further objects to this Request on the ground that it seeks documents through a time period that largely predates any of the harms alleged in the Complaint. Notwithstanding Carroll's General and Specific Objections, Carroll will produce non-

privileged documents and communications concerning any alleged harm, injury or damages caused by the Statements, and is available to meet and confer further concerning the response to this Request.

**REQUEST NO. 33**

**All partnership or employment records demonstrating Your financial compensation, including all pay stubs, invoices, draws, carried interest, investments return, W-2s or 1099s from any entity, for the period 1995 to the present.**

**RESPONSE TO REQUEST NO. 33**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Carroll further objects that this Request seeks documents through a time period that largely predates any of the harms alleged in the Complaint. Notwithstanding Carroll's General and Specific Objections, Carroll will produce non-privileged documents and communications concerning any alleged harm, injury or damages caused by the Statements.

**REQUEST NO. 34**

**Documents and Communications sufficient to show all accounts, trusts, investments, companies, corporate interests, partnerships, or other vehicles, entities or enterprises in which You have a direct or indirect ownership or control interest, for the period 1995 to the present.**

**RESPONSE TO REQUEST NO. 34**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Carroll further objects that this Request

21

seeks documents through a time period that largely predates any of the harms alleged in the Complaint. Notwithstanding Carroll's General and Specific Objections, Carroll will produce non-privileged documents and communications concerning any alleged harm, injury or damages caused by the Statements.

**REQUEST NO. 35**

**Documents and Communications sufficient to show all assets, including real estate, securities, cash, partnership or corporate interests, You directly or indirectly own or control.**

**RESPONSE TO REQUEST NO. 35**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning any alleged harm, injury or damages caused by the Statements.

**REQUEST NO. 36**

**All Documents and Communications concerning Your personal finances, including all personal banking records, checking account statements, savings account statements, investment account statements or transaction records, trust records or statements, family office records or statements, and any records of payments or disbursements made by You or on Your behalf, for the period 2015 to the present.**

**RESPONSE TO REQUEST NO. 36**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Carroll further objects that this Request

seeks documents through a time period that largely predates any of the harms alleged in the Complaint. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning any alleged harm, injury or damages caused by the Statements.

## REQUEST NO. 37

**All Documents and Communications concerning Your purported "reputational and other harm" caused by the Statements, as alleged in paragraphs 129 and 136 of the Complaint.**

## RESPONSE TO REQUEST NO. 37

Notwithstanding and without waiver of her General Objections, Carroll will produce responsive non-privileged documents and communications.

## REQUEST NO. 38

**All Documents and Communications concerning Your purported emotional harm caused by the Statements.**

## RESPONSE TO REQUEST NO. 38

Notwithstanding and without waiver of her General Objections, Carroll will produce responsive non-privileged documents and communications.

## REQUEST NO. 39

**All Documents and Communications concerning any employment by or publishing agreement with, whether formal or informal, any magazine, newspaper, website, publisher, distributor, or publication, including but not limited to copies of such agreement(s).**

## RESPONSE TO REQUEST NO. 39

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Carroll further objects that this Request

seeks documents and communications through a time period that largely predates any of the harms or conduct alleged in the Complaint. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning any alleged professional or economic harm, injury or damages caused by the Statements.

**REQUEST NO. 40**

**All Documents and Communications concerning your termination, whether voluntary or involuntary, from any employer, whether as an employee or independent contractor, including but not limited to with any magazine, newspaper, website, publisher, distributor, or publication, including but not limited to Elle, including but not limited to the reasons for such termination, and any performance reviews.**

**RESPONSE TO REQUEST NO. 40**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Carroll further objects that this Request seeks documents and communications through a time period that largely predates any of the harms or conduct alleged in the Complaint. Carroll further objects to this Request to the extent it seeks "all" documents or communications. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning any alleged professional or economic harm, injury or damages caused by the Statements—including responsive documents and communications concerning her termination from Elle.

**REQUEST NO. 41**

**Documents sufficient to show all employers for which You worked, whether as an employee or independent contractor, for the past 10 years, and any pay, salary, or remuneration received in connection with such employment or agreement.**

**RESPONSE TO REQUEST NO. 41**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Carroll further objects that this Request seeks documents and communications through a time period that largely predates any of the harms or conduct alleged in the Complaint, and seeks information about employment or independent contactor relationships devoid of any relationship to the claims and defenses in this litigation. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning any alleged professional or economic harm, injury or damages caused by the Statements.

**REQUEST NO. 42**

**All Documents and Communications concerning Your attempts to obtain employment, work, contracts, or other engagements or financial arrangements with any magazine, newspaper, website, publisher, blogger, distributor, or publication, following Your termination from Elle.**

**RESPONSE TO REQUEST NO. 42**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning any alleged professional or economic harm, injury or damages caused by the Statements.

**REQUEST NO. 43**

**All Documents and Communications concerning Your pay, salary, or any compensation or remuneration received, from Elle.**

**RESPONSE TO REQUEST NO. 43**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Carroll further objects that this Request seeks documents and communications through a time period that largely predates any of the harms or conduct alleged in the Complaint, and seeks information about employment or independent contactor relationships devoid of any relationship to the claims and defenses in this litigation. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning any alleged professional or economic harm, injury or damages caused by the Statements.

**REQUEST NO. 44**

**All Documents and Communications concerning Your decision to publish the Article in New York Magazine.**

**RESPONSE TO REQUEST NO. 44**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it is duplicative of other Requests. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents

26

and communications concerning her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her, and concerning her decision to publish the Article in New York Magazine.

**REQUEST NO. 45**

    **All Documents and Communications concerning budget cuts at Elle or Hearst.**

**RESPONSE TO REQUEST NO. 45**

    In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and seeks information in the custody, control, or possession of third parties. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning any alleged professional or economic harm, injury or damages caused by the Statements—including documents and communications concerning her termination from Elle.

**REQUEST NO. 46**

    **All Documents and Communications concerning any meetings at the Russian Tea Room with editors of Elle or Hearst.**

**RESPONSE TO REQUEST NO. 46**

    In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning the meeting at the Russian Team Room where Carroll disclosed to Elle editors that the Book addressed the fact that Trump had sexually assaulted her.

**REQUEST NO. 47**

       All Documents and Communications concerning Your attribution of Your termination at Elle to the Statements.

**RESPONSE TO REQUEST NO. 47**

       In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning any alleged professional or economic harm, injury or damages caused by the Statements—including documents and communications concerning her termination from Elle.

**REQUEST NO. 48**

       All Documents and Communications concerning Your allegation in paragraph 134 of the Complaint, that Your column was impaired, and any reasons therefor.

**RESPONSE TO REQUEST NO. 48**

       Notwithstanding and without waiver of her General Objections, Carroll will produce responsive non-privileged documents and communications.

**REQUEST NO. 49**

       All Documents and Communications concerning any criticism or critique of Your column in Elle.

**RESPONSE TO REQUEST NO. 49**

       In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and seeks documents and communications through a time period that largely predates any of the

28

harms or conduct alleged in the Complaint. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning any alleged professional or economic harm, injury or damages caused by the Statements—including documents and communications concerning her termination from Elle.

**REQUEST NO. 50**

**Documents sufficient to show the number of Communications received per month seeking advice in connection with Your column with Elle.**

**RESPONSE TO REQUEST NO. 50**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and seeks documents and communications through a time period that largely predates any of the harms or conduct alleged in the Complaint. Carroll further objects to this Request on the ground that it is inconsistent with the Rules because it seeks documents and information not within Carroll's possession, custody, or control, including analytics regarding a column run by *Elle* magazine. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications.

**REQUEST NO. 51**

**All Documents and Communications concerning the number of Communications received per month seeking advice in connection with Your column with Elle.**

**RESPONSE TO REQUEST NO. 51**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action,

and seeks documents and communications through a time period that largely predates any of the harms or conduct alleged in the Complaint. Carroll further objects to this Request on the ground that it is inconsistent with the Rules because it seeks documents and information not within Carroll's possession, custody, or control, including analytics regarding a column run by *Elle* magazine. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications.

**REQUEST NO. 52**

**All Documents and Communications concerning all health-care providers (physical or mental) and services rendered to You from 1990 through the present, including all therapist, psychiatrist, treating physician or other doctor, hospital, and follow-on or supplementary health- care appointments and services scheduled and attended, and all prescriptions written and/or filled.**

**RESPONSE TO REQUEST NO. 52**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action. Notwithstanding Carroll's General and Specific Objections, Carroll will produce responsive non-privileged documents and communications concerning the emotional and psychological harm that Trump caused her by publishing the Statements.

**REQUEST NO. 53**

**All Documents and Communications concerning any accusations, charges, or inquiries by anyone concerning any actual or alleged unlawful acts or other criminal conduct by You during Your lifetime.**

**RESPONSE TO REQUEST NO. 53**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and is calculated to harass and annoy, and on the ground that it seeks information from within a timeframe far beyond the scope of this case. Carroll will not produce documents or communications in response to this Request.

**REQUEST NO. 54**

**All Documents and Communications concerning any accusation You made against another Person of sexual assault or inappropriate sexual conduct, including but not limited to any official complaints with employers, law enforcement agencies, or courts.**

**RESPONSE TO REQUEST NO. 54**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and is calculated to harass and annoy, and on the ground that it seeks information from within a timeframe far beyond the scope of this case. Carroll will not produce documents or communications in response to this Request.

**REQUEST NO. 55**

**All Documents and Communications concerning You and any alcohol or drug use or abuse.**

**RESPONSE TO REQUEST NO. 55**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action,

and is calculated to harass and annoy, and on the ground that it seeks information from within a timeframe far beyond the scope of this case. Carroll will not produce documents or communications in response to this Request.

**REQUEST NO. 56**

**All Documents and Communications concerning any incarcerations, fines paid, arrests, or other criminal conduct during Your lifetime.**

**RESPONSE TO REQUEST NO. 56**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and is calculated to harass and annoy, and on the ground that it seeks information from within a timeframe far beyond the scope of this case. Carroll will not produce documents or communications in response to this Request.

**REQUEST NO. 57**

**All Documents and Communications concerning any disciplinary proceedings involving You, regardless of whether such proceeding resulted in any disciplinary action.**

**RESPONSE TO REQUEST NO. 57**

In addition to her General Objections, Carroll objects to this Request on the ground that the undefined terms "disciplinary proceedings" and "disciplinary action" are vague and ambiguous. Carroll further objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and is calculated to harass and annoy, and on the ground that it seeks information from within a timeframe

far beyond the scope of this case. Carroll will not produce documents or communications in response to this Request.

## REQUEST NO. 58

All Documents and Communications concerning or bearing on Your reputation for honesty.

## RESPONSE TO REQUEST NO. 58

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request to the extent that it seeks information not relevant to the claims or defenses of any Party in this Action, including insofar as it seeks information from within a timeframe far beyond the scope of this case. Carroll further objects to this Request on the ground that it is inconsistent with the Rules because it seeks documents and information not within Carroll's possession, custody, or control, including documents relating to the opinions of third parties. Carroll further notes that it is Trump, not Carroll, who has a reputation for dishonesty. *See e.g.*, WASH. POST FACT CHECKER, last updated Jan 20, 2021, *available at* https://www.washingtonpost.com/graphics/politics/trump-claims-database (noting that in 1,461 days, Trump has made 30,573 false or misleading claims). Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce non-privileged documents and communications from July 1, 2017 through July 1, 2019 concerning her reputation for honesty.

## REQUEST NO. 59

All Documents and Communications concerning any polygraph examinations You have taken or been subject to during your lifetime.

33

**RESPONSE TO REQUEST NO. 59**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request to the extent that it seeks information not relevant to the claims or defenses of any Party in this Action, including insofar as it seeks information from within a timeframe far beyond the scope of this case. Carroll further objects to this Request on the ground that it is inconsistent with the Rules because it seeks documents and information not within Carroll's possession, custody, or control, including opinions of third parties. Carroll further notes that it is Trump, not Carroll, who has a reputation for dishonesty. *See e.g.*, WASH. POST FACT CHECKER, last updated Jan 20, 2021, *available at* https://www.washingtonpost.com/graphics/politics/trump-claims-database (noting that in 1,461 days, Trump has made 30,573 false or misleading claims). Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce non-privileged documents and communications responsive to this Request.

**REQUEST NO. 60**

**All diaries or journals you have kept during any portion of Your lifetime.**

**RESPONSE TO REQUEST NO. 60**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it seeks information from within a timeframe far beyond the scope of this case. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive excerpts from any diaries or journals concerning Trump sexually assaulting her, concerning the Statements, or concerning this Action or the allegations in the Complaint.

**REQUEST NO. 61**

Documents sufficient to identify all other litigations, arbitrations, or other formal disputes involving or concerning You.

**RESPONSE TO REQUEST NO. 61**

In addition to her General Objections, Carroll objects to this Request on the grounds of overbreadth, disproportionality, and undue burden. Carroll further objects to this Request on the ground that it seeks information not relevant to the claims or defenses of any Party in this Action, and on the ground that it seeks information from within a timeframe far beyond the scope of this case. Notwithstanding and without waiver of her General and Specific Objections, Carroll is available to meet and confer about a reasonable reciprocal and mutual approach to the production of responsive information by both parties.

**REQUEST NO. 62**

All Documents and Communications regarding any oral or written statement by any of the parties to this Action concerning the allegations in the Complaint, irrespective of who obtained them or how they were obtained.

**RESPONSE TO REQUEST NO. 62**

In addition to her General Objections, Carroll objects to this Request on the ground that it is duplicative of numerous other Requests. Carroll further objects to this Request on the ground that the vast bulk of the information it seeks is within Trump's possession, custody, or control. Notwithstanding and without waiver of her General and Specific Objections, Carroll will produce responsive non-privileged documents and communications regarding any statement by any of the parties to this Action concerning Trump sexually assaulting Carroll, concerning her decision to reveal publicly in June/July 2019 that Trump had sexually assaulted her, concerning the truth or falsity of the Statements, or concerning the harms she suffered as a result of the Statements.

**REQUEST NO. 63**

**All Documents and Communications identifying any witness with knowledge of the purported matters at issue in this Action.**

**RESPONSE TO REQUEST NO. 63**

In addition to her General Objections, Carroll objects to this Request on the ground that it is unduly burdensome, and duplicative of other discovery requests, and seeks information provided in Carroll's Initial Disclosures. Carroll further objects to this Request on the grounds that it seeks documents and information not in Carroll's possession, custody, or control, and purports to require Carroll to determine the knowledge of unspecified non-parties. Carroll also objects to this Request to the extent that it seeks information protected by the attorney-client privilege, work product protection, or other applicable privileges or protections from disclosures. Notwithstanding and without waiver of her General and Specific Objections, Carroll reiterates that she will produce responsive non-privileged documents and communications (including with non-parties) reasonably related to the allegations in the Complaint, as set forth in her responses to (among others) Requests 1-12.

**REQUEST NO. 64**

**All Documents and Communications between you and any third party concerning Defendant, this Action, the Statements, the allegations in the Complaint, and/or President Trump's presidency or Mr. Trump's campaign, since the Complaint was filed, excluding privileged Communications with attorneys.**

**RESPONSE TO REQUEST NO. 64**

In addition to her General Objections, Carroll objects to this Request on the ground that it is unduly burdensome and duplicative of other Requests, and to the extent that it seeks information protected by work product protection and other applicable privileges or protections from disclosure. Notwithstanding and without waiver of her General and Specific Objections, Carroll

36

reiterates that she will produce responsive non-privileged documents and communications (including with non-parties) reasonably related to the allegations in the Complaint, as set forth in her responses to (among others) Requests 1-12, and is available to meet and confer concerning an appropriate (and mutual) date range for electronic searches and production.

## REQUEST NO. 65

**All Documents and Communications sent to, reviewed by, or prepared by any expert retained by you in this case concerning You, Defendant, the Complaint, or this Action.**

## RESPONSE TO REQUEST NO. 65

Notwithstanding and without waiver of her General Objections, Carroll will produce non-privileged documents and communications.

## REQUEST NO. 66

**All Documents and Communications consulted in responding to Defendant's Interrogatories to You.**

## RESPONSE TO REQUEST NO. 66

Notwithstanding and without waiver of her General Objections, Carroll will produce non-privileged documents and communications.

## REQUEST NO. 67

**All Documents and Communications on which You intend to rely or use at trial in this Action.**

## RESPONSE TO REQUEST NO. 67

In addition to her General Objections, Carroll objects to this Request on the ground that it is premature at this stage of the proceedings. Carroll will comply with all applicable rules and requirements concerning pretrial disclosures.

Dated: New York New York
June 27, 2022

By: _____

Roberta A. Kaplan
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Tel: (212) 763-0883
Fax: (212) 564-0883
rkaplan@kaplanhecker.com

Joshua A. Matz
KAPLAN HECKER & FINK LLP
1050 K Street, Suite 1040
Washington, DC 20001
Tel: (212) 763-0883
Fax: (212) 564-0883
jmatz@kaplanhecker.com

*Counsel for Plaintiff E. Jean Carroll*

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

E. JEAN CARROLL,

                *Plaintiff,*

      v.

DONALD J. TRUMP, in his personal capacity,

       *Defendant.*

No. 20 Civ. 7311 (LAK) (JLC)

## CERTIFICATE OF SERVICE

I hereby certify that on this day, June 27, 2022, I served a true and correct copy of Plaintiff E. Jean Carroll's Responses and Objections to Defendant's Requests for the Production of Documents by e-mail upon counsel for Defendant Donald J. Trump and by overnight delivery service to:

Alina Habba, Esq.
HABBA MADAIO & ASSOCIATES LLP
1430 U.S. Highway 206, Suite 240
Bedminster, New Jersey 07921

*Attorney for the Defendant Donald J. Trump*

Dated: June 27, 2022
New York, New York

By: _____

          Joshua Matz

39