# EXHIBIT J

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| E. JEAN CARROLL, | |
| Plaintiff, | |
| v. | No. 22 Civ. 10016 (LAK) |
| DONALD J. TRUMP, | |
| Defendant. | |

**PLAINTIFF E. JEAN CARROLL'S RESPONSES AND OBJECTIONS TO DEFENDANT DONALD J. TRUMP'S REQUEST FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiff E. Jean Carroll, by and through her attorneys, submits these responses and objections to Defendant Donald J. Trump's Request for the Production of Documents dated January 9, 2023 (the "Requests").

**GENERAL RESPONSES AND OBJECTIONS**

The following general responses and objections (the "General Objections") are incorporated into each specific response and objection (the "Specific Objections") as if fully set forth therein:

1.      Plaintiff objects to the Requests to the extent they purport to call for information or documents that: (a) are protected from disclosure by the attorney-client privilege; (b) constitute attorney work product; or (c) are otherwise protected from disclosure by applicable privilege, law, or rule. Plaintiff will not produce such documents in response to the Requests, and any inadvertent production thereof shall not be deemed a waiver of any privilege with respect to such information.

2.      Plaintiff objects to Definition Nos. 5, 7, and 10 to the extent they purport to impose obligations broader than or otherwise inconsistent with the Federal Rules of Civil Procedure and

1

the Local Rules for the Southern District of New York. Plaintiff will use the definitions for "Communication," "Concerning," and "Document" set forth at Local Rule 26.3(c)(1), (2), and (7).

3.      Plaintiff objects to Definition No. 17 on the ground that it is vague and ambiguous to the extent the definition of "Statement" or "Statements" could be read to include statements other than the defamatory statement that Defendant issued on October 12, 2022. Consistent with the limitations on discovery that the Court has imposed in this action, *see* ECF 19, Plaintiff will interpret all references to "Statement" or "Statements" to refer only to Defendant's October 12, 2022 Statement, set forth at paragraph 92 of the Complaint.

4.      Plaintiff objects to Definition No. 18 on the ground that it defines "Carroll," "You," and "Your" as "her Representatives, and her former Representatives, including but not limited to, Kaplan Hecker & Fink." Because this is solely a dispute between two parties, Plaintiff will construe "Carroll," "Plaintiff," "You," and "Your" to refer only to "E. Jean Carroll."

5.      Plaintiff's Responses are made to the best of her present knowledge, information, and belief. These Responses are at all times subject to such additional or different information that discovery or further investigation may disclose and, while based on the present state of Plaintiff's knowledge and investigation, are subject to such additional knowledge of facts as may result from Plaintiff's further discovery or investigation.

6.      Plaintiff will produce responsive documents pursuant to her General and Specific Objections on a rolling basis, and her counsel is available to meet and confer with respect to any of her Responses and Objections.

7.      Plaintiff reserves the right to make any use of, or to introduce at any hearing and at trial, information responsive to the Requests but discovered subsequent to the date of these Responses, including, but not limited to, any such information obtained in discovery herein.

8.     Plaintiff reserves all objections or other questions as to the competency, relevance, materiality, privilege, or admissibility of Plaintiff's Responses herein, as evidence in any subsequent proceeding in, or trial of, this or any other action.

## SPECIFIC RESPONSES AND OBJECTIONS

**REQUEST NO. 1**

**All Documents and Communications concerning the Statement.**

**RESPONSE TO REQUEST NO. 1**

In addition to her General Objections, Plaintiff objects to Request No. 1 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 1 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" irrespective of whether they are duplicative of information disclosed in *Carroll I*, and because it seeks documents that bear on undisputed issues, including the content of and circumstances surrounding the Statement. Subject to her General and Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused by the Statement, and further directs Defendant to the January 9, 2023 Expert Report of Professor Ashlee Humphreys and accompanying disclosures, which contain substantial information regarding such damages. Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 2**

**All Documents and Communications concerning statements made by You that have been characterized by anyone as biased, bogus, concocted, counterfeit, deceptive, dishonest,**

**erroneous, exaggerated, fabricated, fake, fallacious, false, feigned, fictitious, flawed, forged, fraudulent, hyperbolic, impartial, imprecise, inaccurate, inconsistent, incorrect, inexact, invented, misleading, perfidious, phony, specious, spurious, unfounded, unreliable, untrue, or wrong.**

**RESPONSE TO REQUEST NO. 2**

In addition to her General Objections, Plaintiff objects to Request No. 2 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 2 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period, and because it would require Plaintiff to trace all characterizations by third parties of all statements that she has ever made without limitation. Subject to her General and Specific Objections, Plaintiff states that she will not produce documents in response to this Request.

**REQUEST NO. 3**

**All Documents and Communications concerning the allegations in the Complaint.**

**RESPONSE TO REQUEST NO. 3**

In addition to her General Objections, Plaintiff objects to Request No. 3 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 3 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time

period; because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*; and because it seeks documents that bear on undisputed issues, including the content of and circumstances surrounding Defendant's October 12, 2022 Statement. Subject to her General and Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused by the sexual assault and the Statement as well as those documents identified in the Responses to Request Nos. 11 and 12. Plaintiff further directs Defendant to the discovery record in *Carroll I*, which exhaustively covered Defendant's sexual assault and Plaintiff's reasons for publicly revealing it, as well as to the January 9, 2023 Expert Report of Dr. Leslie Lebowitz, the January 9, 2023 Expert Report of Professor Ashlee Humphreys, and the materials accompanying and cited in those reports that are already available to Defendant. Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 4**

All Documents and Communications with Defendant, his family members, or his agents or Representatives.

**RESPONSE TO REQUEST NO. 4**

In addition to her General Objections, Plaintiff objects to Request No. 4 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 4 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period; because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*; because it contains no subject matter limitation that would connect the requested documents to issues relevant to this action; and because responding to the Request would require Plaintiff to

make determinations regarding the persons who qualify as Defendant's "agents" or "Representatives." Finally, Plaintiff objects to Request No. 4 on the ground that it is vague and ambiguous, including because it requests "[a]ll Documents and Communications" with Defendant's "agents" in addition to "[a]ll Documents and Communications" with his "Representatives," a defined term that encompasses agents. Plaintiff will interpret Request No. 4 as seeking communications with Defendant, his family members, or his Representatives, as defined in Definition No. 16. Subject to her General and Specific Objections, Plaintiff states that she will not produce documents in response to this Request.

**REQUEST NO. 5**

**All Documents and Communications concerning this Action, including but not limited to all Documents concerning Communications with any non-party.**

**RESPONSE TO REQUEST NO. 5**

In addition to her General Objections, Plaintiff objects to Request No. 5 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 5 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications concerning this Action" irrespective of whether they are duplicative of information disclosed in *Carroll I*, and because it seeks documents that bear on undisputed issues, including the content of and circumstances surrounding the Statement. Subject to her General and Specific Objections, Plaintiff states that she will not produce documents in response to this Request.

**REQUEST NO. 6**

**All Documents and Communications concerning the payment of attorneys' fees or other expenses, including but not limited to promises of payments for security expenses, relocation, or any other benefit, in connection with this Action or any statements, accusations or allegations concerning Defendant.**

**RESPONSE TO REQUEST NO. 6**

In addition to her General Objections, Plaintiff objects to Request No. 6 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 6 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period; because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*; because it seeks documents that bear on undisputed issues, including that Plaintiff received compensation when she published her Book; and because Plaintiff's retention of counsel and litigation-related expenses have no bearing on whether the sexual assault occurred or Plaintiff was harmed by the assault or the October 12, 2022 Statement. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff directs Defendant to the discovery concerning her publishing contract for the Book in *Carroll I*. Subject to her General and Specific Objections, Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 7**

**All Documents and Communications concerning any funds, payments, donations, gifts or consideration of any value, which have been made, provided, discussed, or offered to have been made or provided, in connection with this Action or in connection with any media or public appearances, press interviews, or consultations with any legal counsel or any other person, concerning the Defendant, any accusation or allegation concerning Defendant, this Action, including but not limited to for security expenses, relocation, expenses, consulting, or attorneys' fees.**

**RESPONSE TO REQUEST NO. 7**

In addition to her General Objections, Plaintiff objects to Request No. 7 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 7 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period; because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*; because it seeks documents that bear on undisputed issues, including the content of and circumstances surrounding the Statement; and because Plaintiff's retention of counsel and litigation-related expenses have no bearing on whether sexual assault occurred. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff directs Defendant to the discovery concerning her publishing contract for the Book in *Carroll I*. Subject to her General and Specific Objections, Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 8**

**All Documents and Communications between You, on one hand, and any member of the media or press, reporter, blogger, website operator, and/or journalist, on the other hand, concerning Defendant, this Action, and/or the allegations in the Complaint.**

**RESPONSE TO REQUEST NO. 8**

In addition to her General Objections, Plaintiff objects to Request No. 8 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully

explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to

Request No. 8 on the grounds that it seeks irrelevant information and is disproportionate to the

needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time

period; because it seeks documents irrespective of whether they are duplicative of information

disclosed in *Carroll I*; and because it seeks documents that bear on undisputed issues, including

the content of and circumstances surrounding the Statement. Subject to her General and Specific

Objections, Plaintiff states that she will not produce documents in response to this Request.

**REQUEST NO. 9**

**All Documents and Communications concerning any press conferences in which You or Your representatives appeared, attended and/or participated, concerning Defendant, this Action, or the allegations in the Complaint.**

**RESPONSE TO REQUEST NO. 9**

In addition to her General Objections, Plaintiff objects to Request No. 9 on the ground that

it exceeds the limitations on discovery that the Court has imposed because it seeks information

that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or

Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully

explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to

Request No. 9 on the grounds that it seeks irrelevant information and is disproportionate to the

needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time

period. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff

states that, to the best of her knowledge, she has no non-privileged documents responsive to this

Request in her possession, custody, or control.

**REQUEST NO. 10**

**All Documents and Communications concerning publicity, public reports, interviews, or other media attention or "mentions" pertaining to You.**

**RESPONSE TO REQUEST NO. 10**

In addition to her General Objections, Plaintiff objects to Request No. 10 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 10 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period; because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*; because it contains no subject matter limitation that would connect the requested documents to issues relevant to this action; and because it seeks documents that bear on undisputed issues, including that Defendant's Statement has been widely covered in the press and that such coverage necessarily mentions Plaintiff. Subject to her General and Specific Objections, Plaintiff will produce those news articles concerning Defendant's October 12, 2022 Statement about Plaintiff that are cited in her Complaint, and further directs Defendant to the January 9, 2023 Expert Report of Professor Ashlee Humphreys and accompanying disclosures, which contain substantial information responsive to this Request. Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 11**

**All Documents and Communications concerning the Statements referenced in Paragraphs 91 through 100 of the Complaint.**

**RESPONSE TO REQUEST NO. 11**

In addition to her General Objections, Plaintiff objects to Request No. 11 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information

that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or

Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully

explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to

Request No. 11 on the grounds that it seeks irrelevant information and is disproportionate to the

needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time

period; because it seeks documents irrespective of whether they are duplicative of information

disclosed in *Carroll I*; and because it seeks documents that bear on undisputed issues, including

the content of and circumstances surrounding the Statement and the fact that Defendant's

Statement has been widely covered in the press. Finally, Plaintiff objects to Request No. 11 on the

ground that it is vague and ambiguous in that it refers to "the Statements referenced" in a subset

of the paragraphs of the Complaint. Consistent with General Objection No. 3, Plaintiff will

interpret Request No. 11 as seeking documents concerning Defendant's October 12, 2022

Statement and therefore as duplicative of Request No. 1 above. Notwithstanding and without

waiver of her General and Specific Objections, Plaintiff will produce copies of the materials cited

in footnotes 18-22, 24, and 25 of the Complaint, and further directs Defendant to the transcript of

his sworn deposition taken in *Carroll I*. Plaintiff otherwise directs Defendant to her Response to

Request No. 1.

## REQUEST NO. 12

**All Documents and Communications concerning the Statements referenced in Paragraphs 101 through 115 of the Complaint.**

## RESPONSE TO REQUEST NO. 12

In addition to her General Objections, Plaintiff objects to Request No. 12 on the ground

that it exceeds the limitations on discovery that the Court has imposed because it seeks information

that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or

Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 12 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period; because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*; and because it seeks documents that bear on undisputed issues, including the content of and circumstances surrounding the Statement, as well as the content of and circumstances surrounding other public statements made by Defendant. Finally, Plaintiff objects to Request No. 12 on the ground that it is vague and ambiguous in that it refers to "the Statements referenced" in a subset of the paragraphs of the Complaint. Consistent with General Objection No. 3, Plaintiff will interpret Request No. 12 as seeking documents concerning Defendant's October 12, 2022 Statement and therefore as duplicative of Request No. 1 above. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff will produce copies of the materials cited in footnotes 26 and 27 of the Complaint, and further directs Defendant to the transcript of his sworn deposition taken in *Carroll I*. Plaintiff otherwise directs Defendant to her Response to Request No. 1.

## REQUEST NO. 13

**All Documents and Communications concerning the Statements referenced in Paragraphs 116 through 120 of the Complaint.**

## RESPONSE TO REQUEST NO. 13

In addition to her General Objections, Plaintiff objects to Request No. 13 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period, and because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*.

Plaintiff further objects to Request No. 13 on the ground that it is vague and ambiguous in that it refers to "the Statements referenced" in a subset of the paragraphs of the Complaint. Consistent with General Objection No. 3, Plaintiff will interpret Request No. 13 as seeking documents concerning Defendant's October 12, 2022 Statement and therefore as duplicative of Request No. 1 above. Subject to her General and Specific Objections, Plaintiff directs Defendant to her Response to Request No. 1.

**REQUEST NO. 14**

**All Documents and Communications concerning the Statements referenced in Paragraphs 121 through 126 of the Complaint.**

**RESPONSE TO REQUEST NO. 14**

In addition to her General Objections, Plaintiff objects to Request No. 14 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 14 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period, because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*, and because it seeks documents "concerning the Statements" in a paragraph of the Complaint that incorporates by reference all preceding paragraphs. Finally, Plaintiff objects to Request No. 14 on the ground that it is vague and ambiguous in that it refers to "the Statements referenced" in a subset of the paragraphs of the Complaint. Consistent with General Objection No. 3, Plaintiff will interpret Request No. 14 as seeking documents concerning Defendant's October 12, 2022 Statement and therefore as duplicative of Request No. 1 above. Notwithstanding

and without waiver of her General and Specific Objections, Plaintiff directs Defendant to the January 9, 2023 Expert Report of Dr. Leslie Lebowitz and otherwise directs Defendant to her Response to Request No. 1.

**REQUEST NO. 15**

    **All Documents and Communications concerning the Statements referenced in Paragraphs 127 through 135 of the Complaint.**

**RESPONSE TO REQUEST NO. 15**

    In addition to her General Objections, Plaintiff objects to Request No. 15 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 15 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period, because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*, and because it seeks documents "concerning the Statements" in a paragraph of the Complaint that incorporates by reference all preceding paragraphs. Finally, Plaintiff objects to Request No. 15 on the ground that it is vague and ambiguous in that it refers to "the Statements referenced" in a subset of the paragraphs of the Complaint. Consistent with General Objection No. 3, Plaintiff will interpret Request No. 15 as seeking documents concerning Defendant's October 12, 2022 Statement and therefore as duplicative of Request No. 1 above. Subject to her General and Specific Objections, Plaintiff directs Defendant to her Response to Request No. 1.

**REQUEST NO. 16**

**All Documents and Communications concerning any alleged harm, injury or damages caused by the Statement(s).**

**RESPONSE TO REQUEST NO. 16**

In addition to her General Objections, Plaintiff objects to Request No. 16 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" irrespective of whether they are duplicative of information disclosed in *Carroll I*. Subject to her General and Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused by the Statement, and further directs Defendant to the January 9, 2023 Expert Report of Professor Ashlee Humphreys and accompanying disclosures, which contain substantial information regarding such damages. Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 17**

**All Documents and Communications concerning damages related to Your loss of employment or professional/reputational harm caused by the Statement(s).**

**RESPONSE TO REQUEST NO. 17**

In addition to her General Objections, Plaintiff objects to Request No. 17 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" irrespective of whether they are duplicative of information disclosed in *Carroll I*, and because Plaintiff does not allege loss of employment as a result of Defendant's October 12, 2022 Statement. Subject to her General and Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused by the Statement, and further directs Defendant to the January 9, 2023 Expert Report of Professor Ashlee Humphreys

and accompanying disclosures, which contain substantial information regarding such damages. Plaintiff states that she will not produce other documents in response to this Request.

## REQUEST NO. 18

**All Documents and Communications concerning any attempts to mitigate any harm, injury, or damages allegedly caused by the Statement(s).**

## RESPONSE TO REQUEST NO. 18

Subject to her General Objections, Plaintiff will produce non-privileged documents concerning damages caused by the Statement, and further directs Defendant to the January 9, 2023 Expert Report of Professor Ashlee Humphreys and accompanying disclosures, which contain substantial information regarding such damages.

## REQUEST NO. 19

**All Federal and state income tax returns (including K-1 statements from any entity) for the period of 2018 to the present.**

## RESPONSE TO REQUEST NO. 19

In addition to her General Objections, Plaintiff objects to Request No. 19 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 19 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because tax returns from 2018 through the present do not bear on Plaintiff's damages as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because tax returns for the tax period postdating Defendant's October 12, 2022 Statement are not yet due. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused by the sexual assault or the Statement, and further directs Defendant

to the January 9, 2023 Expert Report of Dr. Leslie Lebowitz, the January 9, 2023 Expert Report

of Professor Ashlee Humphreys, and the materials accompanying and cited in those reports that

are already available to Defendant, which contain substantial information regarding Plaintiff's

damages. Subject to her General and Specific Objections, Plaintiff states that she will not produce

other documents in response to this Request.

**REQUEST NO. 20**

**All partnership or employment records demonstrating Your financial compensation, including all pay stubs, invoices, draws, carried interest, investments return, W-2s or 1099s from any entity, for the period of 2018 to the present.**

**RESPONSE TO REQUEST NO. 20**

In addition to her General Objections, Plaintiff objects to Request No. 20 on the ground

that it exceeds the limitations on discovery that the Court has imposed because it seeks information

that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or

Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 20 on the grounds

that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks

"[a]ll . . . records demonstrating Your financial compensation" irrespective of whether they are

duplicative of information disclosed in *Carroll I*, and because such records dating back to 2018

through the present do not bear on Plaintiff's damages as a result of the sexual assault or

Defendant's October 12, 2022 Statement. Notwithstanding and without waiver of her General and

Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused

by the sexual assault or the Statement, and further directs Defendant to the January 9, 2023 Expert

Report of Dr. Leslie Lebowitz, the January 9, 2023 Expert Report of Professor Ashlee Humphreys,

and the materials accompanying and cited in those reports that are already available to Defendant,

which contain substantial information regarding Plaintiff's damages. Subject to her General and

Specific Objections, Plaintiff states that she will not produce other documents in response to this Request.

## REQUEST NO. 21

**Documents and Communications sufficient to show all accounts, trusts, investments, companies, corporate interests, partnerships, or other vehicles, entities, or enterprises in which You have a direct or indirect ownership or control interest, for the period of 2018 to the present.**

## RESPONSE TO REQUEST NO. 21

In addition to her General Objections, Plaintiff objects to Request No. 21 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 21 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because "Documents and Communications sufficient to show all accounts, trusts, investments," etc., from 2018 through the present do not bear on Plaintiff's damages as a result of the sexual assault or Defendant's October 12, 2022 Statement. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused by the sexual assault or the Statement, and further directs Defendant to the January 9, 2023 Expert Report of Dr. Leslie Lebowitz, the January 9, 2023 Expert Report of Professor Ashlee Humphreys, and the materials accompanying and cited in those reports that are already available to Defendant, which contain substantial information regarding Plaintiff's damages. Subject to her General and Specific Objections, Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 22**

Documents and Communications sufficient to show all assets, including real estate, securities, cash, partnership, or corporate interests, You directly or indirectly own or control.

**RESPONSE TO REQUEST NO. 22**

In addition to her General Objections, Plaintiff objects to Request No. 22 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 22 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks documents regarding "all assets" from an unlimited time period, and because Plaintiff's ownership of assets do not bear on Plaintiff's damages as a result of the sexual assault or Defendant's October 12, 2022 Statement. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused by the sexual assault or the Statement, and further directs Defendant to the January 9, 2023 Expert Report of Dr. Leslie Lebowitz, the January 9, 2023 Expert Report of Professor Ashlee Humphreys, and the materials accompanying and cited in those reports that are already available to Defendant, which contain substantial information regarding Plaintiff's damages. Subject to her General and Specific Objections, Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 23**

All Documents and Communications concerning Your personal finances, including all personal banking records, checking account statements, savings account statements, investment account statements or transaction records, trust records or statements, family office records or statements, and any records of payments or disbursements made by You or on Your behalf, for the period of 2018 to the present.

**RESPONSE TO REQUEST NO. 23**

In addition to her General Objections, Plaintiff objects to Request No. 23 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 23 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" extending from 2018 through the present irrespective of whether they are duplicative of information disclosed in *Carroll I*, and because it seeks document that do not bear on Plaintiff's damages as a result of the sexual assault or Defendant's October 12, 2022 Statement. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused by the sexual assault or the Statement, and further directs Defendant to the January 9, 2023 Expert Report of Dr. Leslie Lebowitz, the January 9, 2023 Expert Report of Professor Ashlee Humphreys, and the materials accompanying and cited in those reports that are already available to Defendant, which contain substantial information regarding Plaintiff's damages. Subject to her General and Specific Objections, Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 24**

**Documents sufficient to show all employers for which You worked, whether as an employee or independent contractor, for the past ten (10) years, and any pay, salary, or remuneration received in connection with such employment or agreement.**

**RESPONSE TO REQUEST NO. 24**

In addition to her General Objections, Plaintiff objects to Request No. 24 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or

Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 24 on the grounds

that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks

documents from a ten-year period irrespective of whether they are duplicative of information

disclosed in *Carroll I*, and because Plaintiff does not allege loss of employment as a result of

Defendant's October 12, 2022 Statement. Notwithstanding and without waiver of her General and

Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused

by the sexual assault or the Statement, and further directs Defendant to the January 9, 2023 Expert

Report of Dr. Leslie Lebowitz, the January 9, 2023 Expert Report of Professor Ashlee Humphreys,

and the materials accompanying and cited in those reports that are already available to Defendant,

which contain substantial information regarding Plaintiff's damages. Subject to her General and

Specific Objections, Plaintiff states that she will not produce other documents in response to this

Request.

## REQUEST NO. 25

**All Documents and Communications concerning Your attempts to obtain
employment, work, contracts, or other engagements or financial arrangements with any
magazine, newspaper, website, publisher, blogger, distributor, or publication, following the
publication of the Statement.**

## RESPONSE TO REQUEST NO. 25

In addition to her General Objections, Plaintiff objects to Request No. 25 on the ground

that it exceeds the limitations on discovery that the Court has imposed because it seeks information

that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or

Defendant's October 12, 2022 Statement. Notwithstanding and without waiver of her General and

Specific Objections, Plaintiff states that, to the best of her knowledge, she has no non-privileged

documents responsive to this Request in her possession, custody, or control.

**REQUEST NO. 26**

All Documents and Communications concerning Your pay, salary, or any compensation or remuneration received, from Elle.

**RESPONSE TO REQUEST NO. 26**

In addition to her General Objections, Plaintiff objects to Request No. 26 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 26 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period, because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*, and because her employment with Elle ended long before Defendant's October 12, 2022 Statement. Subject to her General and Specific Objections, Plaintiff states that she will not produce documents in response to this Request.

**REQUEST NO. 27**

All Documents and Communications concerning all health-care providers (physical or mental) and services rendered to You from 1990 through the present, including all therapist, psychiatrist, treating physician or other doctor, hospital, and follow-on or supplementary health care appointments and services scheduled and attended, and all prescriptions written and/or filled.

**RESPONSE TO REQUEST NO. 27**

In addition to her General Objections, Plaintiff objects to Request No. 27 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to

Request No. 27 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from a time period extending from 1990 to the present and because Plaintiff did not seek medical treatment as a result of Defendant's sexual assault. Finally, Plaintiff objects to Request No. 27 on the ground that it is vague and ambiguous in that it requests "Documents and Communications concerning all health-care providers (physical or mental) and services." Plaintiff will interpret Request No. 27 as seeking medical records created by a health-care provider in connection with the provision of health-care services. Subject to her General and Specific Objections, Plaintiff states that she will not produce documents in response to this Request. Plaintiff further states that, to the best of her knowledge, she has no non-privileged documents concerning mental health providers or services in her possession, custody, or control because she has never sought treatment from a psychiatrist, psychologist, or mental health professional.

**REQUEST NO. 28**

**All Documents and Communications concerning any gynecological records from the period of 1995 to the present.**

**RESPONSE TO REQUEST NO. 28**

In addition to her General Objections, Plaintiff objects to Request No. 28 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 28 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from a time period extending from 1995 to the present and because Plaintiff did not seek medical treatment as a result

of Defendant's sexual assault. Finally, Plaintiff objects to Request No. 28 on the ground that it is vague and ambiguous in that it requests "Documents and Communications concerning gynecological records." Plaintiff will interpret Request No. 28 as seeking medical records created by a physician in connection with the provision of gynecological services. Subject to her General and Specific Objections, Plaintiff states that she will not produce documents in response to this Request.

**REQUEST NO. 29**

**All Documents and Communications concerning any pharmacy records from the period of 1995 to the present.**

**RESPONSE TO REQUEST NO. 29**

In addition to her General Objections, Plaintiff objects to Request No. 29 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 29 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from a time period extending from 1995 to the present and because Plaintiff did not seek medical treatment as a result of Defendant's sexual assault. Finally, Plaintiff objects to Request No. 29 on the ground that it is vague and ambiguous in that it requests "Documents and Communications concerning any pharmacy records." Plaintiff will interpret Request No. 29 as seeking pharmacological records created by a pharmacist in connection with the provision of prescription medication. Subject to her

General and Specific Objections, Plaintiff states that she will not produce documents in response to this Request.

## REQUEST NO. 30

**All diaries or journals you have kept during any portion of Your lifetime.**

## RESPONSE TO REQUEST NO. 30

In addition to her General Objections, Plaintiff objects to Request No. 30 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 30 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll diaries or journals" from an unlimited time period, because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*, and because it contains no subject matter limitation that would connect the requested documents to issues relevant to this action. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff will produce excerpts from any diaries or journals concerning the sexual assault or Defendant's October 12, 2022 Statement, but states that, to the best of her knowledge, she has no such documents in her possession, custody, or control.

## REQUEST NO. 31

**Documents sufficient to identify all other litigations, arbitrations, or other formal disputes involving or concerning You.**

## RESPONSE TO REQUEST NO. 31

In addition to her General Objections, Plaintiff objects to Request No. 31 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information

that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement. Plaintiff further objects to Request No. 31 on the ground that it is vague and ambiguous, including because it uses the undefined phrase "other formal disputes." Plaintiff will interpret the Request as seeking information about litigations and arbitrations to which she is or was a party. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff states has twice been divorced, and the only other litigation or arbitration to which she has been a party is *Carroll v. Trump*, No. 20 Civ. 7311 (S.D.N.Y.).

## REQUEST NO. 32

**All Documents and Communications regarding any oral or written statement(s) by any of the parties to this Action concerning the allegations in the Complaint, irrespective of who obtained them or how they were obtained.**

## RESPONSE TO REQUEST NO. 32

In addition to her General Objections, Plaintiff objects to Request No. 32 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 32 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period; because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*; because it requires Plaintiff to trace all "oral and written statement(s)" by both parties; and because it seeks documents that bear on undisputed issues, including the content

of and circumstances surrounding the Statement. Subject to her General and Specific Objections, Plaintiff states that she will not produce documents in response to this Request.

## REQUEST NO. 33

**All Documents and Communications identifying any witness with knowledge of the purported matters at issue in this Action.**

## RESPONSE TO REQUEST NO. 33

In addition to her General Objections, Plaintiff objects to Request No. 33 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 33 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period; because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*; because innumerable unidentifiable persons have knowledge of issues in this action, including as readers of Defendant's October 12, 2022 Statement; and because it seeks documents that bear on undisputed issues, including the content of and circumstances surrounding the Statement. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff directs Defendant to her Rule 26(a) Disclosures, dated January 9, 2023, and to the substantial documents and communications with witnesses that Plaintiff produced in *Carroll I*. Subject to her General and Specific Objections, Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 34**

All Documents and Communications between You and any third-party concerning Defendant, this Action, the Statement, and/or the allegations in the Complaint, since the Complaint was filed, excluding privileged Communications with attorneys.

**RESPONSE TO REQUEST NO. 34**

In addition to her General Objections, Plaintiff objects to Request No. 34 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 34 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks documents that bear on undisputed issues, including the content of and circumstances surrounding the Statement. Subject to her General and Specific Objections, Plaintiff states that she will not produce documents in response to this Request.

**REQUEST NO. 35**

All Documents and Communications sent to, reviewed by, or prepared by any expert retained by you in this case concerning You, Defendant, the Complaint, or this Action.

**RESPONSE TO REQUEST NO. 35**

In addition to her General Objections, Plaintiff objects to Request No. 35 on the ground that it seeks documents that Plaintiff disclosed as part of her January 9, 2023 expert disclosures or otherwise produced in *Carroll I*. Subject to her General and Specific Objections, Plaintiff will produce copies of the 10 articles identified on pages 5 and 6 of the January 9, 2023 Expert Report of Dr. Leslie Lebowitz, and otherwise directs Defendant to the Expert Report of Dr. Leslie Lebowitz, the January 9, 2023 Expert Report of Professor Ashlee Humphreys, and the materials

accompanying and cited in those reports that are already available to Defendant. Plaintiff states that she will not produce other documents in response to this Request.

## REQUEST NO. 36

All Documents and Communications consulted in responding to Defendant's Interrogatories to You.

## RESPONSE TO REQUEST NO. 36

Notwithstanding and without waiver of her General Objections, Plaintiff states that she will produce non-privileged documents and communications Responsive to this Request that are not otherwise being produced in response to other Requests or were not produced in *Carroll I*, to the extent any such documents or communications exist.

## REQUEST NO. 37

Identify all Persons who have any knowledge or information about any of the allegations in the Complaint, and for each Person identified, describe the subject matter of the knowledge that each Person possesses.

## RESPONSE TO REQUEST NO. 37

In addition to her General Objections, Plaintiff objects to Request No. 37 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 37 on the ground that it is vague and ambiguous in that it is a document request that purportedly requires Plaintiff to "identify" people meeting certain criteria. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff directs Defendant to her Rule 26(a) Disclosures, dated January 9, 2023, and to the substantial documents and communications

with other persons that Plaintiff produced in *Carroll I*. Subject to her General and Specific

Objections, Plaintiff states that she will not produce other documents in response to this Request.

## REQUEST NO. 38

**All Documents and Communications concerning the allegations that "Trump's underlying sexual assault secretly injured Carroll, causing significant pain and suffering, lasting psychological harms, loss of dignity, and invasion of privacy," as set forth in Paragraph 11 of the Complaint.**

## RESPONSE TO REQUEST NO. 38

In addition to her General Objections, Plaintiff objects to Request No. 38 on the ground

that it is disproportionate to the needs of the case because it seeks "[a]ll Documents and

Communications" from an unlimited time period, and because it seeks documents irrespective of

whether they are duplicative of information disclosed in *Carroll I*. Plaintiff further objects to

Request No. 38 on the ground that it is duplicative of Requests No. 40 and 45. Finally, Plaintiff

objects to Request No. 38 on the ground that it misquotes paragraph 11 of the Complaint. Subject

to her General and Specific Objections, Plaintiff directs Defendant to the January 9, 2023 Expert

Report of Dr. Leslie Lebowitz, which contains substantial information responsive to this Request.

Plaintiff further states that, to the best of her knowledge, she has no other non-privileged

responsive documents in her possession, custody, or control.

## REQUEST NO. 39

**All Documents and Communications concerning the allegations that "[Trump's] recent defamatory statement has only added to the harm that Carroll had already suffered," as set forth in Paragraph 11 of the Complaint.**

## RESPONSE TO REQUEST NO. 39

In addition to her General Objections, Plaintiff objects to Request No. 39 on the ground

that it is disproportionate to the needs of the case because it seeks "[a]ll Documents and

Communications" from an unlimited time period, and because it seeks documents irrespective of

whether they are duplicative of information disclosed in *Carroll I*. Notwithstanding and without

waiver of her General and Specific Objections, Plaintiff will produce non-privileged documents

concerning damages caused by the Statement, and further directs Defendant to the January 9, 2023

Expert Report of Professor Ashlee Humphreys and accompanying disclosures, which contain

substantial information regarding such damages. Subject to her General and Specific Objections,

Plaintiff states that she will not produce other documents in response to this Request.

**REQUEST NO. 40**

**All Documents and Communications pertaining to Plaintiff's allegations that "Trump's sexual assault of Carroll has caused her, and continues to cause her, significant pain and suffering, lasting psychological and pecuniary harms, loss of dignity and self-esteem, and invasion of her privacy," as set forth in Paragraph 54 of the Complaint.**

**RESPONSE TO REQUEST NO. 40**

In addition to her General Objections, Plaintiff objects to Request No. 40 on the ground

that it is disproportionate to the needs of the case because it seeks "[a]ll Documents and

Communications" from an unlimited time period, and because it seeks documents irrespective of

whether they are duplicative of information disclosed in *Carroll I*. Plaintiff further objects to

Request No. 40 on the ground that it is duplicative of Requests No. 38 and 45. Subject to her

General and Specific Objections, Plaintiff directs Defendant to the January 9, 2023 Expert Report

of Dr. Leslie Lebowitz, which contains substantial information responsive to this Request. Plaintiff

further states that, to the best of her knowledge, she has no other non-privileged responsive

documents in her possession, custody, or control.

**REQUEST NO. 41**

**Any and all Documents and Communications in response to the Statement.**

**RESPONSE TO REQUEST NO. 41**

In addition to her General Objections, Plaintiff objects to Request No. 41 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ny and all Documents and Communications" irrespective of whether they bear on undisputed issues, including the content of and circumstances surrounding the Statement. Plaintiff further objects to Request No. 41 on the ground that it is vague and ambiguous in that it requests documents "in response to the Statement." Plaintiff will interpret Request No. 41 as seeking public statements in which Plaintiff responded to and cited Defendant's October 12, 2022 Statement. Subject to her General and Specific Objections, Plaintiff states that, to the best of her knowledge, she has no non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST NO. 42**

**All Documents and Communications that the Statement that Trump made about Plaintiff on October 12, 2022, was published with "actual malice" and with "knowledge of its falsity and/or with reckless disregard for the truth," as set forth in Paragraphs 108 and 109 of the Complaint.**

**RESPONSE TO REQUEST NO. 42**

In addition to her General Objections, Plaintiff objects to Request No. 42 on the ground that it exceeds the limitations on discovery that the Court has imposed because it seeks information that does not bear on the damages suffered by Plaintiff as a result of the sexual assault or Defendant's October 12, 2022 Statement, and because it seeks information concerning the "fully explored" question of whether Defendant sexually assaulted Plaintiff. Plaintiff further objects to Request No. 42 on the ground that it is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period, and because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I.*

Finally, Plaintiff objects to Request No. 42 on the ground that it is duplicative of Request No. 46.

Notwithstanding and without waiver of her General and Specific Objections, Plaintiff directs

Defendant to the content of his October 12, 2022 Statement as well as the discovery record in

*Carroll I*, including the transcript of Defendant's sworn deposition taken in that action. Subject to

her General and Specific Objections, Plaintiff states that, to the best of her knowledge, she has no

other non-privileged responsive documents in her possession, custody, or control.

## REQUEST NO. 43

**All Documents and Communications that "[Trump] created and used his own powerful social media platform to attack her integrity, demean her appearance, condemn her as a liar, and accuse her of fabricating a rape allegation to promote a book," as set forth in Paragraph 118 of the Complaint.**

## RESPONSE TO REQUEST NO. 43

Notwithstanding and without waiver of her General Objections, Plaintiff will produce

copies of the material cited in footnotes 17 and 18 of the Complaint, and further directs Defendant

to the content of his October 12, 2022 Statement as well as the transcript of his sworn deposition

taken in *Carroll I*.

## REQUEST NO. 44

**All Documents and Communications concerning the allegations that "Trump has injured the reputation on which she makes her livelihood as a writer, advice columnist, and journalist," as set forth in Paragraph 120 of the Complaint.**

## RESPONSE TO REQUEST NO. 44

In addition to her General Objections, Plaintiff objects to Request No. 44 on the ground

that it is disproportionate to the needs of the case because it seeks "[a]ll Documents and

Communications" from an unlimited time period; because it seeks documents irrespective of

whether they are duplicative of information disclosed in *Carroll I*; and because it seeks documents

that bear on undisputed issues, including the fact that Plaintiff makes her livelihood as a writer,

advice columnist, and journalist. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff will produce non-privileged documents concerning damages caused by the Statement, and further directs Defendant to the January 9, 2023 Expert Report of Professor Ashlee Humphreys and the accompanying disclosures, which contain substantial information regarding such damages, as well as to the discovery record in *Carroll* I, including the depositions of Plaintiff and Roberta Myers. Subject to her General and Specific Objections, Plaintiff states that she will not produce other documents in response to this Request.

## REQUEST NO. 45

**All Documents and Communications concerning the allegations that "Trump's conduct was the direct and proximate cause of Carroll's past and future substantial damages, including significant pain and suffering, lasting psychological and pecuniary harms, loss of dignity, and invasion of privacy," as set forth in Paragraph 124 of the Complaint.**

## RESPONSE TO REQUEST NO. 45

In addition to her General Objections, Plaintiff objects to Request No. 45 on the ground that it is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period, and because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*. Plaintiff further objects to Request No. 45 on the ground that it is duplicative of Requests No. 38 and 40. Subject to her General and Specific Objections, Plaintiff directs Defendant to the January 9, 2023 Expert Report of Dr. Leslie Lebowitz, which contains substantial information responsive to this Request. Plaintiff further states that, to the best of her knowledge, she has no other non-privileged responsive documents in her possession, custody, or control.

## REQUEST NO. 46

**All Documents and Communications concerning the allegations that "Trump made his false statement with ill will and spite, and with wanton, reckless, or willful disregard for**

its injurious effects on Carroll and Carroll's rights," as set forth in Paragraph 134 of the Complaint.

**RESPONSE TO REQUEST NO. 46**

In addition to her General Objections, Plaintiff objects to Request No. 46 on the ground that it is disproportionate to the needs of the case because it seeks "[a]ll Documents and Communications" from an unlimited time period, and because it seeks documents irrespective of whether they are duplicative of information disclosed in *Carroll I*. Plaintiff further objects to Request No. 46 on the ground that it is duplicative of Request No. 42. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff directs Defendant to the content of his October 12, 2022 Statement as well as the discovery record in *Carroll I*, including the transcript of Defendant's sworn deposition taken in that action. Subject to her General and Specific Objections, Plaintiff states that, to the best of her knowledge, she has no other non-privileged documents in her possession, custody, or control.

**REQUEST NO. 47**

Executed HIPAA-compliant medical authorizations from the Plaintiff for any mental health treatment professionals, including any and all psychologists and psychiatrists, that provided treatment and/or consultation(s) for the Plaintiff from 1993 to the present.

**RESPONSE TO REQUEST NO. 47**

In addition to her General Objections, Plaintiff objects to Request No. 47 on the ground that it exceeds the limitations on discovery that the Court has imposed, including because the only possible use of "HIPAA-compliant medical authorizations" would be to pursue non-party discovery that the Court had not permitted either party to pursue. Plaintiff further objects to Request No. 47 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "authorizations" from a time period extending from 1993 to the present and because Plaintiff did not seek mental health treatment as a result of Defendant's sexual

assault. Finally, Plaintiff objects to Request No. 47 on the ground that it is vague and ambiguous in that it uses the undefined term "[e]xcited HIPAA-compliant medical authorizations." Plaintiff will interpret Request No. 47 as seeking forms authorizing the release of medical information by a mental health professional that were created by that mental health professional and have been executed by Plaintiff. Notwithstanding and without waiver of her General and Specific Objection, Plaintiff states that, to the best of her knowledge, she has no non-privileged documents responsive to this Request in her possession, custody, or control, including because she has never sought treatment from a psychiatrist, psychologist, or mental health professional.

**REQUEST NO. 48**

**Executed HIPAA-compliant medical authorizations from the Plaintiff for any gynecologists, that provided treatment and/or consultation(s) for the Plaintiff from 1993 to the present.**

**RESPONSE TO REQUEST NO. 48**

In addition to her General Objections, Plaintiff objects to Request No. 48 on the ground that it exceeds the limitations on discovery that the Court has imposed, including because the only possible use of "HIPAA-compliant medical authorizations" would be to pursue non-party discovery that the Court had not permitted either party to pursue. Plaintiff further objects to Request No. 48 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "authorizations" from a time period extending from 1993 to the present and because Plaintiff did not seek medical treatment as a result of Defendant's sexual assault. Finally, Plaintiff objects to Request No. 48 on the ground that it is vague and ambiguous in that it uses the undefined term "[e]xecuted HIPAA-compliant medical authorizations." Plaintiff will interpret Request No. 48 as seeking forms authorizing the release of medical information by a gynecologist that were created by that gynecologist and have been executed by Plaintiff.

Notwithstanding and without waiver of her General and Specific Objection, Plaintiff states that, to the best of her knowledge, she has no non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST NO. 49**

**Executed HIPAA-compliant medical authorizations from the Plaintiff for any other physician or health care professional that provided treatment and/or consultation(s) for the Plaintiff from 1993 to the present.**

**RESPONSE TO REQUEST NO. 49**

In addition to her General Objections, Plaintiff objects to Request No. 49 on the ground that it exceeds the limitations on discovery that the Court has imposed, including because the only possible use of "HIPAA-compliant medical authorizations" would be to pursue non-party discovery that the Court had not permitted either party to pursue. Plaintiff further objects to Request No. 49 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "authorizations" from a time period extending from 1993 to the present and because Plaintiff did not seek medical treatment as a result of Defendant's sexual assault. Finally, Plaintiff objects to Request No. 49 on the ground that it is vague and ambiguous in that it uses the undefined term "[e]xecuted HIPAA-compliant medical authorizations." Plaintiff will interpret Request No. 49 as seeking forms authorizing the release of medical information by a physician that were created by that physician and have been executed by Plaintiff. Notwithstanding and without waiver of her General and Specific Objection, Plaintiff states that, to the best of her knowledge, she has no non-privileged documents responsive to this Request in her possession, custody, or control.

**REQUEST NO. 50**

**All Documents and Communications concerning any other pecuniary loss purportedly sustained as a result of the Statement.**

**RESPONSE TO REQUEST NO. 50**

In addition to her General Objections, Plaintiff objects to Request No. 50 on the ground that it is duplicative of other Requests, including Requests No. 16, 17, 39 and 44. Plaintiff further objects to Request No. 50 as vague and ambiguous because it is not clear what "other" in "any other pecuniary loss" refers to. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff directs Defendant to her Responses to Requests No. 16, 17, 39 and 44.

**REQUEST NO. 51**

**All Documents and Communications concerning any other pecuniary loss purportedly sustained as a result of the purported sexual assault alleged in the Complaint.**

**RESPONSE TO REQUEST NO. 51**

In addition to her General Objections, Plaintiff objects to Request No. 51 on the ground that it is duplicative of other Requests, including Requests No. 38, 40, and 45. Plaintiff further objects to Request No. 51 as vague and ambiguous because it is not clear what "other" in "any other pecuniary loss" refers to. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff directs Defendant to her Responses to Requests No. 38, 40, and 45.

**REQUEST NO. 52**

**All Documents and Communications concerning any other emotional loss purportedly sustained as a result of the Statement.**

**RESPONSE TO REQUEST NO. 52**

In addition to her General Objections, Plaintiff objects to Request No. 52 on the ground that it is duplicative of other Requests, including Requests No. 16, 39 and 44. Plaintiff further objects to Request No. 52 as vague and ambiguous because it is not clear what "other" in "any other emotional loss" refers to. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff directs Defendant to her Responses to Requests No. 16, 39, and 44.

**REQUEST NO. 53**

**All Documents and Communications concerning any other emotional loss purportedly sustained as a result of the purported sexual assault alleged in the Complaint.**

**RESPONSE TO REQUEST NO. 53**

In addition to her General Objections, Plaintiff objects to Request No. 53 on the ground that it is duplicative of other Requests, including Requests No. 38, 40, and 45. Plaintiff further objects to Request No. 53 as vague and ambiguous because it is not clear what "other" in "any other emotional loss" refers to. Notwithstanding and without waiver of her General and Specific Objections, Plaintiff directs Defendant to her Responses to Requests No. 38, 40, and 45.

**REQUEST NO. 54**

**Any and all letters, e-mails, and correspondence received by You in the Statement.**

**RESPONSE TO REQUEST NO. 54**

In addition to her General Objections, Plaintiff objects to Request No. 54 on the grounds that it seeks irrelevant information and is disproportionate to the needs of the case because it seeks "[a]ny and all letters, e-mails, and correspondence" irrespective of whether they bear on undisputed issues, including the content of and circumstances surrounding the Statement. Plaintiff further objects to Request No. 54 on the ground that it is vague and ambiguous because it requests documents "received" by Plaintiff "in the Statement." Notwithstanding and without waiver of her General and Specific Objections, Plaintiff will produce those news articles concerning Defendant's October 12, 2022 Statement that are cited in her Complaint, and directs Defendant to his Truth Social post in which he publicly made his Statement about Plaintiff.

**REQUEST NO. 55**

**All Documents and Communications on which You intend to rely or use at trial in this Action.**

**RESPONSE TO REQUEST NO. 55**

In addition to her General Objections, Plaintiff objects to Request No. 55 on the ground that it is premature at this stage of the proceedings. Plaintiff will identify and exchange trial exhibits in accordance with the schedule that has been set by the Court.

Dated: New York, New York
        January 23, 2023

Roberta A. Kaplan
Shawn G. Crowley
Trevor W. Morrison
Matthew J. Craig
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, New York 10118
Telephone: (212) 763-0883
Facsimile: (212) 564-0883
rkaplan@kaplanhecker.com
scrowley@kaplanhecker.com
tmorrison@kaplanhecker.com
mcraig@kaplanhecker.com

Joshua Matz
KAPLAN HECKER & FINK LLP
1050 K Street NW, Suite 1040
Washington, D.C. 20001
Telephone: (212) 742-2661
Facsimile: (212) 564-0883
jmatz@kaplanhecker.com

*Attorneys for Plaintiff E. Jean Carroll*