**MEMO ENDORSED**



HABBA MADAIO
& Associates LLP

Alina Habba, Esq.
Managing Partner
ahabba@habbalaw.com
Admitted to practice in NJ, NY & CT

April 13, 2023

**VIA ECF**
The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
Daniel Patrick Moynihan
500 Pearl Street
New York, New York 10007



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-13-2023

Re:  *E. Jean Carroll v. Donald J. Trump*
     *1:22-cv-10016 (LAK)*

Dear Judge Kaplan:

We write on behalf of the defendant, Donald J. Trump ("Defendant"), with respect to the recent, belated disclosure of material information by the plaintiff, E. Jean Carroll ("Plaintiff"), which raises significant concerns as to Plaintiff's bias and motive in commencing the instant lawsuit, and necessitates that discovery be re-opened for the limited purpose of addressing this issue.

For background, on October 14, 2022, Plaintiff sat for her deposition in the parallel proceeding of *Carroll v. Trump*, No. 1:20-cv-7311 (LAK) ("*Carroll I*").[1] At that time, she was asked about a pertinent issue that looms large over this case – whether her legal fees are being funded by a third-party benefactor, particularly one with political ties. She answered, unequivocally, in the negative:

> Q: Are you presently paying your counsel's fees?
>
> A: This is a contingency case.
>
> Q: So you're not paying expenses or anything out of pocket to date; is that correct?
>
> A: I'm not sure about expenses. I have to look that up.
>
> Q. Is anyone else paying your legal fees, Ms. Carroll?
>
> A: No.

See **Exhibit A** at tr. 209:11-21.

---

[1] Pursuant to the Court's Order dated December 21, 2022 (ECF No. 19), Plaintiff's October 14, 2022 deposition has, for all intents and purposes, been incorporated into the instant action and serves as the operative deposition with respect to all substantive issues aside from a particular subset of Plaintiff's damages claim.

Memorandum Endorsement                                          Carroll v. Trump, 22-cr-10016 (LAK)

On April 10, 2023, plaintiff's counsel disclosed to the defendant that plaintiff -- who had testified at her deposition on October 14, 2022 that (a) no one else was paying her legal fees as "[t]his is a contingency fee case," and that (b) she was "not sure about expenses" (Dkt 108-1, Dep. Tr., at 209: 11-21) -- "now [i.e., Apr. 10, 2023] recall[ed] that at some point her counsel secured additional funding from a nonprofit organization to offset certain expenses and legal fees." Dkt 108-2 at 1. Plaintiff's counsel now advises that this assistance was secured in September 2020, well after the commencement of the first to the two closely related actions of which this is the later.

In subsequent discussions between the parties' respective counsel, plaintiff disclosed the identity of the financial backer, said to be a prominent funder of Democratic causes, and of the not-for-profit entity through which he apparently provided such funding. Plaintiff's counsel further represented that plaintiff "has never met and has never been party to any communications (written or oral) with anyone associated with the nonprofit." Dkt 108-3 at 1. On this basis, defendant moves for "(i) a limited re-opening of the discovery period restricted to investigation into the narrow source of funding issue, and (ii) a one-month continuance of the trial date . . . ; or (iii) in the alternative, that the Court permit an adverse inference instruction against Plaintiff with respect to her willful defiance of her discovery obligations." Dkt 108 at 4.

The question whether and when plaintiff or her counsel have obtained financial support in this action has nothing directly to do with the ultimate merits of the case. *See, e.g., Benitez v. Lopez*, No. 7-CV-3827-SJ-SJB, 2019 WL 1578167, at *1-*2 (E.D.N.Y. Mar. 14, 2019). Although I do not now decide the question, it perhaps might prove relevant to the question of plaintiff's credibility, in view of the deposition testimony referred to above. Accordingly, I will permit a brief and carefully circumscribed examination of that narrow question without prejudging the question of whether and to what extent examination on this matter may be permitted at trial. Accordingly, defendant's application is granted, but only to the extent that (1) plaintiff shall furnish the defendant, no later than April 16, 2023, with documents sufficient to establish that the inception of the financing assistance for the Carroll litigation in fact occurred in or after mid-2020, (b) any documents concerning the state of plaintiff's knowledge, if any, of the financing assistance as of the date of her deposition and as of the present, and (2) defendant may conduct an additional deposition of Ms. Carroll not to exceed 60 minutes in duration, unless otherwise ordered by the Court, which shall be (1) limited to the subject of Ms. Carroll's knowledge of the financing assistance as of the date of her deposition and as of the present, and (2) completed no later than April 19, 2023. The motion is denied in all other respects save that the Court reserves for determination at trial the matter of any requested adverse inference instruction. Trial shall begin as scheduled on April 25, 2023 unless otherwise ordered.

SO ORDERED.

Dated:      April 13, 2023

*/s/ Lewis A. Kaplan*
Lewis A. Kaplan
United States District Judge