# tacopina seigel trial lawyers
TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

April 14, 2023

The Honorable Lewis A. Kaplan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, N.Y. 10007

  Re: *E. Jean Carroll v. Donald J. Trump*, 22-cv-10016 (LAK)

Dear Judge Kaplan,

  We write on behalf of President Donald J. Trump in response to Plaintiff's letter opposing President Trump's request for a four-week continuance of the April 25, 2023 trial date.

  As set forth in our letter, a brief "cooling off" period following the unprecedented criminal indictment, arrest, and arraignment of a former President of the United States—just two blocks from this Courthouse—is critical to ensuring President Trump's constitutional right to an impartial jury is protected in this case. Courts have long recognized a trial judge has "an affirmative constitutional duty to minimize the effects of prejudicial pretrial publicity." *Gannett Co., Inc. v. DePasquale*, 443 U.S. 368, 378 (1979). Plaintiff asserts that a careful *voir dire* process is sufficient to discharge this duty. This is wrong, and the Court should grant President Trump's reasonable request for a short adjournment.

  To start, Plaintiff points to *Application of Nat'l Broad. Co., Inc.*, 635 F.2d 945, 953 (2d Cir. 1980), for the unremarkable proposition that a careful *voir dire* process can serve as a "sufficient device" to ensure a fair and impartial trial. *See* Opp. at 2. And while that may be true in some cases, as the Court has already recognized, "this is a unique case." ECF No. 94 at 2. The *NBC* case, for example, involved one of the Abscam cases from the late 1970s—long before our digital era of media saturation. There, certain members of Congress and other public officials were tried for bribery following an elaborate sting operation by the FBI. Several of the public officials who had yet to stand trial raised concerns that the publishing of undercover tapes showing bribes taking place would prejudice potential jurors against them. *See Application of Nat'l Broad. Co., Inc.*, 635 F.2d at 953. The court noted that "despite the extensive publicity about Abscam . . . **about half of those summoned for jury selection had no knowledge** of Abscam, and only a handful had more than cursory knowledge" and found only that the risk of prejudice was "too speculative." *Id.* at 953-54 (emphasis added). The idea that merely half of those summoned to jury duty in this case would have no knowledge of President Trump, his recent criminal arraignment, or the allegations, in this case, is absurd. Accordingly, the court's

TACOPINA SEIGEL & DEOREO

Honorable Lewis A. Kaplan
April 14, 2023
Page 2

reluctance in *NBC* has no bearing here. We note as well that the Second Circuit in *NBC* recognized, in the paragraph quoted by Plaintiff, that "the granting of continuances" was a "protective measure" available to the trial court. *Id.* at 953, n.9 (*citing Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966)).

*United States v. Martoma*, No. 12-cr-973, 2014 WL 164181 (S.D.N.Y. Jan. 9, 2014) does not help Plaintiff either. The defendant in *Martoma* was on trial for criminal securities fraud and sought to seal motion *in limine* proceedings that would reveal his misconduct during law school. There *was* no pretrial publicity in *Martoma*. Moreover, the court rejected the defendant's request to seal because the evidence was 14 years old, was otherwise "entirely unrelated to the alleged insider trading charges that is the subject of the indictment," and was "far less inflammatory than the charges in the indictment." *Martoma*, like *NBC*, has no bearing here.

Plaintiff further argues there are "fundamental" differences between the recent criminal indictment which are "far afield" from the disputes to be presented to a jury in this case, and that the Constitution "does not excuse Trump from standing trial on a sexual assault claim just because the national media has once again revisited longstanding reports about his assorted extra-marital affairs." Opp. at 3. President Trump is not seeking to be "excused" from trial here. He is simply requesting a reasonable cooling-off period, a form of relief long recognized by courts seeking to safeguard a litigant's right to a fair trial. *E.g., Sheppard v. Maxwell*, 384 U.S. 333, 363 (1966) ("where there is a reasonable likelihood that prejudicial news prior to trial will prevent a fair trial, the judge should continue the case until the threat abates[.]").

There are, of course, different factual and legal issues involved in the indictment and this case. But the genesis of the criminal case was the accusation that President Trump silenced women who claim to have had extra-marital affairs with him. Issues of sexual misconduct and President Trump's alleged treatment of women pervade that publicity,[1] which therefore poses a risk of prejudicing the jurors who will decide Ms. Carroll's allegations.

Plaintiff claims that internet searches for "Donald Trump" as shown in "Google Trends" filtered to the New York subregion somehow prove that "New Yorkers are not as fixated on Trump as he thinks they are." Opp. at 4. "Google Trends" purports to show what users are searching for; it says nothing about the media environment to which New Yorkers are exposed, or the extensive number of articles New Yorkers have been inundated with concerning President

---

[1] "Ultimately, it was a woman who forced the former president with a well-documented, decades-long reputation for disrespecting, mistreating and underestimating women to face his day in court. ... More than two dozen women have accused Trump of sexual misconduct since the 1970s, with accusations including rape, inappropriate groping and sexual harassment." Erin S. Sairam, "It's Only Fitting A Woman Forced Donald Trump's Day In Court," *Forbes*, April 4, 2023, *available at* https://www.forbes.com/sites/erinspencer1/2023/04/04/its-only-fitting-a-woman-forced-donald-trumps-day-in-court/?sh=4e2a78044322

TACOPINA SEIGEL & DEOREO

Honorable Lewis A. Kaplan
April 14, 2023
Page 3

Trump, his indictment, or this case.  It is that media environment that courts look to when assessing prejudice from pretrial publicity.  *See e.g., U.S. v. Chang An-Lo*, 851 F.2d 547, 559 (2d Cir. 1988) (setting forth general guidelines on review of where media trial publicity may be a concern).  And as explained in our adjournment request, media coverage on the unsealing of President Trump's indictment has indeed exploded.  *See* ECF No. 106 at 2.

Finally, Plaintiff claims that the relief sought here should be denied as it rests on a false "premise that adverse publicity will abate" by May and points to several other legal matters relating to President Trump.  Opp. at 4.  This ignores the historic nature of the recent indictment—the first of its kind—and the wall-to-wall coverage that ensued.  It also ignores the fact that issues of sexual misconduct are implicated in the New York indictment and related coverage, which is not true of the other matters Plaintiff cites.  A short postponement of the trial is warranted in light of the uniquely prejudicial nature of the recent indictment and related coverage.

Accordingly, as set forth in our request and above, President Trump respectfully requests that the Court adjourn the trial to a date not earlier than May 23, 2023.

                                                                          Respectfully submitted,

                                                                          /s/ Joseph Tacopina
                                                                          Joseph Tacopina, Esq.
                                                                          Alina Habba, Esq.
                                                                          *Co-Counsel to Donald J. Trump*

cc:  All Counsel (By ECF)