# tacopina seigel trial lawyers

TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

April 17, 2023

The Honorable Lewis A. Kaplan
United States District Judge
United States Courthouse
500 Pearl Street
New York, NY 10007

  Re: *E. Jean Carroll v. Donald J. Trump*, 22-cv-10016 (LAK)

Dear Judge Kaplan,

  As counsel for Defendant Donald J. Trump, we write to inquire as to the Court's plan for conducting jury selection in this case. On March 29, 2023, counsel were generally advised by the Deputy Clerk that Your Honor planned to assemble approximately one hundred potential jurors in the Jury Assembly Room and then explain to them what this case is about. The Deputy Clerk then indicated that Your Honor would ask whether the jurors could be impartial, with a view that only about fifteen prospective jurors might be struck. The Deputy Clerk also indicated that Your Honor would not ask that many questions during the *voir dire* in the courtroom, and that the entire jury selection process would take only one to two hours.

  It was unclear from this discussion whether counsel would be present during this jury selection process in the Jury Assembly Room, or would have any input into the Court's description of the case, or would have any input into the questions being asked, or would have their own opportunity to ask questions. Therefore, we seek clarification on these points. Also, given the parties involved in this case, the attendant publicity surrounding it, the sensitivity of the issues involved, as well as the possibility of political bias, we believe that a robust jury selection process — one in which counsel is involved at each step — is necessary in the interests of justice.

  Rule 47 of the Federal Rules of Civil Procedure governs jury selection in civil cases. It is clear that counsel must be involved:

> Rule 47. Selecting Jurors.
>
> (a) Examining Jurors. The court may permit the parties or their attorneys to examine prospective jurors or may itself do so. If the court examines the jurors, it *must* permit the parties or their attorneys to make any further inquiry it considers proper, or *must* itself ask any of their additional questions it considers proper. (emphasis added)

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
April 17, 2023
Page 2

   While understand that the Court has discretion over how to conduct jury selection in a civil case, we submit that counsel should be involved at all stages of the jury selection process (even in the Jury Assembly Room).  We also submit that counsel should have input into the Court's description of the case as well as into the questions asked of potential jurors in the Jury Assembly Room.  Rule 47 makes it clear that the parties and their counsel have that right, and further, a more robust jury selection process in this case will serve the interests of justice.  We would note that, in this regard, we already have submitted to the Court proposed *voir dire* questions to be asked, which have yet to be ruled upon.  However, for present purposes we do wish to inquire further as to the Court's planned process.

                Respectfully submitted,

                Joseph Tacopina, Esq.
                Alina Habba, Esq.
                *Co-Counsel to Donald J. Trump*

cc: All Counsel (By ECF)