# KAPLAN HECKER & FINK LLP

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL   212.763.0883
DIRECT EMAIL   rkaplan@kaplanhecker.com

**MEMO ENDORSED**

April 19, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-19-2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan:

      We write on behalf of Plaintiff E. Jean Carroll under Your Honor's Individual Rules of Practice to seek approval to file under seal a motion in limine pursuant to Federal Rule of Evidence 412, as well as a memorandum of law, a declaration, and excerpts from the official transcript of Carroll's October 14, 2022 deposition in support of that motion.

      Carroll learned last week that Defendant Donald J. Trump intends to introduce evidence at trial squarely prohibited by Rule 412(a), which in a civil proceeding bars the admission of evidence "offered to prove that a victim engaged in other sexual behavior" or "offered to prove a victim's sexual predisposition." While Rule 412(b)(2) creates a narrow exception allowing the admission of such evidence "if its probative value substantially outweighs the danger of harm to any victim and of unfair prejudice to any party," Rule 412(c) establishes procedures that a party must follow *before* seeking to admit evidence under Rule 412. Those procedures require a party to file a "motion that specifically describes the evidence and states the purpose for which it is to be offered." Fed. R. Evid. 412(c)(1)(A). Moreover, they require such a motion to be filed "at least 14 days before trial unless the court, for good cause, sets a different time." *Id.* at 412(c)(1)(B). And even after such a motion has been filed, it must be served on all parties, notice of the motion must be given to the victim, and the Court (before admitting any evidence) "must conduct an in camera hearing and give the victim and parties a right to attend and be heard." *Id.* at 412(c)(2).

      Fundamental to Rule 412(c) is the expectation that these proceedings will occur under seal, so that litigation concerning the admission of evidence does not create public embarrassment for victims of sexual assault or otherwise publicly reinforce offensive sexual stereotypes about them. Rule 412(c)(2) thus makes clear: "Unless the court orders otherwise, the motion, related materials, and the record of the hearing *must be and remain sealed*" (emphasis added).

# KAPLAN HECKER & FINK LLP

2

Here, Trump has not filed a motion under Rule 412(c) or otherwise complied with any of its procedural requirements. But he has made extensive deposition designations that forthrightly implicate Rule 412, and he may well seek to present argument to the jury (including in his opening address) precluded by Rule 412. Carroll therefore seeks an order forbidding the admission of any evidence (or the making of any argument) precluded by Rule 412. If Trump had in fact complied with Rule 412(c), these issues would have been resolved under seal. Because he did not follow the Rule's basic procedural requirements, Carroll has been forced to affirmatively raise the issue in a motion of her own. Under these irregular circumstances, it is consistent with the purpose and plan of Rule 412(c) for the motion (and related materials) to be submitted and resolved under seal.

Carroll therefore respectfully requests leave to file under seal, and further respectfully requests that any subsequent motion practice and hearings as to these issues occur under seal.

Respectfully submitted,

Roberta A. Kaplan

cc:   Counsel of Record

Granted.

SO ORDERED.
/s/ Lewis A. Kaplan
Lewis A. Kaplan
United States District Judge

Dated: April 19, 2023