UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

E. JEAN CARROLL,

                         Plaintiff,

              -against_                                        22-cv-10016 (LAK)


DONALD J. TRUMP,

                         Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: 
DATE FILED: 4-20-2023


## ORDER RE TRIAL CONDUCT


LEWIS A. KAPLAN, *District Judge.*

         In order to facilitate the efficient presentation of the trial, it is hereby

         ORDERED, as follows:

         1.      Prior to any reference to a deposition or deposition transcript in the presence
of the jury with a witness on the stand, the Court shall be furnished with a complete copy of the
transcript of the deposition.

         2.      If counsel for either side wishes to offer in evidence or use for impeachment
or otherwise any portion of a deposition, that counsel shall identify the deposition by name of witness
and date, state on the record the page(s) and lines(s) of the transcript (or corresponding video) to be
used, and afford the adverse party sufficient time to find the reference and to make any objection
before reading from or playing the portion of the transcript or video to which reference has been
made.

         3.      In using depositions to interrogate a witness, examining counsel shall refrain
from asking such superfluous questions as "Was your deposition taken in this case?," "Do you
remember testifying that . . .", and so on. Examining counsel instead shall indicate the page(s) and
line(s) to which counsel wishes to  refer, pause as indicated in paragraph 2 to permit any objection
to be made and resolved, and – assuming that no objection is made or that any objection is overruled
– read or play the testimony referred to following which counsel may put an appropriate question
about the testimony – such as "Was that testimony true?" – to the witness.

         4.      Counsel shall cooperate with each other in advising their opposite numbers

2

as to the order of their witnesses and the expected duration of direct examinations or deposition read backs.

5.      Each party shall have one or more witnesses in the courthouse ready to testify immediately after the conclusion of the testimony of the preceding witness.  The failure to have a witness on hand to take the stand may result in an order that an offending party has rested his or her case.

6.      There shall be no reference before the jury or the jury panel to any matters as to which admissible evidence has not previously been received or, in the case of opening statements, as to which the attorney lacks a good faith belief that admissible evidence will be received.

SO ORDERED.

Dated:        April 20, 2023

Lewis A. Kaplan
United States District Judge