**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL       212.763.0883
DIRECT EMAIL      rkaplan@kaplanhecker.com

April 20, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan:

  We write on behalf of Plaintiff E. Jean Carroll pursuant to Your Honor's Individual Rules of Practice to seek approval to file under seal a motion in limine and related papers.

  Yesterday, the parties concluded the limited discovery that the Court had permitted into "whether and when plaintiff or her counsel obtained financial support." ECF 110 at 2. Plaintiff now moves to preclude evidence, argument, or questioning related to the funding that Plaintiff's counsel obtained to cover certain costs and fees in this litigation.

  Sealing of this motion is warranted for three reasons.

  *First*, the public's interest in accessing irrelevant evidence is extremely limited. While "[t]here is a common law presumption in favor of permitting public access to judicial documents," *Flatiron Acquisition Vehicle, LLC v. CSE Mortg. LLC*, No. 1:17 Civ. 8987, 2021 WL 4481853, at *1 (S.D.N.Y. Sept. 29, 2021) (citation omitted), the weight of this presumption falls "on a continuum from matters that directly affect the adjudication to matters that come within a court's purview solely to insure their irrelevance," *Ello v. Singh*, 531 F. Supp. 2d 552, 583 (S.D.N.Y. 2007). The Court has already held that "[t]he question whether and when plaintiff or her counsel have obtained financial support in this action has *nothing* directly to do with the ultimate merits of the case," ECF 110 at 2 (emphasis added), and the now-supplemented record confirms that conclusion (as we demonstrate in our motion papers). Therefore, the interest in public access here is minimal, particularly given that the parties' previous on-the-record filings already afford the public meaningful access to information about this otherwise irrelevant and tangential topic. *Cf. United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995) ("Documents that play no role in the performance of Article III functions, such as those passed between the parties in discovery, lie entirely beyond the presumption's reach….").

KAPLAN HECKER & FINK LLP

2

*Second*, substantial aspects of our filing implicate the attorney-client and work product privileges, which "may overcome the presumption of access" to judicial documents. *Flatiron Acquisition Vehicle, LLC*, 2021 WL 4481853, at *2. Plaintiff provided certain privileged information to Trump pursuant to the Court's order and in the spirit of cooperation; in turn, Trump's counsel agreed in writing that any waiver of privilege was limited specifically to the documents and testimony provided. *See* Ex. 7; *see also* Ex. 1 at 11:13–21, 17:22–4. The privileges implicated here provide "precisely the kind of countervailing concern that is capable of overriding the general preference for public access to judicial records." *Diversified Grp., Inc. v. Daugerdas*, 217 F.R.D. 152, 160 (S.D.N.Y. 2003); *see also Fairfield Sentry Ltd. v. Krys*, 714 F.3d 127, 140 (2d Cir. 2013) ("Important as public access to court documents may be, it is not an exceptional and fundamental value. It is a qualified right.").

*Finally*, publicly filing this motion and the accompanying materials on the eve of trial would raise unique concerns. Stated simply, evidence that is inadmissible at trial should not be unnecessarily entered into the public record just before this highly watched trial is to begin, particularly where (as we explain) one reason why the evidence is inadmissible concerns the potential for unfair prejudice and confusion of the issues. *See Maragh v. Roosevelt Island Operating Corp.*, No. 21-2129, 2022 WL 14199384, at *2 (2d Cir. Oct. 25, 2022) (finding no abuse of discretion in "keeping [] inadmissible evidence under seal"); *United States v. Giordano*, 158 F. Supp. 2d 242, 247 (D. Conn. 2001) (sealing documents where "there is a substantial likelihood that this evidence would be the subject of the inordinate, extensive and unwavering publicity that this case has and will undoubtedly continue to receive, there exists a real danger that premature publication of this evidence could make a fair trial impossible").

Accordingly, Carroll respectfully requests leave to file under seal, and further respectfully requests that any subsequent filings and hearings relating to Plaintiff's motion be under seal as well.

Respectfully submitted,

Roberta A. Kaplan

cc: Counsel of Record