# tacopina seigel trial lawyers
TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

April 21, 2023

**FILED BY ECF**

Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    **Carroll v. Trump, 22 Civ. 10016 (LAK)**

Your Honor:

      As counsel for Defendant Donald J. Trump ("Trump"), we respectfully submit this letter to brief the objections raised by the Parties as to the deposition designations for Trump's October 19, 2022 deposition, which are set forth in the recently filed Deposition Designations and Objections ("DD&O"). *See* ECF No. 129. We respectfully request that the Court rule on these issues prior to the commencement of trial.

      For the convenience of the Court and the parties, we have attached hereto (Exhibit A) a copy of Defendant's deposition that highlights Plaintiff's designations in blue and Defendant's designations in yellow (the portions that neither party designates have been omitted).

**Defendant's Counter-Designations of the Trump Deposition**

      Plaintiff designated numerous portions of Trump's deposition in the DD&O (pp. 1-3), in the Joint Pretrial Order (ECF No. 60 at p. 7-8 [PX-37 & PX-42]) and the recently filed Amended Joint Pretrial Order (ECF No. 130 at p. 9-10 [PX-37 & PX-42]).

      Therefore, pursuant to Fed. R. Civ. P. 32(a)(6), the law is clear that Defendant may (a) "require" Plaintiff to read Defendant's counter-designations during Plaintiff's case in chief to avoid confusion and for completeness, and/or (b) use "any other parts" of that deposition during Trump's case in chief. *See* Fed. R. Civ. P. 32(a)(6)("If a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts."); *Saget v. Trump*, 351 F. Supp. 3d 251, 256 (E.D.N.Y. 2019)("Rule 32(a)(6) allows Defendants to both:

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
April 21, 2023
Page 2

(1) require Plaintiffs to introduces other parts of the deposition transcripts that ought to be considered in fairness with the parts already introduced and; (2) to introduce any other parts of the depositions. Thus, this Court admits Defendants' deposition transcripts in full.").

Furthermore, we respectfully submit that once the Court permits some or all of Defendant's counter-designations, out of practicality and to avoid jury confusion, all of the video-tape deposition designations by Plaintiff and the counter-designations by Defendant should be played together.

It is also important to note that regardless of whether the Court relies upon the "adverse party may require the offeror ... in fairness" part of Rule 32(a)(6)(for play-backs during Plaintiff's case-in-chief), or the "any other parts" part of that rule (for play-backs during Defendant's case-in-chief, to which the fairness rule does not apply), all of Defendant's counter-designations at issue fall under the "in fairness" doctrine. This is so, because, as demonstrated below, Defendant's counter-designations "provide[] context for the deposition excerpts already introduced by" Plaintiff, and "provide the [jury] with a clearer understanding of the testimony." *Apple iPod iTunes Anti-Tr. Litig.*, No. C 05-00037 JW, 2009 WL 10678937, at *1 (N.D. Cal. Nov. 20, 2009). Additionally, Defendant's counter-designations are proper because they "contain testimony that explain the subject matter of the portions designated by the" Plaintiff or simply "cover[] the same subject matter." *Johnson v. Rockwell Automation, Inc.*, No. 1:06CV00017 JLH, 2009 WL 10677179, at *1 (E.D. Ark. June 18, 2009).

The disputed counter-designations pertain to three subjects, namely (1) whether Defendant raped Plaintiff (and necessarily whether Plaintiff lied about this alleged incident and whether Defendant told the truth when he denied it [including in his alleged defamatory statements in June 1999 and on October 12, 2022]), (2) whether Defendant assaulted Jessica Leeds ("Leeds") and/or Natasha Stoynoff ("Stoynoff"), and (3) Defendant's explanation of the Access Hollywood Recording.

*Whether Defendant Raped Plaintiff, Plaintiff Lied about this*
*<u>Alleged Incident and Defendant Told the Truth When He Denied it</u>*

Three subject matters of the deposition testimony designated by Plaintiff are determinative on this issue. **First**, Plaintiff cites to numerous sections of Defendant's deposition testimony concerning his purported lack of investigation of Plaintiff's rape allegation (clearly elicited in an attempt to establish Defendant's purported consciousness of guilt), namely his supposed lack of (a) communications and dealings with Bergdorf Goodman that supposedly could have brought forth evidence concerning Plaintiff's claims, and (b) research into what kind of person Plaintiff was and is, which supposedly would have established Plaintiff's purported credibility and that she

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
April 21, 2023
Page 3

was not making her claims for political and financial gain.[1]

**Second**, Plaintiff focuses in large part on Defendant's deposition testimony where Defendant testifies why he stated and believes that Plaintiff is not his type[2], including testimony where Defendant states "now that I've gotten indirectly to hear things about her, she wouldn't be my type in any way, shape, or form." Exhibit A at 94:10-94:13.

Plaintiff's designations of Defendant's deposition testimony on those two subjects clearly allow Defendant to counter-designate Defendant's deposition testimony concerning why (a) he did not do such an investigation – *i.e.* because her story was so obviously false in his mind as to not justify doing such an investigation, especially since Plaintiff had no idea when it purportedly happened and incredibly asserted that there were no witnesses and the floors of Bergdorf Goodman were empty of customers and staff; and (b) why he thought she was not his type "in any way" after learning about her and her absurd (in his mind) claim– *i.e.* he thought she was a mentally disturbed person that makes outlandish allegations. Therefore, testimony establishing his beliefs that her story was absurd on its face, was politically and financially motivated, and that, in his opinion, she had to be mentally disturbed to make such baseless accusations, obviously provides context for the deposition excerpts already introduced by Plaintiff, provides the jury with a clearer understanding of his testimony designated by Plaintiff, and definitely covers the same subject matter as Plaintiff's designations.[3] In addition, these counter-designations are also highly relevant to the substantive issue of the falsity of Plaintiff's rape claim.

**Third**, the same exact counter-designations provide context and a clearer understanding of Defendant's alleged defamatory statements made in June of 1999 and on October 12, 2022[4]. In other words, Defendant's counter-designations referenced above (*see* footnote 3) establish Defendant's state of mind, intent, good faith and lack of actual malice in making these alleged defamatory statements. In this regard, Plaintiff has alleged that Defendant made these statements knowing that they were false and with malicious intent. *See* ECF No. 1 at ¶¶ 109 and 133.[5] Plaintiff has also requested punitive damages for such alleged defamatory statements (*id.* at WHEREFORE clause iii), which requires her to prove at trial that Defendant made such statements with "deliberate intent to injure or ... out of hatred, ill will, or spite or ... with willful, wanton or reckless

---

[1] *See* Exhibit A at 78:6-78:18, 79:4-79:7, 80:17-80:23, 80:25-83:2, 87:6-88:3, 88:7-88:17, and 89:18-90:11.
[2] *See id.* at 67:22-68:21; 69:7-69:23, 93:19-94:20, 95:4-95:5, 95:8-95:8, and 141:21-142:14.
[3] Such counter-designations include all of the counter-designations included on pages 4 and 5 of the DD&O (from deposition pages 50 to 148).
[4] *See* Plaintiffs designations on pages 54-57, 68-69, 78-79, 87-90, 93-94, 127, 132, 146, 181 and 209 of Defendant's deposition transcript.
[5] *See also* Plaintiffs Proposed Jury Instructions, ECF No. 99-1 at p. 33.

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
April 21, 2023
Page 4

disregard of another's rights."[6] Consequently, Plaintiff has affirmatively put Defendant's state of mind at issue in making such alleged defamatory statements, and when Plaintiff uses deposition designations concerning such statements, Defendant should be able to counter the same with designations as to his state of mind in making them.[7]

Accordingly, all of Defendant's counter-designations included on pages 4 and 5 of the DD&O (from deposition pages 50 to 148) should be played to the jury when Plaintiff plays her designations. In the alternative, Defendant should be allowed to play such counter-designations to the jury in his case in chief.

Additionally, such counter-designations should not be barred because of Plaintiff's conclusory and blunderbuss objections under FRE 402 (relevance), 403 (unfair prejudice), 602 (lack of personal knowledge), and 802 (hearsay). This is so because all of this evidence relates to Defendant's state of mind and intent in purportedly not conducting a sufficient investigation of Plaintiff and her rape allegation and in making the alleged June 1999 and October 12, 2022 defamatory statements. As demonstrated above, his state of mind and intent are clearly relevant to these issues, this evidence does not unfairly prejudice Plaintiff (Plaintiff does not explain any such unfair prejudice), and it is unclear how any of it is hearsay. To the extent that any of such counter-designations designate an answer but not the question (77:14-78:5), that does not make the answer hearsay in and of itself, which is why Plaintiff fails to cites to any case law supporting such an argument.

*Whether Defendant Assaulted Leeds and/or Stoynoff*

Plaintiff designates portions of Defendant's deposition that concern the alleged assaults of Leeds and Stoynoff.[8] While Defendant objects to all testimony concerning these subjects, as he briefed in the parties respective *in limine* motions filed in this case and in *Carroll I*, the Court ruled against his objections, and thus, he counter-designates portions of his deposition concerning these alleged assaults (but reserves all rights for an appeal).[9]

Plaintiff's designations as to these allege assaults cherry-pick the very initial testimony about these alleged assaults but then ignore Defendant's testimony (*i.e.* Defendant's counter-designations) where Defendant defends himself against such allegations. Thus, Plaintiff only designates the proverbial "good parts" and fails to designate the "bad parts," in an obvious attempt

---

[6] *See* Plaintiffs Proposed Jury Instructions, ECF No. 99-1 at p. 35.
[7] For these reasons, these counter-designations do not violate FRE 106 (the rule of completeness), FRE 611 (order of examining witnesses), or Fed. R. Civ. P. 32(a)(6).
[8] *See* the DD&O at p. 3 as to deposition pages 176, 180-184, and 193.
[9] These counter-designations include those on pages 5-6 of the DD&O that refer to deposition pages 176, 183, 185-187, and 191.

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
April 21, 2023
Page 5

to avoid the context of the deposition excerpts already introduced by Plaintiff and hide from the jury a clearer understanding of Defendant's testimony designated by Plaintiff– even though such designations and counter-designations clearly cover the same subject matter (the alleged assaults of these women).[10]

Hence, all of Defendant's counter-designations included on pages 5 and 6 of the DD&O (concerning deposition pages 176, 183, 185-187 and 191) should be played to the jury when Plaintiff plays her designations relating to these alleged assaults. In the alternative, Defendant should be allowed to play such counter-designations to the jury in his case in chief.

Additionally, such counter-designations should not be barred because of Plaintiff's superficial and pro forma objections under FRE 402 (relevance), 403 (unfair prejudice), 602 (lack of personal knowledge), and 802 (hearsay). In these counter-designations, Defendant merely testifies that these allegations are false and defy common sense. Such testimony is relevant, Defendant has personal knowledge of the same, and Plaintiff has neither identified any unfair prejudice nor what portion of this testimony is hearsay.

*The Access Hollywood Recording*

Plaintiff designates portions of Defendant's deposition transcript concerning the Access Hollywood Recording.[11] While Defendant objects to all testimony concerning this subject, as he briefed in the parties respective *in limine* motions filed in this case and in *Carroll I*, the Court ruled against his objections, and thus, he counter-designates portions of his deposition concerning this issue (but reserves all rights for an appeal).

Plaintiff, as she does with the alleged assaults of Leeds and Stoynoff, cherry picks the testimony by citing only the portions that discuss the recording but omitting Defendant's testimony defending himself as to this subject.[12] Consequently, all of Defendant's counter-designations included on page 5 of the DD&O (from deposition pages 172 and 174-175) should be played to the jury when Plaintiff plays her designations relating to the Access Hollywood Recording. In the alternative, Defendant should be allowed to play such counter-designations to the jury in his case in chief.

Additionally, such counter-designations should not be barred because of Plaintiff's conclusory and perfunctory objections under FRE 402 (relevance), 403 (unfair prejudice), and 802

---

[10] For these reasons, these counter-designations do not violate FRE 106 (the rule of completeness), FRE 611 (order of examining witnesses), or Fed. R. Civ. P. 32(a)(6).
[11] *See* the DD&O at p. 3 as to deposition pages 168, 169, 170, 173, and 174.
[12] For these reasons, these counter-designations do not violate FRE 106 (the rule of completeness), FRE 611 (order of examining witnesses), or Fed. R. Civ. P. 32(a)(6).

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
April 21, 2023
Page 6

(hearsay). Such testimony is relevant, and Plaintiff has neither identified any unfair prejudice nor what portion of this testimony is hearsay.

### Defendant's Objections to Plaintiff's Designations of the Trump Deposition

Defendant objects to three portions of Plaintiff's designations of his deposition transcript. **First**, Defendant objects to testimony concerning his possible friendship with a television executive during an unidentified time period, and his friendship with Roger Ailes.[13] The fact that Defendant may have been friends with these individuals has no relevance to this case and testimony concerning these subjects would be a pure side-show creating delay and confusion.

**Second**, Defendant objects to testimony concerning other political attacks that have been made against him.[14] Such political disputes have nothing to do with this case, and testimony concerning such political attacks against Defendant will "confus[e] the issues," create an "undue delay," and clearly will "wast[e] time." Fed. R. Evid. 403.

**Third**, Plaintiff seeks to admit Defendant's deposition testimony concerning whether he has ever kissed any woman without her consent (which he denies), ever touched any woman's intimate body parts without her consent (which he denies) or pressured any woman to have sex with him (which he denies).[15] This testimony is irrelevant and cannot be admissible propensity evidence because he did not make any admission with regard to such inquiries.

### Conclusion

Based upon the foregoing, Defendant respectfully requests that the Court overrule Plaintiff's objections to Defendant's deposition counter-designations, direct that such counter-designations be played along with Plaintiff's designations (or in the alterative, allow Defendant to play same during his case in chief), and sustain Defendant's objections to Plaintiff's deposition designations.

We greatly appreciate the Court's consideration of this matter.

Respectfully submitted,

Joseph Tacopina

---

[13] *See* the DD&O p. 1 as to 38:4-38:20.
[14] See the DD&O p. 3 as to Plaintiffs deposition designation for transcript pages 147-149.
[15] *See* the DD&O p. 3 as to Plaintiffs deposition designation for transcript page 158.