Re: Motion for leave to file a motion to intervene in *Carroll v. Trump*, No. 22-cv-10016 (LAK) (S.D.N.Y.)

To: U.S. District Judge Lewis Kaplan

April 21, 2023

Judge Kaplan,

      Pursuant to the pretextual 9/21/21 order that **a)** was issued by U.S. District Judge Valerie Caproni in *Butler v. City of New York*, No. 15-cv-3783 (VEC)(S.D.N.Y.) and **b)** is shown as the first exhibit within the annexed **Exhibit A**, I, Towaki Komatsu, declare under the penalty of perjury that I seek leave to file a motion to intervene in this case as an interested party for the following reasons:

      1.     You're discriminatorily and unlawfully causing jurors in this case to have their privacy interests to be safeguarded as the U.S. Marshals Service ("USMS") has been illegally and publicly displaying images of my face and my name as recently as 4/3/23 on tablet computer screens inside of the Daniel Patrick Moynihan ("DPM") and Thurgood Marshall ("TM") federal courthouses while I have conducted myself in a lawful manner and after I legally mauled federal court security officer ("CSO") Ralph Morales ("Mr. Morales"), other federal court security officers ("CSOs"), the USMS, and the U.S. Attorney's Office for the Southern District of New York in *USA v. Komatsu*, No. 18-cr-651 (ST)(E.D.N.Y. Oct. 21. 2019) by virtue of its dismissal right before I would have testified truthfully to a jury partly against Judge Caproni.

      2.     The second exhibit that appears within the annexed **Exhibit A** is a highly relevant screenshot from a video that was uploaded on Twitter on 3/29/21 and is available at https://twitter.com/BidenShotMyLeg/status/1376695660477562886 that shows Mr. Morales as he urged NYPD personnel to let New York City burn and to not do their jobs that confirms that you erroneously and biasedly claimed in your 4/20/23 memo endorsement in this case that **a)** DPM is a secure courthouse and **b)** the USMS and City of New York can be entrusted with security matters.

      3.     The third exhibit that appears within the annexed **Exhibit A** is a highly relevant screenshot from a video that was recorded on 8/7/18 by a video camera that the USMS controls that clearly shows Mr. Morales as he criminally stuck a finger in my face while he was off-duty as a CSO, my hands and arms were lowered, and on-duty CSOs nearby were illegally ignoring my demands to get Mr. Morales away from me as he continued to illegally stalk and make threats against me. He then assaulted me nearby in DPM on 8/8/18 in an area where no video camera was installed before he and other CSOs lied about that assault.

      4.     The fourth exhibit that appears within the annexed **Exhibit A** is a highly relevant screenshot from a video recording that Mr. Morales illegally recorded on 9/21/18 in DPM with an Apple Watch device on his left wrist as he sabotaged security for everyone in DPM partly by recording confidential information that was strictly for CSOs and USMS personnel that he could thereafter share with other terrorists like him, the USMS, and NYPD.

s_/Towaki Komatsu          1068 Franklin Ave.          Tel: 305-784-7450
                           Rm. 307                     E-mail: Towaki_Komatsu@yahoo.com
*Plaintiff, Pro Se*        Bronx, NY 10452

# Exhibit A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/2/2021

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SANDRA BUTLER; RICKY GIBSON; O'BRIEN
MORRIS; RICHARD EMMETT; ROSELLE DIAZ;
KEVIN FAISON; SHANIQUA JACKSON;
CENTER FOR INDEPENDENCE OF THE
DISABLED, NEW YORK; AND COALITION FOR
THE HOMELESS, *for themselves and on behalf of
all others similarly situated*,

Plaintiffs,

-against-

CITY OF NEW YORK; THE NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES;
STEVEN BANKS, *as Commissioner of the New
York City Department of Homeless Services*,

Defendants.

15-CV-3783 (VEC)

ORDER IMPOSING FILING
RESTRICTIONS PURSUANT TO
28 U.S.C. §1651

VALERIE CAPRONI, United States District Judge:

WHEREAS on August 10, 2021, the Court denied Mr. Komatsu's request to intervene in

this matter, Endorsement, Dkt. 125;

WHEREAS a review of court dockets shows that since 2020, Mr. Komatsu has filed

similar meritless, non-party requests — usually motions to intervene under Federal Rule of Civil

Procedure 24 — in at least thirteen cases, and various judges of this court have denied his

motions, *see, e.g.*, *Nat'l Coal. on Black Civic Participation v. Wohl*, 20-CV-8668, ECF No. 115

(S.D.N.Y. May 28, 2021); *People of the State of New York v. City of New York*, 21-CV-322, ECF

No. 88 (S.D.N.Y. Apr. 28, 2021); *Chinese Am. Citizens Alliance Greater New York v. New York

City Dep't of Educ.*, 20-CV-8964, ECF No. 25 (S.D.N.Y. Feb. 22. 2021); *Women for Am. First v.

De Blasio*, 20-CV-5746, ECF No. 12 (S.D.N.Y. Aug. 18, 2020); *Unif. Fire Officers Ass'n v.

DeBlasio*, 20-CV-5441, ECF No. 108 (S.D.N.Y. Aug. 13, 2020);

WHEREAS Mr. Komatsu's meritless non-party requests burden judges, court personnel, and the parties to those cases, who may understandably be confused as to how or whether to respond to the requests;

WHEREAS it is well settled that "courts may resort to restrictive measures that except from normally available procedures litigants who have abused their litigation opportunities," *In re Martin-Trigona*, 9 F.3d 226, 228 (2d Cir. 1993);

WHEREAS a court's power to restrict the litigation of abusive and vexatious litigants is an "ancient one" that is now codified at 28 U.S.C. § 1651(a), the All Writs Act, *see Polur v. Raffe*, 912 F.2d 52, 57 (2d Cir. 1990) (quoting *In re Hartford Textile Corp.*, 681 F.2d 895, 897 (2d Cir. 1982));

WHEREAS the Second Circuit has noted that "[s]ome courts have responded to vexatious litigants by completely foreclosing the filing of designated categories of cases" and that others "have adopted the less drastic remedy of subjecting a vexatious litigant to a 'leave of court' requirement with respect to future filings," *see In re Martin-Trigona*, 9 F.3d at 228;

WHEREAS "[t]he unequivocal rule in this circuit is that [a] district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard," *see Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998); *see also Schlaifer Nance & Co. v. Estate of Warhol*, 194 F.3d 323, 334 (2d Cir. 1999) ("Due process requires that courts provide notice and opportunity to be heard before imposing *any* kind of sanctions" (cleaned up));

WHEREAS on August 16, 2021, given Mr. Komatsu's history of filing meritless requests in cases to which he is not a party, the Court entered an order requiring Mr. Komatsu to show

2

cause why he should not be enjoined from filing any further documents in cases to which he is not a party unless he complies with certain conditions, Order Dkt. 134;

WHEREAS the Court required Mr. Komatsu to show cause by no later than Monday, August 30, 2021, *see id.*;

WHEREAS the Court informed Mr. Komatsu that if he failed to submit a declaration within the time directed, or if his declaration did not set forth good cause, Mr. Komatsu would be enjoined from filing documents in cases to which is not a party unless he complied with certain conditions, *see id.*; and

WHEREAS Mr. Komatsu did not submit a declaration by the August 30, 2021 deadline or any time thereafter;

IT IS HEREBY ORDERED that Mr. Komatsu is enjoined from filing any documents in cases to which he is not a party unless he complies the following conditions: Any document that Mr. Komatsu seeks to file in a case to which he is not a party must include (1) a copy of this order; and (2) a one-page, double-spaced declaration (the page must have margins of at least 1 inch on both sides and at the top and bottom), submitted under penalty of perjury, stating his legal interest in the matter and why he should be permitted to move to intervene.  The one-page document must be titled: "Motion for Leave to File a Motion to Intervene."

IT IS FURTHER ORDERED that the Clerk's Office is directed not to docket any document that Mr. Komatsu submits that does not comply with the above conditions and not to return to Mr. Komatsu any document that does not comply with this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant

demonstrates good faith when he seeks review of a nonfrivolous issue).

  The Clerk of Court is directed to mail a copy of this order to Towaki Komatsu, 802

Fairmount Pl., Apt. 4B, Bronx, NY 10460, and to note the mailing on the docket.


**SO ORDERED.**

**Date:  September 2, 2021**
   **New York, NY**

           **VALERIE CAPRONI**
           **United States District Judge**



**Tuck Frump**
@BidenShotMyLeg

···

Is this really okay? NYPD officer Ralph Morales here saying some really concerning things. Is this how all cops feel in NYC? #ACAB #NYPD



8:39 PM · Mar 29, 2021



