## tacopina seigel trial lawyers

TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

April 22, 2023

**FILED BY ECF**

Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

    Re:    <u>Carroll v. Trump</u>, 22 Civ. 10016 (LAK) ("Carroll II")

Your Honor:

    We write on behalf of Defendant Donald J. Trump to request clarification of Your Honor's March 10, 2023 Memorandum Opinion on one issue relating to Natasha Stoynoff's testimony, along with a proposed solution to an evidentiary issue.

    You will recall that Ms. Stoynoff testified in her deposition that Defendant escorted her into a room, and then grabbed her shoulders and pushed her against a wall and started kissing her. Then someone allegedly came into the room and the incident ceased. Defendant's motion *in limine* sought to exclude this testimony under Federal Rule of Evidence 413(d). Your Honor denied our Motion; however, we request clarification with a proposed solution.

    Your Honor correctly observed that Trump, according to Ms. Stoynoff, did not touch Ms. Stoynoff's genitals. Also, Your Honor correctly observed that Defendant's merely kissing Ms. Stoynoff (according to Ms. Stoynoff) would not satisfy Rule 413(d). Your Honor did, however, note Ms. Stoynoff's testimony that Defendant lied when he denied groping her, which perhaps implied that he did grope her. However, Your Honor correctly observed that "the portion of Ms. Stoynoff's deposition does not specify what part of her anatomy she claims Mr. Trump groped or attempted to grope." Your Honor then observed that " . . . if Ms. Stoynoff's account of the parts of her body that Mr. Trump allegedly touched were the only relevant evidence, it would be debatable whether that conduct alone would satisfy Rule 413(d) and 415." Your Honor then performed additional analysis of other evidence which might be suggestive of a plan by Defendant to go further towards touching

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
April 22, 2023
Page 2

Ms. Stoynoff's private parts, and thus denied the motion *in limine*.

Upon further reflection, we believe that there exists a true threshold issue of exactly what parts of Ms. Stoynoff's body Defendant actually touched or attempted to touch, according to her. If Defendant, according to Ms. Stoynoff, only touched her shoulders and kissed her, and never touched or attempted to touch her genitals, then Your Honor's conclusion that such evidence is not enough for her testimony to be allowed should be conclusive. Because the second part of Your Honor's analysis based on other evidence seems grounded in the uncertainty of whether Defendant actually "groped" Ms. Stoynoff, we propose the following before Ms. Stoynoff is allowed to testify: Defendant's counsel simply asks a few questions of the witness *voir dire* and outside the presence of the jury as to exactly what parts of her body Defendant allegedly touched or attempted to touch. If she testifies that he only touched her shoulders and attempted to kiss her, we would ask that Your Honor reconsider the prior March 10th ruling and not allow her to testify.

A germane piece of evidence in this regard is the verbatim transcript (written by Plaintiff herself of from a recording) of an interview between Plaintiff and Ms. Stoynoff dated June 20, 2020, which took place more than seven months after *Carroll I* was filed and Plaintiff was in full litigation mode against Trump. Although Ms. Stoynoff repeatedly told Plaintiff that Defendant never "grinded" against her, Plaintiff – *possibly after being educated about the requirements of Rule 413(d)* – repeatedly attempted to get Ms. Stoynoff to say that he had done so. (*See* Exhibit A hereto at Carroll_027327-28, 29-30). Instead Ms. Stoynoff is resolute that "As it was it was kissing," and in fact she says "I feel as though if he had done anything more serious – more sexual, that had to do with sex parts – I would have told my superiors." (*Id.* at 027329-30)

Thus, despite Plaintiff's clear efforts to coach and influence on of her key trial witnesses (one with highly prejudicial testimony as argued in Trump's *in limine* motions in *Carroll I* and *II* ) it appears that all that ever existed, if anything, was mere kissing, and Ms. Stoynoff has denied in the past that the alleged conduct had anything to do with "sex parts."

Accordingly, again we believe her testimony is inadmissible *in toto* and we should have the opportunity to *voir dire* her about the accuracy of the above statements that the alleged incident did not involve or relate to genitalia.

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
April 22, 2023
Page 3

      We greatly appreciate the Court's consideration of this matter.

                              Respectfully submitted,

                              Joseph Tacopina

cc:    All counsel by ECF