**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63ʳᴰ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL    rkaplan@kaplanhecker.com

April 23, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan:

  On behalf Plaintiff E. Jean Carroll, we submit this letter in opposition to Defendant Donald J. Trump's motion purporting to "request clarification" of the Court's decision concerning Natasha Stoynoff's testimony. ECF 142 at 1. Trump does not really seek *clarification* of that decision, which was perfectly clear in admitting Stoynoff's testimony and rejecting Trump's grounds for seeking to exclude it. Instead, what Trump actually seeks is *reconsideration* of the Court's ruling. But because he does so: (1) well after the reconsideration deadline lapsed; (2) in sole reliance on a document that he has possessed for over seven months; and (3) in disregard of the legal and factual grounds on which this Court admitted Stoynoff's testimony, Trump's motion should be denied.

          \*   \*   \*

  In *Carroll I*, both parties filed motions in limine addressing the admissibility of Stoynoff's testimony. *See* ECF 131 & 134, *Carroll v. Trump*, No. 20 Civ. 7311 (S.D.N.Y.). The parties then incorporated their arguments in their *Carroll II* motions in limine. *See* ECF 70 at 1 & ECF 73 at 3.

  On March 10, 2023, the Court denied Trump's motion in limine to exclude Stoynoff's testimony in *Carroll I*, concluding that it is admissible under Federal Rule of Evidence 415. *See Carroll v. Trump*, No. 20 Civ. 7311, 2023 WL 2441795, at \*5-\*7 (S.D.N.Y. Mar. 10, 2023). The Court observed that "Rule 413(d)(5) defines as 'sexual assault' for purposes of Rule 415 an attempt to engage in conduct described in Rule 413(d)(2), among other provisions." *Id.* at \*5; *see also* Fed. R. Evid. 413(d)(2) (providing that "sexual assault" includes "contact, without consent, between any part of the defendant's body—or an object—and another person's genitals or anus"). The Court further observed that "Rule 413(d) requires also that any such attempt [] constitute a crime

under federal or state law." *Carroll*, 2023 WL 2441795, at *5. Based on the record before it, the Court found that Trump's conduct, as described by Stoynoff at her deposition, violated at least two Florida statutes, thus satisfying the crime requirement of Rule 413(d). *See id.* at *5-*6. The Court further reasoned that "a jury reasonably [could] conclude that Mr. Trump at least attempted to have contact with Ms. Stoynoff that, if it had occurred, would have met the requirements of Rule 413(d)." *Id.* at *7. Thus, the Court found that a jury might reasonably conclude that Trump's conduct toward Stoynoff constituted an attempt under Rule 413(d), including an attempt to bring any part of his body into contact with her "genitals or anus." *See* Rule 413(d)(2).

As Your Honor explained, this conclusion about Trump's motives was based on numerous considerations. *First* (though this was not alone sufficient), Stoynoff had "described Mr. Trump kissing her without her consent and against her will." *Carroll*, 2023 WL 2441795, at *6. *Second*, Stoynoff had "testified also that Mr. Trump was lying when he denied 'groping' her without her consent." *Id. Third*, "the circumstances of the alleged encounter" were "suggestive of a plan, formed before Mr. Trump invited Ms. Stoynoff to [an] unoccupied room and closed the door behind her, to take advantage of that privacy and to do so without regard to Ms. Stoynoff's wishes." *Id. Finally*, "the *Access Hollywood* tape and the testimony of Ms. Leeds are additional evidence . . . in deciding whether to infer that the ultimate goal of Mr. Trump's alleged actions with Ms. Stoynoff was to bring his hands or other parts of his anatomy into contact with Ms. Stoynoff's most private parts." *Id.* Taken together, these factors could allow a reasonable juror to conclude that Trump's conduct toward Stoynoff—which, as she had described it, was unquestionably criminal in Florida—fell within Rules 413(d) and 415.[1] Accordingly, the Court denied Trump's motion to exclude Stoynoff's testimony in *Carroll I*. *See id.*

Just over two weeks after denying Trump's motion to exclude Stoynoff's testimony in *Carroll I*, the Court granted Carroll's motion in limine in *Carroll II* seeking to admit this testimony. *Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 2652636 (S.D.N.Y. Mar. 27, 2023). In so doing, the Court adopted its reasoning from *Carroll I* and stated, in no uncertain terms, that "the testimony of Ms[]. Stoynoff . . . regarding [her] experience[] involving the defendant come[s] within Federal Rules of Evidence 413 and 415 and will not be excluded under Rule 403." *Id.* at *8.

\* \* \*

In his letter filed yesterday, Trump purports to "request clarification" of the Court's March 10 opinion. ECF 142 at 1. But there is nothing about that opinion that needs to be clarified. Instead, he effectively asks the Court to reconsider and vacate its decisions admitting Stoynoff's testimony, and to undertake *voir dire* questioning of Stoynoff before deciding whether her testimony may be admitted under Rule 415. But there is a reason why Trump does not style his request as one for reconsideration: he cannot satisfy any part of the applicable legal standard. *See, e.g.*, *United States v. Johnson*, No. 14 Cr. 00412, 2015 WL 4999461, at *1 (N.D. Cal. Aug. 20, 2015) (characterizing Government's "request for clarification" of an order on motions in limine as "a thinly veiled, out-of-order motion for reconsideration").

---

[1] As Carroll observed in her motion in limine in *Carroll I*, additional evidence supported this finding. Most notably, "Stoynoff testified that she pushed Trump back twice and he stopped assaulting her *only after* a member of his staff walked in. Stoynoff Dep. at 21:20-21, 22:3-4." ECF 138 at 5, *Carroll I* (emphasis added).

**KAPLAN HECKER & FINK LLP**

3

As an initial matter, Trump's motion is untimely under Local Civil Rule 6.3, which requires that a motion for reconsideration "be served within fourteen (14) days after the entry of the Court's determination of the original motion." Any motion asking the Court to reconsider the admissibility of Stoynoff's testimony pursuant to the March 10 order was due almost a month ago (March 24).[2]

Beyond this fatal timing issue, the "extraordinary remedy" Trump requests is obviously unwarranted. *Gutierrez v. City of New York*, No. 08 Civ. 6537, 2012 WL 3245344, at *1 (S.D.N.Y. Aug. 9, 2012). "A party making a motion for reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Pfizer, Inc. v. Stryker Corp.*, No. 02 Civ. 8613, 2005 WL 383702, at *1 (S.D.N.Y. Feb. 17, 2005) (Kaplan, J.) (quotation omitted); *accord Weiss v. El A. Israel Airlines, Ltd.*, 471 F. Supp. 2d 356, 358 (S.D.N.Y. 2006) ("A motion for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue."). Rather, to prevail on a motion for reconsideration, the movant must identify "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

Trump's motion does not come close to satisfying any of these requirements. Trump does not cite any controlling decision—or any decision at all—that would disturb the Court's holding. He does not identify any new evidence, but instead relies on a document that he has possessed for over seven months (and that plainly cannot support a reconsideration motion). *See U.S. Bank Nat. Ass'n as securities intermediary v. PHL Variable Ins. Co.*, No. 12 Civ. 6811, 2015 WL 4610894, at *2-*3 (S.D.N.Y. July 30, 2015). Finally, Trump does not argue (nor could he credibly maintain) that the Court's orders concerning Stoynoff's testimony constitute clear error or manifest injustice. The Court identified multiple grounds on which a reasonable juror could find that Trump's conduct targeting Stoynoff constituted an attempt to engage in conduct covered by Rule 413(d). Even if Stoynoff's trial testimony more closely resembles the language that Trump attributes to her—and Trump will still bear a heavy burden if he seeks to rely on this document[3]—the Court's original analysis would remain well supported.[4] Indeed, the Court itself observed that there were myriad overlapping grounds on which to find that Trump's forcible kissing of Stoynoff was part of an attempt to engage in contact with her in a way that would be consistent with Rule 415.[5]

---

[2] Trump does not seek "clarification" of the Court's March 27 opinion admitting Stoynoff's testimony in *Carroll II*, yet this opinion most directly controls here. For that reason, too, Trump's motion is procedurally defective—and even if he had sought reconsideration of that opinion, his request would also be untimely (the deadline passed on April 10).

[3] If Trump wishes to introduce this document at trial, he will have the burden of establishing that the statements attributed to Stoynoff are not hearsay, as well as the additional "burden of proving that [the] notes reflect the witness's own words rather than the note-taker's characterization." *Bank Brussels Lambert v. Credit Lyonnais (Suisse) S.A.*, 168 F. Supp. 2d 57, 60 (S.D.N.Y. 2001) (quoting *United States v. Almonte*, 956 F.2d 27, 29 (2d Cir. 1992)).

[4] Of course, Trump is free to argue that Stoynoff's testimony is mistaken—in other words, he is free to argue that his interaction with her either did not occur at all or did not occur as she says it did. This factual dispute thus remains for the jury to resolve. *See Carroll*, 2023 WL 2441795, at *7.

[5] Moreover, for the reasons described in Carroll's motion in limine, the Court could alternatively and additionally admit Stoynoff's testimony under Federal Rule of Evidence 404(b), which allows the admission of prior bad act

KAPLAN HECKER & FINK LLP                                                                         4

     Perhaps recognizing the weakness of his reconsideration motion, Trump concludes it with the offensive and wholly unsupported accusation that Plaintiff's counsel engaged in "clear efforts to coach and influence" Stoynoff's testimony. ECF 142 at 2. Not only is this charge baseless, but as we approach the start of a two-week jury trial in this case, we would like to remind defense counsel that spurious allegations like this against opposing counsel are not tolerated. *See, e.g.*, *Carroll II*, Conf. Tr. at 4 (Feb. 7, 2023) ("I've had enough of the personal accusations between and among lawyers, and I don't want to see any more."); N.Y. Standards of Civility § I.B. ("Effective representation does not require antagonistic or acrimonious behavior.").

     For these reasons, Trump's motion should be denied. To provide needed clarity, Carroll respectfully requests that the Court issue a decision on this motion prior to opening arguments.

Respectfully submitted,

*Roberta A. Kaplan*

Roberta A. Kaplan

cc:    Counsel of Record
       Anne Champion, Esq. (Counsel for Ms. Stoynoff)

---

evidence where it evinces a relevant *modus operandi*. *See* ECF 134 at 8-10, *Carroll I*. This separate basis for admitting this testimony further undermines any claim that denying reconsideration would be a manifest injustice.