**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL         212.763.0883
DIRECT EMAIL        rkaplan@kaplanhecker.com

April 24, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

          Re:    *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan:

      I write on behalf of both parties to respectfully request that the Court instruct the jury regarding *Carroll v. Trump*, No. 20 Civ. 7311 ("*Carroll I*") the first time there is testimony concerning the case, and then again at the conclusion of trial when the Court provides its final instructions. The parties agree that a brief instruction would be appropriate to eliminate any juror confusion regarding *Carroll I*. The parties also generally agree on the following proposed instruction, except for the highlighted portion:

> You've heard testimony that Ms. Carroll filed a lawsuit in November 2019 accusing Mr. Trump of defaming her in connection with statements he made in June 2019. ==Mr. Trump defended that lawsuit in part on the ground that he could not be sued because he was President at the time he made those statements. Those issues remain unresolved==. You therefore will not be asked to make any findings of liability in connection with the June 2019 statements, but you may otherwise consider them to the extent you deem them relevant to the issues before you. You should not let the existence of that lawsuit otherwise affect your deliberations.

      Plaintiff believes that the highlighted language, which accurately describes the principal reason why *Carroll I* is on different procedural footing than the present action (and which accurately reflects the current status of *Carroll I* now that it has been remanded from the Second Circuit for this Court to revisit the Westfall Act immunity issue), is necessary to avoid juror confusion as to why Plaintiff's first action has not yet been resolved and the later-filed action is being tried first. Without any explanation for the cause of the delay beyond "various grounds," the jury may engage in inaccurate and prejudicial speculation about the reasons for the delay in *Carroll I*. Indeed, failure to provide an explanation may encourage one or more jurors to read press or other materials outside the case to find an answer.

**KAPLAN HECKER & FINK LLP**

2

  Defendant believes that Plaintiff's proposed charge implies that Mr. Trump primarily defended *Carroll I* on technical and procedural grounds and not on the merits (*i.e.* a defense based on his position that Plaintiff's rape claim is false and that his denial of it was true). This would imply to the jury that Mr. Trump may have conceded the rape claim and was only seeking to avoid liability on technical and procedural grounds.

  Moreover, a jury charge that states that Mr. Trump is using his status as President to avoid liability could create the unnecessary risk of eliciting a negative reaction from the jury. Furthermore, presidential immunity and the Westfall Act raise complicated legal issues, and Plaintiff should not be able to highlight that Mr. Trump has a defense based on being the President without an explanation of those legal issues. However, any such explanation would confuse the jury and raise issues not involved in this case. Therefore, a general statement that Mr. Trump raised "various grounds" avoids all of those issues and in no way prejudices Plaintiff.

  In place of the highlighted language, Defendant proposes the following:

==Mr. Trump defended that lawsuit on various grounds. That lawsuit remains unresolved.==

  The parties appreciate the Court's attention to this matter.

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

cc:  Counsel of Record