**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63ʀᴅ FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL       212.763.0883
DIRECT EMAIL      rkaplan@kaplanhecker.com

April 24, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re: *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan:

  On behalf of Plaintiff E. Jean Carroll, we submit this letter in opposition to Defendant Donald J. Trump's letter "briefing the objections raised by the Parties as to the deposition designations for Trump's October 19, 2022 deposition." ECF 138 at 1. For the reasons explained below, Trump's argument that he can introduce any part of his deposition at trial rests on a misunderstanding of Federal Rule of Civil Procedure 32(a)(6) and should be rejected on that basis alone. Trump's fallback position—namely, that he can admit all his counter-designations under the "in fairness doctrine"—is not consistent with settled precedent. Accordingly, Carroll respectfully requests that the Court admit her designations of the Trump deposition, as well as the specific counter-designations of Trump's deposition to which she did not object, *see* ECF at 129, and permit them all to play together during Carroll's case-in-chief. This would leave only Trump's assorted relevance objections to some of Carroll's designations, which have been filed prematurely and which the Court should resolve during trial (at which point they can be evaluated in their proper factual context).

  **A.**  **Legal Standard Governing Counter-Designations Under Rule 32**

  Under Federal Rule of Civil Procedure 32(a)(3), "[a]n adverse party may use for any purpose the deposition of a party." Pursuant to this Rule, Carroll plans to introduce portions of Trump's deposition during her case-in-chief, and she identified those specific portions in a filing that the parties made with the Court last week. *See* ECF 129 at 1-3.

  In response to Carroll's designations, Trump counter-designated lengthy portions of his deposition. *See* ECF 129 at 4-6. But while a party is permitted to offer counter-designations of a deposition that an opposing party intends to introduce, there are limits on that prerogative—and Trump blows straight through them.

Rule 32(a)(6) provides that "[i]f a party offers in evidence only part of a deposition, an adverse party may require the offeror to introduce other parts that in fairness should be considered with the part introduced, and any party may itself introduce any other parts." Citing a single district court opinion, Trump contends that "the law is clear" that this Rule permits him to counter-designate *any* other part of his deposition (apparently including the whole thing) solely because Carroll designated some parts of it. *See* ECF 138 at 1-2.

The overwhelming weight of authority rejects Trump's position. That includes a recent ruling by Your Honor in *Cerveceria Modelo de Mexico, S. de R.L. de C.V. v. CB Brand Strategies, LLC*, No. 21 Civ. 01317 (S.D.N.Y.). There, a party objected to a proposed counter-designation. *See* Trial Tr. at 822:2-3 (Mar. 8, 2023). The opposing party defended the designation by saying that "you can't play misleading testimony. [] When somebody designates a deposition, you have to designate—you're allowed to counter-designate parts." *Id.* at 823:1-4. Your Honor overruled that objection. But rather than do so based on the very broad ground (advanced here by Trump) that any part of the deposition could be counter-designated, Your Honor instead overruled it on the much narrower ground that "you can counter-designate any other part which *in fairness has to be considered* … to avoid a misleading impression." *Id.* at 823:5-9 (emphasis added). Your Honor thus endorsed the "in fairness" understanding of Rule 32(a)(6), which limits counter-designations to those required by principles of fairness and completeness.

This "in fairness" understanding of Rule 32(a)(6) has also been applied by many courts within the Second Circuit, including in a decision that the Second Circuit summarily affirmed. *See Farr Man Coffee Inc. v. Chester*, No. 88 Civ. 1692, 1993 WL 248799, at *19 (S.D.N.Y. June 28, 1993), *aff'd*, 19 F.3d 9 (2d Cir. 1994). Simply put, because the purpose of Rule 32(a)(6) is to prevent "the selective use of deposition testimony that might convey a misleading impression," it makes no sense to read the Rule as authorizing parties to designate the entirety of a deposition just because any discrete part of it has been designated by another party. *Id.*; *accord In re Sims*, 534 F.3d 117, 141 (2d Cir. 2008) (stating that Rule 32(a)(6) exists to permit an opposing party to cross-designate deposition testimony "in the interest of completeness"). Rule 32(a)(6) functions as a deposition-specific rule of completeness, *see* Fed. R. Evid. 106, and has not been understood to apply more broadly. *See* 7 Moore's Federal Practice - Civil § 32.61 (2023) (explaining that the differences between Fed. R. Evid. 106 and Fed. R. Civ. P. 32(a)(6) are "largely ... semantic"); 8A Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 2148 (3d ed.) (describing Fed. R. Evid. 106 as a "parallel provision" to Fed. R. Civ. P. 32(a)(6)).[1]

Indeed, this understanding of Rule 32(a)(6) is the prevailing view among the Courts of Appeals. In addition to the Second Circuit's approval as noted above, the First, Fifth, Sixth, and Seventh Circuits have all embraced and applied this majority view. *See Trepel v. Roadway Exp.*,

---

[1] Rule 32 was amended in 2007 "as part of the general restyling of the Civil Rules." Advisory Committee Notes. Prior to that change, the language of (a)(6) was captured in subsection (a)(4) and phrased slightly differently. *See* Fed. R. Civ. P. 32(a)(4) (2006) ("If only part of a deposition is offered in evidence by a party, an adverse party may require the offeror to introduce any other part which ought in fairness to be considered with the part introduced, and any party may introduce any other parts."). But the differences between the pre- and post-amendment versions of the Rule were intended only "to be stylistic," not substantive. Advisory Committee Rules. Accordingly, cases applying the prior version of Rule 32 remain instructive and are properly considered in assessing the weight of judicial authority.

*Inc.*, 194 F.3d 708, 718-19 (6th Cir. 1999); *Paul Arpin Van Lines, Inc. v. Universal Transp. Servs., Inc.*, 988 F.2d 288, 294 (1st Cir. 1993); *Cameo Convalescent Ctr., Inc. v. Senn*, 738 F.2d 836, 844 (7th Cir. 1984); *Byrd v. United States*, 631 F.2d 1158, 1160 (5th Cir. 1980). To our knowledge, *no* Court of Appeals has adopted the interpretation of Rule 32(a)(6) offered here by Trump.[2]

Accordingly, under Rule 32(a)(6), counter-designations are limited to addressing fairness and completeness concerns. The Rule does not—as Trump would have it—require the Court to introduce parts of a deposition "solely because an opponent so demands." *Great Am. Ins. Co. v. Moye,* No. 10 Civ. 330, 2010 WL 2889665, at *2 (M.D. Fla. July 19, 2010). Instead, "as the rule reads, *only* so much counter designation will be read as is necessary to allow for a *fair* reading of the testimony." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & PMF Prod. Liab. Litig.*, No. 09 Civ. 10012, 2011 WL 6740391, at *19 (S.D. Ill. Dec. 22, 2011); *see also Chevron Mining Inc. v. United States*, No. 13 Civ. 00328, 2021 WL 5742987, at *1 (D.N.M. Dec. 2, 2021) (explaining that proposed counter-designations must be "necessary to avoid misinterpretation of the evidence or for completeness based on [the] affirmative designations"); *Chaudhry v. Angell*, No. 16 Civ. 01243, 2021 WL 4461667, at *7-8 (E.D. Cal. Sept. 29, 2021) (similar). As a result, if Trump's proposed counter-designations of his deposition "introduce new material" or "do not serve to 'give the whole picture' of a portion" that Carroll has independently designated, then those counter-designations are not authorized by Rule 32(a)(6). *See Chester*, 1993 WL 248799, at *19.

Trump's contrary view is not only meritless, but also inequitable here since Trump has indicated that he might not testify at trial at all. ECF 127. As a party, he cannot use his own deposition testimony as substantive evidence outside of what he permissibly counter-designates. *See* Fed. R. Civ. P. 32(a)(3). And the common practice in federal courts is to play counter-designations at the same time as the affirmative designations. *See, e.g.*, *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14 Md. 2543, 2017 WL 2829693, at *4 (S.D.N.Y. June 30, 2017) (Furman, J.); *Nat'l Ass'n. For Advancement of Colored People v. A.A. Arms, Inc.*, No. 99 Civ. 3999, 2003 WL 2003800, at *2 (E.D.N.Y. Apr. 21, 2003) (Weinstein, J.); *accord Westinghouse Elec. Corp. v. Wray Equip. Corp.*, 286 F.2d 491, 493-94 (1st Cir. 1961); *Phoenix Techs. Ltd. v. VMware, Inc.*, No. 15 Civ. 01414, 2017 WL 2001981, at *10 (N.D. Cal. May 11, 2017); *Blakeslee v. Shaw Infrastructure, Inc.*, No. 09 Civ. 00214, 2012 WL 2479604, at *1 (D. Ark. June 28, 2012). Applying that rule here, Trump seeks to force Carroll to play in her case-in-chief any part of his deposition that he favors—even though he could not himself offer those portions in his case-in-chief and has apparently declined to offer testimony in person. That makes no sense. *See A.A. Arms*, 2003 WL 2003800, at *3 ("[L]engthy counter-designations would unfairly import excessive evidence from defendants' case into plaintiff's case.").

**B.    Application to Trump's Counter-Designations**

Because Rule 32(a)(6) imposes principles of fairness and completeness, Trump's counter-designations are proper only if they satisfy those standards. Accordingly, Carroll did not object to Trump's specific counter-designations that are arguably necessary as a matter of fairness and are

---

[2] Indeed, this narrow understanding of Rule 32(a)(6) is necessary to effectuate the Rule's purpose. If the final clause of the Rule, "and any party may itself introduce any other parts," is taken literally, that reading would swallow the language of the rest of the Rule, which reflects its principal policy concern. *RadLAX Gateway Hotel, LLC v. Amalgamated Bank*, 566 U.S. 639, 645, 132 S. Ct. 2065, 2071 (2012) (explaining the cannon against superfluidity).

KAPLAN HECKER & FINK LLP

4

otherwise admissible under the Rules of Evidence. *See* ECF 129 at 5-6 (raising no objection to counter-designation of ECF 138-1 at 80:4-80:16, 146:22-147:2). The Court should therefore admit Carroll's designations, admit only the Trump counter-designations that Carroll has agreed to, and permit Carroll to play all these designations (both her own and Trump's) during her case-in-chief, as is standard practice for such testimony.

The rest of Trump's proposed counter-designations do not satisfy Rule 32(a)(6) and should be excluded. Broadly speaking, Trump argues that since Carroll designated parts of his deposition that had to do with "three topics," he is entitled to designate *any* parts of the deposition that are tangentially related to those three topics. ECF 138 at 2; *see, e.g., id.* at 3 (arguing that his counter-designations "provide context and a clearer understanding of Defendant's alleged defamatory statements made in June of 1999 and on October 12, 2022"). But that is not the governing legal standard, as it would effectively replace "fairness" with "relevance" as the test for permissible counter-designations (thereby treating any designation by Carroll as inviting Trump to counter-designate any other aspect of the entire deposition relating to the same basic subject matter).

In other words, the operative question is not whether a counter-designation covers testimony that helps to elucidate Trump's defenses, but rather whether a counter-designation is necessary for completeness or fairness based on the affirmative designations alone. *See* Wright & Miller, 8A Fed. Prac. & Proc. Civ. § 2148 ("[R]eading only part [of a deposition] creates risks that the statement of the witness will be misinterpreted by selective use of portions of the deposition testimony out of context … Rule 32(a)(6) … provides a means for avoiding this danger."). Applying that standard here, none of Trump's proposed counter-designations (other than those to which Carroll has agreed) satisfy the requirements of Rule 32(a)(6). Specifically:

- Carroll designated parts of Trump's deposition that had to do with the meaning and content of Trump's defamatory statements. *See, e.g.*, ECF 138-1 at 80:25-83:2 (when he had met Carroll); 88:7-88:17, (the knowledge underlying his claim that Carroll made up the story sell a book); 67:22-68:21 (what he meant by saying that Carrol was "not my type"). Trump, by contrast, designated a bunch of process-related issues pertaining to the issuance of the statements. *See, e.g., id.* at 50:25-51:6 (how he heard about her allegation); *id.* at 103:6-19(whom he talked to about it); *id.* at 130:6-16, 131:5-9 (why he posted on Truth Social); *see also id.* at 51:8-12, 55:20-56:5, 58:5-6, 89:18-90:11, 103:6-19, 116:22-117:4, 119:5-22, 120:6-16, 131:9-134:13, 134:19-24. But Carroll's designations were substantive, not procedural. Accordingly, none of Trump's counter-designations is necessary as a matter of fairness oor completeness to understand what he meant by the specific allegations contained in his statements. *See United States v. Johnson*, 507 F.3d 793, 796-97 (2d. Cir. 2007) (upholding the district court's admission of the defendants' *plans* to execute the robbery, while excluding portions related to the *execution* of the robbery, and the admission of the portion pertained to conduct that occurred *before* defendants entered the apartment, while redacting portion related to what happened *inside* the apartment).

- Carroll designated part of Trump's deposition where he was asked about his familiarity with the so-called Access Hollywood tape, where he was asked questions designed to confirm the authenticity of that tape, and where he was asked to confirm what he said in the tape. *See* ECF 138-1 at 168:20-25, 169:4-21, 170:2-4, 173:3-22, 174:5-21.

KAPLAN HECKER & FINK LLP

5

Trump, by contrast, counter-designated deposition testimony in which he expressed that the tape was "fully litigated," (through a political process, not actual litigation), often not even in response to a question. *Id.* at 172:3-10, 174:22-175:4. Those comments are not necessary to place his comments in context or to eliminate a distortion caused by Carroll's affirmative designations, and indeed the notion of "fully litigating" something outside the context of formal litigation is itself likely to confuse the jury. *Chester*, 1993 WL 248799, at *19. The testimony that Carroll designated on this topic was internally complete and unambiguous on its own.

- Carroll designated a portion of Trump's deposition where he was asked if he knew of Natasha Stoynoff, and where he acknowledges that it was him speaking about Stoynoff in a particular campaign video. *See* ECF 138-1 at 176:8-11, 180:23-14. These designations principally serve to authenticate the campaign video and make clear that the woman whom Trump is discuss is, in fact, Stoynoff. But Trump's counter-designations, *see id.* at 176:12-17, 176:19-177:4, do not provide context for either issue, nor are they required to avoid misleading testimony. Instead, the counter-designations capture a partial answer addressing Stoynoff's allegations (and notably, Trump fails to counter-designate any part of the next three pages where he continues talking about Stoynoff and her allegations). *See id.* at 177:5-180:10.

- Carroll designated a portion of Trump's deposition where he was asked if he was familiar "with a woman by the name of Jessica Leeds," where he acknowledges that it was him speaking in a campaign video about Leeds, and what he meant in the video by saying that she "would not be my first choice." *Id. at* 182:23-2, 183:25-184:9, 184:13-22. Once again, Trump's counter-designations do not speak to this limited inquiry and instead capture selective parts of his largely unsolicited ramblings about Leeds' allegations in general. *See id.* at 183:13-23, 185:3-187:3, 191:25-193:22.

- The remainder of Trump's counter-designations can fit into an entirely different bucket, which pertain to blanket denials of Carroll's allegations (often unprompted), the simple reading of the statements out loud in the deposition, and instances where he labels Carroll as "crazy" (again, often unprompted). *E.g.*, *id.* at 58:5-6, 58:14-59:23, 60:3-18, 71:4-24, 77:14-78:5, 119:24-120:15, 132:9-134:13, 137:18-138:3, 139:8-24, 141:3-20, 210:17-19, 210:22-25, 215:3-19. These counter-designations are not designed to complete the affirmative designations. Instead, they purely seek to "rebut" Carroll's general allegations. That is not sufficient under Rule 32(a)(6). *E.g.*, *Chaudhry*, 2021 WL 4461667, at *7-8.

Further still, as noted above, many of Trump's proposed counter-designations offend other Federal Rules of Evidence and can be excluded on those grounds as well. Probably the most obvious example of this is where Trump has designated numerous answers that omit the preceding questions or include only the incomplete portions of answers that he likes. *See* ECF 138-1 at 77:14 (starting with "And if")-78:5, 148:9-148:13, 172:3-172:10, 176:12-176:17, 176:19 (starting with "a long time")-177:4 (ending with "phony charge"). But as Carroll has explained, "a deposition may be used only 'to the extent it would be admissible under the Federal Rules of Evidence if the deponent were present and testifying.'" ECF 129 at 4-5 n.2 (quoting Fed. R. Civ. P. 32(a)(1)(B)). This idea is so basic that it hardly merits discussion in most cases. But where, as here, an answer

**KAPLAN HECKER & FINK LLP**

is designated without a question—or where only portions of answers are designated—the result is clear: the designation material no longer qualifies as "testimony" that might be admissible pursuant to Federal Rule of Civil Procedure 32, but rather an inadmissible prior statement under Federal Rule of Evidence 802. Separately, some of Trump's counter-designations that do include questions and full answers also capture instances where Trump is offering hearsay testimony for the truth of the matter about what someone else told him. *See* ECF 138-1 at 77:14 (starting with "And if")-78:5, 134:19-134:24, 139:8-139:24, 176:12-176:17, 176:19 (starting with "a long time")-177:4 (ending with "phony charge"), 185:3-187:3. Those designations also must be excluded. *See* Fed. R. Evid. 802.

Finally, Trump counter-designated portions of his deposition where he attacked Carroll's choice of counsel and suggested what an undisclosed witness would have said on his behalf. *See* ECF 138-1 at 72:6-10, 72:14-73:16, 73:18-20. The Court already ruled this testimony inadmissible in its decision on Carroll's motion in limine. *Carroll v. Trump*, No. 22 Civ. 10016, 2023 WL 2652636, at *8 (S.D.N.Y. Mar. 27, 2023) ("[D]efendant is precluded from commenting upon or eliciting any evidence regarding plaintiff's choice of counsel or her counsel's activities outside the litigation between plaintiff and defendant" and "from giving or eliciting testimony concerning information allegedly known to persons whom he has not disclosed under Rules 26(a) and (e)."). Therefore, all these counter-designations are directly precluded by the Court's earlier ruling and should be rejected.

### C. Trump's Relevance Objections to Carroll's Designations

Trump objected on relevance grounds to some of Carroll's affirmative designations of his deposition. *See* ECF 138 at 6. But those objections are premature since they turn on context-sensitive inquiries concerning subject matter as to which there is thus far limited evidence before the Court. *See, e.g.*, *Jean-Laurent v. Hennessy,* 840 F. Supp. 2d 529, 554 (E.D.N.Y. 2011); *Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Grp.,* 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Accordingly, Carroll respectfully submits that the Court should defer any ruling on those particular relevance objections until they are timely at trial.

Respectfully submitted,

*/s/ Roberta A. Kaplan*

Roberta A. Kaplan

cc:   Counsel of Record