# tacopina seigel trial lawyers

TACOPINA SEIGEL & DEOREO

**MEMO ENDORSED**

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

April 22, 2023

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 4-24-2023

**FILED BY ECF**

Hon. Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:   <u>Carroll v. Trump</u>, 22 Civ. 10016 (LAK) ("Carroll II")

Your Honor:

    We write on behalf of Defendant Donald J. Trump to request clarification of Your Honor's March 10, 2023 Memorandum Opinion on one issue relating to Natasha Stoynoff's testimony, along with a proposed solution to an evidentiary issue.

    You will recall that Ms. Stoynoff testified in her deposition that Defendant escorted her into a room, and then grabbed her shoulders and pushed her against a wall and started kissing her. Then someone allegedly came into the room and the incident ceased. Defendant's motion *in limine* sought to exclude this testimony under Federal Rule of Evidence 413(d). Your Honor denied our Motion; however, we request clarification with a proposed solution.

    Your Honor correctly observed that Trump, according to Ms. Stoynoff, did not touch Ms. Stoynoff's genitals. Also, Your Honor correctly observed that Defendant's merely kissing Ms. Stoynoff (according to Ms. Stoynoff) would not satisfy Rule 413(d). Your Honor did, however, note Ms. Stoynoff's testimony that Defendant lied when he denied groping her, which perhaps implied that he did grope her. However, Your Honor correctly observed that "the portion of Ms. Stoynoff's deposition does not specify what part of her anatomy she claims Mr. Trump groped or attempted to grope." Your Honor then observed that " . . . if Ms. Stoynoff's account of the parts of her body that Mr. Trump allegedly touched were the only relevant evidence, it would be debatable whether that conduct alone would satisfy Rule 413(d) and 415." Your Honor then performed additional analysis of other evidence which might be suggestive of a plan by Defendant to go further towards touching

<u>Memorandum Endorsement</u>                                       <u>Carroll v. Trump, 22-cv-10016 (LAK)</u>

   Although defendant characterizes his application as one for clarification, the characterization is mistaken. The application in fact is a request that the Court reconsider a previous ruling and, on reconsideration, to reach the opposition result.

   The application is untimely because any motion for reconsideration should have been filed well before this request.

   Even if the application were timely, the defendant has failed to show, as would be necessary to warrant reconsideration, that the Court's original decision overlooked matters or controlling decisions.

   And even if the defendant had made such a showing, nothing he has put forward warrants any relief from the prior decision or any *voir dire* examination.

   The application is denied.

   SO ORDERED.

Dated:  April 24, 2023

                  _____
                     Lewis A. Kaplan
                  United States District Judge