**KAPLAN HECKER & FINK LLP**

350 FIFTH AVENUE | 63RD FLOOR
NEW YORK, NEW YORK 10118

1050 K STREET NW | SUITE 1040
WASHINGTON, DC 20001

TEL (212) 763-0883 | FAX (212) 564-0883

WWW.KAPLANHECKER.COM

DIRECT DIAL     212.763.0883
DIRECT EMAIL    rkaplan@kaplanhecker.com

May 5, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

        Re:   *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Dear Judge Kaplan:

      We write on behalf of Plaintiff E. Jean Carroll to respectfully propose a jury instruction (and to request a related limitation on closing argument) concerning a line of questioning about an episode of Law & Order SVU that occurred during Carroll's cross examination.

*     *     *

      During Trump's cross examination of Carroll, he asked several questions (and introduced a single document) relating to a purported episode of Law & Order SVU. However, as we will demonstrate below, there is no evidence in the record that Trump could properly rely upon to make arguments to the jury about the existence or plot of this supposed Law & Order SVU episode. Neither the email Trump introduced, nor Carroll's testimony, provides such a basis.

      Starting with the email, Trump offered and the Court received DX-CK into evidence during Carroll's cross-examination. *See* Tr. at 575:23-576:1. DX-CK contained an email from someone named Grace Brophy to Carroll dated June 23, 2019—*i.e.*, after Carroll had publicized her account of the assault and brought her first lawsuit—in which Brophy purported to describe an episode of Law & Order SVU and asked Carroll if she was aware of it. Carroll replied to the email that same day and confirmed that she had never seen the episode. The only part of the email that discussed the existence and plot of the episode is the part written by Brophy. This part of the email is thus an out-of-court statement from a non-testifying third-party. Under a straightforward application of the Rules of Evidence, it constitutes hearsay and cannot be offered in court for the truth of its contents. *See* Fed. R. Evid. 801(c) & 802; *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 530 n.1121 (S.D.N.Y. 2014) (Kaplan, J.). That means Trump cannot rely on this hearsay to argue the existence or contents of this episode in his closing, and the jury cannot use the email for the truth

**KAPLAN HECKER & FINK LLP**

of its contents (in other words, the jury cannot consider the email to be evidence of the existence or plot of the episode).

This leaves Carroll's testimony. When questioned about DX-CK and the purported episode of Law & Order SVU, Carroll testified that "I hadn't seen it and I have yet to see it." Tr. at 577:1. When questioned about the episode again during the re-direct examination, Carroll reiterated that she had never "seen it or heard of it before [she] wrote [her] book," had "no idea what actually happens in that episode of television," and that she was not "making up [her] accusation based on what happened in a popular TV show." Tr. at 627:1-15. As this testimony demonstrates, Carroll has no personal knowledge about the existence or plot of this episode. Of course, Carroll cannot testify as to the subject matter of a hearsay statement that she herself has no personal knowledge of. *See* Fed. R. Evid. 602, Advisory Committee Notes ("This rule would … prevent [a witness] from testifying to the subject matter of the hearsay statement, as [the witness] has no personal knowledge of it."); *accord* Wright & Miller, 27 Fed. Prac. & Proc. Evid. § 6023 n.10 (2d ed.) ("If the witness does not quote or paraphrase, but simply relies on another person's perception as described in that person's out-of-court statement, the proper objection is lack of personal knowledge."). As a result, the existence and plot of the Law & Order SVU episode did not become part of the record through Carroll's limited testimony concerning DX-CK. *Cf. United States v. Ghailani*, 761 F. Supp. 2d 114, 119, 125 (S.D.N.Y. 2011) (Kaplan, J.) (excluding evidence where the party lacked personal knowledge and relied on hearsay to fill the gaps).

To be sure, Trump was entitled to ask Carroll about her personal knowledge of the purported episode. And the jury is entitled to evaluate Carroll's answer in assessing her state of mind. But there is no proper evidentiary basis for Trump to make closing arguments concerning the existence or plot of this purported episode of Law & Order SVU, and, given the clear risk of prejudice to Carroll, the jury should be instructed regarding the proper use of DX-CK.

To clarify this issue, Carroll respectfully requests that the Court read the following instruction to the jury before deliberations begin:

> During the cross-examination of Ms. Carroll, you heard several questions directed to her concerning an episode of Law & Order SVU. What has been admitted into evidence in connection with those questions is an email to Ms. Carroll in which someone purported to describe that episode, and she responded to that claim. Ms. Carroll testified, among other things, that she has never seen the episode, that she had never previously heard of it, and that she does not watch that purported show. I instruct you that you may not consider the email you saw as evidence of whether the episode of Law & Order SVU described in the email actually exists or involved the plot described in the email. You may consider the email as evidence that someone wrote to Ms. Carroll telling her that there was such an episode, but not as evidence about whether there in fact is any such episode. Beyond that, you may consider the email only to the extent (if any) that you believe Ms. Carroll's response bears on her state of mind or credibility.

KAPLAN HECKER & FINK LLP

3

       In addition to this proposed jury instruction, we further request a corresponding limitation on permissible closing argument by defense counsel.

                                       Respectfully submitted,

                                       Roberta A. Kaplan

cc:    Counsel of Record