# tacopina seigel trial lawyers

TACOPINA SEIGEL & DEOREO

**JOSEPH TACOPINA**
EMAIL: jtacopina@tacopinalaw.com
www.tacopinalaw.com

275 Madison Avenue, 35th Floor
New York, NY 10016
Telephone (212) 227-8877
Facsimile (212) 619-1028

May 6, 2023

**VIA ECF**

The Honorable Lewis A. Kaplan
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

  Re: *Carroll v. Trump*, 22 Civ. 10016 (LAK)

Your Honor:

  On behalf of Defendant Donald J. Trump, we write to respond to Plaintiff's letter of May 5, 2023, requesting a special limiting jury instruction (and an accompanying limitation on closing argument) related to evidence that already has been received for all purposes. The request is untimely and unmeritorious, and thus should be denied.

  During the cross-examination of Plaintiff on May 1st, Exhibit DX-CK was admitted into evidence without objection. That Exhibit begins with an email from a third party to Plaintiff, sent after Plaintiff had gone public with her allegations against Defendant, to "warn [her] that a Law & Order SVU episode . . . has a character, a judge, speaking of a fantasy that he rapes a woman in a Bergdorf Goodman dressing room in the Lingerie Dept." This television show apparently aired in 2012 and the plot, of course, is virtually identical to the claims made by Plaintiff in this case. In response, Plaintiff stated by email: "I haven't seen it, but this happens all the time with Law and Order stories. Also there are 200 scripted shows a year on tv, this kind of thing is bound to show up. Indeed, I'm surprised this sort of plot is not seen more often." (Exhibit DX-CK).

  Before Exhibit DX-CK was introduced into evidence, Plaintiff's counsel requested a sidebar based upon a *question* concerning the Law & Order SVU episode, *not Exhibit DX-CK itself*. (Tr. 571:23-572:4). At sidebar, Defendant's counsel described Exhibit DX-CK to the Court, and in response, Plaintiff's counsel objected to the Exhibit DX-CK under FRE 402 (relevancy) and 403 (unfair prejudice) – not hearsay (FRE 801 & 802), which Plaintiff has now raised belatedly for the first time in her instant application (Tr. 573:5 – 574:14).

  Regardless of the grounds underlying Plaintiff's objections, the Court overruled them:

"No, no, no. I will allow it."

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
May 6, 2023
Page 2

(Tr. 574:15).

In sum, *by the end of the sidebar*, Plaintiff's counsel had only objected to a question concerning the Law & Order SVU episode (not to Exhibit DX-CK itself) and then only objected to Exhibit DX-CK itself on relevancy and unfair prejudice grounds (not hearsay, which is Plaintiff's current objection), which the Court overruled.

*After the sidebar*, Defendant's counsel asked Plaintiff whether she knew there was a Law & Order episode from 2012 that featured a woman getting raped in the Bergdorf Goodman lingerie dressing room, and she responded:

"I am aware, yes."

(Tr. 575:6-10).

Defendant's counsel then showed Exhibit DX-CK to the witness and she identified it, and said she recalled receiving it. (Tr. 575:11-22). Defendant's counsel then offered the exhibit into evidence, and Plaintiff's counsel, instead of objecting on hearsay grounds (or any other grounds) conceded to its admissibility:

"No objection, your Honor."

(Tr. 575:25). The Court then stated:

"It is received."

(Tr. 576:1).

Defendant's counsel then published the Exhibit to the jury and proceeded to ask Plaintiff questions about it. Plaintiff went on to say that she was a "big fan" of Law & Order, but not Law & Order SVU. (Tr. 576:20-21). She then stated that she had not seen the particular episode, but acknowledged that a frequent fantasy of television viewers is rape, thus explaining her comment that she was surprised that this kind of plot is not seen more often. (Tr. 576:24-577:7) She also acknowledged that this plot bore an "amazing coincidence" with her claims (Tr. 577:8-13). And, as referenced above, she confirmed that she was "aware" of the episode (Tr. 575:6-10), against which Plaintiff failed to make a motion to strike (the "aware" comment) based upon her purported lack of personal knowledge (FRE 602).

Now, days later, Plaintiff wishes to retract the prior "no objection" to Exhibit DX-CK and her lack of a motion to strike (as to the "aware" comment), requests a limiting instruction for the jury, and seeks to limit closing argument on the Exhibit and Plaintiff's testimony about it. The

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
May 6, 2023
Page 3

purported basis is that the document, and the information contained therein regarding a Law & Order SVU episode, is inadmissible hearsay, and that Plaintiff's testimony about the Exhibit lacks personal knowledge. However, Plaintiff's failure to make a contemporaneous objection as to hearsay grounds, and indeed stating on the record "No objection," waived any objection Plaintiff otherwise might have had, and also precluded Plaintiff from now arguing that the Exhibit be received for a limited purpose. The same holds true for Plaintiff's failure move to strike the "aware" comment.

In this regard, Federal Rule of Evidence 103 clearly provides that a party must make a *timely* objection or motion to strike in order to preserve any objection by "stat[ing] the specific ground" for such an objection. Fed. R. Evid. 103(A)(1)(B). Indeed, with regard to another piece of evidence, Your Honor already has made clear that "there is a contemporaneous objection rule for a reason and the plaintiff made a decision not to do it contemporaneously – not for me to judge whether it was a good idea or a bad idea." (Tr. 652:23-653:2).

Plaintiff's failure to make a contemporaneous hearsay objection, combined with Plaintiff's actual concession of "No objection," allowed the Exhibit to be introduced into evidence for all purposes, and any subsequent objection has been waived. *See DeBerry v. Brookdale Hosp. Med. Ctr.*, 699 F. App'x 72, 73 (2d Cir. 2017)("DeBerry primarily argues that the District Court improperly … relied on hearsay evidence. However, DeBerry (then counseled) waived this argument by failing to object in the District Court."); *Fahie v. Rivera*, 510 F. App'x 93, 95 (2d Cir. 2013)("In order to preserve a claim of error with respect to a district court's admission of evidence, the party must timely object to the admission and state **a specific ground** for the objection. *See* Fed.R.Evid. 103(a)(1); *see also United States v. Birbal*, 62 F.3d 456, 465 (2d Cir.1995).")(emphasis added); *United States v. McDermott*, 245 F.3d 133, 141 n. 3 (2d Cir. 2001)("Under Rule 103(a)(1) of the Federal Rules of Evidence, a party must make a timely and **specific objection** to a ruling of evidence.")(emphasis added); *United States v. Martinez*, 775 F.2d 31, 36 (2d Cir. 1985)("There was no objection on the ground that the evidence was hearsay or that its admission was unduly prejudicial. Martinez's present arguments thus have been waived. See Fed.R.Evid. 103(a)(1) ….); *Galanis v. Harmonie Club of City of New York*, No. 1:13-CV-4344-GHW, 2014 WL 4928962, at *3 (S.D.N.Y. Oct. 2, 2014)("To the extent Mr. Turoff's and Mr. Sipsas's accounts of Galanis's statements during the above conversation constitute hearsay, Galanis has waived any hearsay objection to this evidence by failing to raise such an objection in his motion papers. *See* Fed.R.Evid. 103(a)(1)."); *Boakye-Yiadom v. Laria*, No. 09 CV 622 DRH ARL, 2013 WL 3094943, at *4 (E.D.N.Y. June 18, 2013) ("To the extent that defendants claim that such testimony should not have been considered because it is hearsay, defendants did not raise any hearsay objection to this evidence … and therefore waived such an evidentiary challenge …. *See* Fed.R.Evid. 103(a)(1)."); *In re Litwok*, 246 B.R. 1, 5–6 (E.D.N.Y. 2000)("At no time did Litwok raise any of her current hearsay or best evidence objections to the receipt of Exhibit C. *See* Fed R. Evid. 103(a)(1)(**specific ground** for objection must be stated to preserve it) ….")(emphasis added), aff'd, 4 F. App'x 43 (2d Cir. 2001).

TACOPINA SEIGEL & DEOREO

Hon. Lewis A. Kaplan
May 6, 2023
Page 4

Furthermore, as to the Law & Order SVU episode itself, Plaintiff conceded that she was "aware of it." Plaintiff failed to make a motion to strike the "aware of it" comment based upon her purported lack of personal knowledge, and thus the FRE 602 objection was waived. Thus, the supposed hearsay – that such an episode existed (because she was aware of it) – actually has been admitted by Plaintiff herself, which distinguishes the case she now cites, *United States v. Ghailani*, 761 F.Supp.2d 114 (S.D.N.Y. 2011).

Accordingly, her own testimony bolsters the admissibility of the Exhibit because it is her "aware[ness]" of the episode which is germane, *i.e.* whether she used such awareness (or was inspired by) this plot line in creating a false rape allegation against Defendant. Moreover, Plaintiff's awareness of the episode, juxtaposed against her claim not to have seen it, is relevant to the jury's assessment of her credibility.

Notably, Plaintiff's counsel could have cleared up any purported confusion on redirect examination but did not. Instead, through its instant request, Plaintiff is effectively asking that the Court do so now, which is inappropriate, especially after the close of evidence.

On a related note, countenancing Plaintiff's untimely request after the close of evidence would prevent Defendant from appropriately reacting *in real time* by exploring these issues further with Plaintiff or with other evidence. Defendant should be entitled to rely on the record as it stands today to make his case to the jury in summation, and Plaintiff should not be able to rewrite history to undercut Defendant.

Plaintiff's counsel is, of course, free to argue in closing argument their interpretation of the Exhibit and surrounding testimony, just as Defendant's counsel is free to argue the same. Given Plaintiff's waiver of any objection, no limiting instruction should be given and no restrictions should be placed on closing argument. Anything else would be inappropriate and confusing.

Respectfully submitted,

Joseph Tacopina

cc: All counsel by ECF