**DISTRICT ATTORNEY**
**COUNTY OF NEW YORK**
ONE HOGAN PLACE
New York, N.Y. 10013
(212) 335-9000

ALVIN L. BRAGG, JR.
DISTRICT ATTORNEY



DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-27-2023

July 26, 2023

**BY HAND**

The Honorable Lewis A. Kaplan
United States District Court, Southern District of New York
Room 21B
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

RECEIVED
JUL 2 7 2023
JUDGE KAPLAN'S CHAMBERS

Re:   *The People of the State of New York v. Donald J. Trump*, Ind. No. 71543-23
   *Carroll v. Trump*, 22 Civ. 10016 (LAK)
   *Carroll v. Trump*, 20 Civ. 07311 (LAK)

Dear Judge Kaplan,

      On May 15, 2023, our Office served a trial subpoena on the law firm of Kaplan Hecker & Fink, LLP, attorneys for E. Jean Carroll, for "[t]he full transcript, full video recording, and all exhibits related to the videotaped deposition of Donald J. Trump taken on or about October 19, 2022 in the case titled *E. Jean Carroll vs. Donald J. Trump*, 1:20-cv-07311-LAK" (the "Kaplan Hecker Subpoena," attached hereto as Exhibit 1). As demonstrated by the publicly released excerpts of the deposition shown at trial in *Carroll v. Trump, 22 Civ. 10016 (LAK)*, we believe the full transcript and video recording of the deposition are relevant and material to our proceedings, *The People of the State of New York v. Donald J. Trump.*

      On May 31, 2023, defendant moved before New York Supreme Court Justice Juan M. Merchan to quash the Kaplan Hecker Subpoena, arguing that it was overbroad and an attempt to fish for impeachment material, and that the materials sought were subject to a Protective and Confidentiality Order in *Carroll v. Trump*.

      On July 7, 2023, Justice Merchan issued a Decision and Order on Defendant's Motion to Quash (attached hereto as Exhibit 2), finding:

> [T]his subpoena is not overbroad or otherwise inappropriate. The People have demonstrated that the request seeks items that are relevant and material to these proceedings. However, this Court is unable to determine from the moving papers whether the Protective and Confidentiality Order is still in effect as to those materials which were *not* introduced into evidence at trial or otherwise publicly filed.

Ex. 2 at p. 6.

Justice Merchan's Order directed us to seek clarification from Your Honor as to whether compliance with the subpoena would in any way violate this Court's Protective and Confidentiality Order in *Carroll v. Trump*:

> This Court does not wish to create any issue or conflict with Judge Kaplan's Order. Therefore, the appropriate course of action is for either, or both parties, to seek clarification from Judge Kaplan as to whether compliance with the subpoena would in any way violate his Order. If the Order is still in effect, then Kaplan Hecker & Fink LLP must not comply. On the other hand, if the requested materials, in their entirety, are no longer protected by the Order, then Kaplan Hecker & Fink LLP is directed to comply with the subpoena within 16 days from the date the parties receive confirmation from the Southern District.

Ex. 2 at p. 6.

Therefore, the People respectfully request that Your Honor apprise us as to whether Kaplan Hecker & Fink, LLP may comply with the People's trial subpoena or if the Protective and Confidentiality Order in *Carroll v. Trump* precludes such compliance.

The People have conferred with defense counsel in *The People of the State of New York v. Donald J. Trump*, who advise that they take no position with respect to this request.

Respectfully Submitted,

Susan Hoffinger
Executive Assistant District Attorney
New York County District Attorney's Office
1 Hogan Place
New York, NY 10013
212-335-9790
hoffingers@dany.nyc.gov

cc: Todd Blanche, Susan Necheles, Joseph Tacopina, counsel for Defendant Donald J. Trump, and Roberta Kaplan, counsel for E Jean Carroll (by email with consent)

# Exhibit 1

**DISTRICT ATTORNEY**
COUNTY OF NEW YORK
ONE HOGAN PLACE
New York, N.Y. 10013
(212) 335-9000



**ALVIN L. BRAGG, JR.**
DISTRICT ATTORNEY

May 15, 2023

**VIA EMAIL**
Kaplan Hecker & Fink LLP
Attn: Custodian of Records
350 Fifth Avenue 63rd Floor
New York, NY 10118

**Re: People v. Donald Trump**
**Indictment Number: 71543-23**

To Whom It May Concern,

Enclosed please find a subpoena seeking records. These records are needed on or before **May 31, 2023**. In lieu of appearing personally with the requested documents, you may mail or deliver them to the New York County Supreme Court, Part 59, 100 Centre Street, New York, NY 10013.

Please mark the envelope containing the records as "Case #71543-23, Assistant District Attorney Susan Hoffinger, extension 9790."

If you have any questions concerning the subpoena, please call me at (212) 335-9790. Your attention to this matter is greatly appreciated.

Sincerely,

Susan Hoffinger
Assistant District Attorney
212-335-9790

Enclosure

Case 1:22-cv-10016-LAK   Document 215   Filed 07/27/23   Page 5 of 12

# SUBPOENA
## (Duces Tecum)
### FOR A WITNESS TO ATTEND THE
### SUPREME COURT OF THE STATE OF NEW YORK

In the Name of the People of the State of New York

**To: Kaplan Hecker & Fink LLP**
**Attn: Custodian of Records**

**YOU ARE COMMANDED** to appear before the **SUPREME COURT** of the County of New York, **Part 59**, at the Criminal Court Building, 100 Centre Street, in the Borough of Manhattan, of the City of New York, on **May 31, 2023 at 10:00 AM**, as a witness in a criminal action prosecuted by the People of the State of New York against:

**Donald J. Trump**

and to bring with you and produce to the Court the following records in the actual and constructive possession of Kaplan Hecker & Fink LLP:

1. The full transcript, full video recording, and all exhibits related to the videotaped deposition of Donald J. Trump taken on or about October 19, 2022 in the case titled *E. Jean Carroll vs. Donald J. Trump*, 1:20-cv-07311-LAK.

**IF YOU FAIL TO ATTEND AND PRODUCE SAID ITEMS, you may be adjudged guilty of a Criminal Contempt of Court, and liable to a fine of one thousand dollars and imprisonment for one year.**

Dated in the County of New York,
May 15, 2023

ALVIN L. BRAGG, JR.
**District Attorney, New York County**

By: _____
Susan Hoffinger
Assistant District Attorney
(212) 335-9790

*Indictment Number: 71543-23*

# Exhibit 2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 59

| | |
|---|---|
| THE PEOPLE OF THE STATE OF NEW YORK<br><br>- against -<br><br>DONALD J. TRUMP,<br><br>Defendant. | DECISION AND ORDER ON DEFENDANT'S MOTION TO QUASH TWO SUBPOENAS<br><br>Ind. No. 71543/2023 |

HON. JUAN M. MERCHAN J.S.C.:

On April 4, 2023, Donald J. Trump, the Defendant, was arraigned before this Court on an indictment charging him with 34 counts of Falsifying Business Records in the First Degree, in violation of Penal Law § 175.10.

On May 11, 2023, the New York County District Attorney's Office ("DANY" or the "People") served the Trump Organization with a subpoena *duces tecum* seeking production of various records. Over the next few days, Steven Yurowitz, Counsel for the Trump Organization, and representatives from DANY, engaged in several conversations in an attempt to resolve objections the Trump Organization had raised to the subpoena. Unable to reach a resolution, DANY withdrew the subpoena. Subsequently, on May 15, 2023, the People issued a new subpoena *duces tecum* which narrowed the requests and extended the return date. On that same day, the People issued a separate subpoena *duces tecum* to Kaplan, Hecker & Fink LLP.

On May 31, 2023, Defendant moved to quash both subpoenas.[1] The People opposed the motion on June 14, 2023. The following constitutes this Court's Decision and Order.

### CONTENTIONS OF THE PARTIES

*The Subpoena to the Trump Organization*

Defendant relies on *County of Nassau Police Dept. v. Judge*, 237 A.D.2d 354 (1997), in support of his contention that this subpoena should be quashed because the People have not "establish[ed] the existence of a factual predicate which would make it reasonably likely that the documentary information will bear relevant and material evidence." *Judge at 378*. In response, the People submit that they have

---

[1] The subpoenas are contained in Exhibits A and B of Defendant's Motion to Quash.

provided a sufficient factual predicate demonstrating that each request seeks evidence which is reasonably likely to be relevant and material to the facts at issue and that the requests are not overbroad.[2] The People argue that a party may properly seek documents if it is able to articulate "any theory of relevancy and materiality." *People v. Gissendanner*, 48 N.Y.2d 543, 549 (1979).

Specifically, defendant argues that the first of the three requests contained in the subpoena is overbroad because it seeks "all [email] communications between approximately 70 people for nearly a year."[3] It is the People's position that the subpoena merely requests email "for a critical time period when the defendant and others signed the checks at issue in this case," and that the requested materials "are reasonably likely to be relevant and material to the process by which the defendant conducted his personal affairs," as well as "the circumstances by which those checks were processed."[4] Further, the People assert that the contents of the emails and the number of communications will demonstrate how the defendant was kept "informed of and involved with the operation of his personal business in New York" while he served as President of the United States.[5]

Regarding the second of the three requests, Defendant argues that the subpoena is overbroad because it seeks any severance agreement, confidentiality agreement, or non-disclosure agreement in effect between the Trump Organization and 17 current or former Trump Organization employees over a six-year period. Defendant notes that only 7 of the 17 individuals named in the request have been identified as potential trial witnesses. Defendant relies on *Constantine v. Leto*, 157 A.D.2d 376, 378 (1990) for the proposition that the subpoena impermissibly seeks: (1) documents that are not directly relevant and material to the facts at issue; (2) to ascertain the existence of evidence; and (3) impeachment material.[6] The People claim that the request seeks information which "will confirm the nature and importance of the relationship of each of the key executives or employees," which "will likely reveal some material differences in those relationships," as they were employed by the Trump Organization when the business records were falsified.[7]

Regarding the third and final request, Defendant argues that this request is also overbroad because it seeks (i) all emails between Rhona Graff and Melania Trump; (ii) all emails between Rhona Graff and Keith Schiller; and (iii) all travel itineraries prepared for Donald J. Trump from January 1, 2015, through January 20, 2017. Defendant cites *People v. Chambers*, 134 Misc. 2d 688, 690 (Sup. Ct.

---

[2] People's Memorandum of Law at page 1.
[3] Defendant's Motion at page 4.
[4] People's Memorandum of Law at page 10.
[5] People's Memorandum of Law at page 10.
[6] See Defendant's Motion at page 5.
[7] See People's Memorandum of Law at page 11.

2

N.Y. Co. 1987) in support of his argument that the request improperly attempts to use a subpoena to "investigate possible leads to material which may be irrelevant."[8] The People argue that based on their investigation, the Defendant's written and electronic calendars do not "capture all of the defendant's meetings and travel during the relevant period" and that the request is likely to yield the Defendant's itineraries, which will confirm "whom the defendant met and where those meetings took place" when the criminal conduct allegedly occurred.[9]

*The subpoena to Kaplan, Hecker & Fink LLP*

The subpoena served on Kaplan, Hecker & Fink LLP seeks "[t]he full transcript, full video recording, and all exhibits related to the videotaped deposition of Donald J. Trump taken on or about October 19, 2022, in the case captioned *E. Jean Carroll v. Donald J. Trump*, 1:20-cv-0733-LAK. Defendant moves to quash this subpoena because "it is overbroad, it is an attempt to fish for impeachment material, and because the materials are subject to a protective order in the Southern District of New York."[10] Further, Defendant claims that the request fails to seek a specific portion of the deposition, and, instead, requests the full video and transcript and all exhibits. Relying again on *Constantine v. Leto*, 157 A.D.2d at 378, Defendant argues that the subject matter of the deposition is unrelated to the facts in this case and that the request inappropriately seeks "to fish for impeaching material."

The People contend there is no basis to quash this subpoena as either overboard or improper because the documents it requests are relevant and material to these proceedings. The People further argue that certain publicly released excerpts of the deposition demonstrates that Defendant's testimony included reference to a relevant Access Hollywood tape and address "[t]he way in which defendant dealt with allegations of a sexual nature by women in the months leading up to the 2016 presidential election, which feature prominently in their case.[11] Lastly, the People assert that Judge Kaplan's Protective Order in *E. Jean Carroll v. Donald J. Trump*, 1:20-cv-0733-LAK does not preclude Kaplan, Hecker & Fink LLP from providing the requested materials.[12]

## CONCLUSION

Criminal Procedure Law § 610.20 provides that any party to a criminal proceeding may issue a subpoena. CPL § 610.20(2) specifically confers upon the People the authority to subpoena testimony

---

[8] See Defendant's Motion at page 5 – 6.
[9] See People's Memorandum of Law at page 11 – 12.
[10] See Defendant's Motion at page 6.
[11] See People's Memorandum of Law at page 3.
[12] See People's Memorandum of Law at page 8 – 9.

3

or evidence. To sustain a subpoena, the issuing party must demonstrate "that the testimony or evidence sought is reasonably likely to be relevant and material to the proceedings and that the subpoena is not overboard or unreasonably burdensome." *See*, CPL § 610.20(4); *see also*, *People v. Kozlowski*, 11 NY.3d 223, 242 (2008) (the proper purpose of a subpoena *duces tecum* is to compel the production of specific documents that are relevant and material to facts at issue in a judicial proceeding). When disputes arise concerning the "validity or propriety" of a subpoena, the court must resolve whether the subpoena is enforceable. *See*, *Application of Davis*, (Crim. Ct. N.Y. Co. 1976); *see also*, *People v. Natal*, 75 N.Y.2d 379, 385 (1990). Because the subpoenaed materials are returnable to the court, it follows that the court retains the ultimate authority on the outer parameters of the People's subpoena powers. *See*, *People v. D.N.*, 62 Misc.3d 544 (Crim. Ct. N.Y. Co. 2018), *internally citing Matter of Terry D.*, 81 N.Y.2d 1042 (1993).

The Court of Appeals has held that a subpoena is properly quashed when the party issuing it fails "to demonstrate any theory of relevancy and materiality, but instead, merely desire[s] the opportunity for an unrestrained foray into confidential records in the hope that the unearthing of some unspecified information [will] enable [them] to impeach witness[es]." *People v. Gissendanner*, 48 N.Y.2d 543, 549 (1979). The *Gissendanner* Court noted that a subpoena *duces tecum* may not generally be "used for the purpose of discovery or to ascertain the existence of evidence." *Id*. at 551.

Conversely, courts have denied a motion to quash where the subpoena demands production of specific documents which are relevant and material to the proceedings. *See*, *People v. Duran*, 32 Misc.3d 225, 229 (Crim. Ct. Kings Co. 2011) (Laporte, J) ("the defendant established that the solicited data is relevant and material to the determination of guilt or innocence, and not sought solely in the speculative hope of finding possible impeachment of witness' general credibility"); *People v. Campanella*, 27 Misc.3d 737 (Dist. Ct. Suffolk Co. 2009) (Horowitz, J) (in the present case, the defense has fashioned a very specific request and the court does not believe that this is a fishing expedition but rather a narrowly sculpted pursuit of relevant information).[13]

### The Subpoena to the Trump Organization

The first request, which calls for "*all* emails between *anyone* who works or worked out of ... Trump Tower ... with a Trump Organization email address (ending@trump.org.com) and *anyone* with an email address ending in @who.eop.gov, for the period from January 20, 2017 to December 31, 2017" is overbroad (*emphasis added*,) because it is not narrowly tailored, lacks specificity and fails to describe

---

[13] See People's Memorandum of Law at page 7.

4

the subject matter the People contend is relevant and material to these proceedings. The motion to quash this request as currently drafted is granted.

The second request seeks "from the period from January 1, 2017, to the present, any: (i) severance agreement; (ii) confidentiality agreement; (iii) or non-disclosure agreements in effect between the Trump Organization" and 17 individuals employed or formerly employed by the Trump Organization. Defendant stresses that the People's Automatic Disclosure Form only identifies seven of these individuals as potential witnesses. In fact, the People concede that only "a number of the individuals identified in the request are likely to be witnesses for the People at trial."[14] The People have sufficiently explained the relevance and materiality of this request as it pertains to the seven individuals the People intend to call as witnesses. Therefore, the Trump Organization is directed to comply with this request within 45 days of this Decision and Order. However, the People have thus far failed to adequately explain how the materials related to the 10 other individuals is relevant. As a result, Defendant's motion to quash is granted with respect to those 10 individuals.

The third and final request seeks "(i) *all* emails between Rhona Graff and Melania Trump; (ii) *all* emails between Rhona Graff and Keith Schiller; and (iii) *all* travel itineraries prepared for Donald J. Trump" for a period covering 25 months. *Emphasis added.* The People contend that this request is "specifically tailored to capture communications concerning defendant's meetings and travel." This Court finds that the third request as currently drafted is not narrowly tailored and does not adequately achieve its stated objective of capturing certain communications regarding travel and meetings in order to identify "whom the defendant met and where those meetings took place."[15] As framed, this request would yield significantly more responsive records than necessary to achieve the stated goal. Therefore, the motion to quash the third request as currently drafted is granted.

*The subpoena to Kaplan, Hecker & Fink LLP*

This subpoena seeks "[t]he full transcript, full video recording, and all exhibits related to the videotaped deposition of Donald J. Trump taken on or about October 19, 2022, in the case captioned *E. Jean Carroll v. Donald J. Trump*, 1:20-cv-0733-LAK." Defendant argues, among other things, that the requested materials cannot be turned over because they are the subject of an existing Protective and Confidentiality Order.[16] The People argue that the Protective and Confidentiality Order does not

---

[14] See People's Memorandum of Law at page 11.
[15] See People's Memorandum of Law at page 11.
[16] The Protective and Confidentiality Order is contained in Exhibit C of Defendant's Motion to Quash.

5

preclude production because certain excerpts of the deposition have already been publicly filed by defense counsel and other portions were introduced into evidence at trial despite Judge Kaplan's prior instruction that the Court would not likely "seal or otherwise afford confidential treatment to any Discovery Material introduced at trial."[17]

The Court finds that this subpoena is not overbroad or otherwise inappropriate. The People have demonstrated that the request seeks items that are relevant and material to these proceedings. However, this Court is unable to determine from the moving papers whether the Protective and Confidentiality Order is still in effect as to those materials which were *not* introduced into evidence at trial or otherwise publicly filed.

This Court does not wish to create any issue or conflict with Judge Kaplan's Order. Therefore, the appropriate course of action is for either, or both parties, to seek clarification from Judge Kaplan as to whether compliance with the subpoena would in any way violate his Order. If the Order is still in effect, then Kaplan Hecker & Fink LLP must not comply. On the other hand, if the requested materials, in their entirety, are no longer protected by the Order, then Kaplan Hecker & Fink LLP is directed to comply with the subpoena within 16 days from the date the parties receive confirmation from the Southern District.

The foregoing constitutes the Decision and Order of this Court.

July 7, 2023
New York, New York

JUL 07 2023

_____
Juan M. Merchán
Justice of the Supreme Court
Judge of the Court of Claims

**HON. J. MERCHAN**

---

[17] See People's Memorandum of Law at page 4.

6