**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

E. JEAN CARROLL,

        *Plaintiff,*

    v.

DONALD J. TRUMP,

        *Defendant.*

No. 22 Civ. 10016 (LAK)

---

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF E. JEAN CARROLL'S**
**MOTION FOR AN ORDER DIRECTING DISBURSEMENT OF DEPOSITED FUNDS**
**FROM THE REGISTRY OF THE COURT**

Plaintiff E. Jean Carroll ("Carroll") respectfully submits this motion for an Order directing the disbursement of deposited funds held in the Court Registry Investment System ("CRIS"), pursuant to the terms of the Stipulation and Order Regarding the Use of a Cash Deposit in Court as Security in Lieu of a Supersedeas Bond, dated June 23, 2023, ECF No. 210.

## PRELIMINARY STATEMENT

Yesterday, the United States Supreme Court denied, without dissent, Defendant Donald Trump's petition for a writ of certiorari—a final outcome that, as the Parties agreed and this Court expressly ordered, entitles Carroll to "collect any moneys owed by Defendant to Plaintiff." ECF No. 210, Stipulation and Order dated June 23, 2023 ("Stipulation and Order") ¶ 8. Having lost his bid to obtain review before the Supreme Court, Defendant continues "being dilatory" and "slow-roll[ing] his defenses, asserting or inventing a new one each time his prior effort to delay the case fails." *Carroll v. Trump*, 590 F. Supp. 3d 575, 587 (S.D.N.Y. 2022). This time around, he remarkably seeks to *further* delay Carroll's collection of the judgment awarded to her in 2023 by stating that he is considering whether to move for reconsideration of the Supreme Court's denial of his petition.

But this is the end of the line. After a nine-person jury unanimously found Defendant liable for sexual abuse and defamation, Your Honor denied his motion for a new trial and entered judgment for Carroll. A unanimous Second Circuit panel affirmed and the full Court declined to reconsider that decision *en banc*. And now, the Supreme Court has declined Defendant Trump's invitation to review this Court's judgment. Accordingly, after four years of litigation across every level of the federal court system, it is time for this case to end. And under the Court's Stipulation and Order, Carroll is now entitled to obtain payment of the money due under the judgment.

**BACKGROUND**

On May 9, 2023, a nine-person jury returned a unanimous verdict finding that Donald Trump sexually abused E. Jean Carroll in 1996 and that he defamed her in October 2022 during periods when he was a private citizen.  ECF No. 174.  The jury awarded Carroll a total of $5 million in compensatory and punitive damages.  *Id.*

This Court entered judgment on the jury's unanimous verdict on May 11, 2023. ECF No. 178.  That same day, Defendant filed a notice of appeal to the United States Court of Appeals for the Second Circuit, challenging several of this Court's evidentiary rulings among other things.  ECF No. 179.  He thereafter also moved for a new trial and remittitur of the jury's damages award.  ECF Nos. 183, 184.

The Federal Rules of Civil Procedure automatically stay execution of a money judgment for 30 days, after which the stay dissolves and a plaintiff is presumptively entitled to enforce the judgment even pending appeal.  Fed. R. Civ. P. 62(a).  However, on June 23, 2023—while his appeal was pending—the parties submitted a joint stipulation that would govern the use of a cash deposit into the registry of the Court as security in lieu of a supersedeas bond, which the Court so-ordered on the same date.  ECF No. 209 (Stipulation and Proposed Order); ECF No. 210 (Stipulation and Order).

Per the terms of that Stipulation and Order, Defendant's then-counsel, Tacopina, Seigel & DeOreo, deposited $5,550,000.00 into the Court's registry on June 28, 2023.  Minute Order, June 28, 2023.  The Parties agreed—and the Court ordered—that this amount would "serve as 'other security'" pursuant to Federal Rule of Civil Procedure 62(b), ECF No. 210 ¶ 3, thereby establishing a stay that "remains in effect for the time specified in the … other security," Fed. R. Civ. P. 62(b).  Of particular relevance here, the Stipulation and Order provides that:

> "After the latest of (a) the mandate issued by the Second Circuit in connection with the Appeal; (b) a denial of a timely filed petition for writ of certiorari to the Supreme Court (if any) in connection with the Appeal; or (c) upon the Supreme Court's granting of certiorari, an order of the Supreme Court in connection with the Appeal, Plaintiff may collect any moneys owed by Defendant to Plaintiff under the terms of the Judgment, as may be modified on appeal or court order, from the amount deposited with the Court by Defendant, inclusive of any interest earned on such funds less any fees."

Stipulation and Order ¶ 8.  Paragraph 9 further provides that "[c]ollection by Plaintiff of the funds held by the Court may be accomplished by means of a motion or a stipulation and order…." *Id.* ¶ 9.[1]

On July 19, 2023, in a fifty-nine-page memorandum opinion, this Court denied Defendant's motion for a new trial.  ECF No. 212.  Defendant filed an amended notice of appeal the same day, seeking a new trial in addition to challenging this Court's evidentiary rulings.  ECF No. 213.

The Second Circuit affirmed this Court's Judgment and Memorandum Opinion Denying Defendant's Rule 59 Motion, on December 30, 2024, finding that the Court "did not abuse its discretion in making any of the challenged evidentiary rulings." *Carroll v. Trump*, 124 F.4th 140, 178 (2d Cir. 2024) (*per curiam*).  The Second Circuit held in the alternative that, even assuming this Court had in any way erred—"a proposition [the Second Circuit] rejected"—"taking the record as a whole and considering the strength of Ms. Carroll's case," no "claimed error or combination of errors … affected Mr. Trump's substantial rights." *Id.*  On June 13, 2025, the Second Circuit denied rehearing *en banc*, 141 F.4th 366 (2d Cir. 2025), after which Defendant filed a petition for a writ of certiorari on November 10, 2025.  On June 29, 2026, more than three years after the jury reached its verdict, the Supreme Court of the United States denied his petition for certiorari. *Trump v. Carroll*, No. 25-573, ___ S. Ct. ___, 2026 WL 1855059 (June 29, 2026).

---

[1] There is no lien on the judgment in this case.  ECF No. 227.

3

Following the Supreme Court's denial, Defendant made a post on Truth Social that same morning in which he yet again continued his stream of defamatory attacks on Carroll:



He also promised to "continue the fight against this Weaponization and Lawfare Case against [him] … with all of [his] power and strength." @realDonaldTrump, Truth Social (Jun. 29, 2026, 11:16 AM), https://truthsocial.com/@realDonaldTrump/posts/116834055569312013.

Within minutes of that Truth Social post, Defendant's counsel contacted Carroll's undersigned counsel to inquire whether Carroll would consent to a further stay of enforcement of the judgment in this action so that Defendant can ask the Supreme Court to reconsider its denial of certiorari in her case. Counsel for Carroll explained that Paragraph 8 of the Stipulation and Order provided for disbursement of the award owed to Carroll immediately upon denial of a petition for certiorari, and counsel for Defendant clarified that he was requesting that Carroll consent to a "new stay or continuance" of execution. That afternoon, Carroll's undersigned

4

counsel notified Defendant's counsel that Carroll does not consent and inquired whether Defendant would agree to stipulate to the immediate disbursement of the funds owed to Carroll.

Today, Defendant's counsel responded that their client would not be able to provide a response to Carroll's request before Thursday, July 2. Prior to filing this motion, undersigned counsel relayed that Carroll did not intend to wait for Defendant's response since she wanted to begin the process of enforcing the Judgment, further noting that if Defendant Trump determined that he was amenable to proceeding by stipulation, the parties could easily convert the instant motion to a stipulation at that time.

## ARGUMENT

The Court should enforce the plain language of the existing Stipulation and Order and direct immediate disbursement of funds held in the CRIS. Defendant Trump obtained a stay of execution pending appeal only by explicitly agreeing that the funds placed in the Court's account would be disbursed upon the conditions set out in the Stipulation and Order. Those conditions were satisfied when the Supreme Court denied his petition for certiorari. Nothing in the Stipulation and Order, the Federal Rules, or the Supreme Court's Rules permits him to disregard the parties' agreement subsequently so ordered by Your Honor based on the fact that he is considering seeking reconsideration of the denial of certiorari.[2] Accordingly, the Court should direct the Clerk to disburse to Carroll the value of the judgment including post-judgment interest, which amounts to $5,779,783.00 in total as of the date of this filing.

---

[2] The grounds for "[a]ny petition for the rehearing of an order denying a petition for a writ of certiorari… shall be limited to intervening circumstances of a substantial or controlling effect or to other substantial grounds not previously presented." Sup. Ct. R. 44.2. Further, the petition "shall be presented together with certification of counsel (or of a party unrepresented by counsel) that it is restricted to the grounds specified in this paragraph and that it is presented in good faith and not for delay." *Id.*

At every step here (and Carroll's related case against him), Defendant Trump has engaged in "litigation tactics [that] have had a dilatory effect and, indeed, strongly suggest that he is acting out of a strong desire to delay" in this case. *Carroll*, 590 F. Supp. 3d at 588. These efforts include attempts to "evade service of the complaint at his New York City residence and the White House," "frivolous motions practice" and countless procedural efforts to "delay this action for no legitimate purpose." *Id.* at 587-88 (collecting examples of dilatory conduct). The Court should reject his latest effort to delay and instead bring this long-running litigation to an end.

The plain language of the Stipulation and Order is clear. *Chan v. City of New York, Dep't of Hous. Pres. & Dev. of City of New York*, 1995 WL 326491, at *2 (S.D.N.Y. June 1, 1995) ("As is the case in interpreting contracts, a court must look to the plain meaning of the language used in the agreement when interpreting a stipulation of settlement."); *Ubakanma v. Midwood Chayin Aruchim*, 2010 WL 1206500, at *2 (E.D.N.Y. Mar. 29, 2010) ("A stipulation is treated as a contract among the parties, and is subject to the general principles of contract construction and interpretation.") (internal quotations omitted). In exchange for obtaining a stay of execution pending appeal, Defendant Trump deposited $5,550,000.00 into the Registry of the Court as security in lieu of a supersedeas bond. Stipulation and Order ¶ 1. The parties agreed, and the Court ordered, that those funds would serve as "other security" under Federal Rule of Civil Procedure 62(b) while he pursued appellate review. *Id.* ¶ 3. Most significantly, under Paragraph 8 of the Stipulation and Order, "a denial of a timely filed petition for writ of certiorari to the Supreme Court" is an event that triggers Carroll's right to collect. *Id.* ¶ 8. In other words, because the Supreme Court has now denied certiorari, Carroll is now entitled to disbursement of the funds necessary to satisfy the Judgment, including post-judgment interest.

6

Defendant Trump's suggestion that he intends to seek rehearing from the Supreme Court's denial of certiorari does not change the result.  The Stipulation and Order is clear that Carroll is entitled to collect her award upon a denial of a petition for certiorari.  The parties did not agree to defer payment until after all conceivable post-certiorari motions are exhausted—a process that could take months given that the Supreme Court does not have another conference scheduled until September 28, 2026.  The Stipulation and Order provides that the funds should be disbursed upon "*a* denial" of certiorari, which has indisputably occurred.  Stipulation and Order ¶ 8 (emphasis added).  Indeed, the only further extension contemplated in the Stipulation and Order was if the Supreme Court *granted* certiorari.  *See id.*  That did not happen.  And even if Defendant were to move for rehearing—which he has not (yet) done—the Supreme Court's Rules are clear that an "order of denial [of certiorari] will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice." Sup. Ct. R. 16.3.[3]

Nor is there any practical or equitable reason to delay disbursement based on the mere theoretical possibility of rehearing.  The Supreme Court grants certiorari in only a handful of cases each year, and rehearing is an even more extraordinary remedy, granted in only narrow circumstances.  *Cf.* Sup. Ct. R. 44.2 (limiting motion to "intervening circumstances of a substantial or controlling effect or to other substantial grounds not previously presented"); *see also* Stephen M. Shapiro, et al., *Supreme Court Practice*, Ch. 15 (11th ed., 2019) ("[T]he plain fact is that the Supreme Court seldom grants a rehearing of any kind of order, judgment, or decision.").  There is no reason to believe that the Supreme Court would grant it here, given that the petition for certiorari was denied without any dissents—nor is there any reason to believe that the parties intended (or

---

[3] To the extent Defendant seeks reconsideration of the Court's order adopting the Stipulation and Order, not only would such a motion be time-barred, *see* Local Rule 6.3, but it "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Schlafman v. State Univ. of New York, Farmingdale*, 541 F. App'x 91, 92 (2d Cir. 2013) (internal quotations omitted).

7

the Court so-ordered) that payment would be even further delayed, after the Supreme Court denied certiorari, based on whether or not Defendant could conjure up some other motion to yet again drag this case out.

Rule 62(a) provides a limited automatic stay of execution for 30 days after entry of judgment. *See China AI Cap. Ltd. v. DLA Piper LLP*, 2026 WL 456797, at *1 (S.D.N.Y. Feb. 18, 2026). That stay expired in June 2023. The further stay Defendant obtained under the Stipulation and Order expired when the Supreme Court denied the petition for certiorari. The time for delay is over.

Nor should this Court enter a new stay since Defendant cannot meet the "difficult burden" for a discretionary stay. *In re Trusteeship Created by LNR CDO IV, Ltd.*, 2014 WL 407021, at *1 (S.D.N.Y. Feb. 3, 2014) (citing *United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995)). Courts consider four factors when deciding whether to grant such a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *In re World Trade Ctr. Disaster Site Litig.*, 503 F.3d 167, 170 (2d Cir. 2007).

Defendant cannot establish any one of these factors here. A petition for rehearing is likely to fail. Further, while there is no injustice in the disbursement of funds pursuant to the Stipulation and Order, requiring Carroll to endure further delay while Defendant seeks rehearing would both be profoundly unfair and undermine the public interest. As this Court has recognized, this defendant "should not be permitted to run the clock out on plaintiff's attempt to gain a remedy for what allegedly was a serious wrong," especially given that "both plaintiff and defendant … already

8

are of advanced age." *Carroll*, 635 F. Supp. 3d at 237. Finally, a stay would substantially undermine the "public interest in finality" in this Court's judgment, which has been affirmed at every possible level of the federal judiciary following an exhaustive series of appeals. *Barretta v. Wells Fargo Bank, N.A.*, 693 F. App'x 26, 28 (2d Cir. 2017). To date, Carroll has agreed to each of Defendant's many requests to delay the payment he owes her. Given the extraordinary lengths he has taken to avoid such payments and that each of those efforts has been denied in full, that cooperation ends today. It is time for him to pay Carroll.

## CONCLUSION

For the reasons set forth above, Carroll respectfully requests that this Court enter an Order directing the disbursement of funds held in the CRIS and owed by Defendant Trump to Carroll pursuant to the terms of the judgment.

Dated: New York, New York
      June 30, 2026

Respectfully submitted,

Roberta A. Kaplan
D. Brandon Trice
Maximilian T. Crema
KAPLAN MARTIN LLP
1133 Avenue of the Americas
Suite 1500
New York, New York 10036
Tel.: (212) 316-9500
rkaplan@kaplanmartin.com
btrice@kaplanmartin.com
mcrema@kaplanmartin.com

*Counsel for Plaintiff E. Jean Carroll*

9