**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| E. JEAN CARROLL,<br><br>    *Plaintiff,*<br><br> v.<br><br>DONALD J. TRUMP,<br><br>    *Defendant.* | No. 22 Civ. 10016 (LAK) |

**MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT DONALD J. TRUMP'S**
**MOTION TO AMEND THIS COURT'S JULY 1, 2026 ORDER**
**AND TO REINSTATE NORMAL BRIEFING SCHEDULE ON**
**PLAINTIFF'S MOTION FOR DISBURSEMENT OF FUNDS**

As the Court effectively recognized in so-ordering Plaintiff E. Jean Carroll's request for expedited briefing, there is "good cause to adopt a modestly compressed briefing schedule as to payment of the judgment," given that the Supreme Court has now denied Defendant Donald J. Trump's petition for a writ of certiorari, and "given the cost to Plaintiff of further delay in this nearly four-year-old litigation" (ECF No. 235) in which Defendant has consistently sought to obstruct and delay payment of the Court's 2023 Judgment. *See Carroll v. Trump*, 590 F. Supp. 3d 575, 587 (S.D.N.Y. 2022) (noting that Trump "slow-roll[s] his defenses asserting or inventing a new one each time his prior effort to delay the case fails.").

Defendant now asks the Court to "amend" its scheduling order to provide him with an additional seven days to respond to Plaintiff's Motion for Disbursement of Funds (ECF No. 236). As support, Defendant cites the fact that he has retained "new lead counsel," Josh Halpern, who requires time to become familiar the case because President Trump nominated (and the Senate recently confirmed) his former counsel in this case, Justin Smith, as a Judge on the United States

Court of Appeals for the Eighth Circuit.[1]  *Id.*  But Mr. Smith was nominated (by Defendant) to the Court of Appeals more than five months ago, on February 18, 2026, and, as expected, he was confirmed to that position by the Senate on June 15, 2026.[2]  As a result, Defendant has had ample time to retain new counsel to substitute for Mr. Smith, and if he believed it was necessary to have new counsel come in given Mr. Smith's departure, he should have been acting diligently to do that since at least February.  Defendant also ignores the fact that Michael Madaio, who remains counsel of record, has been involved in this case since it was filed.  ECF No. 12.  There is no reason Mr. Madaio should not be familiar with the matter and prepared to respond to Plaintiff's nine-page memorandum of law, which concerns a simple matter of reading the Stipulation and Order Regarding the Use of a Cash Deposit in Court as Security in Lieu of a Supersedeas Bond. ECF No. 210.  Defendant's assertion that he cannot respond to Plaintiff's Motion on the timeline ordered by the Court appears to be little more than yet another play for time.

Indeed, while we did not want to raise what might be unnecessary details to Your Honor, in light of Defendant's continued gamesmanship, we believe it is only appropriate to bring certain developments to Your Honor's attention, as they prove the wisdom of the Court's decision to require expedited briefing and allow this case to finally come to an end.

*First*, as the Court is no doubt aware, while Defendant's petition for a writ of certiorari was pending before the Supreme Court, the Department of Justice reportedly attempted to launch

---

[1] We are not aware of the procedural basis for a "motion to amend."  To the extent that Defendant seeks reconsideration of the Court's Order pursuant to Rule 54(b), he has not met his heavy burden for the reasons explained herein.  *See, e.g.*, *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (standard for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked") (citation and quotation marks omitted).

[2] Nate Raymond, *2nd Trump Personal Attorney Wins Senate Approval to Become Appeals Court Judge*, REUTERS (June 15, 2026), https://www.reuters.com/legal/government/2nd-trump-personal-attorney-wins-us-senate-approval-become-appeals-court-judge-2026-06-15/.

a frivolous criminal investigation into Plaintiff based on her litigation of this case. *See* Ex. A. That investigation was then dropped only following public reporting and blowback. *See* Ex. B.

*Second*, also while Defendant's petition was pending before the Supreme Court, Defendant made the highly unusual move of asking the Supreme Court to hold off on issuing a decision on his petition in this case (Carroll II) until he filed his petition for writ of certiorari in the related litigation (Carroll I). *See* Ex. C.[3] While that request was disregarded by the Supreme Court, which denied Defendant's petition for a writ of certiorari in this case without comment or dissent, Defendant has made clear that he intends to: (1) file a petition for a writ of certiorari in the related case; and (2) seek rehearing on his petition for a writ of certiorari in this case. *See* Ex. D. We can only assume that Defendant is seeking, through the instant motion, to buy time so he can try to concoct some new basis to put off paying Plaintiff presumably in connection with his forthcoming petition and motion for a rehearing.

*Third*, and most recently, an outside organization filed a frivolous bar complaint against undersigned counsel yesterday, which was curiously based on the same grounds that had reportedly led the DOJ to investigate Plaintiff for her testimony in this action. *See* Ex. E. Undersigned counsel intends to oppose that complaint, which is frivolous, to the extent necessary. But this latest development only further demonstrates the lengths to which Defendant and his allies are willing to go to avoid compliance with the law

At bottom, and as this Court implicitly recognized, there is nothing about Plaintiff's short motion, which asks only that the Court enforce the plain language of the parties so-ordered stipulation that "a denial" of a petition for writ of certiorari entitles Plaintiff to "collect any moneys

---

[3] *See also* Jordan Rubin, *Trump's Lawyer Writes Letter to SCOTUS Amid Mysterious E. Jean Carroll Appeal*, MS Now (June 2, 2026) https://www.ms.now/deadline-white-house/deadline-legal-blog/trump-e-jean-carroll-petition-supreme-court-letter-justin-smith.

3

owed by Defendant to Plaintiff," which could possibly require additional time to respond.  ECF No. 210 ¶ 8.  Defendant's "motion to amend" should be denied.


Dated: New York, New York
       July 3, 2026

Respectfully submitted,

Roberta A. Kaplan
D. Brandon Trice
Maximilian T. Crema
KAPLAN MARTIN LLP
1133 Avenue of the Americas,
Suite 1500
New York, New York 10036
Tel.: (212) 316-9500
rkaplan@kaplanmartin.com
btrice@kaplanmartin.com
mcrema@kaplanmartin.com

*Counsel for Plaintiff E. Jean Carroll*

4