# EXHIBIT D

From: D. Brandon Trice
Sent: Tuesday, June 30, 2026 12:16 PM
To: Roberta Kaplan <RKaplan@kaplanmartin.com>; michael.martinich-sauter@james-otis.com
Cc: Maximilian Crema <mcrema@kaplanmartin.com>
Subject: RE: Carroll v. Trump II (No. 22 Civ. 10016) -- Request for stay

Mike,

Apologies for the nudge, but we do need to have a response soon.  Please let us know today whether President Trump consents to a stipulation or not.  Otherwise, we will move for relief.

Thanks,

**D. Brandon Trice** | **Kaplan Martin LLP**
Partner
1133 Avenue of the Americas | Suite 1500
New York, NY 10036
(W) (212) 316-9500 | (M) (202) 803-3532
btrice@kaplanmartin.com

From: Roberta Kaplan <RKaplan@kaplanmartin.com>
Sent: Monday, June 29, 2026 4:54 PM
To: michael.martinich-sauter@james-otis.com
Cc: D. Brandon Trice <btrice@kaplanmartin.com>; Maximilian Crema <mcrema@kaplanmartin.com>
Subject: Carroll v. Trump II (No. 22 Civ. 10016) -- Request for stay

Dear Mike:

We write as a follow up to our call with you earlier today, during which you asked if our client E. Jean Carroll would consent to a stay of enforcement of the judgment in this action to allow you to ask the Supreme Court to reconsider its denial of certiorari in her case.

We have discussed your request with our client and as expected, she does not consent. Indeed, while we understand that you have a duty to ask on behalf of your client, it seems like an unusual request given the fact that your client continues to defame Ms. Carroll as recently as earlier today (for which we reserve all rights).

Moreover, we thought we should make you aware that your client's desire to seek a stay of enforcement at this time is directly contrary to the plain language of the stipulation that your client entered into with his prior counsel on June 23, 2023 that was so-ordered by the Court.  (ECF 210; copy attached) That stipulation and order not only does not contemplate any further effort to seek a stay, but instead expressly provides that "after" the denial "of a timely filed petition for writ of certiorari to the Supreme Court" --  which now has occurred -- our client is entitled to "collect any moneys owed by Defendant to Plaintiff under the terms of the Judgment ... from the amount deposited with the Court by

Defendant….” (ECF 210 ¶ 8)  In fact, we had a good reason for including this language in the parties' stipulation:  as you know, Judge Kaplan had already determined that your client's “actions have been dilatory throughout the litigation.” *Carroll v. Trump*, 590 F. Supp. 3d 575, 587 (S.D.N.Y. 2022).

As previewed in our email to Mr. Mohan this morning, we intend to request disbursement of the funds held by the Clerk of Court of the Southern District of New York as soon as possible.  (*See id.* ¶ 9) Please let us know if President Trump will agree to a joint stipulation requesting disbursement or if we instead will be required to go ahead and file a motion with the Court.

Best,


Robbie

**Roberta Kaplan** | **Kaplan Martin LLP**
Partner
1133 Avenue of the Americas | Suite 1500
New York, New York 10036
W: (212) 316 - 9500
rkaplan@kaplanmartin.com