# Exhibit 1

No. 25-573

In the
## Supreme Court of the United States

PRESIDENT DONALD J. TRUMP,

*Petitioner,*

v.

E. JEAN CARROLL,

*Respondent.*

*ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE SECOND CIRCUIT*

## PETITION FOR REHEARING

Michael Martinich-Sauter
  *Counsel of Record*
JAMES OTIS LAW GROUP, LLC
530 Maryville Centre Drive,
Suite 230
St. Louis, Missouri 63141
(314) 949-3018
michael.martinich-
sauter@james-otis.com

*Counsel for Petitioner
President Donald J. Trump*

July 6, 2026

i

# TABLE OF CONTENTS

TABLE OF AUTHORITIES........................................ ii

PETITION FOR REHEARING...................................1

RELEVANT BACKGROUND.....................................1

REASONS FOR GRANTING REHEARING..............3

CONCLUSION .........................................................5

RULE 44 CERTIFICATE

ii

# TABLE OF AUTHORITIES

**Cases**                                                    **Page(s)**

*Carroll* v. *Trump*,
   49 F.4th 759 (2d Cir. 2022)...................................2

*Carroll* v. *Trump*,
   66 F.4th 91 (2d Cir. 2023)....................................2

*Carroll* v. *Trump*,
   88 F.4th 418 (2d Cir. 2023)..................................2

*Carroll* v. *Trump*,
   151 F.4th 50 (2d Cir. 2025)..................................2

*Carroll* v. *Trump*,
   175 F.4th 100 (2d Cir. 2026)................................2

*Trump* v. *Carroll*,
   292 A.3d 220 (D.C. 2023) ...................................2

*Trump* v. *United States*,
   603 U.S. 593 (2024).......................................1, 3-4

**Rules**

Sup. Ct. R. 44.2.........................................................3

**Other Authorities**

*Statement on the Assault Allegation by E. Jean
   Carroll*, Daily Compilation of Presidential
   Documents, National Archives (June 21, 2019), *at*
   https://www.govinfo.gov/content/pkg/DCPD-
   201900410/pdf/DCPD-201900410.pdf. ..................1

1

## PETITION FOR REHEARING

Pursuant to Rule 44.2, Petitioner President Donald J. Trump respectfully petitions for rehearing of this Court's June 29, 2026 order denying his petition for a writ of certiorari. Rehearing is warranted because President Trump will imminently file a petition for a writ of certiorari in *Carroll* v. *Trump*, No. 24-644 (2d Cir.) ("*Carroll I*"), which will present vital questions concerning Presidential immunity for official statements. Those questions are likely to bear on the proper disposition of *Trump* v. *Carroll*, No. 25-573 ("*Carroll II*"), due to the fact that Respondent improperly introduced and relied on those same official Presidential statements at trial in *Carroll II. See Trump* v. *United States*, 603 U.S. 593, 630-32 (2024). The Court should grant rehearing, and either grant the petition in this case, or hold it pending the disposition of the petition in *Carroll I*.

## RELEVANT BACKGROUND

Respondent has brought two related lawsuits against President Trump.

The first, *Carroll I*, seeks to impose defamation liability for official statements that President Trump made in 2019 while serving as President of the United States. The first statement in question appeared in an official public statement issued by the White House Press Office.[1] President Trump made the second statement during an official press availability on the South Lawn of the White House, in response to questions from the White House press pool. During

---

[1] *Statement on the Assault Allegation by E. Jean Carroll*, Daily Compilation of Presidential Documents, National Archives (June 21, 2019), *at* https://www.govinfo.gov/content/pkg/DCPD-201900410/pdf/DCPD-201900410.pdf.

2

the same press availability, President Trump also responded to media inquiries about a wide range of other topics of key national importance, including economic issues, foreign policy, national security, immigration, and nuclear non-proliferation.

*Carroll I* was delayed by threshold proceedings concerning Presidential immunity and whether the United States could be substituted as a party for President Trump. *See Carroll* v. *Trump*, 49 F.4th 759, 761 (2d Cir. 2022); *Carroll* v. *Trump*, 66 F.4th 91, 94 (2d Cir. 2023); *Trump* v. *Carroll*, 292 A.3d 220, 224 (D.C. 2023); *Carroll* v. *Trump*, 88 F.4th 418, 432 (2d Cir. 2023). After judgment was entered in *Carroll I*, the Second Circuit affirmed. *Carroll* v. *Trump*, 151 F.4th 50 (2d Cir. 2025) (per curiam). On April 29, 2026, the Second Circuit denied rehearing en banc, with three Circuit Judges dissenting. *Carroll* v. *Trump*, 175 F.4th 100 (2d Cir. 2026). President Trump's deadline to seek certiorari in *Carroll I* is July 28, 2026. President Trump will be filing that petition.

The second case brought by Respondent, *Carroll II*, is the one in which this Court denied certiorari on June 29, 2026. *Carroll II* arose from Respondent's later action concerning statements made by President Trump in 2022. President Trump's petition in *Carroll II* presented important evidentiary questions under the Federal Rules of Evidence. As the petition outlined, Carroll's trial was "propped up by a 'series of indefensible evidentiary rulings.'" Pet. 2. The petition sought review of whether the judgment could stand even though Respondent relied on evidence that was inadmissible according to President Trump.

Although *Carroll II* concerned later statements, Respondent improperly introduced and relied on President Trump's 2019 official statements at the *Carroll II* trial. Exhibits 1 and 2 admitted into

3

evidence at that trial were the 2019 official presidential statements at issue in *Carroll I*. Respondent testified about those statements and their alleged effect on her reputation during the *Carroll II trial*. Tr. 262:10-273:10. Respondent's expert witness in *Carroll II* likewise testified concerning the alleged reputational impact of those statements. Tr. 1129:10-1130:12, 1148:9-13. Further, Respondent's counsel emphasized the statements to the jury in her opening statement and summation. Tr. 24:16-25:4, 38:21-39:18, 1246:8-1247:1. In short, the two official Presidential statements that underlie *Carroll I* were an indispensable component of Respondent's case to the jury in *Carroll II*.

That use of official Presidential statements matters, because this Court has made clear that official Presidential acts may not be used as evidence to impose liability for other conduct. *Trump*, 603 U.S. at 630-32. The forthcoming petition in *Carroll I* will present the issue of whether the 2019 White House statements constitute protected official acts, which they do. Because those same statements were introduced and emphasized at trial in *Carroll II*, the disposition of *Carroll I* would bear on the proper disposition of *Carroll II*. For example, if the Court finds that those 2019 White House statements fall within the scope of Presidential immunity, which they do, then the statements should not have been admitted into evidence and emphasized to the jury in *Carroll II. Trump*, 603 U.S. at 630-32.

**REASONS FOR GRANTING REHEARING**

Rule 44.2 permits rehearing from the denial of certiorari when the petition is limited to "intervening circumstances of a substantial or controlling effect" or "other substantial grounds not previously presented." Sup. Ct. R. 44.2. That standard is satisfied here, as

4

the President's forthcoming petition in *Carroll I* will present official-acts immunity questions that will overwhelmingly likely bear on the proper disposition of *Carroll II*.

The forthcoming *Carroll I* petition constitutes an intervening circumstance of substantial effect, and the interrelationship between *Carroll I* and *Carroll II* involves a substantial ground not previously presented in this case. *Carroll I* will present important questions concerning Presidential immunity for statements President Trump made in 2019, while serving as President, and through official White House channels. Those questions would bear on the proper disposition of *Carroll II*, because this Court has held that official presidential acts may not be used as evidence to impose liability for other conduct. *Trump*, 603 U.S. at 630-32. Thus, a disposition in *Carroll I* concerning the 2019 official statements would affect whether those very same statements could properly have been introduced and emphasized in a related case, *Carroll II*. *See id.*

That is a paradigmatic reason to at least hold a petition. When a forthcoming or pending case may affect the proper disposition of another petition, the Court may hold the related petition, and later resolve it in light of the lead case. Here, *Carroll I* is the direct vehicle for the official-acts immunity issue. *Carroll II* is the related petition in which the same official statements were used as evidence. Holding *Carroll II* for *Carroll I* would permit the Court to dispose of the two related matters in an orderly and consistent fashion.

To be sure, the decision below in *Carroll II*—and thus the *Carroll II* petition—focused on evidentiary errors under the Federal Rules of Evidence. However, the briefing in *Carroll II* before the Second Circuit

5

closed on May 1, 2024—two months before the Court decided *Trump* v. *United States*, which first recognized that Presidential immunity prohibits even the admission of evidence of immune conduct to prove liability for other conduct.  Importantly, the reliance on immune acts at the *Carroll II* trial is part and parcel of the petition's central contention that the judgment followed a trial marred by improper evidence. As Judge Menashi explained, Respondent's case was "propped up" by a "series of indefensible evidentiary rulings." App.240A (Menashi, J., joined by Park, J., dissenting from denial of rehearing en banc). As a result of these erroneous rulings, "[n]o one can have any confidence that the jury would have returned the same verdict if the normal rules of evidence had been applied." *Id.* The forthcoming *Carroll I* petition bears on a related constitutional reason why evidence used at the *Carroll II* trial—the 2019 official Presidential statements—could not properly have been used to impose liability.

## CONCLUSION

For the foregoing reasons, the petition for rehearing should be granted. The Court should vacate its June 29, 2026 order denying certiorari, and either grant the petition for a writ of certiorari, or hold the petition pending the disposition of the forthcoming petition in *Carroll I*, which should be granted.

6

July 6, 2026                    Respectfully submitted,

Michael Martinich-Sauter
  *Counsel of Record*
JAMES OTIS LAW GROUP, LLC
530 Maryville Centre Drive
Suite 230
St. Louis, Missouri 63141
(314) 949-3018
michael.martinich-
sauter@james-otis.com

*Counsel for Petitioner*
*President Donald J. Trump*

No. 25-573

# In the Supreme Court of the United States

PRESIDENT DONALD J. TRUMP,

v.

E. JEAN CARROLL,

### RULE 44 CERTIFICATE

Pursuant to Rule 44.2, I certify that the PETITION FOR REHEARING of President Donald J. Trump is limited to intervening circumstances of a substantial or controlling effect and to other substantial grounds not previously presented, and that it is presented in good faith and not for delay.

Dated: July 6, 2026

*/s/ Michael Martinich-Sauter*
Michael Martinich-Sauter
  *Counsel of Record*
JAMES OTIS LAW GROUP, LLC
530 Maryville Centre Drive
Suite 230
St. Louis, Missouri 63141
(314) 949-3018
michael.martinich-sauter@james-otis.com

*Counsel for President Donald J. Trump*