UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

E. JEAN CARROLL,

                     Plaintiff,

          -against-

        22-cv-10016 (LAK)

DONALD J. TRUMP,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __7/8/2026__

## MEMORANDUM AND ORDER REGARDING
## MOTION FOR DISBURSEMENT OF FUNDS

LEWIS A. KAPLAN, *District Judge.*

      More than three years ago, a jury returned a verdict against defendant for $5 million for sexual abuse and defamation. The judgment was appealed. Defendant posted $5,550,000 with the Court to secure payment of the judgment plus interest pursuant to a stipulation and court order that stayed enforcement of the judgment pending appeal (the "Stipulation and Order"). In due course, the judgment was affirmed on appeal. The Court of Appeals denied rehearing *en banc.* And the Supreme Court, on June 29, 2026, denied without dissent defendant's petition for a writ of certiorari. Plaintiff now has moved for disbursement of funds in the amount of the judgment plus post-judgment interest. Defendant resisted, contending that payment must, or in any event should, be stayed against the possibility that the Supreme Court might change its mind, grant his petition for rehearing of his cert. petition, and grant certiorari.

2

Having considered carefully defendant's arguments, the Court by separate order has now directed that the money defendant owes plaintiff be disbursed to plaintiff.  This memorandum briefly summarizes certain aspects of the Court's reasoning.

1.    Paragraph 8 of the Stipulation and Order provides:

> "***After the latest of*** (a) the mandate issued by the Second Circuit in connection with the Appeal; (b) ***a denial of a timely filed petition for writ of certiorari to the Supreme Court (if any) in connection with the Appeal***; or (c) upon the Supreme Court's granting of certiorari, an order of the Supreme Court in connection with the Appeal, ***Plaintiff may collect any moneys owed by Defendant to Plaintiff under the terms of the Judgment, as may be modified on appeal or court order, from the amount deposited with the Court by Defendant, inclusive of any interest earned on such funds less any fees.***"[1]

Its plain language thus states that certiorari having been denied on June 29, 2026, plaintiff now is entitled to be paid from the amount deposited with the Court including the interest earned thereon over the past three years.

2.    Defendant heavily relies on the claim that he has filed a petition for rehearing with respect to his petition for a writ of certiorari.  It is wrong, in his view, to "treat[] the Supreme Court's denial of certiorari as the last word" while the rehearing petition is pending.[2]  That is so, he says, because Subparagraph 8(b) is triggered only upon "the *final* denial of a petition for certiorari."[3]  The short answer to that contention is that the word "final" does not appear in Subparagraph 8(b).  Had the parties wished to agree that the judgment would be payable only upon the denial of any

---

[1]    Emphasis added.

[2]    Def.'s Opp'n (Dkt 240) at 4.

[3]    *Id.* at 1 (emphasis added).

petition for rehearing of the denial of a petition for certiorari, they easily could have expressed that intention – either by inserting the word "final" or otherwise by addressing explicitly the consequences of the possibility of a rehearing petition being filed in the Supreme Court.  Defendant in effect is asking the Court to redraft in his favor the contract to which he agreed.

Nor is it any surprise that Subparagraph 8(b) reads as it does and means just what plaintiff claims.  That language and construction are fully consistent with the Supreme Court's rules and the common understanding at the bench and bar of rehearing petitions in the cert.-denied context.

Rule 16.3 of the Rules of the Supreme Court provides that "[t]he order of denial [of a petition for a writ of certiorari] will not be suspended pending disposition of a petition for rehearing except by order of the Court or a Justice."  In other words, "the denial of certiorari is effective when issued, and it disposes of the case before the Supreme Court."[4]  That is so notwithstanding the fact that a petition for rehearing of a denial of certiorari theoretically has been or might be filed and, if filed, granted.

It is worth noting also that the word "theoretically" in the last sentence warrants heavy emphasis.  It is abundantly clear that applications for rehearing of denials of certiorari are permitted only in very narrow circumstances.  Few are filed, and successful filings are extremely rare birds.[5]

---

[4]
    *Horton v. United States*, 244 F.3d 546, 551 (7th Cir. 2001); *accord Rosa v. United States*, 785 F.3d 856, 859 (2d Cir. 2015) (collecting cases and noting that "[a]ll eight circuit courts of appeals to have considered this issue have reached this same conclusion").

[5]
    *E.g.*, STEPHEN M. SHAPIRO, ET AL., SUPREME COURT PRACTICE §§ 15.5, 15.6.(B) (11th ed. 2019).

4

Finally, it bears mention that the Court's reading of the Stipulation and Order is consistent with the view of defendant's counsel until very recently.  According to plaintiff's counsel:

> "Defendant's counsel contacted Carroll's undersigned counsel [shortly after the denial of certiorari on June 29, 2026,] to inquire whether Carroll would consent to a further stay of enforcement of the judgment in this action so that Defendant can ask the Supreme Court to reconsider its denial of certiorari in her case.  Counsel for Carroll explained that Paragraph 8 of the Stipulation and Order provided for disbursement of the award owed to Carroll immediately upon denial of a petition for certiorari, and counsel for Defendant clarified that he was requesting that Carroll consent to a 'new stay or continuance' of execution."[6]

Defendant has not disputed this account.  And that is significant.

Of course, if Subparagraph 8(b), and the Stipulation and Order more generally, meant what defendant now claims, there would have been no need for plaintiff to consent to a "further stay of enforcement" pending a possible request to the Supreme Court to reconsider its denial of certiorari.  Defendant *on June 29, 2026*, thus seemed to have known that he was asking for plaintiff to consent to something to which she previously had not consented and to which defendant knew he did not have.  Over a week later, defendant filed his opposition to plaintiff's motion to disburse funds taking this opposite position.

3.    Invoking Subparagraph 8(c), defendant argues also that while his "rehearing petition is pending," it remains possible for the Supreme Court to grant certiorari and issue an order in connection with his appeal.[7]  In defendant's view, this means that this "Court [could not] conclude

---

[6]    Pl.'s Mot. (Dkt 233) at 4.

[7]    Def.'s Opp'n (Dkt 240) at 5.

5

that 'the latest of' the conditions enumerated in Paragraph 8 ha[d] occurred."[8]   This argument, however, collapses into defendant's wrongheaded claim that his cert. petition before the Supreme Court remains pending until the Supreme Court decides his petition for rehearing.  Yet defendant's rehearing petition has "no effect on the finality of the denial of certiorari,"[9] and Subparagraph 8(b) as a matter of plain text (and thus the parties' intent) still governs.

        **4.**       Paragraph 10 of the Stipulation and Order in relevant part provides that "[i]f the Judgment is reversed and set aside completely, then the sums originally deposited with the Court by Defendant, together with any interest earned on such funds less any fees, shall be paid to Defendant."  Defendant argues that disbursing funds now would "wrongly moot[] out Paragraph 10" and render the Stipulation and Order "internally inconsistent" because, in his view, "Paragraph 10 presumes the funds remain available with the Court for return to Defendant after the appellate process is final."[10]  Defendant is correct to the extent that "Paragraphs 8 and 10 operate in tandem."[11] But Paragraph 10 provides no independent basis for adopting defendant's misinterpretation of Paragraph 8.  Paragraph 10 instead is premised on the "appellate process" playing out according to one of the three paths provided for in Paragraph 8.  It has done so.  It has played out as provided for in Subparagraph 8(b).

---

[8]      *Id.* at 6.

[9]      *Jennings v. Hagel*, 558 F. App'x 661, 662 (7th Cir. 2014); *accord Rosa*, 785 F.3d at 860.

[10]      Def.'s Opp'n (Dkt 240) at 7, 9.

[11]      *Id.* at 9.

6

**5.**     Finally, disbursement of funds would not cause defendant irreparable harm. In the highly unlikely event that the Supreme Court were to (i) grant defendant's petition for rehearing, (ii) reverse itself and grant his previously denied cert. petition, and (iii) reverse the judgment in this case, defendant could bring suit to recover any funds erroneously disbursed.[12]

*     *     *

In the last analysis, defendant has been stalling this case for years.  A jury unanimously concluded that he sexually abused and defamed plaintiff and awarded her damages accordingly.  The judgment on that verdict has been upheld on appeal.  *En banc* rehearing has been denied. The Supreme Court has denied certiorari without dissent.  It is time for him to "do equity" and pay the judgment.

SO ORDERED.

Dated:        July 8, 2026

Lewis A. Kaplan
United States District Judge

---

[12] *See, e.g., Nw. Fuel Co. v. Brock*, 139 U.S. 216, 219-20 (1891).